**AT-115**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>RYAN Q. KEECH (SBN 280306)<br>K&L GATES LLP<br>10100 Santa Monica Boulevard, 8th Floor, Los Angeles, California<br>TELEPHONE NO.: 310.552.5070   FAX NO. *(Optional)*: 310.553.5001<br>E-MAIL ADDRESS *(Optional)*: ryan.keech@klgates.com<br>ATTORNEY FOR *(Name)*: Plaintiffs | FOR COURT USE ONLY |

United States District Court, Central District of California
STREET ADDRESS: 350 W. 1 St
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: First Street U.S Courthouse

PLAINTIFF: BIRDDOG TECHNOLOGY LIMITED, et al.

DEFENDANT: 2082 Technology, LLC DBA Bolin Technology, et al.

| NOTICE OF APPLICATION AND HEARING FOR<br>[✓] RIGHT TO ATTACH ORDER<br>[✓] ORDER FOR ISSUANCE OF<br>　　[✓] WRIT OF ATTACHMENT<br>　　[ ] ADDITIONAL WRIT OF ATTACHMENT | CASE NUMBER:<br>2:23-cv-09416-CAS-AGR |

1. Notice to defendant *(name, address, and telephone number, if known)*:
   HOI "KYLE" LO
   2082 Vista Ave, Arcadia, CA 91006

2. Plaintiff has filed an application for
   a. [✓] a right to attach order and writ of attachment. *(Check items 6a, 6b, and 6d(1).)*
   b. [ ] a writ of attachment. *(Check item 6d(2).)*
   c. [ ] an additional writ of attachment. *(Check item 6d(2).)*

3. A hearing on plaintiff's application will be held in this court as follows:

   | Date: January 15, 2024 | Time: 1:30 p.m. | Dept.: | Div.: | Rm.: 8D |

4. The request of plaintiff for an order is based upon the application and affidavit or declaration filed and served with this notice and is made under
   a. [✓] Code of Civil Procedure section 483.010. *(Check item 6h(2)(a).)*
   b. [ ] Welfare and Institutions Code section 15657.01. *(Check item 6h(2)(b).)*

5. Your attention is directed to the following sections of the Code of Civil Procedure and Welfare and Institutions Code that set forth when an attachment may or may not be issued, the manner of calculating the amount to be secured by the attachment, the court's discretion to include costs and attorney's fees, and special limitations on the amount to be secured by attachment in unlawful detainer proceedings: Code Civ. Proc., §§ 482.110, 483.010, 483.015, 483.020; Welf. & Inst. Code, § 15657.01.

6. **You are notified that**
   a. [✓] A right to attach order will be issued if the court finds at the hearing that plaintiff's claim is probably valid and the other requirements for issuing the order are established. This hearing may include both written and oral presentations but is not for the purpose of determining whether the claim is actually valid. Determination of the actual validity of the claim will be made in subsequent proceedings in the action and will not be affected by the decision at the hearing on the application for the order.
   b. [✓] If you desire to oppose the issuance of a right to attach order or object to the amount to be secured by the attachment as provided in Code of Civil Procedure section 483.015 (or Code of Civil Procedure section 483.020 in unlawful detainer actions), you must file with this court and serve on plaintiff (no later than five court days prior to the date set for hearing in item 3) a notice of opposition and supporting declaration or affidavit as required by Code of Civil Procedure section 484.060.
   c. If a right to attach order is or has been issued, a writ of attachment will be issued to attach your property described in plaintiff's application unless the court determines that the property is exempt from attachment or that its value clearly exceeds the amount necessary to satisfy the amount to be secured by the attachment. However, since the right to attach order will not necessarily be limited to your property described in plaintiff's application, a writ of attachment may later be issued to attach other nonexempt property of yours.

Page 1 of 3

AT-115

| SHORT TITLE | CASE NUMBER: |
|---|---|
| BirdDog Technology Limited et al. v. 2082 Technology, LLC et al. | 2:23-cv-09416-CAS-AGR |

6. d. If you claim that all or some portion of the property described in plaintiff's application is exempt from attachment, you must, no later than five court days prior to this hearing,

   (1) [✓] include your claim of exemption in your notice of opposition filed and served pursuant to Code of Civil Procedure section 484.060 or file and serve a separate claim of exemption with respect to the property as provided in Code of Civil Procedure section 484.070.

   (2) [ ] file with the court and serve on plaintiff a claim of exemption with respect to the property as provided in Code of Civil Procedure section 484.350.

   If you fail to make a claim of exemption with respect to personal property, or make a claim of exemption with respect to real or personal property, but fail to prove that the property is exempt, any further claim of exemption with respect to the property will be barred unless you show a change in circumstances occurring after expiration of the time for claiming exemptions.

   e. Claims of exemption resulting from a change of circumstances, whether after denial of a previous claim or expiration of the time for claiming exemptions, may be asserted as provided in Code of Civil Procedure section 482.100.

   f. You may obtain a determination at the hearing whether property not described in the application is exempt from attachment. Your failure to claim that property not described in the application is exempt from attachment will not preclude you from making a claim of exemption with respect to the property at a later time.

   g. You may also obtain a determination at the hearing whether the amount sought to be secured by the attachment will be reduced by
   (1) the amount of any money judgment in your favor and against plaintiff that remains unsatisfied and enforceable;
   (2) the amount of any indebtedness of the plaintiff that you have claimed in a cross-complaint filed in the action if your claim is one upon which an attachment could be issued;
   (3) the amount of any claim asserted by you as a defense in the answer pursuant to Code of Civil Procedure section 431.70 if the claim is one upon which an attachment could have been issued had an action been brought on the claim when it was not barred by the statute of limitations; or
   (4) the value of any security interest in your property held by plaintiff to secure the indebtedness claimed by plaintiff, together with the amount by which the value of the security interest has decreased due to the act of the plaintiff or a prior holder of the security interest.

   h. The amount to be secured by an attachment is determined pursuant to the following statutes:
   (1) **Code of Civil Procedure section 482.110**. A writ of attachment may include an estimate of the costs and allowable attorney fees.
   (2) (a) [✓] **Code of Civil Procedure section 483.010**. An attachment may issue on a claim for $500 or more based on a contract, express or implied, exclusive of attorney fees, costs, and interests. If the claim was originally secured by an interest in real property (e.g., a mortgage or trust deed), an attachment may issue only if the security has become valueless or has decreased in value to less than the amount owing on the claim, through no fault of plaintiff or the security holder (if different from plaintiff).
       (b) [ ] **Welfare and Institutions Code section 15657.01**. An attachment may issue on a claim based on the taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use, with intent to defraud, or by undue influence.
   (3) **Code of Civil Procedure section 483.015.** The amount to be attached includes the amount of the indebtedness claimed by plaintiff, plus estimated costs and allowable attorney fees, reduced by the sum of the following:
       (a) the amount of any unsatisfied money judgment held by defendant against plaintiff;
       (b) the amount of any indebtedness of plaintiff claimed by defendant in a cross-complaint filed in the action (if a writ of attachment could issue on the claim);
       (c) the amount of any cross-demand for money owed by plaintiff to defendant that is barred by the statute of limitations (but assertable as a Code of Civil Procedure section 431.70 defense) if the debt was one upon which a writ of attachment could have been issued before the statute of limitations ran; and
       (d) the amount of any security interest held by plaintiff in defendant's property, together with any decrease in the value of the underlying security caused by plaintiff or a prior security holder.

AT-115

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| BirdDog Technology Limited et al. v. 2082 Technology, LLC et al. | 2:23-cv-09416-CAS-AGR |

6  h. (4) **Code of Civil Procedure section 483.020.** An attachment ordered in an unlawful detainer proceeding may include
   (a) the amount of rent past due when the complaint is filed;
   (b) an additional amount for the estimated rent due from the date the complaint was filed until the estimated date of judgment or delivery of possession to plaintiff; plus
   (c) estimated costs and attorney fees.

   Any prepaid rent or lease deposits held by plaintiff are disregarded in the calculation of the amount of attachment. However, the amount of attachment will be reduced by the amounts described in Code of Civil Procedure section 483.015 (*see item 6h(3) above*).

   i.   Either you or your attorney or both of you may be present at the hearing.

   j.   YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH PLAINTIFF'S APPLICATION. THE ATTORNEY SHOULD BE CONSULTED PROMPTLY SO THAT THE ATTORNEY MAY ASSIST YOU BEFORE THE TIMES FOR FILING YOUR OPPOSITION AND CLAIMS OF EXEMPTION AND AT THE HEARING.

**Local Rule 7-3**

This motion is made following the conference of counsel pursuant to L.R.7-3 which took place on December 7, 2023.

Date: December 15, 2023

Ryan Q. Keech
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

*[signature]*
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)