UMBERG ZIPSER LLP
Dean J. Zipser (SBN 94680)
dzipser@umbergzipser.com
Molly J. Magnuson (SBN 229444)
mmagnuson@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone:  (949) 679-0052
Facsimile:  (949) 679-0461

Attorneys for Defendants
2082 Technology, LLC dba Bolin
Technology and Hoi "Kyle" Lo

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| BIRDDOG TECHNOLOGY LIMITED, an Australian company; and BIRDDOG AUSTRALIA PTY LTD, an Australian company,<br><br>Plaintiffs,<br><br>v.<br><br>2082 TECHNOLOGY, LLC DBA BOLIN TECHNOLOGY, a California limited liability company; HOI "KYLE" LO, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:23-cv-09416 CAS (AGRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>Hearing Date:  February 5, 2024<br>Time:               1:30 p.m.<br>Judge:             Hon. Christina A. Snyder<br>Courtroom:      8D |

{264215.7}

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ........................7

II.     RELEVANT ALLEGATIONS................................................8

III.    ARGUMENT ....................................................10

    A.  Plaintiffs Fail to Properly Plead Their Claims and Documents
        Incorporated By Reference and Judicially Noticeable Demonstrate
        That They Cannot Do So..................................................10

    B.  BirdDog Does Not, And Cannot, State Any Claim for Relief
        Against Defendants. .................................................. 12

    C.  BirdDog's Non-Contract Claims Against Defendants Are
        Barred by the Economic Loss Rule......................................15

    D.  Each Claim for Relief Alleged in the Complaint Should Be
        Dismissed for Failure to State a Claim................................. 17

        1. The First Claim for Relief for Breach of Contract Fails to State a
           Plausible Claim Against 2082. ........................................18

        2. The Second Claim for Relief for Breach of the Implied
           Covenant Fails to State a Plausible Claim and Is Not Pleaded
           With Specificity...................................................19

        3. The Third Claim for Relief for Conversion Fails to State a
           Plausible Claim and Is Not Pleaded With Specificity. ...................22

        4. The Fourth Claim for Relief for Violation of Penal Code Section
           496 Fails to State a Plausible Claim and Is Not Pleaded with
           Specificity. ........................................................23

        5. The Fifth Claim for Relief for Money Had and Received Fails to
           State a Plausible Claim and Is Not Pleaded With Specificity.........24

        6. The Sixth Claim for Relief for Intentional Interference Fails to
           State a Plausible Claim and Is Not Pleaded With Specificity.........25

        7. The Seventh Claim for Relief for Violation of the UCL Is Not
           Pleaded with Specificity and Is Otherwise Improper. ...................25

IV.     CONCLUSION ........................................................27

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aas v. Super. Ct.*,
  24 Cal. 4th 627 (2000).........................................................................................15

*Abrego Abrego v. Dow Chem. Co.*,
  443 F.3d 676 (9th Cir. 2006)..............................................................................11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................10, 19

*Barnhart v. Points Dev. US Ltd.*,
  No. 216CV02516CASEX), 2016 WL 3041036 (C.D. Cal., May 25,
  2016)....................................................................................................................13

*Branch v. Tunnell*,
  14 F.3d 449 (9th Cir. 1994), overruled on other grounds by
  *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)....................11

*Buchanan v. Neighbors Van Lines*,
  No. CV 10 6206 PSG, 2010 WL 4916644 (C.D. Cal., Nov. 29,
  2010)....................................................................................................................18

*Bullard v. Wastequip, Inc.*,
  No. CV1401309MMMSSX, 2014 WL 10987394 (C.D. Cal., Sept.
  11, 2014)..............................................................................................................21

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999)........................................................................................25

*ChromaDex, Inc. v. Elysium Health, Inc.*,
  301 F. Supp. 3d 963 (C.D. Cal. 2017).................................................................26

*Conder v. Home Sav. of Am.*,
  680 F. Supp. 2d 1168 (C.D. Cal. 2010)...............................................................26

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018)...............................................................................26

*Deutsche Bank Nat. Trust Co. v. F.D.I.C.*,
  784 F. Supp. 2d 1142 (C.D. Cal. 2011)...............................................................13

{264215.7}                                             3

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

*Grouse River Outfitters, Ltd. v. Oracle Corp.*,
  848 Fed. Appx. 238 (9th Cir. 2021) ................................................. 23

*Hougue v. City of Holtville*,
  No. 07CV2229 WQH (WMC), 2008 WL 1925249 (S.D. Cal., Apr.
  30, 2008) ......................................................................................... 20

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ........................................................ 26

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) .......................................................... 11

*Lazy Y Ranch Ltd. v. Behrens*,
  546 F.3d 580 (9th Cir. 2008) ..................................................... 12, 13

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) .......................................................... 12

*Linear Tech. Corp. v. Applied Materials, Inc.*,
  152 Cal. App. 4th 115 (2007) ......................................................... 26

*Lloyd v. Facebook, Inc.*,
  No. 21-CV-10075-EMC, 2022 WL 4913347 (N.D. Cal., Oct. 3,
  2022) ............................................................................................... 11

*Maksoud v. Hopkins*,
  No. 17-CV-00362-H-WVG, 2018 WL 5920036 (S.D. Cal., Nov.
  13, 2018) ......................................................................................... 24

*McMillan v. Connected Corp.*,
  No. CV 10-03297 MMM, 2011 WL 13213945 (C.D. Cal., May 18,
  2011) ............................................................................................... 26

*Motivo Engineering, LLC v. Black Gold Farms*,
  No. 222CV01447CASJCX, 2022 WL 3013227 (C.D. Cal., June 27,
  2022) ............................................................................................... 16

*Multifamily Captive Group, LLC v. Assurance Risk Managers, Inc.*,
  629 F. Supp. 2d 1135 (E.D. Cal. 2009) ........................................... 16

*Nnydens Int'l, Inc. v. Textron Aviation, Inc.*,
  No. CV 18-9455-DMG (SKX), 2020 WL 7414732 (C.D. Cal., June
  11, 2020) ......................................................................................... 27

{264215.7}                                    4

*Open Text, Inc. v. Northwell Health, Inc.*,
  No. 2:19-cv-09216-SB-AS, 2021 WL 1235254 (C.D. Cal., Feb. 19,
  2021) ........................................................................................................ 27

*Oracle USA, Inc. v. XL Glob. Servs., Inc.*,
  No. C 09-00537-MHP, 2009 WL 2084154 (N.D. Cal., July 13,
  2009) ........................................................................................................ 15

*Parrino v. FHP, Inc.*,
  146 F.3d 699 (9th Cir. 1998) ................................................................... 11

*Parrish v. NFL Players Ass'n*,
  534 F. Supp. 2d 1081 (N.D. Cal. 2007) .................................................. 18

*People v. Ashley*,
  42 Cal. 2d 246 (1954) ............................................................................. 23

*River Supply, Inc. v. Oracle Am., Inc.*,
  No. 3:23-CV-02981-LB, 2023 WL 7346397 (N.D. Cal., Nov. 6,
  2023) ........................................................................................................ 24

*Robinson Helicopter Co. v. Dana Corp.*,
  34 Cal. 4th 979 (2004) ..................................................................... 15, 16

*Rosen v. State Farm Gen. Ins. Co.*,
  30 Cal. 4th 1070 (2003) .......................................................................... 15

*Ryan v. Aegis Specialty Ins.*,
  No. CV201230CBMSHKX, 2021 WL 6618753 (C.D. Cal., Nov. 1,
  2021) ........................................................................................................ 12

*Siry Inv., L.P. v. Farkhondehpour*,
  13 Cal. 5th 333 (2022) ............................................................................ 23

*Talece Inc. v. Zheng Zhang*,
  No. 20-CV-03579-BLF, 2020 WL 6205241 (N.D. Cal., Oct. 22,
  2020) ........................................................................................................ 22

*In re Thiara*,
  285 B.R. 420 (B.A.P. 9th Cir. 2002) ................................................. 14, 22

*Tom Trading, Inc. v. Better Blue, Inc.*,
  26 Fed. Appx. 733 (9th Cir. 2002) .......................................................... 18

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

*TransFresh Corp. v. Ganzerla & Assoc., Inc.*,
  862 F. Supp. 2d 1009 (N.D. Cal. 2012)................................................................20

*U.S. v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ...............................................................................11

*UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*,
  117 F. Supp. 3d 1092 (C.D. Cal. 2015)..........................................................21, 25

*United Guar. Mortgage Indem. Co. v. Countrywide Fin. Corp.*,
  660 F. Supp. 2d 1163 (C.D. Cal. 2009)................................................................17

*Uyeshiro v. Irongate Azrep BW LLC*,
  No. CIV. 13-00043 ACK-BM, 2014 WL 1233109 (D. Haw., Mar.
  24, 2014)..........................................................................................................12, 13

*Wady v. Provident Life and Accident Ins. Co. of Am.*,
  216 F. Supp. 2d 1060 (C.D. Cal. 2002)................................................................13

*Williamson v. McAfee, Inc.*,
  No. 5:14-CV-00158-EJD, 2014 WL 4220824 (N.D. Cal., Aug. 22,
  2014).......................................................................................................................26

**Statutes**

California Business and Professions Code Section 17200................................*passim*

California Penal Code Section 496(a) ....................................................................17

California Penal Code Section 496...................................................................*passim*

Federal Rule of Civil Procedure 8 ....................................................................1, 11

Federal Rule of Civil Procedure 9(b) ............................................................*passim*

Federal Rule of Civil Procedure 12(b)(6)......................................................4, 5, 18

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{264215.7}                                            6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

# I.    INTRODUCTION AND SUMMARY OF ARGUMENT

The crux of Plaintiffs' Complaint is the alleged breach of contract to manufacture cameras for plaintiffs BirdDog Technology Limited ("Bird Dog Technology") and/or BirdDog Australia Pty Ltd ("BirdDog Australia") (collectively, "Plaintiffs" or "BirdDog").  Plaintiffs name as defendants 2082 Technology, LLC ("2082") and one of its members Hoi "Kyle" Lo (collectively, "Defendants").  Through a fantastical and wholly conclusory Complaint, devoid of even the most basic and essential facts, Plaintiffs also attempt to turn this breach of contract case into some kind of tortious scheme on the part of Defendants.  As further discussed below, Plaintiffs' allegations are factually deficient and wholly insufficient to state cognizable claims.  More fundamentally, they also are demonstrably false and contradicted by Plaintiffs' own admissions and judicially noticeable documents.

Just looking at the face of the Complaint, BirdDog fails to allege its claims consistent with Federal Rule of Civil Procedure 8 and, where applicable, with the particularity required by Rule 9(b).  For example, with respect to its contract claims, BirdDog fails even to allege the most basic elements of the contracts at issue, including the identity of the party on its side that allegedly contracted with and paid money to 2082—*i.e.*, whether it was Bird Dog Technology or BirdDog Australia—and the specific terms of the contracts that were breached.

The Complaint's other claims are similarly void of facts and consist solely of conclusory allegations.  BirdDog's claim for intentional interference, for example, fails to state which plaintiff had the alleged relationships with which customers, the identity of these customers, in what way Defendants specifically interfered, which Defendant specifically interfered, how those relationships were harmed by the Defendants, and facts demonstrating that the alleged interference was knowing and intentional, among other deficiencies.

Through its Complaint, BirdDog also improperly attempts to transform a

contract case into a tort action by recasting the breach of contract allegations as conversion, intentional interference, and similar claims.  Even assuming the allegations are true, California law precludes BirdDog from doing so.  Specifically, BirdDog's non-contract claims are barred by the economic loss doctrine, which requires that BirdDog base its claims, if any, on a duty independent of the contracts at issue.

Nor can BirdDog cure these deficiencies by amendment for the simple and fundamental reason that neither 2082 nor Mr. Lo was a party to any alleged contract with BirdDog.  Every one of BirdDog's claims is founded on the existence of alleged individual contracts with 2082 that were allegedly breached by 2082, although BirdDog notably does not attach to the Complaint the purchase orders themselves or any other writings evidencing these contracts.  A review of the actual purchase orders and wire transfers evidencing BirdDog's payment of deposit money for the orders—all of which are incorporated by reference in the Complaint—make it clear that the contracting party is not 2082, as alleged, but is instead non-party Bolin Technology Co., Ltd. ("Bolin China")—a legally separate Chinese company that Plaintiffs have conveniently failed to name in this lawsuit— likely to avoid dismissal for lack of personal or subject matter jurisdiction.  Because BirdDog's claims are all premised on the existence of this contractual relationship which simply did not exist, BirdDog cannot allege cognizable claims against Defendants.

Accordingly, Defendants request that the Court dismiss all of BirdDog's claims for relief.

## II.   RELEVANT ALLEGATIONS[1]

BirdDog alleges in its Complaint that it is "a leading Australian technology company" which, over the course of many years, "has established itself as one of

---

[1] Defendants dispute and deny the bulk of the Complaint's allegations, but accept them for purposes of this Motion.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{264213.7}                                   8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

the primary global leaders in [pan, tilt and zoom ("PTZ")] technology . . . ." Complaint ¶ 18.  Much of BirdDog's alleged success has apparently been the result of its relationship with its camera manufacturing partner, referred to in the Complaint as "Bolin," and which relationship, according to the Complaint, dates back to 2018.  *Id.* ¶ 21.  According to the Complaint, this manufacturing relationship was good for several years and resulted in "Bolin" becoming BirdDog's principal camera manufacturer.  *Id.* ¶ 23.

BirdDog alleges that the parties' business relationship deteriorated in 2023 resulting in the alleged breach by "Bolin" of six contracts for the manufacture of cameras, pursuant to which BirdDog claims to have paid over $3 million in deposit funds.  *Id.* ¶¶ 41-46.  The Complaint does not allege which BirdDog entity—whether BirdDog Australia or BirdDog Technology—was a party to these alleged contracts and allegedly paid money pursuant to those contracts.  In fact, the Complaint does not differentiate between these two corporate plaintiffs in any respect whatsoever, and omits a host of other essential terms of the contracts.

Beyond breach of contract, the Complaint alleges various other purported wrongful acts on the part of 2082 and Mr. Lo.  Each of these claims derive from and are premised on the alleged contracts, and are equally lacking sufficient allegations.

Notably, the Complaint does not attach copies of the purchase orders or other written evidence of these contracts.  The purchase orders and wire transfer records reflecting payments made pursuant to the purchase orders, however, are incorporated by reference in the Complaint and are properly the subject of judicial notice.  In fact, BirdDog itself filed copies of these documents with the Court in connection with a separate motion it filed on December 15, 2023.  *See* Magnuson Decl. Ex. D; *see also* Dkt. 22-1 and 22-2.  These documents demonstrate that the contracting party was Bolin China, a China-based manufacturer not named in the Complaint, and not 2082.  The purchase orders reflecting these contracts were

1   addressed by BirdDog to Bolin China's business address in Shenzhen, China, and,

2   in connection with these orders, BirdDog then wired money to a Chinese bank

3   account belonging to Bolin China (not to 2082).  *See* Magnuson Decl. Ex. D.

4          On the other hand, 2082 is, as alleged in the Complaint, a California limited

5   liability company with its principal place of business in Brea, California.

6   Complaint ¶ 10; *see also* Magnuson Decl. Ex. A.  Chinese corporate filings, of

7   which the Court may also take judicial notice, reflect that Bolin China is a limited

8   liability company in the business of manufacturing cameras and related equipment,

9   organized under the laws of China, and operating in Shenzhen, China.  *Id.* Exs. B,

10  C.

11  **III.   ARGUMENT**

12  **A.     Plaintiffs Fail to Properly Plead Their Claims and Documents**

13  **Incorporated By Reference and Judicially Noticeable Demonstrate**

14  **That They Cannot Do So.**

15         "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must

16  contain sufficient factual matter, accepted as true, to state a claim to relief that is

17  plausible on its face.  A claim has facial plausibility when the plaintiff pleads

18  factual content that allows the court to draw the reasonable inference that the

19  defendant is liable for the misconduct alleged. . . . Where a complaint pleads facts

20  that are merely consistent with a defendant's liability, it stops short of the line

21  between possibility and plausibility of entitlement to relief."  *Ashcroft v. Iqbal*, 556

22  U.S. 662, 678 (2009) (internal citations omitted).  Moreover, "[a]lthough for the

23  purposes of a motion to dismiss [the Court] must take all of the factual allegations

24  in the complaint as true, [the Court is] not bound to accept as true a legal conclusion

25  couched as a factual allegation."  *Id.*

26         While generally only the allegations in a complaint are considered when

27  deciding a motion to dismiss, "[a] court may, however, consider certain materials—

28  documents attached to the complaint, documents incorporated by reference in the

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{264215.7}                                                10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Under the doctrine of incorporation by reference, the Court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading . . .." *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  As the Ninth Circuit has explained, "[u]nlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself.  The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018).  The incorporation by reference doctrine extends to documents "crucial to the plaintiff's claims," even if not "explicitly incorporated in [the] complaint," which supports "the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as recognized in *Abrego Abrego v. Dow Chem. Co*., 443 F.3d 676, 681-82 (9th Cir. 2006).  *See also Lloyd v. Facebook, Inc.*, No. 21-CV-10075-EMC, 2022 WL 4913347, at *4 (N.D. Cal., Oct. 3, 2022) (on motion to dismiss, granting request to take judicial notice of two contracts necessarily relied on as part of the plaintiff's breach of contract claim).  "The contents of such documents may be assumed to be true for purposes of deciding as Rule 12(b)(6) motion." *Id*.

Here, BirdDog's purchase orders and wire transfer records—all of which are crucial to, indeed the basis of, BirdDog's claims—are incorporated by reference in the Complaint.  Moreover, there can be no dispute as to their authenticity given that

BirdDog itself offered these precise documents as evidence in support of a separate motion, stating in a declaration under oath from a BirdDog executive that these documents are "true and correct copies of the written portions" of the contracts at issue, "including relevant excerpts of the purchase order and the proof of transfer of funds."  Magnuson Decl. Ex. D, Redacted Canlon Decl. ¶¶ 4-9 and exhibits thereto; *see also* Dkt. 22-1 and 22-2.

The Court also may take judicial notice on a motion to dismiss of "matters of public record," which include the articles of incorporation of a business entity and other publicly available corporate information.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Ryan v. Aegis Specialty Ins.*, No. CV201230CBMSHKX, 2021 WL 6618753, at *2 (C.D. Cal., Nov. 1, 2021) (on motion to dismiss, granting request to take judicial notice of articles of incorporation which contradicted allegations in complaint as to party's state of incorporation).  Here, the Court may consider the publicly available incorporation and organizational documents and information of 2082 and Bolin China.

Further, the Court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice."  *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008); *see also Uyeshiro v. Irongate Azrep BW LLC*, No. CIV. 13-00043 ACK-BM, 2014 WL 1233109, at *4 (D. Haw., Mar. 24, 2014) (holding the "Court was not required to take as true Plaintiffs' allegations that were directly contradicted by the contract documents properly before the Court").

**B.    BirdDog Does Not, And Cannot, State Any Claim for Relief Against Defendants.**

Each of the claims alleged in the Complaint is premised on the existence of alleged contracts between BirdDog and 2082 for the purchase by BirdDog of cameras allegedly manufactured by 2082, and BirdDog's payment to 2082 of deposits for these orders.  *See* Complaint ¶¶ 22-23.  The Complaint references six

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{264215.7}
12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

individual contracts that were allegedly breached by 2082, although BirdDog notably does not actually attach to the Complaint the purchase orders themselves or any other writings evidencing these contracts. *See id.* ¶¶ 24-29. At a minimum, and as further discussed below, BirdDog's failure to sufficiently allege the existence and terms of the alleged contracts warrants dismissal.

As noted above, the Court may properly consider the underlying purchase orders and other documents reflecting the orders, including wire transfers evidencing BirdDog's payment of money for the orders. These documents make it clear that the contracting party is not 2082, as alleged, but instead is Bolin China, a Chinese-based manufacturing company. *See* Magnuson Decl. Ex. D. Bolin China is a distinct legal entity from 2082, a California based limited liability company. *See* Magnuson Decl. Exs. A-C.[2] Because BirdDog's allegations regarding the terms of the contracts—including, importantly, the identity of the party with whom it contracted—are contradicted by the actual contract documents themselves, BirdDog's allegations can and should be disregarded on this Motion. *See Lazy Y*, 546 F.3d at 588; *Uyeshiro*, 2014 WL 1233109, at *4.

Because 2082 is not a party to the alleged contracts that form the basis of the Complaint, each of BirdDog's claims for relief fails. The first claim for relief for breach of contract fails to state a claim because BirdDog cannot properly allege that 2082 was a party to the contracts. *See* Complaint ¶¶ 41-46; *see also Barnhart v. Points Dev. US Ltd.*, No. 216CV02516CASEX), 2016 WL 3041036, at *3 (C.D. Cal., May 25, 2016) ("a plaintiff cannot maintain a breach of contract claim against an entity who is not a party to the contract"); *Deutsche Bank Nat. Trust Co. v. F.D.I.C.*, 784 F. Supp. 2d 1142, 1161 (C.D. Cal., 2011) (dismissing breach of contract claim against nonparty to the agreement). BirdDog's second claim for relief for breach of the implied covenant of good faith and fair dealing similarly

---

[2] *See also* Defendants' Request for Judicial Notice, filed concurrently with this Motion.

fails because "the duty of good faith and fair dealing derives from and exists solely because of the contractual relationship between the parties." *Wady v. Provident Life and Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1065 (C.D. Cal. 2002).

Similarly, BirdDog's third claim for relief for conversion fails to state a claim because the only alleged act of conversion is 2082's and Mr. Lo's purported retention of the initial payments made by BirdDog under the contracts, but the documents show that BirdDog contracted with and made these payments to Bolin China—not 2082 or Mr. Lo—so these allegations may be disregarded. *See* Complaint ¶ 54 (alleging 2082 "has refused to return to BirdDog any of the remaining $3,0606,883 it is now unlawfully withholding."); *id* ¶ 61 (alleging Defendants "wrongfully misappropriated and unlawfully diverted . . . $3,060,883.10 for their own personal use"); Magnuson Decl. Ex. D (reflecting contract payments to Bolin China). No facts are alleged that 2082 or Mr. Lo, as opposed to Bolin China, ever received these funds or are wrongfully withholding them. Therefore, as a matter of law, Defendants have not performed any "wrongful act or disposition of property rights," a necessary element of conversion. *See In re Thiara*, 285 B.R. 420, 427 (B.A.P. 9th Cir. 2002) ("[t]he elements of a conversion are the creditor's ownership or right to possession of the property at the time of the conversion; the debtor's conversion by a wrongful act or disposition of property rights; and damages.").

For these same reasons, BirdDog's fourth claim for relief for violation of Penal Code Section 496 and fifth claim for relief for money had and received similarly fail to state claims because BirdDog cannot properly allege that Defendants were ever in receipt of the payments it made to Bolin China.

BirdDog's sixth claim for relief for intentional interference with prospective economic advantage also fails, as the alleged act of interference was the failure to perform under the six contracts. *See* Complaint ¶ 76. However, Defendants were not a party to and had no obligation under these contracts.

Finally, BirdDog's seventh claim for relief fails to state a claim for violation of California Business and Professions Code Section 17200 (the "UCL") because BirdDog's claim is based on the alleged violation of Penal Code Section 496 and alleged misrepresentations regarding the contract, both of which necessarily depend on the existence of a contractual relationship between Defendants and BirdDog, which BirdDog cannot properly allege.

Therefore, Defendants submit that the Court should grant their Motion to Dismiss with respect to each of BirdDog's claims.  Moreover, given the lack of contractual relationship between BirdDog and Defendants, any amendment would be futile.

### C.    BirdDog's Non-Contract Claims Against Defendants Are Barred by the Economic Loss Rule.

Beyond breach of contract and breach of the implied covenant—which are brought only against 2082—the Complaint also alleges claims against 2082 and Mr. Lo for conversion, violation of Penal Code Section 496, money had and received, intentional interference, and violation of the UCL.  Each of these claims is a mere extension—indeed, duplicative—of BirdDog's breach of contract claim.  As a result, these claims are barred by the economic loss rule.

It is well-established that the economic loss rule under California law mandates that "no tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement." *Oracle USA, Inc. v. XL Glob. Servs., Inc*., No. C 09-00537-MHP, 2009 WL 2084154, at *4 (N.D. Cal., July 13, 2009).  Stated another way, "[a] person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations." *Aas v. Super. Ct*., 24 Cal. 4th 627, 643 (2000), superseded by statute on other grounds as recognized in *Rosen v. State Farm Gen. Ins. Co*., 30 Cal. 4th 1070 (2003).  Among other things, this doctrine "requires a purchaser to recover in contract for purely economic loss due to disappointed

1   expectations, unless he can demonstrate harm above and beyond a broken

2   contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979,

3   988 (2004). Courts have found that the economic loss doctrine bars tort claims

4   when "the damages [a party] seek[s] are the same economic losses arising from the

5   alleged breach of contract." *Multifamily Captive Group, LLC v. Assurance Risk*

6   *Managers, Inc.*, 629 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009).

7        As the California Supreme Court has noted, this distinction is important in

8   that it prevents "the law of contract and the law of tort from dissolving one into the

9   other." *Robinson Helicopter*, 34 Cal. 4th at 988. This is precisely what BirdDog

10  attempts to do through its Complaint and is a strategy routinely rejected by courts.

11  In *Darbeevision, Inc. v. C&A Marketing, Inc.*, the plaintiff alleged that the

12  defendant "made 'false promises . . . to induce plaintiff to enter into the

13  agreement,'" including "statements that [the defendant] would 'market and promote

14  the product and . . . purchase specified quantities of the product.'" No. SACV 18-

15  00725 AG (SSx), 2018 WL 5880618, at * (C.D. Cal. Aug. 30, 2018) (alterations in

16  original). The court held that the economic loss rule barred this claim because

17  "[t]hese promises are identical to [the defendant's] duties under the contract." *Id.*

18  "[A]lleg[ing] that Defendants promised to do something and didn't do it . . . [is] not

19  enough for tort damages." *Id.*

20        Similarly, in *Motivo Engineering, LLC v. Black Gold Farms*, No.

21  222CV01447CASJCX, 2022 WL 3013227, at *4 (C.D. Cal. June 27, 2022), this

22  Court dismissed a conversion counterclaim where the defendant's ownership

23  interest in the converted property arose solely from the agreement at issue in the

24  case. Despite allegations by the defendant that went beyond mere breach of

25  contract, including that the plaintiff held the property "hostage" and damaged the

26  property, the Court held that the property rights nonetheless "flowed from contract"

27  and were, therefore, barred by the economic loss rule. *Id. See also Amuchie v.*

28  *JPMorgan Chase Bank* N.A., No. 2:22-CV-07621-AB-JPR, 2023 WL 2559201, at

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{264215.7}                                    16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

\*4 (C.D. Cal. Feb. 9, 2023) (dismissing conversion claim on the ground that "[t]he conduct Plaintiff complains of in its conversion cause of action is the same conduct that forms the basis of Plaintiff's, albeit poorly plead, breach of contract claim. Therefore, the claim is barred.").

Here, the entire basis for BirdDog's claims for conversion, Penal Code violations, and money had and received is that 2082 and Mr. Lo purportedly received and retained the initial payments made by BirdDog under the contracts without delivering product—*i.e.*, an alleged breach of the contracts. *See* Complaint ¶¶ 61-62, 67-68, 72. The damages sought for these tort claims are the same damages sought in connection with BirdDog's breach of contract claim, the alleged $3,060,883.10 paid pursuant to the contracts. *See id*. Similarly, BirdDog's claim for intentional interference is based on 2082's and Mr. Lo's alleged failure to deliver cameras under the contracts—*i.e.,* an alleged breach of the contracts. *See id.* ¶ 76. To allow BirdDog's tort claims to proceed in these circumstances would improperly grant claimants a license to turn a commercial breach of contract case into a tort case, which is inconsistent with California law. *See, e.g.*, *United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1180 (C.D. Cal. 2009) (noting the economic loss rule "is particularly strong when a party alleges 'commercial activities that negligently or inadvertently [went] awry.'"), quoting *Robinson Helicopter Co.*, 34 Cal. 4th at 991, n.7.

Accordingly, the economic loss rule bars BirdDog's non-contract claims against Defendants.

**D.    Each Claim for Relief Alleged in the Complaint Should Be Dismissed for Failure to State a Claim.**

Even if the Court were to accept the Complaint's mistaken or outright false allegations that 2082 is the party with which it contracted, BirdDog's claims against Defendants should still be dismissed for failure to state a claim under Rules 8 and 9(b), as applicable.

1. **The First Claim for Relief for Breach of Contract Fails to State a Plausible Claim Against 2082.**

BirdDog's first claim for relief is for breach of contract by 2082.  Even assuming 2082 was the proper party to this claim—which, as explained above, it most certainly is not—BirdDog still has not sufficiently pleaded this claim for relief.  "To successfully prove a breach of contract claim, [the plaintiff] has the burden of establishing the following elements: (1) existence of the contract, (2) performance by the plaintiff or excuse for nonperformance, (3) breach by the defendant, and (4) damages." *Tom Trading, Inc. v. Better Blue, Inc.*, 26 Fed. Appx. 733, 735 (9th Cir. 2002).  In alleging the existence of the contract, a "plaintiff may set forth the contract verbatim in the complaint or plead it, as indicated, by exhibit, or plead it according to its legal effect." *Buchanan v. Neighbors Van Lines*, No. CV 10 6206 PSG (RCx), 2010 WL 4916644, *5 (C.D. Cal. Nov. 29, 2010).  To plead a contract's legal effect, a plaintiff must "allege the substance of its relevant terms," which is more difficult than pleading the contract's precise language because it "requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions." *See Parrish v. NFL Players Ass'n*, 534 F. Supp. 2d 1081, 1094 (N.D. Cal. 2007).

Here, the Complaint fails to meet these standards.  Indeed, the Complaint does not even allege the identity of the parties to the contracts at issue.  Rather, the Complaint lumps BirdDog Technology and BirdDog Australia together without specifying which entity was a party to the alleged contracts and which party paid money to 2082.

Moreover, BirdDog fails to allege the contracts' terms, including what provisions of the relevant contracts were breached by 2082 and how.  Instead, the Complaint alleges as a mere legal conclusion that the manufacturer failed "to timely produce" units and failed "to meet promised delivery dates" (Complaint ¶¶ 48-53), but does not specify what production and delivery dates were ever agreed to be met

by the contracting parties.  The Complaint also conclusorily states that 2082 "fail[ed] to provide units of acceptable and/or merchantable quality" (*id.*), but does not allege in what way the goods were supposedly not acceptable and not of merchantable quality, or even what the alleged contracts provided for in that regard.

Finally, BirdDog also alleges as a mere legal conclusion that it performed under the contract or was excused.  On this element, the Complaint merely alleges that "BirdDog has fully performed all conditions, covenants and promises required to be performed on its part in accordance with [the contracts], including through the payment of all required prepayments and otherwise, except to the extent that its performance was waived, excused or prevented by Bolin."  Complaint ¶ 47.  To begin with, BirdDog does not allege what conditions, covenants, and promises were provided for under the contracts.  Disregarding the legal conclusions, the sole factual allegation is that BirdDog made the required prepayments under the contract.  However, BirdDog admits that the prepayment was only 30% of the contract price for five of the contracts and 50% of the other.  *Id.* ¶¶ 41-46.  The Complaint fails to allege that BirdDog had no duty to make the remaining payments as a condition of delivery or that BirdDog was excused from making the remaining payments.  Therefore, at best, the allegations are merely consistent with liability, but do not reach the level of plausibility required to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

Accordingly, the first claim for relief against 2082 for breach of contract should be dismissed.

## 2. The Second Claim for Relief for Breach of the Implied Covenant Fails to State a Plausible Claim and Is Not Pleaded With Specificity.

The Complaint alleges that 2082 breached the implied covenant of good faith and fair dealing by allegedly failing to deliver the cameras and by alleging failing to refund the prepayment.  Complaint ¶ 58.  As discussed above, the Complaint does

not allege facts as to the identity of the contracting parties, the promised production and delivery dates, the specific alleged issues with the quality of the products, or the basis, if any, for BirdDog's purported claim that it was excused from making the full payment prior to delivery.  Therefore, to the extent that the second claim for relief arises from these allegations, it should likewise be dismissed.

Additionally, BirdDog's breach of the implied covenant claim fails because it is duplicative of BirdDog's breach of contract claim.  The Complaint alleges, for example, that 2082 withheld performance under the parties' alleged contracts, allegedly frustrated BirdDog's receipt of benefits under the contracts, and allegedly repudiated the contracts—all of which is also claimed by BirdDog to be a breach of contract.  *Id.*  A claim for breach of the implied covenant which is merely a recasting of a breach of contract claim is subject to dismissal.  As explained by the court in *Hougue v. City of Holtville*, No. 07CV2229 WQH (WMC), 2008 WL 1925249, at *4 (S.D. Cal., Apr. 30, 2008), "'[i]f the allegations [of breach of the implied covenant] do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.'"  *Id.*, quoting *Careau & Co. v. Sec. Pac. Bus. Credit, Inc*. 222 Cal. App. 3d 1371, 1401 (1990).

Moreover, this claim fails to meet the heightened pleading requirements of Rule 9(b).  "Rule 9(b) applies when (1) a complaint specifically alleges fraud as an essential element of a claim, (2) when the claim 'sounds in fraud' by alleging that the defendant engaged in fraudulent conduct, but the claim itself does not contain fraud as an essential element, and (3) to any allegations of fraudulent conduct, even when none of the claims in the complaint 'sound in fraud.'"  *TransFresh Corp. v. Ganzerla & Assoc., Inc.*, 862 F. Supp. 2d 1009, 1016 (N.D. Cal. 2012).  Here, the Complaint alleges that 2082, in breach of the covenant of good faith and fair dealing, "knowingly, intentionally and in bad faith induc[ed] BirdDog to agree to

pay millions of dollars to Bolin when Bolin never intended to provide what BirdDog was entitled to receive in exchange." Complaint ¶ 58. This contention sounds in fraud. And not only is this claim belied by other allegations in the Complaint—including that, until 2023, years after the alleged orders at issue were placed, "Bolin met BirdDog's manufacturing requirements" (*id.* ¶ 23)—the allegations also are not specifically pleaded.

As the court in *UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*, 117 F. Supp. 3d 1092 (C.D. Cal. 2015), noted, "[w]here fraud has allegedly been perpetrated by a corporation, . . . plaintiffs must allege the names of the employees or agents who purportedly made the fraudulent representations or omissions, or at a minimum identify them by their titles and/or job responsibilities." *Id.* at 1108. Other pleading requirements include the employees' "authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Id.*, citing *Arch Ins. Co. v. Allegiant Prof'l Bus. Servs., Inc.*, No. CV 11-1675 CAS PJWX, 2012 WL 1400302, at *3 (C.D. Cal., Apr. 23, 2012). *See also Bullard v. Wastequip, Inc.*, No. CV1401309MMMSSX, 2014 WL 10987394, at *6 (C.D. Cal., Sept. 11, 2014) (granting motion to dismiss for lack of specificity because plaintiff merely alleged that a corporation made fraudulent representations without alleging the names or titles of the employees or agents who made those representations).

Here, the Complaint fails to allege fraud with specificity in multiple ways. First, the Complaint fails to allege to whom at BirdDog the "inducing" representations were made or even to which BirdDog entity. Second, the Complaint fails to allege the specific representations made regarding delivery dates, as well as that BirdDog allegedly did not need to make the full payment prior to delivery—the very representations upon which BirdDog relies to establish liability. *See* Complaint ¶¶ 24-29. Third, the Complaint does not allege if Mr. Lo was the only person to make representations or if someone else on behalf of 2082 also made representations. *See id.* ¶ 24 ("in reliance on Bolin's and Mr. Lo's representations .

21

1  . ..").

2      Therefore, the second claim for relief against 2082 for breach of the implied

3  covenant should be dismissed.

4          **3.      The Third Claim for Relief for Conversion Fails to State a**

5                  **Plausible Claim and Is Not Pleaded With Specificity.**

6      BirdDog's third claim for relief for conversion, which is alleged against both

7  2082 and Mr. Lo, arises from BirdDog's partial payment under the contracts which,

8  according to the Complaint, Defendants have refused to refund.  "The elements of a

9  conversion are the creditor's ownership or right to possession of the property at the

10  time of the conversion; the debtor's conversion by a wrongful act or disposition of

11  property rights; and damages."  *In re Thiara,* 285 B.R. at 427.  Where, as here, the

12  alleged conversion is grounded in fraud, these elements must be pleaded with

13  specificity under Rule 9(b).  *See Talece Inc. v. Zheng Zhang*, No. 20-CV-03579-

14  BLF, 2020 WL 6205241, at *5 (N.D. Cal. Oct. 22, 2020) ("merely reciting the

15  elements of what constitutes conversion is not a substitute for pleading with

16  particularity when fraud has been averred.").

17      There can be no dispute that BirdDog's conversion claim is grounded in

18  fraud.  The Complaint alleges, among other things, that 2082 and Mr. Lo "work[ed]

19  together to parlay BirdDog's trust and confidence into a wrongful scheme" which

20  involved inducing BirdDog to enter into contracts "Bolin had no intention of

21  performing as agreed" (Complaint ¶ 23), and that the funds ultimately received

22  under the contracts were then "knowingly and intentionally received, concealed or

23  withheld . . . and otherwise unlawfully maintained."  *Id.* ¶ 67.  Missing from the

24  Complaint, however, is any specificity as to the source of the funds at issue—

25  whether, for example, they are BirdDog Australia or BirdDog Technology's

26  funds—as well as any differentiation between 2082 and Mr. Lo.  On this last point,

27  the Complaint also is deficient in that it is not clear whether BirdDog is alleging

28  that Mr. Lo himself personally diverted funds or, on the other hand, whether it is

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{264215.7}                                    22

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

1    being alleged that he acted on behalf of 2082.  In addition, BirdDog also alleges

2    that there has been an improper "use" of the funds, but this use is not alleged, nor is

3    it clear whether this alleged use of funds was by 2082 or Mr. Lo personally.  It is

4    implausible that two parties jointly converted the same funds and that two parties

5    simultaneously possess those same funds and/or have jointly used them.  Moreover,

6    because this claim necessarily depends on a threshold breach of contract, which

7    BirdDog fails to properly plead as argued above in Section III.D.1, the Complaint

8    fails to allege facts that show that the alleged retention of the payments was

9    wrongful.  In short, this claim does not meet Rule 9(b)'s pleading requirements.

10          Therefore, this claim fails and should be dismissed.

11          **4.    The Fourth Claim for Relief for Violation of Penal Code**

12          **Section 496 Fails to State a Plausible Claim and Is Not**

13          **Pleaded with Specificity.**

14          A violation of California Penal Code Section 496(a) requires the moving

15   party to demonstrate that "(i) the property was stolen or obtained in a manner

16   constituting theft, (ii) the defendant knew the property was so stolen or obtained,

17   and (iii) the defendant received or had possession of the stolen property." *Grouse*

18   *River Outfitters, Ltd. v. Oracle Corp.*, 848 Fed. Appx. 238, 242 (9th Cir. 2021).

19   Importantly, "[n]ot all commercial or consumer disputes alleging that a defendant

20   obtained money or property through fraud, misrepresentation, or breach of a

21   contractual promise will amount to a theft.  To prove theft [by false pretenses under

22   Section 496], a plaintiff must establish criminal intent on the part of the defendant

23   beyond 'mere proof of nonperformance or actual falsity.'" *Siry Inv., L.P. v.*

24   *Farkhondehpour*, 13 Cal. 5th 333, 361-62 (2022).  The alleged misrepresentations

25   at issue must be "made knowingly and with intent to deceive." *People v. Ashley*, 42

26   Cal. 2d 246, 264 (1954).

27          Further, as BirdDog's claim under Penal Code Section 496 necessarily relies

28   on a claim of theft by false pretenses, this claim sounds in fraud and must be

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{264215.7}                          23

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

pleaded with specificity. *See River Supply, Inc. v. Oracle Am., Inc.*, No. 3:23-CV-02981-LB, 2023 WL 7346397, at *17 (N.D. Cal., Nov. 6, 2023) (holding that a failure to plead fraud with specificity results in a failure to plead a Penal Code 496 claim).

For the same reasons argued above (*see* Sections III.D.2-3), the Complaint fails to allege the elements of this claim, which is grounded in fraud, with specificity. The Complaint merely alleges as a legal conclusion, without any factual support, that 2082 and Mr. Lo stole the funds that BirdDog paid pursuant to the six contracts at issue. The Complaint contains no allegations of fact to demonstrate that either 2082 or Mr. Lo made any representations to BirdDog knowingly or with an intent to deceive BirdDog to pay this money, nor that there was any intent to steal it.[3] Nor does the Complaint distinguish between Mr. Lo's alleged conduct and 2082's alleged conduct, preferring to treat them as one and the same, which is of course impermissible pleading under Rule 9(b).

Therefore, this claim fails and should be dismissed.

**5.      The Fifth Claim for Relief for Money Had and Received Fails to State a Plausible Claim and Is Not Pleaded With Specificity.**

"For a claim of money had and received, a plaintiff must show: '(1) defendant received money; (2) the money defendant received was for plaintiff's use; and (3) defendant is indebted to plaintiff.'" *Maksoud v. Hopkins*, No. 17-CV-00362-H-WVG, 2018 WL 5920036, at *8 (S.D. Cal., Nov. 13, 2018). BirdDog's claim arises from and relies on a breach of contract, as BirdDog alleges that 2082 and Mr. Lo refused to refund the initial payments on the six contracts. *See* Complaint ¶ 70. Because BirdDog fails to state a claim for a breach of contract, this claim for relief fails to state a plausible claim as well and should be dismissed under Rule 12(b)(6). Similarly, for the same reasons BirdDog's third and fourth

---

[3] As discussed above, neither 2082 nor Mr. Lo received any money from BirdDog.

claims are not pleaded with specificity, this claim also fails.

6. **The Sixth Claim for Relief for Intentional Interference Fails to State a Plausible Claim and Is Not Pleaded With Specificity.**

"To plead a claim for intentional interference with prospective business advantage, a plaintiff must allege '(1) a specific economic relationship between the plaintiff and some third person containing the probability of future economic benefit to the plaintiff; (2) knowledge by defendant of the existence of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages proximately caused by the defendant's acts.'" *UMG Recs.*, 117 F. Supp. 3d at 1116.

Here, the Complaint is once again devoid of facts and heavy on legal conclusions. BirdDog fails to allege any facts regarding, among other things, any specific economic relationships with third parties, the identity of these purported third parties, why the relationship with these parties contained a probability of future economic benefits, how 2082 and Mr. Lo each knew about these purported relationships, how the alleged failure to deliver cameras disrupted these relationships, how 2082 and Mr. Lo each specifically and separately interfered, and how BirdDog was allegedly damaged as a result. Therefore, the Complaint fails to plead a claim for interference with prospective economic advantage.

7. **The Seventh Claim for Relief for Violation of the UCL Is Not Pleaded with Specificity and Is Otherwise Improper.**

The Complaint alleges that 2082 and Mr. Lo each individually committed UCL violations which allegedly damaged BirdDog. The UCL "defines 'unfair competition' to include 'any unlawful, unfair or fraudulent business act or practice.'" *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 20 Cal. 4th 163, 180 (1999), quoting Cal. Bus. & Prof. Code § 17200. "A breach of contract may form the basis for UCL claims only if it also constitutes conduct that is unlawful, or

unfair, or fraudulent." *Conder v. Home Sav. of Am.*, 680 F. Supp. 2d 1168, 1176 (C.D. Cal. 2010).  Here, the Complaint alleges that Defendants violated the UCL by violating Penal Code Section 496 and by engaging in other allegedly fraudulent activity.  *See* Complaint ¶ 80.

The Ninth Circuit has noted that "UCL claims premised on fraudulent conduct trigger the heightened pleading standard of [Rule] 9(b), which requires a plaintiff to state the circumstances constituting fraud (or the claim 'sound[ing] in fraud') 'with particularity.'"  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citations omitted); *see also Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (finding UCL and other claims were "grounded in fraud"); *Williamson v. McAfee, Inc.*, No. 5:14-CV-00158-EJD, 2014 WL 4220824, at *6 (N.D. Cal., Aug. 22, 2014) ("Rule 9(b)'s heightened pleading standard applies to all UCL and FAL claims that are grounded in fraud.").

For the reasons set forth above (*see* Sections III.D.2-3), the Complaint fails to specifically plead its fraud allegations, so the UCL claim likewise fails.  *See McMillan v. Connected Corp.*, No. CV 10-03297 MMM, 2011 WL 13213945, *10 (C.D. Cal., May 18, 2011) ("Plaintiffs' allegations do not state an adequate claim under the UCL because they rely on purportedly fraudulent conduct but do not satisfy the heightened pleading requirements of Rule 9(b).").

Additionally, "[w]here a UCL action is based on contracts not involving either the public in general or individual consumers who are parties to the contract, a corporate plaintiff may not rely on the UCL for the relief it seeks."  *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 135 (2007).  Cases applying *Linear Technology* have recognized that "a dispute between commercial parties over their economic relationship" does not give rise to a UCL claim.  *ChromaDex, Inc. v. Elysium Health, Inc.*, 301 F. Supp. 3d 963, 975 (C.D. Cal. 2017).  For instance, in *Pierry, Inc. v. Thirty-One Gifts, LLC*, the court noted, "[t]he UCL may be used to vindicate the rights of individual consumers who are parties to

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{264215.7}                                    26

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

a contract, but it is not generally appropriate for resolving sophisticated business finance issues."  No. 17-cv-03074-MEJ, 2017 WL 4236934, at *7 (N.D. Cal., Sept. 25, 2017); *see also Open Text, Inc. v. Northwell Health, Inc.*, No. 2:19-cv-09216-SB-AS, 2021 WL 1235254, at *4 (C.D. Cal., Feb. 19, 2021) (dismissing UCL counterclaim asserted by "large, sophisticated corporate entity" that did not need to resort to the UCL "to remedy its business-to-business contractual dispute"); *Nnydens Int'l, Inc. v. Textron Aviation, Inc.,* No. CV 18-9455-DMG (SKX), 2020 WL 7414732, at *8 (C.D. Cal., June 11, 2020) (granting summary judgment on UCL claim because action was a "dispute between commercial parties over their economic relationship").

BirdDog is a publicly traded and self-proclaimed "leading Australian technology company," and one of the "primary global leaders in PTZ technology." Complaint ¶ 18.  A sophisticated corporate party like this is not the sort of entity that is legally entitled to invoke the UCL to remedy a business-to-business contractual dispute.  This Court should therefore dismiss this claim.

## IV.  **CONCLUSION**

For all of the reasons set forth herein, Defendants request that the Court dismiss all of the Complaint's claims for relief for failure to state a claim.


Dated:  December 22, 2023                    UMBERG ZIPSER LLP


                                             *s/ Molly J. Magnuson*
                                             Molly J. Magnuson
                                             Attorneys for Defendants 2082
                                             Technology, LLC dba Bolin
                                             Technology and Hoi "Kyle" Lo

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{264215.7}                    27

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 6835 words, which complies with the word limit of L.R. 11-6.1.

Dated:  December 22, 2023                    UMBERG ZIPSER LLP


                                             *s/ Molly J. Magnuson*
                                             Molly J. Magnuson
                                             Attorneys for Defendants 2082
                                             Technology, LLC dba Bolin
                                             Technology and Hoi "Kyle" Lo

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS