UMBERG ZIPSER LLP
Dean J. Zipser (SBN 94680)
dzipser@umbergzipser.com
Molly J. Magnuson (SBN 229444)
mmagnuson@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone:  (949) 679-0052
Facsimile:  (949) 679-0461
Attorneys for Defendants
2082 Technology, LLC dba Bolin
Technology and Hoi "Kyle" Lo

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIRDDOG TECHNOLOGY LIMITED, an Australian company; and BIRDDOG AUSTRALIA PTY LTD, an Australian company, <br><br>               Plaintiffs, <br><br>        *v*. <br><br> 2082 TECHNOLOGY, LLC DBA BOLIN TECHNOLOGY, a California limited liability company; HOI "KYLE" LO, an individual; and DOES 1 through 25, inclusive, <br><br>               Defendants. | Case No. 2:23-cv-09416 CAS (AGRx) <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATIONS FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT** <br><br> [Filed concurrently with Declaration of Hoi "Kyle" Lo; Declaration of Jennifer Lee; Declaration of Molly J. Magnuson; Declaration of Dean J. Zipser; Objections to Declarations of Ryan Keech, Barry Calnon, Dan Miall, and David Cogan] <br><br> Hearing Date: January 30, 2024 <br> Time: 10:00 a.m. <br> Judge: Honorable Alicia G. Rosenberg <br> Courtroom: 550 |

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT .........6

II.  RELEVANT BACKGROUND........................................................................8

III. BIRDDOG IS NOT ENTITLED TO A WRIT OF ATTACHMENT ...........11

    A.   Plaintiffs Do Not and Cannot Meet Their Burden to Warrant Any Attachment. ...................................................................................11

    B.   Plaintiffs Have No Grounds To Seek a Writ of Attachment Against Mr. Lo Personally. ...............................................................12

    C.   Plaintiffs Have Failed to Establish a Probability of Prevailing on the Merits of the Claims They Contend Support Attachment. ............13

        1.   Plaintiffs Have Not – and Cannot – Established a *Prima Facie* Claim for Breach of Contract Against 2082....................14

        2.   Plaintiffs Have Not Established any Other *Prima Facie* Claims Against 2082 or Mr. Lo to Support a Writ of Attachment...............................................................................16

        3.   Plaintiffs Have Not Established a Probability of Overcoming Defendants' Defenses. ...............................................................18

        4.   There is No Legitimate Basis For a $3,480,883.10 Prejudgment Attachment Against Defendants. .........................19

    D.   Plaintiffs' Proposed Undertaking is Insufficient. ................................21

IV.  CONCLUSION .........................................................................................22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Aas v. Super. Ct.*,
  24 Cal. 4th 627 (2000) .........................................................................19

*Am. Student Fin. Grp., Inc. v. Aequitas Cap. Mgmt.*,
  No. 12-cv-2446-CAB (JMA), 2014 WL 12772263 (S.D. Cal., June
  17, 2014) ...............................................................................................21

*Amuchie v. JPMorgan Chase Bank N.A.*,
  No. 2:22-CV-07621-AB-JPR, 2023 WL 2559201
  (C.D. Cal., Feb. 9, 2023) .......................................................................19

*Barceloux v. Dow*,
  174 Cal. App. 2d 170 (1959) .................................................................11

*Barnhart v. Points Dev. US Ltd.*,
  No. 216CV02516CASEX), 2016 WL 3041036
  (C.D. Cal., May 25, 2016) .....................................................................15

*Blastrac, N.A. v. Concrete Sols. & Supply*,
  678 F. Supp. 2d 1001 (C.D. Cal. 2010)...........................................6, 11, 13, 17

*Deutsche Bank Nat. Trust Co. v. F.D.I.C.*,
  784 F. Supp. 2d 1142 (C.D. Cal. 2011)..................................................15

*Grouse River Outfitters, Ltd. v. Oracle Corp.*,
  848 Fed. Appx. 238 (9th Cir. 2021) .......................................................18

*House v. Lala*,
  180 Cal. App. 2d 412 (1960) .................................................................14

*Kemp Bros. Constr. v. Titan Elec. Corp.*,
  146 Cal. App. 4th 1474 (2007)...............................................................11

*Kwok v. Transnation Title Ins. Co.*,
  170 Cal. App. 4th 1562 (2009)...............................................................13

*Maksoud v. Hopkins*,
  No. 17-CV-00362-H-WVG, 2018 WL 5920036
  (S.D. Cal., Nov. 13, 2018) .....................................................................17

*Motivo Eng'g, LLC v. Black Gold Farms*,
  No. 222CV01447CASJCX, 2022 WL 3013227
  (C.D. Cal., June 27, 2022) ....................................................... 19

*N. Hollywood Marble Co. v. Super. Ct.*,
  157 Cal. App. 3d 683 (1984) ............................................... 21, 22

*Oracle USA, Inc. v. XL Glob. Servs., Inc.*,
  No. C 09-00537-MHP, 2009 WL 2084154
  (N.D. Cal., July 13, 2009) ....................................................... 19

*People v. Ashley*,
  42 Cal. 2d 246 (1954) ............................................................. 18

*Pos-A-Traction, Inc. v. Kelly-Springfield Tire Co.*,
  112 F. Supp. 2d 1178 (C.D. Cal. 2000) ......................... 11, 14, 17

*Robinson Helicopter Co. v. Dana Corp.*,
  34 Cal. 4th 979 (2004) ............................................................ 19

*Rosen v. State Farm Gen. Ins. Co.*,
  30 Cal. 4th 1070 (2003) .......................................................... 19

*San Mateo Union High Sch. Dist. v. Cty. of San Mateo*,
  213 Cal. App. 4th 418 (2013) .................................................. 15

*Siry Inv., L.P. v. Farkhondehpour*,
  13 Cal. 5th 333 (2022) ............................................................ 18

*In re Thiara*,
  285 B.R. 420 (B.A.P. 9th Cir. 2002) ....................................... 17

*Tom Trading, Inc. v. Better Blue, Inc.*,
  26 Fed. Appx. 733 (9th Cir. 2002) .......................................... 14

**Statutes**

Cal. Civ. Proc. Code § 481.190 ................................................. 13

Cal. Civ. Proc. Code § 482.040 ........................................... 14, 15

Cal. Civ. Proc. Code § 483.010(a)............................................. 17

Cal. Civ. Proc. Code 487.020(b), 487.020(c), 487.030(d) ....... 22

OPPOSITION TO APPLICATIONS FOR WRIT OF ATTACHMENT

Cal. Civ. Proc. Code § 484.030 ........................................................................ 13, 14

Cal. Civ. Proc. Code § 484.070 ............................................................................... 22

Cal. Civ. Proc. Code § 487.020(b), 487.020(c), 487.030(d) ................................. 22

Cal. Civ. Proc. Code § 487.030(d) .......................................................................... 22

Cal. Civ. Proc. Code § 489.220 ............................................................................... 21

Cal. Corp. Code § 17703.04(a) ................................................................................ 13

California Penal Code Section 492........................................................................... 16

California Penal Code Section 496................................................................. 11, 17, 18

California Penal Code Section 496(a) ...................................................................... 18

Federal Rules of Civil Procedure Rule 12(b)(6)........................................................ 7

Defendants 2082 Technology, LLC dba Bolin Technology ("2082") and Hoi "Kyle" Lo (collectively, "Defendants") respectfully oppose the Applications for Right to Attach Order and Writ of Attachment (the "Applications") filed by plaintiffs Birddog Technology Limited ("Bird Dog Technology") and Birddog Australia Pty Ltd ("Bird Dog Australia") (collectively, "BirdDog" or "Plaintiffs") for the reasons set forth herein.

# I.   PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT

Plaintiffs' bare-bones Applications seeking the "harsh remedy" of a prejudgment attachment, *see Blastrac, N.A. v. Concrete Sols. & Supply,* 678 F. Supp. 2d 1001, 1004 (C.D. Cal 2010), citing *Martin v. Aboyan*, 148 Cal. App. 3d 826, 831 (1983), are fundamentally flawed and should be summarily denied for a number of independent reasons, including the following:

- Plaintiffs' Applications are improperly based on alleged contracts that indisputably were not entered into with either of the Defendants but instead, were between BirdDog Australia and ***a non-party*** – Bolin Technology Co., Ltd. ("Bolin China") – a separate legal entity based in China.

- Not only do the purchase orders make clear that BirdDog's contractual relationship was with Bolin China, but also, BirdDog itself has acknowledged in public documents that its manufacturing relationship is with Bolin China, not with 2082. *See, e.g.,* Declaration of Jennifer Lee ("Lee Decl."), Ex. 2.

- Plaintiffs seek to attach the sum of money they advanced in connection with various purchase orders. As demonstrated by the very documents Plaintiffs use to support their Applications, they did not pay these deposit funds to either of the Defendants. Neither 2082 nor Mr. Lo ever received any of the funds that are the basis for Plaintiffs' requested attachment.

- The Applications are not supported by any competent, admissible evidence but, rather, are based on improper declarations filled with irrelevant

material, speculation, and statements made without any foundation.  *See* Defendants' Evidentiary Objections, filed concurrently herewith.[1]

- At the same time, the documentary evidence Plaintiffs submit wholly invalidates the relief they seek.  In particular, the various purchase orders and wire transfer records evidencing payments under the purchase orders demonstrate that the contracts for the manufacture and delivery of the cameras are between Bird Dog Australia, one of the Plaintiffs, and Bolin China, and that the deposit monies were paid directly to Bolin China, and not to 2082 or Mr. Lo.

- Because there are no contracts at issue between Plaintiffs and Defendants, and because Defendants did not receive any funds from Plaintiffs, Plaintiffs cannot state any claim whatsoever against Defendants for breach of contract or otherwise.  Thus, there is no basis for this lawsuit at all, let alone for the relief sought in the Applications – and much less with the probable validity of prevailing as required.  Indeed, Defendants have filed a motion to dismiss Plaintiffs' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, scheduled to be heard on February 5.  Dkt. 27-1, 29.  As demonstrated in the pending motion to dismiss, Plaintiffs' breach of contract and contract-based claims all fail because there is no enforceable contract between Plaintiffs and 2082 and/or between Plaintiffs and Mr. Lo.  Similarly, Plaintiffs' improper attempt to transform this purported contract case into a tort action by recasting the breach of contract allegations as conversion, intentional interference, and similar claims also fail under California law and the economic loss doctrine.

    As more particularly discussed below, and as evident from the face of the

---

[1] As just one example, Plaintiffs falsely and without any basis whatsoever speculate that Defendants will transfer assets to China.  Declaration of David Cogan ("Cogan Decl.") ¶ 8.

OPPOSITION TO APPLICATIONS FOR WRIT OF ATTACHMENT

Applications, Plaintiffs have brought the Applications without any legitimate basis or support.[2]  Given that Plaintiffs have not demonstrated they are likely to prevail on their claims, they are not entitled to prejudgment attachment and, accordingly, Defendants respectfully submit that Plaintiffs' Applications should be denied.

## II.   RELEVANT BACKGROUND

As demonstrated in Defendants' Evidentiary Objections and the Declarations in support of this Opposition, the "facts" set forth in Plaintiffs' Applications can largely be disregarded, as the evidence presented is objectionable and, to a great extent, misleading and often outright false.  *See* Defendants' Objections to Evidence, filed concurrently herewith.

The facts relevant to Plaintiffs' requested relief may be simply stated and, as demonstrated below, wholly invalidate the right to any prejudgment writ of attachment.  Indeed, Plaintiffs' own documents disprove their claims.

Defendant 2082 is a limited liability company based in Brea, California.  Lee Decl. ¶ 2, Ex. 1.  2082 has only two members, Ms. Lee and Mr. Lo.  *Id.* ¶ 2; Declaration of Kyle Lo ("Lo Decl.") ¶ 2.  Mr. Lo is 2082's Chief Executive Officer and Ms. Lee is 2082's Chief Operating Officer.  Lee Decl. ¶ 1; Lo Decl. ¶ 1.  2082 is a wholesale distribution, sales, and marketing company for products made by Bolin China.  Lee Decl. ¶ 4.

Non-party Bolin China – a separate legal entity – is a developer and manufacturer of cameras and related equipment, and is located in Shenzhen, China.  *Id.*; Lo Decl. ¶ 4.  2082 buys product from Bolin China and resells this product to its customers in the United States and elsewhere.  *Id.*  Bolin China invoices 2082 for these orders, and 2082 pays Bolin China pursuant to these invoices, just as would be the case in any arms' length transaction.  Lee Decl. ¶ 4

---

[2] Plaintiffs also proceeded with their Applications without complying with Local Rule 7-3.  Rather, despite Defendants' request that counsel discuss the issues over the phone, Plaintiffs took the position that their email was sufficient compliance. *See* Declaration of Molly J. Magnuson ("Magnuson Decl.") ¶ 3, Ex. 3.

BirdDog is a vendor of streaming video technology that, by its own admission, had a long and successful relationship with Bolin China dating back to 2018.[3]  Plaintiffs' Memorandum of Points and Authorities In Support of Its Applications For Right to Attach Order and Writ of Attachment ("Appl."), at 1:8-10, 2:18-27; Complaint. ¶¶ 2, 21, 23.  Plaintiffs claim that the parties' business relationship deteriorated in 2023 resulting in the alleged breach by "Bolin" of six contracts for the manufacture of cameras, pursuant to which BirdDog paid over $3 million in deposit funds.  Appl. at 1:13-20; Complaint ¶¶ 41-46.

In support of their Applications, Plaintiffs attach and rely upon purchase orders and wire transfer records reflecting payments made pursuant to the purchase orders.  These documents unequivocally demonstrate that the other party to these purchase orders was Bolin China, *not* 2082, as claimed.  *See* Declaration of Barry Calnon ("Calnon Decl."), Exs. B-G.  In particular, the purchase orders were addressed by BirdDog Australia to Bolin China at its business address in Shenzhen, China.  In connection with these orders, and as shown by the documents Plaintiffs submit, BirdDog Australia then wired money to a Chinese bank account belonging to Bolin China and not to 2082.  *See id.*  Bolin China is a limited liability company organized under the laws of China which, as explained above, is in the business of manufacturing cameras and related equipment.  *See also* Lo Decl. ¶ 5; Magnuson Decl., Exs. 1-2.  Bolin China has its own separate shareholders – none of whom have an ownership interest in 2082 and vise-versa.  Lo Decl. ¶¶ 2, 4; Lee Decl. ¶¶ 2, 3, 5; Magnuson Decl. Exs. 1-2.  BirdDog itself has acknowledged in a publicly available prospectus that its manufacturing relationship is with Bolin China, not with 2082.  Lee Decl. Ex. 2, at pp. 147, 155.

Plaintiffs assert that "Bolin failed to perform its obligations under these six transactions."  Appl. at 5:26.  They provide no evidence, however, to demonstrate

---

[3] Plaintiffs refer in their Applications simply to "Bolin," but it is clear that Bolin China is the entity that manufactured the products sought by BirdDog.

what these obligations were – *e.g.*, the timing of any production and the prerequisites for such production – other than the purchase orders.  Indeed, Plaintiffs do not submit any evidence whatsoever of obligations – contractual or otherwise – owing from Defendants to Plaintiffs.  But, most fundamentally and putting that aside, 2082 could not repudiate a contract to which it was not a party.

Relying on a false and improper declaration from its counsel, Plaintiffs also assert that they believe that "at least some" of the amounts paid by BirdDog Australia to Bolin China under the purchase orders "had been utilized for purposes other than production under the relevant agreements."  Appl. at 1:23-25, 8:2-5, citing Declaration of Ryan Keech ("Keech Decl.") ¶ 3.  This is irrelevant, otherwise objectionable, and entirely false.  Defendants' Evid. Obj., at 12:11-23.  To begin with, and as noted, there is no evidence that any of this money was paid to either Defendant.  And, as confirmed by Defendants, it was not.  Lo Decl. ¶¶ 9-10; Lee Decl. ¶ 7-8.  Further, contrary to Plaintiffs' "belief," the deposit money paid to Bolin China by BirdDog Australia, pursuant to the purchase orders – even if relevant here – was in fact used by Bolin China to procure labor and materials, and to develop, produce, and manufacture the special-order camera products ordered by BirdDog Australia.  Lo Decl. ¶ 10.[4]

In sum, the admissible evidence before the Court demonstrates that BirdDog provided to Bolin China certain purchase orders for Bolin China to manufacture and deliver cameras to BirdDog.  Calnon Decl. Exs. B-G.  BirdDog made partial payments to Bolin China for the manufacture of these cameras.  *Id*.  On its part, Bolin China developed and manufactured these cameras over the course of years.  *Id.* ¶¶ 4-10.  Many are complete and just awaiting final payment from BirdDog.  Lo Decl. ¶ 12.  In any event, there certainly has not been a breach by 2082 or Mr. Lo –

---

[4] Plaintiffs' belief as to the use of the deposit monies is allegedly based on a statement from Defendants' counsel that was never made.  Moreover, any discussion between counsel was in the context of settlement negotiations.  *See* Zipser Decl. ¶ 2.

neither of which were parties to the purchase orders in the first place.

## III.   BIRDDOG IS NOT ENTITLED TO A WRIT OF ATTACHMENT

### A.   Plaintiffs Do Not and Cannot Meet Their Burden to Warrant Any Attachment.

California allows prejudgment attachments only under *limited circumstances* as "a provisional remedy to aid in the collection of a money demand." *Kemp Bros. Constr. v. Titan Elec. Corp.*, 146 Cal. App. 4th 1474, 1476 (2007). Attachment "is *'a harsh remedy* because it causes the defendant to lose control of his property before the plaintiff's claim is adjudicated.'" *Blastrac,* 678 F. Supp. 2d at 1004 (emphasis added), citing *Martin,* 148 Cal. App. 3d at 830. "Therefore, the requirements for the issuance of a writ of attachment are strictly construed against the applicant." *Id.,* citing *Pos-A-Traction, Inc. v. Kelly-Springfield Tire Co.,* 112 F. Supp. 2d 1178, 1181 (C.D. Cal. 2000); *see also Barceloux v. Dow*, 174 Cal. App. 2d 170, 174 (1959). "The burden is on the applicant to establish each element necessary for an attachment order by a preponderance of the evidence." *Id.* at 1004-05, citing *Loeb & Loeb v. Beverly Glen Music, Inc.*, 166 Cal. App. 3d 1110, 1116 (1985).

Plaintiffs cannot come close to meeting this standard here, and have submitted no evidence – much less a preponderance of evidence – warranting the drastic relief sought. Plaintiffs contend that they are entitled to a writ of attachment because they have alleged "contract-based claims" against 2082 and Mr. Lo and they are likely to prevail on these claims. Not so. Plaintiffs assert a claim for breach of contract only against 2082, but do not have or submit any evidence of any contracts with 2082 (or Mr. Lo).

Plaintiffs also base their entitlement to a writ of attachment against Mr. Lo (and also 2082) on claims for conversion, money had and received, and violations of California Penal Code Section 496. But the foundation of each of these claims is that they allegedly entered into certain purchase orders *with 2082*, made

prepayments to *Defendants* pursuant to these purchase orders, and *Defendants* have unlawfully retained this money and repudiated the terms of the purchase orders.  As set forth above, as contradicted by Plaintiffs' own documentary evidence, and as demonstrated in the accompanying declarations, this is all fiction.

Additionally, Plaintiffs boldly contend that the amount of their claim – $3,060,883,10 in prepayment funds – "represents the undisputed amount of money paid by Plaintiffs to Defendants for the delivery of cameras …."  Appl. at 11:1-2.  Defendants do indeed dispute this contention.  BirdDog did not pay *any* money to 2082 or to Mr. Lo.  Moreover, Plaintiffs' contention is undermined by the very evidence they submit in support of it.  The evidence clearly demonstrates that any monies that BirdDog Australia paid pursuant to these purchase orders was paid to Bolin China, and not to either of Defendants.

### B.   Plaintiffs Have No Grounds To Seek a Writ of Attachment Against Mr. Lo Personally.

Mr. Lo is the Chief Executive Officer and a member of 2082, a California limited liability company.  As discussed above, Mr. Lo did not personally enter into *any* contracts with Plaintiffs.  Lo Decl. ¶ 6.  Plaintiffs state in conclusory fashion that their claims against Mr. Lo arise out of "his conduct of the Bolin business, an activity he conducts 'for the purpose of livelihood or profit on a continuing basis,'" citing *Benetton USA Corp*., No. C 10-03843 JCS, 2010 WL 4973477, as legal support and the declaration of BirdDog's CFO, Mr. Calnon, as factual support.  Appl. at 10:21-25.  Neither is availing.

First, *Benneton* is inapposite.  In that case, the individual defendant *personally guaranteed* the contracts at issue and, in his declaration submitted in connection with the attachment proceedings, confirmed that "he signed personal guaranties for the debts owed to Plaintiff*." Id.* at *4.  The defendant there did not dispute that he signed the guarantees or was otherwise responsible for the debts as alleged by the plaintiff.  *Id*.  That is certainly not the situation here.  Mr. Lo did not

1   personally guarantee the contracts at issue.  Moreover, he is not a party to any

2   contract with Plaintiffs.  He is the CEO of a limited liability company that, in fact, is

3   itself also not a party to the contracts.[5]

4         Under Section 483.010, an attachment order may issue against a defendant

5   who is a natural person only if the claims arise "out of the conduct by the individual

6   of a trade, business, or profession."  All of Plaintiffs' claims and allegations against

7   Mr. Lo are essentially identical to their claims and allegations against 2082.

8   Plaintiffs have no allegations or claims against Mr. Lo as an individual that are

9   separate and apart from his role as a member or agent of 2082.  Thus, Plaintiffs have

10  no basis to seek a writ of attachment against Mr. Lo individually.

11  **C.    Plaintiffs Have Failed to Establish a Probability of Prevailing on**

12  **the Merits of the Claims They Contend Support Attachment.**

13        In order to establish the "probable validity" necessary for the relief sought, a

14  plaintiff must show it is more likely than not that it will obtain a judgment against

15  the defendant.  Cal. Civ. Proc. Code § 481.190; *see also Blastrac,* 678 F. Supp. 2d at

16  1004-06 (C.D. Cal. 2010).  "Probable validity" requires a showing of sufficient

17  evidence to establish all elements of the plaintiff's *prima facie* claims, as well as

18  sufficient evidence to establish the probability that it can overcome all defenses to

19  the claims – "the plaintiff must also show that the defenses raised are 'less than fifty

20  percent likely to succeed.'"  *Blastrac*, 678 F. Supp. 2d at 1005-06 (citation omitted).

21  "If an applicant fails to rebut a factually-supported defense that would defeat its

22  claims, the applicant has not established probable validity."  *Id.*

23        Here, Plaintiffs do not establish any validity for their claims, much less

24

25  [5] Plaintiffs do not and cannot offer any evidence to support that Mr. Lo may be
    personally liable for any debt that 2082 might owe to Bird Dog.  It is axiomatic that
26  LLC members are not liable for the company's debts, obligations, or other liabilities
    merely by virtue of their being a member.  *See* Cal. Corp. Code § 17703.04(a);
27  *Kwok v. Transnation Title Ins. Co.*, 170 Cal. App. 4th 1562, 1571 (2009).
    Furthermore, Plaintiffs have no allegations, let alone evidence, to establish any alter
28  ego liability.

probable validity, beginning with their failure to submit supporting evidence. Code of Civil Procedure Section 484.030 provides that an application will be denied if not supported by affidavits or declarations showing that the applicant, on the facts presented, would be entitled to a judgment on the claim upon which the attachment is based. Cal. Civ. Proc. Code § 484.030. The affidavit or declaration must state the facts "with particularity." *Id.* § 482.040. "At a minimum, this means that the affiant or declarant must show actual, personal knowledge of the relevant facts, rather than the ultimate facts commonly found in pleadings, and such evidence must be admissible and not objectionable." *Pos-A-Traction, Inc.*, 112 F. Supp. 2d at 1182; *see also House v. Lala*, 180 Cal. App. 2d 412, 416 (1960) ("To satisfy the statutory requirement of 'particularity,' the movant's affidavits must state all the requisite evidentiary facts and not merely the ultimate facts. Moreover, neither conclusions of law nor conclusions of fact are sufficient to satisfy the statutory requirement.") (citations and internal quotation marks omitted). Moreover, "[a]ll documentary evidence, including contracts and canceled checks, must be presented in admissible form, generally requiring proper identification and authentication, and admissibility as nonhearsay evidence or under one or more of the exceptions to the hearsay rule . . . ." *Pos-A-Traction*, 112 F. Supp. 2d at 1182 (citation omitted).

As discussed further below, Plaintiffs do not come close to meeting their required burden.

> ### 1.  Plaintiffs Have Not – and Cannot – Established a *Prima Facie* Claim for Breach of Contract Against 2082.

Plaintiffs' Applications fail to establish even a *prima facie* claim for breach of contract against 2082, let alone a likelihood of prevailing.[6] "To successfully prove a breach of contract claim, [the plaintiff] has the burden of establishing the following elements: (1) existence of the contract, (2) performance by the plaintiff or excuse for

---

[6] Plaintiffs' breach of contract claim is only against 2082, so it cannot form the basis for a writ of attachment against Mr. Lo individually.

nonperformance, (3) breach by the defendant, and (4) damages." *Tom Trading, Inc. v. Better Blue, Inc.*, 26 Fed. Appx. 733, 735 (9th Cir. 2002). The breach must be a breach of one of the defendant's obligations under the contract that proximately caused harm to the plaintiff. *See San Mateo Union High Sch. Dist. v. Cty. of San Mateo*, 213 Cal. App. 4th 418, 440 (2013).

Plaintiffs' claim for breach of contract and Plaintiffs' other claims – all of which rely on purported contracts between Plaintiffs and 2082 – fail at the first level because *there are no such contracts*. Each of Plaintiffs' claims is premised on the existence of six purported contracts between BirdDog and 2082 for the purchase by BirdDog of cameras allegedly manufactured by 2082, and BirdDog's alleged payment to 2082 of deposits for these orders. Appl. at 3:7-5:23; Calnon Decl. ¶¶ 4-11, Exs. B-G; *see also* Complaint ¶¶ 22-23. In fact, however, the evidence of the purported contracts Plaintiffs submitted with their Applications – various purchase orders – show on their face that the parties to the agreements for the manufacture and delivery of cameras were BirdDog Australia and non-party *Bolin China.* Calnon Decl. Exs. B-G. Accordingly, Plaintiffs' evidence falls far short of establishing the requisite facts to support a claim in the first place, let alone with the "particularity" required to support a writ of attachment. *See* Cal. Civ. Proc. Code § 482.040.

Because 2082 is not a party to the alleged contracts that form the basis of Plaintiffs' Applications, the Applications can and should be denied. *See Barnhart v. Points Dev. US Ltd.*, No. 216CV02516CASEX), 2016 WL 3041036, at *3 (C.D. Cal., May 25, 2016) ("a plaintiff cannot maintain a breach of contract claim against an entity who is not a party to the contract"); *Deutsche Bank Nat. Trust Co. v. F.D.I.C.*, 784 F. Supp. 2d 1142, 1161 (C.D. Cal., 2011) (dismissing breach of contract claim against nonparty to the agreement).

In addition to not demonstrating the existence of a contract with 2082, Plaintiffs also have not made a *prima facie* claim for breach of any contract.

Plaintiffs state in conclusory fashion that they have "fully performed all relevant obligations" under the contracts, referencing the purchase orders and documents regarding the transfer of funds from BirdDog Australia to Bolin China that they claim were prepayments for production and delivery of specific cameras. Appl. at 11:20-22. Plaintiffs do not state, among other things, what conditions, covenants, and promises were provided for under the contracts. Plaintiffs also admit that the prepayment was only 30% of the contract price for five of the contracts and 50% of the other. Plaintiffs fail to provide evidence that BirdDog Australia had no duty to make the remaining payments as a condition of delivery or that BirdDog Australia was excused from making the remaining payments.

Additionally, Plaintiffs fail to even set forth the basic terms of the contracts, including what provisions of the relevant contracts were breached by 2082 and how. Instead, Plaintiffs state as a mere legal conclusion that the manufacturer failed "to timely produce" units and failed "to meet promised delivery dates" (Appl., at 11:23; Calnon Decl. ¶¶ 4-9; Complaint ¶¶ 48-53), but Plaintiffs do not specify what production and delivery dates were ever agreed to be met by the contracting parties. Plaintiffs also conclusorily state that 2082 "fail[ed] to provide units of acceptable and/or merchantable quality" (*id.*), but do not state in what way the goods were supposedly not acceptable and not of merchantable quality, or even what the alleged contracts provided for in that regard.[7]

Accordingly, Plaintiffs have not established that they are entitled to the relief requested in their Applications.

### 2. Plaintiffs Have Not Established any Other *Prima Facie* Claims Against 2082 or Mr. Lo to Support a Writ of Attachment.

Plaintiffs assert, once again in conclusory fashion, that their claims for

---

[7] In fact, Plaintiffs cannot show any breach. *See* Lo Decl. ¶ 12.

conversion, money had and received, and violation of California Penal Code Section 492 also support an attachment against 2082 and Mr. Lo, citing to portions of their Complaint (Appl. at 10:3-8), and a pittance of supposed "evidence." *See id*. at 11:18-12:11. That is far from enough. *See Blastrac,* 678 F. Supp. 2d at 1004-06; *Pos-A-Traction, Inc.*, 112 F. Supp. 2d at 1182.

To begin with, Plaintiffs have submitted no evidence that they paid to Defendants any of the money they now seek as the basis for the requested attachment. Rather, the evidence they do submit shows that they did not. In particular, the documents they submit and rely upon reflect that BirdDog Australia wired funds to Bolin China, not to 2082. Calnon Decl. Exs. B-G. Neither 2082 nor Mr. Lo ever received these funds from Plaintiffs, nor have access to these funds, and, therefore, have not unlawfully withheld any of Plaintiffs' funds. Lo Decl. ¶¶ 7-9; Lee Decl. ¶¶ 6-7. Therefore, as a matter of law, Defendants have not performed any "wrongful act or disposition of property rights," a necessary element of conversion. *See In re Thiara*, 285 B.R. 420, 427 (B.A.P. 9th Cir. 2002) ("[t]he elements of a conversion are the creditor's ownership or right to possession of the property at the time of the conversion; the debtor's conversion by a wrongful act or disposition of property rights; and damages.").

For these same reasons, Plaintiffs' claims for relief for money had and received and violation of Penal Code Section 496 similarly fail to support the requested Applications because Plaintiffs cannot demonstrate that Defendants were ever in receipt of the payments BirdDog Australia made to Bolin China.[8] "For a claim of money had and received, a plaintiff must show: '(1) defendant received money; (2) the money defendant received was for plaintiff's use; and (3) defendant

---

[8] Plaintiffs fail to cite any case law to support the proposition that violation of the Section 496 of the California Penal Code is a proper basis for attachment. An attachment may be issued only upon a "claim for money . . . based upon a contract, express or implied." Cal. Civ. Proc. Code § 483.010(a). Even more fundamentally, Plaintiffs fail to establish a *prima facia* claim for violation of Section 496.

is indebted to plaintiff.'" *Maksoud v. Hopkins*, No. 17-CV-00362-H-WVG, 2018 WL 5920036, at *8 (S.D. Cal., Nov. 13, 2018).  A violation of Penal Code Section 496(a) requires the moving party to demonstrate that "(i) the property was stolen or obtained in a manner constituting theft, (ii) the defendant knew the property was so stolen or obtained, and (iii) the defendant received or had possession of the stolen property." *Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 Fed. Appx. 238, 242 (9th Cir. 2021).  Here, Plaintiffs do not and cannot establish a *prima facie* claim for such violations, let alone a likelihood of prevailing.[9]

### 3. Plaintiffs Have Not Established a Probability of Overcoming Defendants' Defenses.

Plaintiffs have also failed to submit admissible evidence establishing a probability that they will overcome Defendants' other defenses to Plaintiffs' contract and contract dependent claims.  These include much of what is established above, including 2082 and Mr. Lo being improper parties to the alleged claims because they were not parties to any of the alleged contracts, and Plaintiffs' failure to state any claim for relief in the first place – all of which will be heard as part of Defendants' motion to dismiss, scheduled for hearing on February 5. *See* Dkt. 27-1, 29.

Moreover, Plaintiffs' claims against 2082 and Mr. Lo for conversion, violation of Penal Code Section 496, and money had and received are duplicative of Plaintiffs' breach of contract claim and, as a result, these claims are barred by California's economic loss rule.  It is well-established that the economic loss rule

---

[9] Importantly, "[n]ot all commercial or consumer disputes alleging that a defendant obtained money or property through fraud, misrepresentation, or breach of a contractual promise will amount to a theft.  To prove theft [by false pretenses under Section 496], a plaintiff must establish criminal intent on the part of the defendant beyond 'mere proof of nonperformance or actual falsity.'" *Siry Inv., L.P. v. Farkhondehpour*, 13 Cal. 5th 333, 361-62 (2022).  The alleged misrepresentations at issue must be "made knowingly and with intent to deceive." *People v. Ashley*, 42 Cal. 2d 246, 264 (1954).  Plaintiffs offer no evidence in support of their Applications that would support any intent to deceive on the part of either 2082 or Mr. Lo.

under California law mandates that "no tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement." *Oracle USA, Inc. v. XL Glob. Servs., Inc.*, No. C 09-00537-MHP, 2009 WL 2084154, at *4 (N.D. Cal., July 13, 2009). Stated another way, "[a] person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations." *Aas v. Super. Ct.*, 24 Cal. 4th 627, 643 (2000), superseded by statute on other grounds as recognized in *Rosen v. State Farm Gen. Ins. Co.*, 30 Cal. 4th 1070 (2003).

As the California Supreme Court has noted, this distinction is important in that it prevents "the law of contract and the law of tort from dissolving one into the other." *Robinson Helicopter Co. v. Dana Corp.,* 34 Cal. 4th 979, 988 (2004).[10] This is precisely what Plaintiffs improperly attempt to do in this lawsuit – turn their breach of contract claim into purported tort claims for conversion, money had and received, and Penal Code violations.  *See* Dkt. 27-1, at 15-17.

Given that these are the only claims underlying Plaintiffs' claim for a writ of attachment as to Mr. Lo individually – who is not a party to the breach of contract claims – Plaintiffs have no basis for this relief and their Applications also should be denied on that separate basis.[11]

### 4.      There is No Legitimate Basis For a $3,480,883.10 Prejudgment Attachment Against Defendants.

Plaintiffs claim that they have "legitimate concerns about Bolin dissipating

---

[10] *See also Motivo Eng'g, LLC v. Black Gold Farms*, No. 222CV01447CASJCX, 2022 WL 3013227, at *4 (C.D. Cal., June 27, 2022) (holding conversion counterclaim was barred by economic loss rule where defendant's ownership interest in the converted property arose solely from the agreement at issue); *Amuchie v. JPMorgan Chase Bank N.A.*, No. 2:22-CV-07621-AB-JPR, 2023 WL 2559201, at *4 (C.D. Cal., Feb. 9, 2023) (dismissing conversion claim because "[t]he conduct Plaintiff complains of in its conversion cause of action is the same conduct that forms the basis of Plaintiff's, albeit poorly plead, breach of contract claim.").

[11] In addition, to the extent Plaintiffs' Complaint survives Defendants' pending motion to dismiss, it is anticipated that Defendants will plead, and ultimately prove, a number of affirmative defenses, including Plaintiffs' unclean hands.

---

assets during the pendency of this action, including by transferring assets to jurisdictions outside the reach of this Court and by spending BirdDog's money for purposes other than [to] fulfill their obligations under the contracts."  Appl. at 11-12.  Plaintiffs have no valid support for this supposed concern.  In fact, the only "evidence" Plaintiffs even attempt to offer is an improper and speculative declaration from an investigator – not based on any personal knowledge or any facts whatsoever – that in his "considered judgment" Mr. Lo's recent travel to China suggests that assets are likely to disappear.  *See* Cogan Decl. ¶ 8.  As discussed in Defendants' Evidentiary Objections, this purported evidence is improper and inadmissible.

Moreover, and as explained in Mr. Lo's Declaration, these speculations are false.  Preliminarily, as Mr. Lo never had access to the funds paid to Bolin China by BirdDog Australia, he could not have done anything with that money.  Lo Decl. ¶ 9.  Mr. Lo is a United States citizen and his place of residence is Arcadia, California, not China.  *Id.* ¶ 14.  Mr. Lo travels to China and other parts of Asia, and indeed around the world, on a regular basis for business purposes, including for meetings and tradeshows.  *Id.*  In October and November 2023, Mr. Lo traveled to China to visit Bolin China for a product launch and meetings, and then traveled to Japan for an industry trade show.  *Id.*  His travels also are not a basis for the requested attachment.

Additionally, it appears from the Applications that BirdDog is seeking to attach nearly *$3.5 million each from both Mr. Lo and 2082*.  This is a non-sensical and improper attempt at a double recovery.  There is no basis for an attachment as to either Defendant individually and, even more so, there is certainly no basis for an attachment as to both.  And, as detailed in the declarations supporting this Opposition, if Plaintiffs were permitted to attach 2082's assets, it would be extremely detrimental, likely devastating, to 2082's business.  Lee Decl. ¶ 9.  The funds 2082 has in its bank account are required to run the business day-to-day,

including to pay rent and the salary for its five full time employees.  *Id.*  The amount sought by Plaintiffs in the Applications exceeds or nearly exceeds 2082's annual gross revenue, and this is before even considering 2082's liabilities and its ultimate annual net profit.  *Id.*

Moreover, Plaintiffs are also seeking estimated attorneys' fees of $400,000 and costs of $20,000, but fail to offer any support for these amounts.  Even if the purchase order contracts were somehow enforceable as against either of the Defendants – which they are not – they do not contain an attorneys' fees provision. Plaintiffs' unsupported demand for attorneys' fees and costs should be disregarded.

Accordingly, there is no basis for the prejudgment attachments sought by Plaintiffs, and such a drastic remedy would be highly prejudicial and damaging to 2082 and Mr. Lo.

### D.     Plaintiffs' Proposed Undertaking is Insufficient.

Even assuming that Plaintiffs were able to establish grounds for a writ of attachment, which they cannot, the statutorily mandated $10,000 undertaking they propose would be woefully inadequate.  The applicable code section states that the Court may increase the undertaking to "the amount it determines to be the probable recovery for wrongful attachment if it is ultimately determined that the attachment was wrongful."  Cal. Civ. Proc. Code § 489.220.  "The undertaking should be 'in an amount sufficient to indemnify [defendants] for damages likely to result from the levy of attachment in the event the attachment ultimately proves to have been 'wrongful.'  It is the optimal function of the remedy of attachment to provide the plaintiff with security up to the amount of his claim at a cost that does not render the remedy prohibitive while still affording to the defendant an undertaking in an amount that will adequately satisfy his damages for wrongful attachment."  *Am. Student Fin. Grp., Inc. v. Aequitas Cap. Mgmt.*, No. 12-cv-2446-CAB (JMA), 2014 WL 12772263, * 3 (S.D. Cal., June 17, 2014) (finding undertaking of 10% of the attachment amount appropriate), citing *N. Hollywood Marble Co. v. Super. Ct.*, 157

Cal. App. 3d 683, 690 (1984).  In evaluating a request to increase the undertaking amount, courts may "exercise their discretion to consider evidence as to all material factors when balancing the competing interests of plaintiff and defendant in arriving at an undertaking amount tailored to the particular action."  *N. Hollywood Marble Co.*, 157 Cal. App. 3d at 691.

As discussed above, there is no basis for an attachment here.  Defendants have offered substantial evidence to demonstrate there is no probable validity to the claims underlying Plaintiffs' Applications.  As also discussed above, Plaintiffs' requested attachment would be financially ruinous.  Lee Decl. ¶ 9.  Accordingly, the amount of any bond would need to be substantial. [12]

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Applications.


Dated:  January 9, 2024                UMBERG ZIPSER LLP


                                       By:*/s/ Molly J. Magnuson*
                                          Molly J. Magnuson
                                          Attorneys for Defendants
                                          2082 Technology, LLC dba Bolin
                                          Technology and Hoi "Kyle" Lo

---

[12] In the event the Court believes attachment is appropriate, Defendants request the opportunity to submit further briefing to the Court on the issue of the appropriate amount of the undertaking.  Further, as discussed in Section III.B, Defendants maintain there is no right to seek to attach any of Mr. Lo's property.  In the unlikely event the Court finds that attachment is appropriate, Mr. Lo contends that Plaintiffs must identify the property they seek to attach with further specificity.  Based on the limited information provided thus far, Mr. Lo may be entitled claim exemptions, including the homestead exemption and an exemption for earnings, and would similarly request the opportunity to submit briefing regarding these exemptions.  *See* Cal. Civ. Proc. Code §§ 484.070, 487.020(b), 487.020(c), 487.030(d).

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 5,748 words, which complies with the word limit of L.R. 11-6.1.

Dated:  January 9, 2024                         UMBERG ZIPSER LLP


                                                             *s/ Molly J. Magnuson*
                                                             Molly J. Magnuson
                                                             Attorneys for Defendants   2082
                                                             Technology, LLC dba Bolin
                                                             Technology and Hoi "Kyle" Lo

OPPOSITION TO APPLICATIONS FOR WRIT OF ATTACHMENT