RYAN Q. KEECH (SBN 280306)
Ryan.Keech@klgates.com
GABRIEL M. HUEY (SBN 291608)
Gabriel.Huey@klgates.com
KEVIN G. SULLIVAN (SBN 341596)
Kevin.Sullivan@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.553.5000
Fax No.: 310.553.5001

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BIRDDOG TECHNOLOGY LIMITED, an Australian company; and BIRDDOG AUSTRALIA PTY LTD, an Australian company,

Plaintiffs,

v.

2082 TECHNOLOGY, LLC DBA BOLIN TECHNOLOGY, a California limited liability company; BOLIN TECHNOLOGY CO., LTD., a Chinese limited company; HOI "KYLE" LO, an individual; JENNIFER LEE, an individual; and DOES 3 through 25, inclusive,

Defendants.

Case No. 2:23-cv-09416 CAS (AGRx)

**PLAINTIFFS' EVIDENTIARY OBJECTIONS IN SUPPORT OF REPLY IN SUPPORT OF APPLICATIONS FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT**

*[Filed concurrently with (1) Plaintiffs' Reply in Support of Their Application for Right To Attach Order and Writ of Attachment; (2) Declaration of Dan Miall; (3) Declaration of Kevin G. Sullivan; and (4) Responses to Defendants' Evidentiary Objections]*

Judge: Hon. Alicia G. Rosenberg
Date: January 30, 2024
Time: 10:00 a.m.

Plaintiffs BirdDog Technology Limited and BirdDog Australia Pty., Ltd. (collectively, "BirdDog" or "Plaintiffs") submit the following evidentiary objections to evidence submitted by Defendants 2082 Technology, LLC and Hoi "Kyle" Lo (collectively, "Defendants") in support of their Opposition (the "Opposition") to Plaintiffs' Applications for Right to Attach Order and Writ of Attachment (the "Applications").

**I. Declaration of Hoi "Kyle" Lo**

| **Material Objected to:** | **Grounds for Objections:** |
| --- | --- |
| Paragraph 3:<br>"Bolin China invoices 2082 for these orders, and 2082 pays Bolin China pursuant to these invoices, just as would be the case in any arms' length transaction." | • Argumentative (FRE 403), Improper lay opinion (FRE 701), and Improper expert opinion (FRE 702) as to "just as would be the case in any arms' length transaction." |
| Paragraph 4:<br>"Bolin China is a limited liability company formed under Chinese law, and based in Shenzhen, China." | • Lacks foundation (FRE 602), Improper lay opinion (FRE 701), and Improper expert opinion (FRE 702) as to "formed under Chinese law." |
| Paragraph 5:<br>"Bolin China designs and manufactures its own PTZ (Pan/Tilt/Zoom) | • Irrelevant (FRE 401, 402), Lacks foundation and personal knowledge (FRE 602), Improper lay opinion (FRE 701), and Improper expert opinion (FRE 702). |

| | |
|---|---|
| cameras, and is one of the world leaders in PTZ camera technology and has produced many of the world's first PTZ camera models." | |
| <u>Paragraph 6:</u> "2082 was not a party to the purchase orders attached to the Declaration of Barry Calnon upon which BirdDog's claims are based." | • Argumentative (FRE 403), Improper lay opinion (FRE 701), Improper legal opinion (FRE 702), Not properly authenticated (FRE 901), and Best evidence rule (FRE 1002). |
| <u>Paragraph 6:</u> "These purchase orders reflect agreements between Bolin China and BirdDog Australia, which I helped to negotiate on behalf of Bolin China." | • Best evidence rule (FRE 1002). |
| <u>Paragraph 6:</u> "I developed the relationship with BirdDog Australia on behalf of Bolin China, and conducted the key business negotiations directly and only with | • Irrelevant (FRE 401, 402); Argumentative (FRE 403); Vague and ambiguous (FRE 403); contradicts statement later in declaration that he only started to look into issues at Bolin Limited "after dispute began." |

| | |
|---|---|
| BirdDog Australia's Chief Executive Officer Dan Miall, on behalf of Bolin China." | |
| <u>Paragraph 7:</u><br>"It was only after this dispute began that I looked into these issues at Bolin China." | • Irrelevant (FRE 401, 402) and Vague and ambiguous (FRE 403); contradicts previous statement that he alleges to have conducted negotiations on behalf of Bolin Limited. |
| <u>Paragraph 7:</u><br>"I understand from my review of documents and from speaking with individuals at Bolin China, including the account manager for the BirdDog account, that all payments made by BirdDog Australia pursuant to these purchase orders were wired directly into Bolin China's bank account." | • Lack of foundation (FRE 104(b)), Argumentative (FRE 403), Lacks foundation and personal knowledge (FRE 602), Improper lay opinion (FRE 701), Inadmissible hearsay (FRE 802, 802), Not properly authenticated (FRE 901), and Best evidence rule (FRE 1002). |
| <u>Paragraph 7:</u><br>"2082 did not receive any money from BirdDog pursuant to | • Argumentative (FRE 403) and Improper expert opinion (FRE 702). |

| | |
|---|---|
| these purchase orders nor did it receive these funds indirectly through Bolin China. 2082 has never had access to these funds and has not used them or benefitted from them in any way.” | |
| Paragraph 10:<br>“With respect to the amounts paid by BirdDog Australia to Bolin China under the purchase orders, BirdDog’s counsel Ryan Keech states in his Declaration in support of BirdDog’s Application that he believes ‘at least some of the funds were not available and had been utilized for purposes other than production under the relevant agreements.’ This is absolutely false.” | • Irrelevant (FRE 402); Argumentative (FRE 403); Lacks foundation and personal knowledge (FRE 602); and Improper lay opinion (FRE 701). |
| Paragraph 10:<br>“The deposit money paid to | • Lack of foundation (FRE 104(b)), Lacks foundation and personal knowledge (FRE 602), Improper lay opinion (FRE 701), Not |

| | |
|---|---|
| Bolin China by BirdDog Australia, pursuant to the purchase orders, was used by Bolin China to procure labor and materials, and to develop, produce, and manufacture the special-order camera products ordered by BirdDog Australia." | properly authenticated (FRE 901), and Best evidence rule (FRE 1002). |
| <u>Paragraph 10:</u><br>"In fact, Bolin China spent millions of dollars more than was paid to it by BirdDog Australia in order to fulfill these purchase orders, which date back to 2020." | • Lack of foundation (FRE 104(b)), Irrelevant (FRE 401), Lacks foundation and personal knowledge (FRE 602), and Improper lay opinion (FRE 701). |
| <u>Paragraph 11:</u><br>"In his Declaration, Mr. Miall makes several statements about communications he and I had. They are, in large part, false or misleading." | • Irrelevant (FRE 401, 402) and Argumentative (FRE 403). Mr. Lo's own declaration states that these statements "do not bear on the Applications." Therefore, these assertions are irrelevant. |
| <u>Paragraph 11:</u> | • Irrelevant (FRE 401, 402) and Vague and ambiguous (FRE 403). Mr. Lo's own |

| | |
|---|---|
| "As they do not bear on the Applications, I will refrain from specifically refuting them. Suffice it to say that I was looking for solutions, and presenting options, that I thought might help resolve a number of Bolin China's and BirdDog's differences and allow the companies to move forward together." | declaration states that these statements "do not bear on the Applications." Therefore, these assertions are irrelevant. |
| <u>Paragraph 12:</u><br>"Contrary to statements in BirdDog's Applications, Bolin China continued to move forward with fulfilling BirdDog Australia's orders." | • Lack of foundation (FRE 104(b)), Vague and ambiguous (FRE 403); Lacks foundation and personal knowledge (FRE 602), and Improper lay opinion (FRE 701). |
| <u>Paragraph 12:</u><br>"BirdDog was involved and was made fully aware that Bolin China was doing so." | • Lack of foundation (FRE 104(b)), Vague and ambiguous (FRE 403); Lacks foundation and personal knowledge (FRE 602), and Improper lay opinion (FRE 701). |
| <u>Paragraph 12:</u><br>Many of BirdDog Australia's orders, in fact, are complete and just awaiting payment by | • Lack of foundation (FRE 104(b)), Irrelevant (FRE 402); Vague and ambiguous (FRE 403); Lacks foundation and personal knowledge (FRE 602), and Improper lay opinion (FRE 701). |

| | |
|---|---|
| BirdDog. | |
| <u>Paragraph 12:</u><br>"Other models are very close to completion and are simply awaiting BirdDog's cooperation in order to complete (for example, to deal with a BirdDog software issue)." | • Lack of foundation (FRE 104(b)), Vague and ambiguous (FRE 402); Lacks foundation and personal knowledge (FRE 602), and Improper lay opinion (FRE 701). |
| <u>Paragraph 12:</u><br>"The products in dispute are in the possession, custody, and control of Bolin China, not 2082." | • Lack of foundation (FRE 104(b)), Lacks foundation and personal knowledge (FRE 602), Improper lay opinion (FRE 701), and Improper legal opinion (FRE 702). |
| <u>Paragraph 13:</u><br>"All of my communications with BirdDog relevant to this Application were made on behalf of Bolin China, not 2082, and were done in the course, scope, and authority of my employment with Bolin China." | • Irrelevant (FRE 401, 402); Improper legal opinion (FRE 702). |
| <u>Paragraph 14:</u> | • Argumentative (FRE 403). |

| | |
|---|---|
| "In his Declaration in support of BirdDog's Application, an 'investigator' named David Cogan states that I personally have 'control of factories and accounts within mainland China,' that I travelled to China in October and November 2023, and that he believes whatever assets I and 2082 have 'will be transferred to China prior to judgment.' This is false, and Mr. Cogan has no basis to make such statements." | |
| <u>Paragraph 14:</u><br>"I travel for business and personal reasons on a regular basis, including to China." | • Irrelevant (FRE 401, 402) and Vague and ambiguous (FRE 403). |
| <u>Paragraph 14:</u><br>"Since January 2023, I have traveled outside the United States to China, Australia, Barcelona, Amsterdam, and | • Irrelevant (FRE 401, 402). |

| | |
|---|---|
| Tokyo for various tradeshows and meetings." | |
| Paragraph 14: "As discussed above, neither 2082 nor I personally received money from BirdDog pursuant to the purchase orders, so I could not possibly do anything with that money." | • Argumentative (FRE 403); improper legal opinion (FRE 701). |
| Paragraph 14: "Further, I have no intention, on behalf of myself or 2082, to transfer assets to China." | • Argumentative (FRE 403). |

## II. Declaration of Dean Zipser

| **Material Objected to:** | **Grounds for Objections:** |
|---|---|
| Paragraph 2: "Prior to the filing of this action by Plaintiffs, I communicated, by phone and email, with Ryan Keech, counsel for Plaintiffs, solely for the purposes of engaging in settlement discussions. I am | Irrelevant (FRE 402); Vague and ambiguous (FRE 403); Argumentative (FRE 403). |

| | |
|---|---|
| the only attorney representing Defendants who participated in these communications." | |
| Paragraph 2:<br>"At no time did I tell Mr. Keech in any communication, oral or written, that some of the deposit funds at issue in this case "had been utilized for purposes other than production under the relevant agreements," as Mr. Keech claims in his declaration, or anything to that effect." | Irrelevant (FRE 402), that Mr. Zipser claims that he did not use that exact phrase does not change that he communicated that message on behalf of Bolin; Vague and ambiguous (FRE 403) as to who Mr. Zipser was speaking on behalf of when he made the statements regarding the improper spending of BirdDog's stolen money. |

### III. Declaration of Jennifer Lee

| **Material Objected to:** | **Grounds for Objections:** |
|---|---|
| Paragraph 4:<br>"Bolin China invoices 2082 for these orders, and 2082 pays Bolin China pursuant to these invoices, just as would be the case in any arms' length transaction." | • Argumentative (FRE 403), Improper lay opinion (FRE 701), and Improper expert opinion (FRE 702) as to "just as would be the case in any arms' length transaction." |

| | |
|---|---|
| <u>Paragraph 7:</u><br>"2082 was not a party to the purchase orders attached to the Declaration of Barry Calnon upon which BirdDog's claims are based." | • Argumentative (FRE 403), Improper lay opinion (FRE 701), Improper legal opinion (FRE 702), Not properly authenticated (FRE 901), and Best evidence rule (FRE 1002). |
| <u>Paragraph 7:</u><br>"2082 did not receive any money from BirdDog pursuant to these purchase orders, nor did it receive funds directly or indirectly through Bolin China pursuant to these purchase orders. 2082 has never had access to these funds and has not used them or benefitted from them in any way." | • Argumentative (FRE 403) and Improper expert opinion (FRE 702). |
| <u>Paragraph 8:</u><br>"2082's limited business relationship with BirdDog Australia is completely separate and apart from the purchase orders at issue in this case." | • Argumentative (FRE 403) and Improper expert opinion (FRE 702). |

| | |
|---|---|
| Paragraph 8:<br>"In contrast, the purchase orders at issue in this case concern special order BirdDog-branded cameras." | • Argumentative (FRE 403), Improper lay opinion (FRE 701), Improper expert opinion (FRE 702), and Best evidence rule (FRE 1002). |
| Paragraph 8:<br>"As a favor to BirdDog Australia, 2082 has also processed "drop ship" orders for BirdDog Australia to BirdDog Australia's customers in the United States." | • Irrelevant (FRE 401, 402). |
| Paragraph 10:<br>"The Prospectus references BirdDog's manufacturing agreement with 'Bolin Technology' - which is defined as a company incorporated in China' - 'for "the manufacture and delivery of BirdDog's cameras in China."'" | • Irrelevant (FRE 401, 402), Argumentative (FRE 403), Lacks foundation and personal knowledge (FRE 602), Not properly authenticated (FRE 901), and Best evidence rule (FRE 1002). |
| Exhibit 2:<br>Prospectus of BirdDog Technology Limited | • Irrelevant (FRE 401, 402), Not properly authenticated (FRE 901), and Best evidence rule (FRE 1002). |

**IV. Declaration of Molly Magnuson**

| **Material Objected to:** | **Grounds for Objections:** |
| --- | --- |
| <u>Exhibit 1:</u> Purported Company Registration | • Not properly authenticated (FRE 901, 902). |
| <u>Exhibit 3:</u> Email Correspondence | • Not properly authenticated (FRE 901). |

**K&L GATES LLP**

Dated: January 16, 2024

By: ______________________________

Ryan Q. Keech
Gabriel M. Huey
Kevin G. Sullivan

*Attorneys for Plaintiffs*