UMBERG ZIPSER LLP
Dean J. Zipser (SBN 94680)
dzipser@umbergzipser.com
Molly J. Magnuson (SBN 229444)
mmagnuson@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone:  (949) 679-0052
Facsimile:  (949) 679-0461

Attorneys for Defendants
2082 Technology, LLC dba Bolin
Technology and Hoi "Kyle" Lo

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIRDDOG TECHNOLOGY LIMITED, an Australian company; and BIRDDOG AUSTRALIA PTY LTD, an Australian company,<br><br>        Plaintiffs,<br><br>   *v .*<br><br>2082 TECHNOLOGY, LLC DBA BOLIN TECHNOLOGY, a California limited liability company; BOLIN TECHNOLOGY CO., LTD., a Chinese limited company; HOI "KYLE" LO, an individual; JENNIFER LEE, an individual; and DOES 3 through 25, inclusive,<br><br>        Defendants. | Case No. 2:23-cv-09416 CAS (AGRx)<br><br>**DEFENDANTS 2082 TECHNOLOGY, LLC AND HOI "KYLE" LO'S OBJECTION AND REQUEST TO STRIKE NEW EVIDENCE AND ARGUMENT IMPROPERLY SUBMITTED IN SUPPORT OF PLAINTIFFS' REPLY BRIEF**<br><br>Hearing Date: January 30, 2024<br>Time: 10:00 a.m.<br>Judge: Honorable Alicia G. Rosenberg<br>Courtroom: 550 |

Defendants 2082 Technology, LLC ("2082") and Hoi "Kyle" Lo (collectively, "Defendants") respectfully object to and request to strike the new evidence and argument improperly submitted in support of the Reply filed by plaintiffs Birddog Technology Limited ("Bird Dog Technology") and Birddog Australia Pty Ltd ("Bird Dog Australia") (collectively, "BirdDog" or "Plaintiffs") in support of their Applications for Right to Attach Order and Writ of Attachment (the "Applications").

## I.    SUMMARY AND REQUESTED RELIEF

After Defendants filed their Opposition to BirdDog's Applications, Plaintiffs amended their complaint. The First Amended Complaint ("FAC") added two new parties, three new claims for relief, and an alter ego theory of liability, which BirdDog addresses for the first time in the reply brief filed in support of the Applications (the "Reply"), together with submitting new evidence with the Reply. Plaintiffs' attempt to do so is improper.

In its moving papers, BirdDog asks the Court to issue the harsh remedy of an order attaching more than $3 million of Defendants' property, claiming that BirdDog made payments in that amount to 2082, pursuant to alleged contracts (purchase orders) Plaintiffs purportedly entered into with 2082, and which amounts 2082 has allegedly refused to refund. As set forth in Defendants' Opposition, however, BirdDog's purchase orders were, in fact, not with 2082 and no monies were paid to 2082. Plaintiffs' own evidence demonstrated that (1) these purchase orders were between BirdDog Australia and Bolin Technology Co., Ltd. ("Bolin China"), a Chinese company, and (2) the monies paid pursuant to these orders were not paid to 2082 (or to Mr. Lo), but to Bolin China.

In response, four days before filing the Reply, BirdDog filed the FAC, now naming Bolin China as a co-defendant and pleading a new, alter ego theory of liability against 2082 and Mr. Lo. Despite filing a brand new operative Complaint, Plaintiffs did not withdraw their pending Applications which were based on the

OBJECTION TO REPLY IN SUPPORT OF WRIT OF ATTACHMENT
Case No.: 2:23-cv-09416-CAS-AGR

original Complaint.  Rather, in the Reply, although Plaintiffs do not dispute that the payments at issue were made to Bolin China, they argue instead that a writ of attachment against Defendants 2082 and Mr. Lo is nevertheless appropriate under this newly alleged single enterprise theory of alter ego liability.

Defendants object to BirdDog's reliance on new evidence and arguments in the Reply, and, accordingly, request that the Court strike the new argument and evidence in support of the Reply.

## II.  ARGUMENT

It is well established that "[i]t is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."  *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000).  Reply briefs are intended to respond to arguments and evidence raised in the opposition, not to present new arguments or to introduce new evidence. *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) ("It is well accepted that raising of new issues and submission of new facts in reply brief is improper.").  Allowing the moving party to submit new evidence on reply without giving the non-moving party a chance to respond unfairly prejudices the non-moving party.  *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Litmon v. Santa Clara Cty.*, No. C 00-20345 RMW, 2008 WL 2242307, at *7, n.1 (N.D. Cal., May 29, 2008) ("Defendants may not raise new arguments for the first time in a reply brief, as this deprives plaintiff of an opportunity to respond.").

Where new evidence or arguments are raised in reply, the Court should either strike the new evidence and arguments, or permit the non-moving party an opportunity to respond.  *Provenz*, 102 F.3d at 1483 ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond."), quoting *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990); *SEC v. Heart Tronics, Inc.*, No. SACV 11-1962 JVS (ANx), 2015 WL 13375687, at *2

3

(C.D. Cal., Aug. 3, 2015) ("When new evidence is presented in a reply, the Court should either not consider it or give the non-movant an opportunity to respond."), citing *Provenz,* 102 F.3d at 1483; *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 309, n.5 (N.D. Cal. 2005) (granting motion to strike new evidence in declaration, stating that "attempt to introduce new evidence in connection with their reply papers is improper").

BirdDog's Reply goes far beyond rebutting arguments and evidence that were raised in the Opposition.  Among other things, Defendants argued in their Opposition that BirdDog's Applications should be denied because the underlying alleged contracts were between BirdDog Australia and *Bolin China* – a separate legal entity and non-party at the time – and that BirdDog made the deposit payments to *Bolin China*.  *See* Dkt. 33.  In its Reply, BirdDog argues that Bolin China and 2082 are "not legally separate entities" and, essentially, that the Court should simply disregard 2082's and Bolin China's separate corporate status under Plaintiffs' single enterprise theory of alter ego liability that was nowhere presented in its moving papers or in the operative complaint at the time the Opposition was filed.  *See* Dkt. 37, at 6-7.  In support of its new theory, BirdDog submits a self-serving declaration from its CEO and dozens of pages of new evidence purportedly reflecting the relationship between 2082 and Bolin China.  *See, e.g.,* Dkt. 37-1 (Miall Decl.).

A writ of attachment is a harsh remedy, and it is improper and unfairly prejudicial for BirdDog to introduce a fundamentally different theory of liability on Reply, thus depriving Defendants of the opportunity to respond.  Moreover, through their new Complaint and Reply papers, Plaintiffs now seek to pursue this harsh remedy against 2082 and Mr. Lo without awaiting the appearance, much less a substantive opposition, of newly named defendant Bolin China – the entity to which Plaintiffs submitted their purchase orders and the company to which Plaintiffs paid their deposits.

**III.  CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court strike BirdDog's Reply.

Dated:  January 24, 2024           UMBERG ZIPSER LLP


By: */s/ Molly J. Magnuson*
        Molly J. Magnuson
        Attorneys for Defendants
        2082 Technology, LLC dba Bolin
        Technology and Hoi "Kyle" Lo