RYAN Q. KEECH (SBN 280306)
Ryan.Keech@klgates.com
GABRIEL M. HUEY (SBN 291608)
Gabriel.Huey@klgates.com
KEVIN G. SULLIVAN (SBN 341596)
Kevin.Sullivan@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.553.5000
Fax No.:    310.553.5001

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIRDDOG TECHNOLOGY LIMITED, an Australian company; and BIRDDOG AUSTRALIA PTY, LTD, an Australian company,<br><br>Plaintiffs,<br><br>v.<br><br>2082 TECHNOLOGY, LLC DBA BOLIN TECHNOLOGY, a California limited liability company; BOLIN TECHNOLOGY CO., LTD., a Chinese limited company; HOI "KYLE" LO, an individual; JENNIFER LEE, an individual; and DOES 3 through 25, inclusive,<br><br>Defendants. | Case No. 2:23-cv-09416 CAS (AGRx)<br><br>**PLAINTIFFS BIRDDOG TECHNOLOGY LIMITED'S AND BIRDDOG AUSTRALIA PTY LTD'S RESPONSE TO DEFENDANTS' OBJECTION AND REQUEST TO STRIKE IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT**<br><br>Judge:    Hon. Alicia G. Rosenberg<br>Date:     January 30, 2024<br>Time:     10:00 a.m. |

1

507382891.3

Plaintiffs respectfully object to Defendants 2082 Technology, LLC dba Bolin Technology ("Bolin LLC") and Hoi "Kyle" Lo's ("Lo," collectively, "Defendants") frivolous Objection and Request to Strike Evidence and Arguments Submitted by Plaintiffs in their Reply (the "Surreply").

## A. <u>Defendants' Improper Surreply Should Be Stricken From The Record</u>

It is Defendants' surreply that it is improper and that should be stricken. Under the Local Rules, "[a]bsent [a] prior written order of the Court, the opposing party shall not file a response to the reply." L.R. 7-10. "The decision to grant or deny leave to file a surreply is committed to the sound discretion of the court." *Baxter Bailey & Assocs. v. Ready Pac Foods, Inc.*, No. CV 18-8246 AB (GJSX), 2020 WL 3107889, 2020 WL 3107889, at *1 (C.D. Cal. Feb. 14, 2020) (*quoting Schmidt v. Shah*, 696 F. Supp. 2d. 44, 59 (D.D.C. 2010)). "Although the Court may in its discretion allow the filing of a surreply, this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Baxter Bailey & Assocs.*, 2020 WL 3107889, at *1 (quoting *Hill v. England*, No. CVF05869RECTAG, 2005 U.S. Dist. LEXIS 29357, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005)).

There is no dispute that Defendants failed to request leave to file a surreply. The Surreply is improper and should be stricken for this reason alone.

## B. <u>Plaintiffs' Reply Does Not Raise New Evidence or Argument</u>

Painting with a vague, ill-defined and broad brush, Defendants fail to identify what, exactly, they object to in Plaintiffs' Reply. The reason for this is clear: there is nothing objectionable about it. Indeed, the thrust of Plaintiffs' reply - Mr. Lo's written representations that "***Bolin Technology is a 2082 Technology LLC Company***" evidencing the reality that he has submitted false testimony to this Court - were submitted with Plaintiffs' Application. Dkt. 37, at 1 (citing Dkt. 25-4, Ex. H

2

at 1, 6-8).  That Defendants missed these impeaching facts does not make pointing to them in reply "new" or otherwise improper.  And even were that not the case, evidence that is submitted in direct response to the opposition's evidence and arguments is not new evidence. *Sound of Color, LLC v. Smith*, 2023 WL 5667573, at *1 (C.D. Cal. July 11, 2023) (holding response to defendants' reply would be improper because defendants' arguments were not "new" where they "respond[ed] directly to evidence and arguments raised in the opposition"); *Pineda v. Sun Valley Packing, L.P.*, 2022 WL 1625066, at *3 n.3 (E.D. Cal. May 23, 2022) (same); *Chloe SAS v. Sawabeh Info. Svcs. Co.*, 2015 WL 12734005, at *2 (C.D. Cal. June 3, 2015) (same); *see also Terrell v. Contra Costa Cnty.*, 232 Fed. Appx. 626, 629 n.2 (reply's evidence was not new where it provided full context to the opposition's "selected recitation of the facts").[1]

What Defendants cannot dispute is that all of Plaintiffs' reply evidence is submitted in direct response to arguments in Defendants' Opposition.  Defendants base their Opposition on a falsehood: that Bolin Technology Co. Ltd. ("Bolin Limited") is a separate legal entity from Bolin LLC and that Plaintiffs' Applications are solely based on agreements with Bolin Limited.  (*See e.g.*, Opp. at 6, 14-15).  Plaintiffs are entitled to rebut these falsehoods in Reply.[2]  Because Plaintiffs'

---

[1] The cases cited by Defendants are inapposite, as they do not address situations where the reply's evidence *responds* to the opposition's evidence. *See e.g.*, *U.S. ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117 (C.D. Cal. 2000); *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672 (S.D. Cal. 1999); *Provenz v. Miller*, 102 F.3d 1478 (9th Cir. 1996); *Litmon v. Santa Clara Cnty.*, 2008 WL 2242307 (N.D. Cal. May 29, 2008).

[2] Moreover, Defendants' Objection and Request to Strike purposefully mischaracterizes Plaintiffs' Reply by claiming that Plaintiffs' Reply raises new arguments and submits new evidence regarding an alter ego theory of liability. (Dkt. 42 at 2).  Yet, nowhere in Plaintiffs' Reply did Plaintiffs refer to an alter ego theory of liability, (*see generally* Reply), and Plaintiffs explicitly state that Defendant Bolin Technology Co., Ltd.'s liability will be separately "adjudicated in connection with Plaintiffs' First Amended Complaint." (Reply at 7).

**PLAINTIFFS' OBJECTION TO DEFENDANTS' IMPROPER SURREPLY**

evidence directly responds to arguments in Defendants' Opposition, Defendants do not, and cannot, point to any new evidence in Plaintiffs' Reply.

What is perhaps most striking about Defendants' Surreply, however, is what is missing from it. For even as they (wrongly) complain of having been "depriv[ed] of the opportunity to respond" (Dkt. 42, at 4), Defendants do not bother to ask the Court for such an opportunity or to so much as identify what it is they would say or what evidence they would provide if provided with that opportunity. Instead, they claim that the grave matter of the security of the undisputed amount of money that has been stolen from Plaintiffs should "await[] the appearance" and "substantive opposition" of "newly named Defendant[s]." *Id.* Not so. Plaintiffs' stolen money is in the control of Defendants **and** the newly named Defendants. An appropriate attachment must issue as to all culpable parties - starting with the Defendants here.

For these reasons, the Court should grant Plaintiffs' Application in its entirety and strike from the record Defendants' Surreply.

Respectfully submitted,

**K&L GATES LLP**

Dated:  January 25, 2024          By:   */s/ Ryan Q. Keech*
                                            Ryan Q. Keech
                                            Gabriel M. Huey
                                            Kevin G. Sullivan

                                            *Attorneys for Plaintiffs*

**PLAINTIFFS' OBJECTION TO DEFENDANTS' IMPROPER SURREPLY**
507382891.3