1   RYAN Q. KEECH (SBN 280306)
    Ryan.Keech@klgates.com
2   GABRIEL M. HUEY (SBN 291608)
    Gabriel.Huey@klgates.com
3   KEVIN G. SULLIVAN (SBN 341596)
    Kevin.Sullivan@klgates.com
4   K&L GATES LLP
    10100 Santa Monica Boulevard, 8th Floor
5   Los Angeles, California 90067
    Telephone: 310.552.5000
6   Fax No.: 310.552.5001

7   Attorneys for Plaintiffs

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11   BIRDDOG TECHNOLOGY LIMITED, an Australian company; and BIRDDOG AUSTRALIA PTY, LTD, an Australian company, <br><br>        Plaintiffs, <br><br>   v. <br><br> 2082 TECHNOLOGY, LLC DBA BOLIN TECHNOLOGY, a California limited liability company; BOLIN TECHNOLOGY CO., LTD., a Chinese limited company; HOI "KYLE" LO, an individual; JENNIFER LEE, an individual; and DOES 3 through 25, inclusive, <br><br>        Defendants. | Case No. 2:23-cv-09416 CAS (AGRx) <br><br> **PLAINTIFFS BIRDDOG TECHNOLOGY LIMITED'S AND BIRDDOG AUSTRALIA PTY LTD'S OPPOSITION TO DEFENDANTS HOI "KYLE" LO AND 2082 TECHNOLOGY, LLC DBA BOLIN TECHNOLOGY'S MOTION TO DISMISS** <br><br> *[Filed concurrently with (1) Opposition to Defendants' Request for Judicial Notice; (2) Plaintiffs' Request for Judicial Notice; and (3) Declaration of Kevin G. Sullivan ISO Request for Judicial Notice]* <br><br> Judge:      Hon. Christina A. Snyder <br> Date:       February 26, 2024 <br> Time:       10:00 a.m. <br> Courtroom:   8D <br><br> Complaint Filed: November 7, 2023 <br> FAC filed:       January 12, 2024 |

1

# **TABLE OF CONTENTS**

Page

I.      INTRODUCTION ...........................................................................7

II.     FACTUAL BACKGROUND ...........................................................9

III.    JUDICIAL STANDARD ...............................................................11

IV.     ARGUMENT ...............................................................................12

        A.      BirdDog Properly Alleges Its Breach Of Contract Claims Regarding The Purchase Orders And Nondisclosure Agreement. ......................12

        B.      Plaintiffs' Tort And Penal Code Section 496 Claims Are Not Barred By The Economic Loss Rule. ...............................16

        C.      BirdDog Pleads Sufficient Facts To State DTSA And CUTSA Claims Against Bolin LLC And Mr. Lo. ......................17

                i.      Bolin LLC's And Mr. Lo's Defendant Delineation Argument Contradicts The Pleadings ...........................17

                ii.     BirdDog Sufficiently Identified Its Trade Secrets. ....................18

                iii.    BirdDog Sufficiently Alleges Misappropriation. .....................19

        D.      BirdDog Adequately Pleads Breach Of The Implied Covenant Of Good Faith And Fair Dealing. ...............................20

        E.      BirdDog Adequately Pleads Its Claims For Conversion, Violations Of Penal Code 496, And Money Had And Received. ...............................21

        F.      BirdDog Adequately Pleads Its Claim For Intentional Interference With Prospective Economic Advantage (Ninth Claim For Relief). ....23

        G.      BirdDog Adequately Pleads Its Claim For Violation Of California Business & Professions Code § 17200, Et Seq. (Tenth Claim for Relief). ...............................24

        H.      BirdDog's Claims Are Not Subject To A Heightened Pleading Standard. ...............................26

V.      CONCLUSION ...........................................................................27

PLAINTIFFS' OPPOSITION TO BOLIN LLC'S AND MR. LO'S MOTION TO DISMISS

507397369.11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agreement Enf't, Inc. v. Pataro,*
  2021 WL 8742105 (C.D. Cal. Jul. 27, 2021) ...................................................... 14

*Arthur J. Gallagher & Co. v. Tarantino,*
  498 F. Supp. 3d 1155 (N.D. Cal. 2020) ............................................................... 19

*Associated Builders & Contractors, Inc. v. San Francisco Airports Com.,*
  21 Cal.4th 352 (1999) ........................................................................................ 25

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ........................................................................................... 12

*Bentham v. Bingham Law Group,*
  2013 WL 12186171 (S.D. Cal. Nov. 15, 2013) ................................................. 17

*Brown v. Grimes,*
  192 Cal. App. 4th 265 (2011) ............................................................................ 22

*Cahill v. Liberty Mut. Ins. Co.,*
  80 F.3d 336 (9th Cir. 1996) ............................................................................... 12

*Catena v. Capitol Records, Inc.,*
  2012 WL 1294270 (C.D. Cal. Jul. 11, 2012) ..................................................... 14

*Cerra v. Blackstone,*
  172 Cal. App. 3d 604 (1985) ............................................................................. 23

*Comunale v. Traders & General Ins. Co.,*
  50 Cal. 3d 654 (1958) ........................................................................................ 21

*Eclectic Properties East, LLC v. Marcus & Millichap Co.,*
  751 F.3d 990 .................................................................................................... 12

*Edwards v. Arthur Andersen LLP,*
  44 Cal. 4th 937 ................................................................................................. 24

*Erlich v. Menezes,*
  21 Cal. 4th 543 (1999) ....................................................................................... 17

3

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F.3d 1312 (Fed. Cir. 2009) ........................................................... 27

*GA Telesis, LLC v. Salesforce.com, Inc.*,
   2021 WL 5178803 (N.D. Cal. Nov. 8, 2021) ....................................... 18

*H.C. Duke & Son, LLC v. Prism Mktg. Corp.*,
   No. 11-4006, 2012 WL 2792443 (C.D. Ill. 2012) ............................... 16

*Hall v. FCA US LLC*,
   2022 WL 1714291 (9th Cir. May 27, 2022) ........................................ 14

*Hall v. Time Inc.*,
   158 Cal. App. 4th 847 (2008) ............................................................... 26

*Hybrid Financial Ltd. v. Hammitt, Inc.*,
   2023 WL 3150092 (C.D. Cal. Mar. 6, 2023) ....................................... 12

*In re Hydroxycut Mktg. and Sales Practices Litig.*,
   810 F. Supp. 2d 1100 (S. D. Cal. 2011) .............................................. 15

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) .............................................................. 27

*Klein v. Chevron U.S.A., Inc.*,
   202 Cal. App. 4th 1342 (2012) ............................................................. 26

*Kwikset Corp. v. Superior Court*,
   51 Cal.4th 310 (2011) .................................................................... 25, 26

*Lee v. Hanley*,
   61 Cal. 4th 1225 (2015) ........................................................................ 22

*Lincoln Nat'l Life Ins. Co. v. McClendon*,
   230 F. Supp. 3d 1180 (C.D. Cal. 2017) ............................................... 17

*Linear Tech. Corp. v. Applied Materials, Inc.*,
   152 Cal. App. 4th 115 (2007) ............................................................... 26

*Madison Heights Kojeszewski v. Infinity Ins. Co.*,
   2006 WL 3143445 (M.D. Pa. Oct. 31, 2006) ...................................... 15

*Marr v. Postal Union Life Ins. Co.*,
   40 Cal. App. 2d 673, 683, 105 P.2d 649 (1940).................................. 16

- 4 -

*McKell v. Washington Mut., Inc.,*
  142 Cal. App. 147 (2006) .................................................................................. 13

*Mesler v. Bragg Mgmt. Co.,*
  39 Cal. 3d 290 (1985) ....................................................................................... 15

*Minor v. Baldridge,*
  123 Cal. 187 (1898) ........................................................................................... 22

*Monico v. Liberty Life Assurance Co.,*
  06-07021 MJJ, 2007 WL 1140410, at *5 (N.D. Cal. April 17, 2007) .............. 14

*Oasis West Realty, LLC v. Goldman,*
  51 Cal. 4th 811 (2011) ...................................................................................... 12

*Opera Gallery Trading Ltd. v. Golden Trade Fine Art Inc.,*
  2015 WL 12912362 (C.D. Cal. July 28, 2015) ................................................. 22

*Paulus v. Bob Lynch Ford, Inc.,*
  139 Cal. App. 4th 659 (2006) ........................................................................... 25

*Racine & Laramie, Ltd. v. Dep't of Parks & Recreation.,*
  11 Cal. App. 4th  1026 (1992) .......................................................................... 20

*Rains v. Arnett,*
  189 Cal. App. 2d 337 (1961) ............................................................................ 21

*Reprod. Health Servs. v. Strange,*
  22 F.4th 1346 (11th Cir. 2022) ......................................................................... 11

*Reprod. Health Servs. v. Strange,*
  3 F.4th 1240, 1258 (11th Cir. 2021) ................................................................. 11

*Robinson Helicopter Co., Inc. v. Dana Corp.,*
  34 Cal. 4th 979 (2004) ...................................................................................... 16

*S.E.C v. Hickey,*
  322 F.3d 1123 (9th Cir. 2003) .......................................................................... 15

*Shopoff & Cavallo LLP v. Hyon,*
  167 Cal. App. 4th 1489 (2008) ......................................................................... 22

*Siry Investment, L.P. v. Farkhondehpour,*
  13 Cal. 5th 333 (2022) ...................................................................................... 21

- 5 -

*Slottow v. Am. Cas. Co. of Reading, Pennsylvania*,
    10 F.3d 1355 (9th Cir. 1993) ................................................................ 15

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    599 F.Supp.2d 1179 (N.D. Cal. 2009) ................................................... 11

*Vendavo, Inc. v. Price f(x) AG*,
    No. 17-cv-06930-RS, 2018 WL 1456697, at *4 (N.D. Cal. Mar. 23,
    2018) ..................................................................................................... 17

**Statutes**

18 U.S.C. § 1839(6) ................................................................................... 19

Cal. Civ. Code § 3426.1(a) ........................................................................ 19

**Court Rules**

Fed. R. Civ. P. 8(a)(2) ............................................................................... 11

Fed. R. Civ. P. 9 .......................................................................................... 6

Fed. R. Civ. P. 9(b) .............................................................................. 10, 26

Fed. R. Civ. P. 12(b)(6) ............................................................................. 12

**PLAINTIFFS' OPPOSITION TO BOLIN LLC'S AND MR. LO'S MOTION TO DISMISS**

507397369.11

# I.   **INTRODUCTION**

Defendants finding themselves without a valid motion to dismiss sometimes delay by filing overly broad pleadings motions hoping the Court will ignore the substance of the complaint and maybe—if they're lucky—go beyond the pleadings to resolve disputed issues of ***fact*** in their favor.

Unfortunately, this is exactly what Defendants 2082 Technology LLC dba Bolin Technology ("Bolin LLC") and Hoi "Kyle" Lo ("Mr. Lo"), Chief Executive Officer of Defendants Bolin LLC and its manufacturing arm Bolin Technology Co. Ltd. ("Bolin Limited") have chosen to do by way of their Motion to Dismiss (Dkt. 47-1 ("Mot.")).  The Court should reject this invitation and deny the Motion.

The vast majority of Bolin LLC's and Mr. Lo's warmed-over motion, most of which is lifted from a prior motion they filed directed at a different pleading (*cf.* Dkt. 27-1), indeed seems directed at a different ***case*** altogether.  As detailed at length in Plaintiffs BirdDog Technology Limited's and BirdDog Australia Pty Ltd's ("Plaintiffs" or "BirdDog") 38-page, 131-paragraph First Amended Complaint (Dkt. 34 ("FAC")), BirdDog was forced to bring this action to remedy and bring an end to Defendants' wide-ranging, unlawful and systematic scheme to take control of BirdDog implicating (1) Defendants' brazen theft of more than $3,000,000 in Plaintiffs' money pursuant to six key contracts for the supply of cameras, which Defendants concede have been repudiated (FAC, ¶¶ 4-6; 45-53; 54-67; 68-83); together with (2) Defendants' ongoing misappropriation of reams of Plaintiffs' highly valuable confidential and proprietary information obtained in violation of a comprehensive nondisclosure agreement and the trade secrets laws of the United States (FAC, ¶¶ 4-6, 28-33; 34-38; 40-67; 84-103).

Paragraph after paragraph of BirdDog's pleading shows that Bolin LLC, its manufacturing arm Bolin Limited, Mr. Lo and Jennifer Lee (Chief Operating Officer of Bolin LLC and Bolin Limited ("Ms. Lee")) carried out this unlawful scheme by,

first, gaining BirdDog's trust. They represented (i) that they had "over 15 years' experience" delivering "the latest in high definition imaging, precision engineered controls and performance design" that BirdDog could use in connection with its developing and evolving camera manufacturing needs (FAC, ¶¶ 35-36, 38), and (ii) executed a comprehensive nondisclosure agreement acknowledging their receipt of the "valuable and proprietary information of BirdDog" and requiring Defendants to "maintain the confidential nature of" and "not use or disclose or reproduce…for any purpose" such information without BirdDog's consent. FAC, ¶¶ 37, 84-88. Next, they induced (i) BirdDog executives to meet them in Southern California for the purpose of acquiring BirdDog confidential information and trade secrets (under, as it would turn out, false pretenses), and (ii) BirdDog to enter into six key agreements and pay Bolin LLC and Mr. Lo, together with Bolin Limited and, over $3,000,000 pursuant to those contracts (FAC, ¶¶ 40-53, 68-83). Finally, they pounced: when BirdDog rejected Defendants' hostile takeover overtures, communicated through Mr. Lo (FAC, ¶¶ 54-59), Defendants repudiated each of the agreements, stole BirdDog's money, misappropriated BirdDog's confidential information and trade secrets, and utilized BirdDog's assets to develop, manufacture and ultimately to sell competing cameras. FAC, ¶¶ 60-67.

Bolin LLC's and Mr. Lo's Motion shows that they have no real answer to any of this. They ignore these facts and resort to throwing veritable spaghetti at the pleadings wall, claiming, falsely, that BirdDog's pleading is "devoid of the necessary facts" and "consist[s] solely of conclusory allegations" while "failing to allege…claims consistent" with Rules 8 and 9(b). Mot., at 8:8-10, 16-18. They contend that it "improperly attempts to transform a contract case into a tort action" (Mot., at 8:25-27), and that no claim whatsoever can be stated against ringleader Mr. Lo or Bolin LLC because the Court should disregard the pleading and that Bolin LLC is not a party any contract (Mot., at 7:14; *but see* FAC, ¶¶ 4-6; 10-14; 20; 45-53; 54-

**PLAINTIFFS' OPPOSITION TO BOLIN LLC'S AND MR. LO'S MOTION TO DISMISS**

67; 68-83), disregard every other claim and find, as a matter of fact, despite what BirdDog has pleaded, that "[Bolin LLC and Bolin Limited)] are separate legal entities with separate ownership." (Mot., at 8:2-3)).

None of this is accurate. And Defendants' factual denials are not susceptible to resolution on a motion to dismiss. This is a pleading motion. And in a pleading motion, Defendants are required to address the pleading that was filed, not one that they wish had been filed. Defendants' invitation to find in their favor on disputed issues of fact, together with their failure to meaningfully address any of BirdDog's non-contract claims, is telling. BirdDog has more than met its burden under applicable pleading standards. The Motion should be denied in its entirety.

## II.   FACTUAL BACKGROUND

Based in Australia, BirdDog is an internationally-renowned vendor of streaming video technology. (FAC ¶ 2.) Bolin LLC and Bolin Limited are each controlled by Chief Executive Officer Mr. Lo and managed by Chief Operating Officer Ms. Lee, with Bolin Limited as the manufacturing arm of Bolin LLC, together holding themselves out to the public and doing business as "Bolin Technology." (FAC ¶ 3.)

Plaintiffs agreed to engage Bolin LLC and Bolin Limited, signed them to a comprehensive nondisclosure agreement (the "Nondisclosure Agreement"), and started an economic relationship that would eventually result in BirdDog sharing sensitive confidential information and trade secrets with the Bolin Defendants and the Bolin Defendants becoming BirdDog's primary supplier of camera products. (FAC ¶ 4.)

But Defendants were not content with being Plaintiffs' primary supplier of camera products. (FAC ¶ 4.) In 2023, it became clear that Bolin LLC, Bolin Limited, Mr. Lo and Ms. Lee had devised a plan to convince BirdDog to entrust them with its funds and highly confidential information, hold and brazenly misuse and

**PLAINTIFFS' OPPOSITION TO BOLIN LLC'S AND MR. LO'S MOTION TO DISMISS**

507397369.11

misappropriate those funds and highly sensitive information to apply pressure on BirdDog, create competing cameras and steal BirdDog's clients and economic relationships for themselves. (FAC ¶ 4-6; 45-53; 54-67; 68-83.)

Part of this scheme were six now-repudiated camera manufacture agreements (the "Purchase Agreements"). (FAC ¶¶ 46-53; 68-83.) Despite the Bolin Defendants' repeated representations, they failed to perform their obligations under these six transactions, which were ultimately repudiated. (FAC ¶ 54.) What is worse, during this time period, and unbeknownst to Plaintiffs, the Bolin Defendants, Mr. Lo and Ms. Lee were formalizing their scheme to become BirdDog by misappropriating BirdDog's confidential and proprietary information to produce and distribute competing camera products. (FAC ¶ 63.) On multiple occasions between 2019 and 2022 BirdDog Chief Executive Dan Miall ("Mr. Miall") met Mr. Lo and Ms. Lee at, among other locations, their residence in Arcadia, California and at the offices of the Bolin Defendants in Brea, California. (FAC ¶ 41.) During these meetings, Mr. Lo and Ms. Lee conducted negotiations for agreements with and otherwise induced Mr. Miall to provide them and the Bolin Defendants with Plaintiffs' competitively sensitive confidential and proprietary information relating to BirdDog's product portfolio and product development, including Plaintiffs' trade secrets. (*Id.*)

In 2023, when BirdDog rejected Defendants' hostile takeover overtures (FAC, ¶¶ 54-59), Defendants repudiated each of the agreements, stole BirdDog's money, misappropriated BirdDog's confidential information and trade secrets, and utilized BirdDog's assets to develop, manufacture and ultimately to sell competing cameras. (FAC, ¶¶ 60-67) As a result, BirdDog has been unable to fulfill orders and ship products and is further being damaged through the Bolin Defendants' unlawful possession and use of BirdDog's confidential and proprietary information to compete with BirdDog in the marketplace. (FAC ¶ 67.)

/ / /

PLAINTIFFS' OPPOSITION TO BOLIN LLC'S AND MR. LO'S MOTION TO DISMISS

507397369.11

### III.   <u>JUDICIAL STANDARD</u>

A pleading requires no more than a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under Rule 12(b)(6), dismissal is only appropriate when a party "fail[s] to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  In other words, the complaint must only "contain sufficient factual allegations 'to raise a right to relief above the speculative level'." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F.Supp.2d 1179, 1184 (N.D. Cal. 2009).

It is black-letter law that "question[s] of fact [are] inappropriate for resolution on a motion to dismiss." *Hybrid Financial Ltd. v. Hammitt, Inc.*, 2023 WL 3150092, at *1 (C.D. Cal. Mar. 6, 2023) (*quoting Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1164 (C.D. Cal. 2010)).  The court must, rather, accept all allegations of material fact as "true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 37-38 (9th Cir. 1996); *accord Reprod. Health Servs. v. Strange*, 3 F.4th 1240, 1258 (11th Cir. 2021) (court must "accept as true the allegations in the pleadings of the non-moving party and draw all reasonable inferences in that party's favor"), *rev'd on other grounds*, 22 F.4th 1346 (11th Cir. 2022).  A court should "'assume the [] veracity' of 'well pleaded factual allegations' and 'determine whether they plausibly give rise to an entitlement of relief.'" *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal citations omitted)).

/ / /

/ / /

/ / /

/ / /

/ / /

- 11 -

IV.  **ARGUMENT**

A.  **BirdDog Properly Alleges Its Breach Of Contract Claims Regarding The Purchase Agreements And Nondisclosure Agreement.**

Bolin LLC first moves to dismiss BirdDog's claims for breach of contract relating to the Purchase Agreements and the Nondisclosure Agreement.  But Bolin LLC cannot and does not deny that with respect to BirdDog's claims for breach of the Purchase Agreements (FAC, ¶¶ 68-83) and the Nondisclosure Agreement (*id.*, ¶¶ 84-88), BirdDog has met its burden of pleading (1) the existence of each contract; (2) BirdDog's performance or excuse for nonperformance; (3) Bolin LLC's breach and repudiation; and (4) resulting damages.  *See Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (elements of breach of contract claim).  These allegations —"a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage to plaintiff resulting therefrom" —are all that is required.  *McKell v. Washington Mut., Inc.*, 142 Cal. App. 147, 1489 (2006).

Bolin LLC nevertheless still seeks to dismiss BirdDog's claims for breach of contract because it wants the Court to find as a matter of ***fact*** that Bolin LLC was not "a party to the contracts at issue (Mot., at 12:14-16) and that it was another entity "that entered into the alleged agreements" (*id.*, at 18:13-18) that should not be "group[ed]…together."  *Id.*  Bolin LLC's arguments fail.

***First***, putting aside that Bolin LLC does not deny the existence of the contracts at issue—it cannot with respect to the Purchase Agreements,[1] as Bolin Limited, acting with Mr. Lo, has subsequently and improperly asserted breach of the exact

---

[1] Bolin LLC's very own Motion admits the existence of these contracts.  Defendants do not seriously argue that these contracts do not exist, they simply try to fool the Court into believing the contracts were only between Plaintiffs and Bolin Limited.  (Mot. at 10:4-12 ["These documents demonstrate that the contracting party was Bolin [Limited], a China-based manufacturer, and not [Bolin LLC]. The purchase orders reflecting these contracts were addressed by BirdDog to Bolin [Limited] . . . ."]).

**PLAINTIFFS' OPPOSITION TO BOLIN LLC'S AND MR. LO'S MOTION TO DISMISS**
507397369.11

same contracts in Australia[2]—there is nothing "lumped" about BirdDog's contract claims.  BirdDog engaged Bolin LLC: it was a ***party*** to each of the contracts.  For the Purchase Agreements, BirdDog alleges that each was "an enforceable oral and written contract between BirdDog, on the one hand, and [Bolin LLC and Bolin Limited], on the other hand, whereby [Bolin LLC and Bolin Limited] agreed to promptly produce and timely deliver" units of cameras in exchange for $3,000,000 in BirdDog's funds, and that each was repudiated by Mr. Lo in his role as CEO of both Bolin LLC and Bolin Limited   FAC, ¶¶ 62-63, 68-83.   And for the Nondisclosure Agreement, BirdDog properly alleges that it is an "enforceable written contract between and among BirdDog Australia, on the one hand, and Bolin Limited on behalf of itself and Bolin LLC, on the other hand, whereby the Bolin Defendants agreed to keep confidential the "valuable and proprietary information" of BirdDog, and requiring the Bolin Defendants to "maintain the confidential nature of," "not, without the prior consent of BirdDog…disclose any of," and "not use or disclose or reproduce…for any purpose" any of BirdDog's confidential information except as specifically approved by BirdDog.  FAC, ¶¶ 37, 85.  Bolin LLC is thus not a stranger to the relevant contracts, it was a ***party***.  FAC, ¶¶ 69-74, 85.

Bolin LLC's newfound denial that it had anything to do with the oral and written contracts entered into is an interesting ***factual*** argument contradicted by the ***factual*** record, but that is exactly what is wrong with it: it is certainly ***not*** the only plausible interpretation of each of the contracts—let alone the correct interpretation of the contracts—and is certainly ***not*** a pleading deficiency.  *See Catena v. Capitol Records, Inc.*, 2012 WL 1294270, at *7 (C.D. Cal. Jul. 11, 2012) (motion to dismiss

---

[2]Exhibits A and B, Statement of Claims by Bolin Limited filed against BirdDog in the Federal Court of Australia, District of Victoria on January 24, 2024 (***nearly two weeks after*** BirdDog filed its FAC which, *inter alia*, added Bolin Limited as a defendant), is attached to the Declaration of Kevin G. Sullivan in Support of Plaintiffs' Request for Judicial Notice, filed contemporaneously herewith. BirdDog intends to promptly move to stay this improper attempt at forum shopping.

- 13 -

denied where, although court could not "definitively decide…the proper interpretation of the contract," it could not "conclude at this stage of the litigation that [Defendant]'s interpretation is the only reasonable construction of the contract."); *see also Hall v. FCA US LLC*, 2022 WL 1714291, at *1 (9th Cir. May 27, 2022) (error to adopt moving party's interpretation of contract at motion to dismiss stage where interpretation involves question of fact); *Agreement Enf't, Inc. v. Pataro,* 2021 WL 8742105, at *6 (C.D. Cal. Jul. 27, 2021) (denying motion to dismiss where contract was "reasonably susceptible" to plaintiff's interpretation); *Madison Heights  Kojeszewski v. Infinity Ins. Co.*, 2006 WL 3143445, at *4 (M.D. Pa. Oct. 31, 2006) (denying motion to dismiss where question of parties to contract was a factual question).

And ***second***, even were that not the case, as a contractual matter, Bolin LLC fails to defeat Bolin LLC's alternative liability as an alter ego of Bolin Limited, Mr. Lo and Ms. Lee.  FAC, ¶¶ 3-6, 10-12, 13, 20, 35-39, 40-67.   Under California law, there are two general requirements to establish alter ego liability: "unity of interest and ownership" and "that, if the acts are treated as those of the corporation alone, an inequitable result will follow." *Mesler v. Bragg Mgmt. Co*., 39 Cal. 3d 290, 300 (1985); *In re Hydroxycut Mktg. and Sales Practices Litig*., 810 F. Supp. 2d 1100, 1121 (S. D. Cal. 2011).  "[T]here is no litmus to determine when the corporate veil will be pierced." *Mesler*, 39 Cal. 3d at 300.  Instead, "the result will depend on the circumstances of each particular case."  *Id*.

That inquiry is inherently fact-specific.  BirdDog alleges that Bolin LLC, Bolin Limited and Mr. Lo share a unity of interest and ownership.  (FAC ¶ 13.) There is a "fiction of separate corporate existence[]"  (*Id*.)  Further, "Bolin Limited is the manufacturing arm of Bolin LLC, each controlled by Mr. Lo and Ms. Lee, holding themselves and the Bolin Defendants out to the public and doing business as 'Bolin Technology.'" (FAC ¶ 3); *Monico v. Liberty Life Assurance* Co., 06-07021 MJJ, 2007

- 14 -

WL 1140410, at *5 (N.D. Cal. April 17, 2007) (pleading common ownership, control, and integrated operations is sufficient to state an alter ego claim).  Bolin Limited holds itself out to the public as [Bolin LLC], and vice-versa, and Mr. Lo signs legal documents, speaks, makes representations and sends correspondence on behalf of both companies jointly and at the same time.  (FAC ¶ 13.)  Bolin LLC and Bolin Limited share business addresses both in the County of Los Angeles and in Shenzhen, China. (*Id*.)  Bolin LLC and Bolin Limited comingle their assets and share employees and executives, as well as attorneys.  (*Id*.); *See, e.g., H.C. Duke & Son, LLC v. Prism Mktg. Corp*., No. 11-4006, 2012 WL 2792443, at *5 (C.D. Ill. 2012) (applying California law) (pleading intermingled management, failure to observe formalities, and unjust result is sufficient to state an alter ego claim).  Additionally, "[o]ther relevant factors are the use of the same business location, the same lawyers, the failure to maintain arms' length transactions between the entities, representations that the parent's assets will cover the subsidiary's debts . . . ." *Slottow v. Am. Cas. Co. of Reading, Pennsylvania*, 10 F.3d 1355, 1360 (9th Cir. 1993); (use of same lawyer a "relevant factor[ ]"); *Marr v. Postal Union Life Ins.* Co., 40 Cal. App. 2d 673, 683, 105 P.2d 649 (1940) (use of same lawyer "a fact entitled to consideration").[3]  Even if Bolin LLC were not a party to the relevant agreements, and as discussed above, it is, this is more than enough at the pleading stage to show, as is the case, that Bolin LLC is the alter ego of Bolin Limited.

---

[3] Bolin LLC's reliance on *S.E.C v. Hickey* for the proposition that "'[o]wnership is a prerequisite to alter ego liability, and not a mere 'factor' or guideline[]" (Mot. at 14:21-23), is entirely misplaced.  Bolin LLC's denial of ownership is a disputed ***factual*** question: *Hickey* did not address, let alone purport to resolve, such a question at the motion to dismiss stage.  Moreover *Hickey* stands for the proposition that such ownership is in regards to an individual's ownership in a corporation and as such would not apply to Bolin LLC or Bolin Limited.  *S.E.C v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003).  Further, Plaintiffs allege that "a unity of interest and ownership existed between Bolin Limited, Bolin LLC and ***Mr. Lo***[.]" (FAC ¶ 13) (emphasis added).

**PLAINTIFFS' OPPOSITION TO BOLIN LLC'S AND MR. LO'S MOTION TO DISMISS**

Because BirdDog pleads (1) that Bolin LLC is a party to each of the relevant agreements, and (2) Bolin LLC is the alter ego of Bolin Limited, BirdDog sufficiently alleges its breach of contract claims against Bolin LLC.

### B. BirdDog's Tort And Penal Code Section 496 Claims Are Not Barred By The Economic Loss Rule.

Bolin LLC and Mr. Lo also argue that BirdDog's claims for conversion, money had and received, violation of Penal Code section 496, and intentional interference with prospective economic advantage are "barred by California's economic loss rule." (Mot. at 15:21-17:23.) Not true. Their summary of the economic loss rule is misleading, and their argument that it bars those claims is meritless.

**First**, tort claims are permitted in contract cases where "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Erlich v. Menezes*, 21 Cal. 4th 543, 552 (1999). Where "conversion accompanies a breach of contract, the economic loss rule does not bar the tort claim." *Bentham v. Bingham Law Group*, 2013 WL 12186171, at *12 (S.D. Cal. Nov. 15, 2013) (citing *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004)).

**Second**, the economic loss rule does not apply to Plaintiffs' Penal Code section 496 and money had and received claims. "Quite simply, the economic loss rule 'prevents the law of contract and the law of tort from dissolving into one another.'" *Robinson Helicopter Co., Inc.*, 34 Cal. 4th at 988. A Penal Code section 496 claim is not a tort claim. It is a statutory one. And a money had and received claim is "an action on an implied contract" – not a tort. *Lincoln Nat'l Life Ins. Co. v. McClendon*, 230 F. Supp. 3d 1180, 1188 (C.D. Cal. 2017).

And **third**, Mr. Lo cannot avail himself of the economic loss rule. Plaintiffs did not assert a breach of contract claim against Mr. Lo. (See FAC.) Because

- 16 -

Plaintiffs do not seek to recover tort damages for a breach of contract claim against Mr. Lo, the economic loss rule does not apply to him.

### C. **BirdDog Pleads Sufficient Facts To State DTSA And CUTSA Claims Against Bolin LLC And Mr. Lo.**

Bolin LLC and Mr. Lo gloss over BirdDog's trade secret claims. And for good reason: there is not much they could say given that BirdDog adequately alleges (1) the existence and ownership of its trade secrets (including the Technical Trade Secrets and Economic Trade Secrets); (2) misappropriation of its trade secrets; and (3) damage caused by Defendants' misappropriation. FAC, ¶¶ 27-33; 89-103; *see GA Telesis, LLC v. Salesforce.com, Inc.*, 2021 WL 5178803, at *1 (N.D. Cal. Nov. 8, 2021) (elements of DTSA and CUTSA claims). No doubt aware of this, Bolin LLC and Mr. Lo confine their arguments to claims that contradict the pleadings, claiming that BirdDog failed to (1) delineate between any of the Defendants such that it is unclear which individual or entity committed which alleged act of misappropriation (Mot. at 20:3-5); (2) identify the trade secrets that [Defendants] misappropriated as the trade secret was not disclosed with a sufficient degree of particularity (20:10-12); and (3) allege that Defendants misappropriated any of BirdDog's trade secrets. (Mot. at 21:22-23.) None of this is accurate.

### i. **Bolin LLC's And Mr. Lo's Defendant Delineation Argument Contradicts The Pleadings**

Seemingly without shame, Bolin LLC and Mr. Lo assert that BirdDog fails to distinguish between the Defendants in their FAC as it pertains to BirdDog's trade secrets claims. (Mot. at 20:3-5.) As supposed support for this proposition, Defendants cite to *Vendavo, Inc. v. Price f(x) AG*, No. 17-cv-06930-RS, 2018 WL 1456697, at *4 (N.D. Cal. Mar. 23, 2018), which granted a motion to dismiss a trade secrets claim because the complaint failed to distinguish between defendants who were a German Corporation and a Delaware Corporation. However, throughout the

- 17 -

FAC, each defendant is described in relation to the DTSA and CUTSA claims.   In addition to extensive alter ego allegations and allegations that Bolin LLC, Bolin Limited, Mr. Lo and Ms. Lee were and are joint tortfeasors (Plaintiffs describe Mr. Lo and Ms. Lee (FAC, ¶¶ 16, 20, 34-38, 40-43, 44-67), BirdDog explicitly alleges that Bolin LLC and Mr. Lo participated in an unlawful scheme to induce BirdDog to provide them with trade secrets (FAC ¶¶ 42, 48, and 51) that they improperly acquired, used and disclosed.  (FAC ¶¶ 92, and 93.)  *Vendavo* is simply inapposite.

## ii.  <u>BirdDog Sufficiently Identified Its Trade Secrets.</u>

Bolin LLC's and Mr. Lo's belief that BirdDog must provide every detail of every trade secret it alleges (and thus destroy its trade secrets) in order to survive a motion to dismiss (Mot. at 20:10-21:21) is contrary to law.  BirdDog need not "spell out the details of the trade secret" in its pleading (*Arthur J. Gallagher & Co. v. Tarantino*, 498 F. Supp. 3d 1155, 1171 (N.D. Cal. 2020)) and need only claim "something beyond general knowledge" sufficient to "put the defendant on notice of what the theft is about."  *Id.* (sufficient for plaintiff to allege misappropriation of "current Gallagher client lists, which include information on the value of the clients' claims over the years, client contacts, internal notes regarding particular clients' expectations and preferences; (2) internal Gallagher documents and strategies regarding client policy structuring, client premium reports, and extensive budget and other financial information regarding Gallagher's business; and (3) client retention and renewal strategies and information, among other confidential and/or trade secret information.").  Thus, all BirdDog is required to do is meet a standard of disclosure far below what it did here with respect to its Technical and Economic Trade Secrets. (FAC ¶¶ 29, 30.)  For example, BirdDog provides the following description for one of its Technical Trade Secrets:

- a proprietary hardware-based application allowing for implementation of high-bandwidth Network Device Interface (NDI) capabilities facilitating

**PLAINTIFFS' OPPOSITION TO BOLIN LLC'S AND MR. LO'S MOTION TO DISMISS**

507397369.11

networked video systems to identify and communicate with each other and encode, transmit and receive multiple streams of broadcast-quality, low-latency video and audio in real time[.]"  (FAC ¶ 29.)

Knowing such a description surpasses the pleading requirement, Bolin LLC and Mr. Lo instead deceptively edit the above description to simply:

- "a proprietary hardware-based application[.]"  (Mot. at 20:22-23.)

Bolin LLC's and Mr. Lo's argument that BirdDog's trade secrets are insufficiently identified is contrary to the pleadings and to law.  The trade secrets are properly identified.

### iii.  BirdDog Sufficiently Alleges Misappropriation.

Lastly, Bolin LLC and Mr. Lo contend that BirdDog fails to allege misappropriation.  (Mot. at 21:22-23.) This contention borders on frivolous: mere sentences later, Defendants admit that on two separate occasions, BirdDog's CEO identified Plaintiffs' trade secrets incorporated in Bolin Defendants' products, a clear misappropriation.  (FAC ¶¶ 64, 65.)  It is irrelevant that Bolin LLC and Mr. Lo may deny that this information constituted trade secrets or that the items incorporated BirdDog's trade secrets: that is a paradigmatic disputed issue of fact.  Moreover, Defendants know well, their acquisition of BirdDog's trade secrets was improper: BirdDog describes Mr. Lo and Ms. Lee (acting on behalf of the Bolin Defendants) surreptitiously inducing BirdDog's CEO to provide them with trade secrets (FAC ¶¶ 42, 48, and 51) as part of a scheme to take over BirdDog, as well as Bolin LLC, Bolin Limited, Mr. Lo and Ms. Lee operating together in furtherance of a conspiracy to improperly acquire, use and disclose Plaintiffs' trade secrets.  (FAC ¶¶ 92, and 93.); 18 U.S.C. § 1839(6) ("the term 'improper means' includes . . . misrepresentation, breach or inducement of a breach of a duty to maintain secrecy . . . .); *see* Cal. Civ. Code § 3426.1(a) ("'Improper means' includes theft, bribery, misrepresentation,

**PLAINTIFFS' OPPOSITION TO BOLIN LLC'S AND MR. LO'S MOTION TO DISMISS**

breach or inducement of a breach of a duty to maintain secrecy . . . .").
Misappropriation has been properly alleged.

### D. **BirdDog Adequately Pleads Breach Of The Implied Covenant Of Good Faith And Fair Dealing.**

As discussed above, BirdDog sufficiently pleads its claims for breach of the Purchase Agreements and pleads additional facts showing that Bolin LLC did one or more things that "injur[ed] the right of [BirdDog] to receive benefits under The Purchase Agreements]," even if not expressly violating a term of these agreements. *Comunale v. Traders & General Ins. Co.*, 50 Cal. 3d 654, 658 (1958); *see* FAC ¶¶ 104-107.  That is all that is required.  Bolin LLC's only argument in response, that the claim "is merely a recasting of a breach of contract claims" and is therefore "subject to dismissal" because "no special relationship exists between the parties to support the claim[]" (Mot. at 22:23-26), is simply incorrect.

Bolin LLC "breached the implied covenants of good faith and fair dealing by, *inter alia*, withholding performance and holding BirdDog's funds in order to force acquiescence to the Bolin Defendants obtaining control of BirdDog, by knowingly and intentionally frustrating and unlawfully interfering with BirdDog's right to receive benefits under these agreements, repudiating their obligations under these agreements, refusing to return to BirdDog any of the consideration paid, using the consideration paid for purposes other than those associated with production and delivery under the agreements, asserting unreasonable demands inconsistent with the terms of the agreements to BirdDog's detriment, and by knowingly, intentionally and in bad faith inducing BirdDog to agree to pay millions of dollars to the Bolin Defendants when the Bolin Defendants never intended to provide what BirdDog was entitled to receive in exchange. (FAC ¶ 106.)  It took actions to ***become*** BirdDog and take over BirdDog's customer relationships. (FAC ¶ 5.)

BirdDog thus properly alleges Bolin LLC's actions "frustrate[d] [BirdDog's] rights to the benefits of the contract' even though such actions did not breach an express covenant of the agreement.  *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031–1032 (1992).

### E. BirdDog Adequately Pleads Its Claims For Conversion, Violations Of Penal Code 496, And Money Had And Received.

Likewise, BirdDog adequately alleges its claims for conversion, violations of Penal Code section 496, and money had and received against Bolin LLC and Mr. Lo. With respect its claim for conversion, BirdDog has shown its "ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015) (elements of conversion claim); *see* FAC ¶¶ 13, 20, 44-57, 108-111. With respect to its claim for violations of section 496 of the Penal Code, BirdDog has similarly shown that Bolin LLC and Mr. Lo (1) obtained and aided in obtaining by theft property belonging to BirdDog; and (2) concealed or withheld such property and/or aided in concealing or withholding such property from BirdDog, that they knew the property was obtained by theft at the time they received, withheld, concealed, or aided in concealing or withholding the property; and the violations caused actual loss, damage and harm.  *Siry Investment, L.P. v. Farkhondehpour*, 13 Cal. 5th 333, 355 (2022); *see* FAC ¶¶ 13, 20, 44-57, 112-116.  And with respect to its claim for money had and received, BirdDog adequately pleads that Bolin LLC and Mr. Lo have "in [their] possession money which in equity and good conscience [they] ought to pay over to [BirdDog]." *Rains v. Arnett*, 189 Cal. App. 2d 337, 334 (1961); *Minor v. Baldridge*, 123 Cal. 187, 190 (1898) (money had and received can be used to recovery money obtained by false pretenses); *see* FAC, ¶¶ 13, 20, 44-57, 117-120. A paradigmatic example of such a claim is where, as there, there has been a "total

**PLAINTIFFS' OPPOSITION TO BOLIN LLC'S AND MR. LO'S MOTION TO DISMISS**

failure of consideration or repudiation." *Brown v. Grimes*, 192 Cal. App. 4th 265, 28 (2011).

Bolin LLC and Mr. Lo do not challenge that more than $3,000,000 in BirdDog funds were paid.  Instead, they argue they should be let off the hook because they did not actually receive the funds.  (Mot. at 24:11-14 ["The funds were undisputedly [*sic*] sent only to Bolin [Limited]. Thus, it is implausible that all of these parties jointly converted the same funds and that all of these parties simultaneously possess those same funds and/or have jointly used them."]).  But this is not what BirdDog pleads. Their denial not only contradicts BirdDog's joint tortfeasor and alter ego allegations but rests on determination of a factual question that cannot be adjudicated on a motion to dismiss - *what entity* owns or controls the bank account where the funds were transmitted and *whether and to what extent* Bolin LLC and Mr. Lo exercise joint dominion and control over those funds or aided the entities that did.  Asking, as they do, the Court to make that determination on a motion to dismiss is plainly inappropriate.

And *second*, even were that not the case, neither a conversion nor Penal Code section 496 claim require Defendants to have personally taken money to hold them liable.  To establish a claim for conversion, "[i]t is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of control or ownership of the property . . . ." *Shopoff & Cavallo LLP v. Hyon*, 167 Cal. App. 4th 1489, 1507 (2008).  Likewise, any "person . . . who conceals . . . withholds, or aids in concealing . . . or withholding any property from the owner, knowing the property to be so stolen or obtained" may be held liable for a Penal Code section 496 claim. Cal. Penal Code § 496.  Defendants concede that Plaintiffs' funds were received.   (Mot. at 24:11-12.)  This is more than enough to state these claims at the pleading stage.  *See, e.g., Opera Gallery Trading Ltd. v. Golden Trade Fine Art Inc*., 2015 WL 12912362, at *2 (C.D. Cal. July 28, 2015) (granting summary judgment on

- 22 -

conversion claim in favor of plaintiffs who "ha[d] the right to possess their respective $400,000 paid to [defendant] because they never received the paintings" and defendant admitted to "appropriating the funds and . . . [that] it has no intention of returning them"); *Cerra v. Blackstone*, 172 Cal. App. 3d 604, 609 (1985) (the "[u]njustified refusal to turn over possession on demand constitutes conversion even where possession by the withholder was originally obtained lawfully").

### F. BirdDog Adequately Pleads Its Claim For Intentional Interference With Prospective Economic Advantage

Bolin LLC and Mr. Lo are also incorrect when they allege, in response to BirdDog's claim for relief for intentional interference, that the FAC "makes no effort to plead facts separately as to each Defendant . . ." and "other essential facts including, among other things, any specific economic relationships with third parties, the identity of these purported third parties, why the relationship with these parties contained a probability of future economic benefits, how each of the Defendants each knew about these purported relationships, how the alleged failure to deliver cameras disrupted these relationships, how Defendants each specifically and separately interfered, and how BirdDog was allegedly damaged as a result." (Mot. at 26:11-19.)

This, too, flies in the face of the pleading. BirdDog adequately pleads all elements of this claim, including (1) economic relationships between BirdDog and third parties with the probability of future economic benefits to BirdDog (*e.g.*, FAC, ¶¶ 24-26, 28, 122); (2) Bolin LLC's and Mr. Lo's knowledge of those relationships (*e.g.*, FAC ¶¶ 36, 40, 55, 64-67, 123); (3) intentional and independently wrongful acts designed to disrupt those relationships (*e.g.*, FAC ¶¶ 40-53, 124); and (4) actual disruption and economic harm proximately caused by the intentional and independently wrongful acts. (FAC, ¶¶ 40-67, 125). That is all that is required, and is what BirdDog has done. *See Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937,

- 23 -

944 (stating elements).  Defendants acted in concert with one another where Bolin Limited acted as the manufacturing arm of Bolin LLC, each "controlled by Chief Executive Officer Mr. Lo and managed by Chief Operating Officer Ms. Lee."  (FAC ¶ 3.)  They effectuated their scheme in concert, first attempting to acquire BirdDog, then ultimately "placing a 'hard sharp stop' on production of all BirdDog products while unlawfully holding and refusing to return more than $3,000,000 in BirdDog funds" (FAC ¶ 6.)  "Defendants' apparent and unlawful hope was that their brazen thefts and refusal to deliver BirdDog cameras would damage BirdDog's reputation by causing BirdDog's global customer base to question BirdDog's ability to fulfill their contracts, cease doing business with BirdDog, and – hopefully, in their minds – agree to do business with Defendants." (FAC ¶ 6.)  Defendants implemented this plan in part "in an effort to obtain control of BirdDog and take over its customer relationships - causing BirdDog to lose even more in missed sales and lost profits." (FAC ¶ 45.)  Such customer relationships amount to millions of dollars annually. (FAC ¶ 122.)

BirdDog thus properly alleges this claim.

### G. BirdDog Adequately Pleads Its Claim For Violation Of California Business & Professions Code § 17200, Et Seq. (Tenth Claim for Relief).

Bolin LLC and Mr. Lo also seek dismissal of BirdDog's claim for UCL violations, but say only that "'[w]here a UCL action is based on contracts not involving either the public in general or individual consumers who are parties to the contract, a corporate plaintiff may not rely on the UCL for the relief it seeks." (Mot. 27:9-11.)

This, too, contradicts the pleading and the law.  To bring a claim under California Business and Professions Code section 17200, a party must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e.,

- 24 -

economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 322 (2011).  Injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, [citations]; and (b) 'actual or imminent, not "conjectural" or "hypothetical[.]"  *Id*. at 322-23; citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also, Associated Builders & Contractors, Inc. v. San Francisco Airports Com*., 21 Cal.4th 352, 362 (1999).

Here, BirdDog adequately pleads all necessary factors.

***First***, BirdDog quite clearly pleads economic injury-in-fact.  Among other things, the FAC alleges that Defendants are withholding $3,060,883.10 in Plaintiffs' funds.  (S*ee e.g*., FAC ¶ 6, and 56); *Kwikset Corp*., 51 Cal. 4th at 323 (finding "be[ing] deprived of money or property to which [plaintiff] has a cognizable claim" is an economic injury under the UCL); *Hall v. Time Inc*., 158 Cal. App. 4th 847, 854 (2008), as modified (Jan. 28, 2008) (same).

***Second***, BirdDog's economic injury was the result of Defendants' unlawful, unfair, or fraudulent business practices. Defendants misstate the circumstances surrounding BirdDog's UCL claim, stating that caselaw has "recognized that a 'dispute between commercial parties over their economic relationship' does not give rise to a UCL claim."  (Mot. 27:12-14); *Linear Tech. Corp. v. Applied Materials, Inc*., 152 Cal. App. 4th 115, 135 (2007).  But BirdDog ***is*** a customer of Defendants, who are doing business from their headquarters in California.  *See Bischma v. Home Loan Center, Inc.*, 198 Cal. App. 4th 230, 252 (2011) (elements of UCL claim). California law simply does not exempt business interactions from the scope of UCL liability: the same standard of conduct applies.  "[V]irtually any law or regulation—federal or state, statutory or common law—can serve as [a] predicate for a [Business and Professions Code section] 17200 'unlawful' violation." *Paulus v. Bob Lynch*

- 25 -

*Ford, Inc*., 139 Cal. App. 4th 659, 681 (2006).   BirdDog's claims against Defendants are appropriate as they are the result of, *inter alia*, Defendants' violations of Penal Code section 496.   Claims based on the "unlawful" prong of the UCL "borrow" violations of other laws and make those unlawful practices separately actionable through the UCL.   *Klein v. Chevron U.S.A., Inc*., 202 Cal. App. 4th 1342, 1383, 137 (2012), as modified on denial of reh'g (Feb. 24, 2012).

BirdDog also sufficiently pleads its UCL claim.

## H. BirdDog's Claims Are Not Subject To A Heightened Pleading Standard.

Finally, knowing that BirdDog sufficiently pleads its claims to satisfy the ordinary pleadings standards of Rule 8(a), Defendants argue, or rather simply state in conclusory fashion, that the heightened pleading standard applies to Plaintiffs' claims.

Not so.   The mere fact that Defendants' scheme to take control of BirdDog by stealing its money and using its trade secrets is as improper and unlawful as it is does not trigger heightened requirements to satisfy standards for claims that are "grounded" or "sound" in fraud.   Although Rule 9(b)'s heightened pleading standard may be required for allegations "grounded in fraud," a given allegation is not grounded in fraud unless it relies "entirely on a unified fraudulent course of conduct." *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1126 (9th Cir. 2009) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105-1106 (9th Cir. 2003)).   And even were that not the case, paragraph upon paragraph of BirdDog's FAC more than satisfies the requirement of plausibility, showing the who, what, when, where and how of Bolin LLC's and Mr. Lo's scheme.   Even were that not the case, it is well-established that Rule 9(b) does not require dismissal when "essential information lies uniquely within another party's control," as with whatever particulars Bolin LLC and Mr. Lo demand

- 26 -

at this time. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).

## V.    **CONCLUSION**

For the foregoing reasons, BirdDog respectfully requests that the Court deny Defendants' Motion in its entirety.  Alternatively, to the extent the Court finds any of the claims are not sufficiently pleaded, BirdDog respectfully requests leave to amend.

Respectfully submitted,

**K&L GATES LLP**

Dated:  February 5, 2024          By:    */s/ Ryan Q. Keech*
                                             Ryan Q. Keech
                                             Gabriel M. Huey
                                             Kevin G. Sullivan

                                             *Attorneys for Plaintiffs*

**PLAINTIFFS' OPPOSITION TO BOLIN LLC'S AND MR. LO'S MOTION TO DISMISS**

507397369.11

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 6,844 words, which complies with the word limit of L.R. 11-6.1.


**K&L GATES LLP**

Dated:  February 5, 2024    By:   */s/ Ryan Q. Keech*
                                    Ryan Q. Keech
                                    Gabriel M. Huey
                                    Kevin G. Sullivan

*Attorneys for Plaintiffs*

**PLAINTIFFS' OPPOSITION TO BOLIN LLC'S AND MR. LO'S MOTION TO DISMISS**