RYAN Q. KEECH (SBN 280306)
Ryan.Keech@klgates.com
GABRIEL M. HUEY (SBN 291608)
Gabriel.Huey@klgates.com
KEVIN G. SULLIVAN (SBN 341596)
Kevin.Sullivan@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Fax No.: 310.552.5001

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BIRDDOG TECHNOLOGY LIMITED, an Australian company; and BIRDDOG AUSTRALIA PTY, LTD, an Australian company,

Plaintiffs,

v.

2082 TECHNOLOGY, LLC DBA BOLIN TECHNOLOGY, a California limited liability company; BOLIN TECHNOLOGY CO., LTD., a Chinese limited company; HOI "KYLE" LO, an individual; JENNIFER LEE, an individual; and DOES 3 through 25, inclusive,

Defendants.

Case No. 2:23-cv-09416 CAS (AGRx)

**PLAINTIFFS BIRDDOG TECHNOLOGY LIMITED'S AND BIRDDOG AUSTRALIA PTY LTD'S OBJECTION TO DEFENDANTS HOI "KYLE" LO AND 2082 TECHNOLOGY, LLC DBA BOLIN TECHNOLOGY'S REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS**

*[Filed concurrently with (1) Opposition to Defendants' Motion to Dismiss; (2) Plaintiffs' Request for Judicial Notice; Declaration of Kevin G. Sullivan ISO Request for Judicial Notice]*

Judge: Hon. Christina A. Snyder
Date: February 26, 2024
Time: 10:00 a.m.
Courtroom: 8D

Complaint Filed: November 7, 2023
FAC filed: January 12, 2024

Plaintiffs BirdDog Technology Limited ("BirdDog Limited") and BirdDog Australia Pty Ltd ("BirdDog Australia," collectively "Plaintiffs") respectfully submit this opposition to Defendant 2082 Technology, LLC dba Bolin Technology ("Bolin LLC") and Mr. Hoi "Kyle" Lo ("Mr. Lo" collectively "Defendants") Request for Judicial Notice.

Defendants request the Court take judicial notice of three sets of documents:

1) The Articles of Organization for Bolin LLC, filed with the California Secretary of State on February 11, 2015" (Dkt. 47-4 (Magnuson Decl.). Ex. A);
2) The Company Registration information of Bolin Limited which is publicly available on the website of the Administration of Market Regulation of Shenzhen, China (https://amr.sz.gov.cn/) (Dkt. 47-5 (Magnuson Decl.). Ex. B); and a certified translation of the aforementioned Company Registration information of Bolin Limited (Dkt. 47-6 (Magnuson Decl.). Ex. C); and
3) The Redacted Version of Declaration of Barry Calnon in Support of Plaintiffs' Application for Right to Attached Order and Writ of Attachment, and exhibits thereto ("Calnon Declaration and Exhibits) (Dkt. 47-7 (Magnuson Decl.). Ex. D).

The Court is well aware that it may only grant judicial notice of the existence of court records, but not the truth of factual matters that may be deduced from those documents. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1113 (C.D. Cal. 2003). Under this rule, the Court may take judicial notice that certain documents were filed, but may not take judicial notice of the contents or truth of those filings. "[C]ourts generally cannot take notice of findings of fact from other proceedings for the truth [of the matter] asserted therein because these findings are disputable and usually are disputed" *Id.* (quoting *General Electric Capital Corp. v. Lease*

*Resolution Corp.*, 128 F.3d 1074, 1082, n. 6 (7th Cir.1997)). Generally, when evaluating a motion to dismiss, district courts may not consider material outside the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Here, Defendants improperly attempt to use the documents referenced in their Request for Judicial Notice to go well beyond the pleadings and draw factual contentions and inferences that are wholly inappropriate with the concept of judicial notice.

***First***, regarding the Articles of Organization for Bolin LLC (Dkt. 47-4 (Magnuson Decl.). Ex. A), and Company Registration information of Bolin Limited (Dkt. 47-5 (Magnuson Decl.). Ex. B), Plaintiffs do not dispute that the Court may appropriately notice of the *existence* of such a filing.[1] But to go past such a finding and take notice of factual matters that Defendants contend are shown by the documents is paradigmatically inappropriate. It is improper for Defendants to ask the Court to find in their favor based on disputed facts *outside* of the pleadings, such as the unity (as Plaintiffs allege) or lack thereof (as Defendants allege) between Bolin LLC, Bolin Limited, and Kyle Lo. (Mot. at 10:18-19) (arguing that because there exists Articles of Incorporation for Bolin LLC and a Chinese Company Registration for Bolin Limited that therefore neither Mr. Lo nor Bolin LLC is a shareholder of Bolin Limited); (Mot. at 12:7-9) (arguing that because there exists Articles of Incorporation for Bolin LLC and a Chinese Company Registration for Bolin Limited that "Bolin [Limited] is a distinct legal entity from Bolin LLC"); (Mot. at 14:18-19) (arguing that because there exists Articles of Incorporation for Bolin LLC and a

[1] Plaintiffs do dispute that the Court may take notice of the translation of the aforementioned Company Registration information of Bolin Limited (Dkt. 47-6 (Magnuson Decl.). Ex. C). The certification does not indicate the translator is a U.S. Federal Court Approved Interpreter (or any other certification for that matter). The translator simply "declare[s] that [he is] conversant with the English and Chinese languages and am a competent translator thereof. As such, these uncertified translations are not only outside the pleadings but cannot be relied upon for any purpose. *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, No. CV1408864MMMSHX, 2015 WL 12743879, at *3 (C.D. Cal. May 22, 2015*)* (taking judicial notice of the existence of a decision of an Italian court but "not the facts sated or conclusions drawn therein" because the authenticity of the translation and/or the document translated was at issue and the court has no method of verifying its accuracy).

Chinese Company Registration for Bolin Limited that therefore neither Mr. Lo nor Bolin Limited is a shareholder of Bolin LLC). Not only do Defendants arguments fail because there is no basis for them to make such a logical leap, but such arguments are inappropriate because they ask the Court to make findings in Defendants' favor based on disputed facts.

***Next***, regarding the Calnon Declaration and Exhibits thereto, similarly, Plaintiffs do not dispute that the Court may appropriately take judicial notice of the *existence* of such a document. However, it would be inappropriate for the Court to take judicial notice of the *contents* of such a document. Defendants inappropriately attempt to use the mere existence of the Calnon Declaration and Exhibits to argue that:

- "BirdDog then wired money to a Chinese bank account belonging to Bolin [Limited] (not [Bolin LLC])" (Mot. at 10:11-11);
- "[t]he underlying purchase orders and wire transfer records make it clear that the contracting party was not [Bolin LLC] or the 'Bolin Defendants' collectively, but instead was Bolin [Limited]" (Mot. at 12:5-7); and
- "Although Plaintiffs now alleges that [Bolin LLC], Mr. Lo, and Bolin [Limited] retained the payments, [Plaintiffs'] own documents show that [Plaintiffs] contracted with and made these payments to Bolin [Limited] – not to Moving Defendants – so these allegations may be disregarded." (Mot. at 13:3-6.)

***Finally***, like Defendants' arguments with regards to the Articles of Incorporation for Bolin LLC and a Chinese Company Registration for Bolin Limited, these arguments also fail not only because there is no logical basis for Defendants to make such deductions but such arguments are inappropriate because they ask the court to make findings in Defendants' favor based on disputed facts.

/ / /

To the extent Defendants request that the Court accept the truth of, or a particular interpretation of the content of what is a contested factual argument, the Court should refuse to take judicial notice of such documents.

Respectfully submitted,

**K&L GATES LLP**

Dated: February 5, 2024

By: *<u>/s/ Ryan Q. Keech</u>*
Ryan Q. Keech
Gabriel M. Huey
Kevin G. Sullivan

*Attorneys for Plaintiffs*