UMBERG ZIPSER LLP
Dean J. Zipser (SBN 94680)
dzipser@umbergzipser.com
Molly J. Magnuson (SBN 229444)
mmagnuson@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone:  (949) 679-0052
Facsimile:  (949) 679-0461

Attorneys for Defendants
2082 Technology, LLC dba Bolin
Technology and Hoi "Kyle" Lo

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIRDDOG TECHNOLOGY LIMITED, an Australian company; and BIRDDOG AUSTRALIA PTY LTD, an Australian company, <br><br> Plaintiffs, <br><br> v. <br><br> 2082 TECHNOLOGY, LLC DBA BOLIN TECHNOLOGY, a California limited liability company; HOI "KYLE" LO, an individual; and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. 2:23-cv-09416 CAS (AGRx) <br><br> **DEFENDANTS 2082 TECHNOLOGY, LLC AND KYLE LO'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' APPLICATIONS FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT (PURSUANT TO COURT ORDER, DKT. 48)** <br><br> *[Filed concurrently with Supplemental Declaration of Kyle Lo, Supplemental Declaration of Molly J. Magnuson, Request for Judicial Notice, Evidentiary Objections, and Responses to Plaintiffs' Evidentiary Objections]* <br><br> Hearing Date: February 13, 2024 <br> Time: 10:00 a.m. <br> Judge: Hon. Alicia G. Rosenberg <br> Courtroom: 550 |

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT ........6

II.     BIRDDOG IS NOT ENTITLED TO THE REQUESTED WRIT OF
        ATTACHMENT ....................................................................................9

        A.      Plaintiffs Cannot Demonstrate a Probability of Prevailing on Any
                Claim for Direct Liability Against the 2082 Defendants......................9

        B.      Plaintiffs Cannot Demonstrate a Probability of Prevailing on Their
                Claim that Bolin China is an Alter Ego of the 2082 Defendants. ........13

                1.      Plaintiffs Have No Evidence of Unity of Ownership
                        and Interest.................................................................................14

                2.      Plaintiffs Cannot Show an Inequitable Result if Bolin
                        China is Treated as a Separate Entity. ........................................16

                3.      Plaintiffs Cannot Show a Likelihood of Prevailing on Their
                        Substantive Claims Against Bolin China in the First Instance. ..17

        C.      Plaintiffs' Own Arguments Demonstrate the Inadequacy of the
                Requested Undertaking. ..........................................................................19

III.    CONCLUSION ....................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Cat Coven LLC v. Shein Fashion Grp., Inc.*,
No. CV 19-7967 PSG, 2020 WL 3840440 (C.D. Cal. Mar. 12, 2020) ............. 11

*Conde v. Sensa*,
No. 14-CV-51 JLS WVG, 2016 WL 6082309
(S.D. Cal. Oct. 17, 2016) ................................................................................. 14

*Double Bogey, L.P. v. Enea*,
794 F.3d 1047 (9th Cir. 2015) ........................................................................ 18

*Firstmark Cap. Corp. v. Hempel Fin. Corp.*,
859 F.2d 92 (9th Cir. 1988) ............................................................................ 14

*First Western Bank & Trust Co. v. Bookasta*,
267 Cal. App. 2d 910 (1968) .......................................................................... 16

*Gerritsen v. Warner Bros. Ent. Inc.*,
116 F. Supp. 3d 1104 (C.D. Cal. 2015)................................................. 13, 15, 16

*Hasso v. Hapke*,
227 Cal. App. 4th 107 (2014) ......................................................................... 13

*Hennessey's Tavern, Inc. v. Am. Air Filter Co.*,
204 Cal. App. 3d 1351 (1988) ........................................................................ 18

*Instit. of Veterinary Pathology, Inc. v. Cal. Health Labs., Inc.*,
116 Cal. App. 3d 111 (1981) .......................................................................... 18

*Iraq Telecom Ltd. v. IBL Bank S.A.L.*,
43 F. 4th 263 (2d Cir. 2022) .......................................................................... 17

*Lashify, Inc. v. Urb. Dollz LLC*,
No. CV 22-6148-GW-AFMX, 2022 WL 18278638
.(C.D. Cal. Dec. 13, 2022) .............................................................................. 13

*Maddock v. KB Homes, Inc.*,
631 F. Supp. 2d 1226 (C.D. Cal. 2007) ........................................................... 15

*Mesler v. Bragg Mgmt. Co.*,
 39 Cal. 3d 290, 300 (1985) ................................................................. 18

*Mid-Century Ins. Co. v. Gardner*,
 9 Cal. App. 4th 1205 (1992) ............................................................... 16

*Ming Glob. Ltd. v. Monarch Holdings, Inc.*,
 No. 8:20-cv-01852-JVS-KES, 2020 WL 7265411
 (C.D. Cal. Oct. 13, 2020) .................................................................... 18

*Motivo Eng'g, LLC v. Black Gold Farms*,
 No. 222CV01447CASJCX, 2022 WL 3013227
 (C.D. Cal. June 27, 2022) ................................................................... 12

*Neilson v. Union Bank of California, N.A.*,
 290 F. Supp. 2d 1101 (C.D. Cal. 2003) .............................................. 16

*Riot Games, Inc. v. Suga PTE, Ltd.*,
 638 F. Supp. 3d 1102 (C.D. Cal. 2022) .............................................. 13

*S.E.C. v. Hickey*,
 322 F.3d 1123 (9th Cir. 2003) ............................................................ 14

*In re Schwarzkopf*,
 626 F.3d 1032 (9th Cir. 2010) ............................................................ 14

*Semper v. JBC Legal Grp.*,
 No. C04-2240L, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005) ...................... 12

*Shopoff & Cavello LLP v. Hyon*,
 167 Cal. App. 4th 1489 (2008) ........................................................... 12

*Smith v. Simmons*,
 638 F. Supp. 2d 1180 (E.D. Cal. 2009), *aff'd* 409 F. App'x 88
 (9th Cir. 2010) ..................................................................................... 18

*Snyder v. Enterprise Rent-A-Car Co. of San Francisco*,
 392 F. Supp. 2d 1116 (N.D. Cal. 2005) .............................................. 15

*Sonora Diamond Corp. v. Super. Ct.*,
 83 Cal. App. 4th 523 (2000) ............................................................... 13

*Instit. of Veterinary Pathology, Inc. v. Cal. Health Labs., Inc.*,
 116 Cal. App. 3d 111 (1981) .............................................................. 13

*Wady v. Provident Life & Accident Ins. Co. of Am.*,
216 F. Supp. 2d 1060 (C.D. Cal. 2002) ................................................................ 17

### Statutes

Cal. Civ. Proc. Code Section 489.220 .................................................................... 19

Cal. Penal Code Section 496 .................................................................................. 12

Federal Rules of Civil Procedure Rule 12(b)(6) .................................................... 13

SUPPLEMENTAL OPPOSITION TO APPLICATIONS FOR WRIT OF ATTACHMENT

Pursuant to the Court's January 29, 2024 Order (Dkt. 48), Defendants 2082 Technology, LLC dba Bolin Technology ("2082") and Hoi "Kyle" Lo (collectively, the "2082 Defendants") hereby submit this Supplemental Opposition to the Applications for Right to Attach Order and Writ of Attachment (the "Applications") filed by plaintiffs Birddog Technology Limited ("Bird Dog Technology") and Birddog Australia Pty Ltd ("Bird Dog Australia") (collectively, "BirdDog" or "Plaintiffs").

## I.     PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT

The 2082 Defendants appreciate the opportunity to address the new theories and assertions now being offered by Plaintiffs to support their request for the harsh remedy of an attachment.  The brief history of this proceeding already reveals that Plaintiffs change tacks and propose new arguments each time after their prior ones have been shot down.  Most recently, through their Reply papers and their recently filed First Amended Complaint ("FAC"), Plaintiffs now base their Applications on an alleged alter ego theory.

In their Reply, Plaintiffs offer conflicting and internally inconsistent theories, including that one of terms of their contracts with Bolin China was that 2082, an unmentioned non-signatory, would also be a party to the contracts at issue and that 2082 and Bolin China are one and the same company.  Neither theory is alleged in either of Plaintiffs' two Complaints, and neither theory is true.

No matter how they cast and recast their claims, and no matter how much invective they put forth, Plaintiffs' Applications lack the most essential element – evidentiary support.  Their histrionics notwithstanding, Plaintiffs do not and cannot support their request with evidence – much less to the level of demonstrating the probable validity of their claims against the 2082 Defendants, as required to support the requested drastic relief.[1]

---

[1] Plaintiffs ignore the evidence and in essence ask the Court to do the same.  For example, Plaintiffs argue that the "only evidence in support of [the 2082

For example, no matter how Plaintiffs may now try and spin it, they cannot deny or escape the following facts, among others:

• That 2082 and Bolin China are separate legal entities with entirely separate ownership.  Neither 2082, nor Kyle Lo, nor Jennifer Lee holds any ownership interest in Bolin China, and Bolin China does not hold any ownership interest in 2082;

• That the $3 million that Plaintiffs paid to Bolin China and now seek to attach from the 2082 Defendants was paid only to Bolin China, not to 2082 or to Mr. Lo; and

• That the $3 million was paid pursuant to purchase orders entered into with Bolin China.[2]

Faced with these indisputable facts, Plaintiffs point to 2082's trademark registration of the mark "Bolin Technology," 2082's website and LinkedIn pages that show its Brea address and a relationship with Bolin China, and that Mr. Lo works for both 2082 and Bolin China.  That hardly equates to any alter ego relationship.  Indeed, the 2082 Defendants do not deny – in fact, have affirmatively acknowledged – that 2082 works with Bolin China as a marketer and distributor.  Thus, it is hardly surprising that 2082 uses the fictitious name Bolin Technology, that it has secured a U.S. trademark for that name, and that it would refer on social media to its relationship with Bolin China.  None of that in any way translates to concluding that both companies – or all the defendants for that matter – are one and the same, as Plaintiffs urge.  While 2082 has a close business relationship with Bolin

---

Defendants'] narrative is Mr. Lo's testimony" (Reply at 3:3-5), disregarding that the Opposition also is supported by significant documentary evidence, including the purchase orders and wire transfer records on which Plaintiffs themselves rely, as well as a declaration from Jennifer Lee, the COO of 2082.  Moreover, and as discussed herein, Plaintiffs, not the 2082 Defendants, are the ones that bear the burden of proof – a burden Plaintiffs have not satisfied.

[2] Plaintiffs repeatedly accuse the 2082 Defendants, and Mr. Lo in particular, of falsehoods.  Those accusations – no matter how often they are stated or how much they are bolded or italicized in text – are without basis.

China, the companies conduct business through arms' length transactions, there is no commingling of assets, sharing of profits or bank accounts, or undercapitalization.  Plaintiffs do not submit any evidence to even call that into question or otherwise establish any of the hallmarks of an alter ego relationship.

Instead, Plaintiffs make various conclusory assertions in their Reply as to 2082's alleged domination of Bolin China, alleged receipt of Plaintiffs' $3 million, and alleged entry into the purchase orders.  Merely making those statements does not make them so.  Not only do these assertions go beyond Plaintiffs' newly filed FAC, but also, Plaintiffs submit no evidence to support them, and what they do submit contradicts them.  In the end, and as discussed further below, Plaintiffs have no meritorious claims against 2082 and Mr. Lo, let alone with the probable validity required to support the Applications.  Nor do Plaintiffs have any evidence to support their alter ego theory, much less sufficient evidence to show a likelihood of prevailing on the merits.

Notably, Bolin China recently filed an $8 million lawsuit against Plaintiffs in Plaintiffs' home country of Australia for, among other things, breach and repudiation of contract.  Supplemental Declaration of Molly J. Magnuson ("Suppl. Magnuson Decl.") Ex. 4.  At a minimum, this separate lawsuit underscores that the breaches of contract at issue in this case are very much disputed, as Bolin China claims it is Plaintiffs, not Bolin China, that are in breach.  Among other things, Bolin China alleges that, after it had purchased the components, researched and developed the customized cameras for BirdDog, and even completed the manufacture of a number of the cameras, Plaintiffs informed Bolin China that they wished to cancel their purchase orders due to a decline in sales.  Bolin China further alleges that it has cameras manufactured and ready to ship that Plaintiffs have not paid for.

Accordingly, regardless of the theory they employ and for the reasons set forth below and in the 2082 Defendants' Opposition, Plaintiffs' Applications against

the 2082 Defendants should be denied.

## II.   BIRDDOG IS NOT ENTITLED TO THE REQUESTED WRIT OF ATTACHMENT

### A.   Plaintiffs Cannot Demonstrate a Probability of Prevailing on Any Claim for Direct Liability Against the 2082 Defendants.

In their Reply, Plaintiffs make a number of misleading statements, including new assertions that they "contracted with both [2082] and Bolin [China]" and that 2082 "*is* a party to the contracts," all of which attempt to give the impression that Plaintiffs are pursuing claims against the 2082 Defendants under a direct theory of liability.  Reply at 7:27-8:3, 8:13-14 (emphasis in original).  But these are red herrings, as Plaintiffs effectively concede there is no basis for direct liability against the 2082 Defendants.  Indeed, in direct response to the 2082 Defendants' motion to dismiss Plaintiffs' initial Complaint and their Opposition to the Applications demonstrating that 2082 was not a party to the contracts at issue, Plaintiffs amended their Complaint to name as a defendant the contracting party (Bolin China) and to further allege that Bolin China was acting as the 2082 Defendants' "alter ego" pursuant to a "single, united enterprise."[3]  *See* FAC ¶ 13.

In their Reply, Plaintiffs acknowledge that 2082 was not a party to the written purchase orders and did not receive their deposit payments.  *See id.* at 8:22-24, 10:25, 11:22-23.  The contracts at issue were, as Plaintiffs acknowledge, between BirdDog and Bolin China.  Although it is difficult to find a coherent theory in Plaintiffs' Reply, Plaintiffs appear to try to get around this fundamental flaw by now arguing, often inconsistently, that (1) the contracts at issue were with both Bolin China and 2082 simultaneously, or (2) 2082 and Bolin China are one and the same and the Court should disregard their separate existences, despite that they are two

---

[3] Plaintiffs' contention that 2082 was a party to the purchase orders pursuant to purported verbal representations by Mr. Lo that he was acting on behalf of a "unified Bolin enterprise" (Reply at 8:16-22) – which is very much disputed – would not make 2082 a party to those purchase orders.

legally separate companies, with separate owners, incorporated in two different countries, or (3) Bolin China is the alter ego of 2082 and Mr. Lo and, therefore, the 2082 Defendants are liable for Bolin China's alleged breaches.

All these arguments lack merit. With respect to Plaintiffs' claim that 2082 itself was a party to the contracts, Plaintiffs argue that the 2082 Defendants' "characterization of the six purchase orders as the contracts is misleading" because, in actuality, the contracts at issue were supposedly "written and oral" and one of the (newly) alleged oral terms and conditions was Mr. Lo's purported representation that "he was the CEO of a unified Bolin enterprise with which Plaintiffs were contracting." Reply at 8:13:24. Setting aside that Mr. Lo never made any such representation to Plaintiffs (Supplemental Declaration of Kyle Lo ("Suppl. Lo Decl.") ¶¶ 5, 7), nowhere in the FAC do Plaintiffs allege this as a purported "term" of their alleged contracts with Bolin China or a term that was purportedly breached. *See* FAC ¶¶ 69-83. The only specific terms alleged in the FAC are those reflected in the six purchase orders Plaintiffs included with their Applications – purchase orders between BirdDog Australia and Bolin China – and in the wire transfer records reflecting the transaction and transfer of money between BirdDog Australia and Bolin China. *See id.*[4]

Plaintiffs' new alternative theory of liability that 2082 and Bolin China are not "separate entities" (*see, e.g.,* Reply at 6:18) also has no evidentiary support and, importantly, also no precedent under the law. The evidence unequivocally demonstrates that Bolin China and 2082 are two separate legal entities: Bolin China is a company organized under the laws of China in 2008 and 2082 is an LLC organized under the laws of the State of California in 2015. Lee Decl. Ex. 1 (Dkt.

---

[4] Plaintiffs submit a self-serving statement from Dan Miall that Plaintiffs would not have contracted with Bolin China independent of 2082. Reply at 8:22-24. This is both not true and illogical. Plaintiffs had contracted for years with Bolin China before the purchase orders at issue and, as Plaintiffs readily admit, the relationship was good for those years. To assume the six purchase orders at issue would not have been placed but for these alleged representations by Mr. Lo defies logic. In any event, it does not make 2082 a contracting party.

33-4); Magnuson Decl. Exs. 1-2 (Dkt. 33-7, 33-8); Lo Decl. (Dkt. 33-1) ¶¶ 2, 4; *see also* FAC ¶¶ 10-11.  In fact, Plaintiffs were well aware of the distinction between 2082 and Bolin China, as they would separately contract with 2082 when the need for 2082's services arose.  Lee Decl. (Dkt. 33-3) ¶ 8.

Plaintiffs do not dispute these facts but instead argue ad nauseum that 2082 doing business as "Bolin Technology" under a fictitious business name and holding itself out by its DBA as "Bolin Technology" somehow renders it the same legal entity as Bolin China.  Not so.  2082's fictitious business name, as registered with Los Angeles and Orange counties, and as used by 2082 – Bolin Technology – is a legal fiction.  The legal entity remains 2082.  Having a DBA, filing a trademark application for use of that DBA, and otherwise using that fictitious name does not change this, and certainly does not mean that 2082 and Bolin China are one and the same.

Plaintiffs refer to the Manufacturing Agreement, but that undermines their argument that Mr. Lo was acting on behalf of 2082.  That Agreement demonstrates on its face that Mr. Lo sent this letter on behalf of "Bolin Technology" in Shenzhen, China, i.e., Bolin China.  Reply at 5:17-20, citing Reply Miall Decl. Ex. A.  Nothing in this document indicates that 2082 is even a party.  *Id*.

Plaintiffs go so far in their Reply as to suggest that Mr. Lo's relationship both with Bolin China and with 2082 "extinguish[es] the notion [they] are completely separate entities."  Reply at 7:20-21.[5]  Working for two companies, of course, does not mean those companies cannot be separate legal entities.  The law is clear that even closely related companies are legally separate entities and must be treated as such.  *Cat Coven LLC v. Shein Fashion Grp., Inc.*, No. CV 19-7967 PSG (GJSx), 2020 WL 3840440, at *5 (C.D. Cal. Mar. 12, 2020) ("Related corporations are presumed to be separate entities; thus, the conduct of one cannot be imputed to the

---

[5] Plaintiffs also cite to an online article as purported evidence that Bolin China and 2082 are the same company.  Reply at 6:21-7:6.  Not only does the article not establish this fact, it is inadmissible hearsay.

other absent evidence that one acted as the agent or alter-ego of another or there was some other failure to observe corporate formalities.") (internal quotations omitted); *see also Semper v. JBC Legal Grp.*, No. C04-2240L, 2005 WL 2172377, at *4 (W.D. Wash. Sept. 6, 2005) ("Although JBC and Outsource Recovery Management . . . are closely related, they are separate legal entities.  Plaintiff has provided no evidence in support of her vague argument that the corporate forms should be disregarded.").

Because there are no contracts at issue between Plaintiffs and the 2082 Defendants, and because the 2082 Defendants did not receive any funds from Plaintiffs – as the evidence demonstrates – Plaintiffs cannot state any claim whatsoever against the 2082 Defendants for breach of contract or otherwise.  Thus, there is no basis for this lawsuit at all, let alone for the harsh relief sought in the Applications – and much less with the probable validity of prevailing as required.[6]

Finally, there also is no basis for liability against Mr. Lo to support the Applications.  According to Plaintiffs, the predicate claims against Mr. Lo – conversion, money had and received, and Violation of Penal Code Section 496 for receiving allegedly stolen property – "all arise out of Mr. Lo's [alleged] statements and conduct as the CEO" of both 2082 (which Plaintiffs admit did not receive the deposit payments) and Bolin China.  Reply at 9:25-10:3.  Mr. Lo never received these funds from Plaintiffs nor had access to these funds.[7]  Lo Decl. (Dkt. 33-1) ¶¶

---

[6] These arguments are also the subject of the 2082 Defendants' pending motion to dismiss the FAC under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is scheduled to be heard on February 26, 2024.  Dkt. 47.  In addition, the motion demonstrates that Plaintiffs' claims fail under California's economic loss doctrine. Plaintiffs incorrectly argue that the economic loss rule does not bar conversion and related claims (Reply at 12:3-16) notwithstanding relevant authority to the contrary. *See, e.g., Motivo Eng'g, LLC v. Black Gold Farms*, No. 222CV01447CASJCX, 2022 WL 3013227, at *4 (C.D. Cal. June 27, 2022).

[7] Plaintiffs argue that "it is only necessary to show an assumption of control or ownership over the property."  Reply at 10:18-21, quoting *Shopoff & Cavello LLP v. Hyon*, 167 Cal. App. 4th 1489, 1507 (2008).  But neither *Shopoff*, which concerns a trustee's interpleading of disputed funds, nor any of the other cases cited by Plaintiffs, found an assumption of control by someone with no right to convert the property for his or her own use. *See Shopoff*, 167 Cal. App. 4th at 1508 ("Where

7-9.  Plaintiffs have submitted no evidence to the contrary.  Accordingly, there is no claim to support an attachment as to Mr. Lo.[8]

## B. Plaintiffs Cannot Demonstrate a Probability of Prevailing on Their Claim that Bolin China is an Alter Ego of the 2082 Defendants.

Under California law, "alter ego liability 'is an extreme remedy, sparingly used.'"  *Riot Games, Inc. v. Suga PTE, Ltd.*, 638 F. Supp. 3d 1102, 1120 (C.D. Cal. 2022), quoting *Hasso v. Hapke*, 227 Cal. App. 4th 107, 155 (2014).  "[T]hus, the corporate form will be disregarded only in narrowly defined circumstances and only when the ends of justice so require."  *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015), quoting *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985).  The party seeking to disregard the corporate form bears the burden of proving that two conditions are satisfied: "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist.  Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone."  *Id.*, quoting *Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 526 (2000).

Plaintiffs here have no evidence whatsoever to support their alter ego theory, let alone evidence sufficient to show a likelihood of prevailing on either prong of the alter ego test, much less both prongs.  Thus, there is no basis for the Court to disregard the corporate form and impose the harsh remedy sought by the Applications.

---

Hyon's conversion cause of action patently flounders, however, is in the failure to assert the essential elements that Shopoff exercised dominion over the Recovery proceeds and converted them to his own use.").

[8] Additionally, imposing individual liability on a corporate officer for wrongful acts of or on behalf of a corporation, as these acts are alleged to be, is not generally allowed unless the acts go beyond the scope of the duties to the corporation.  *See Lashify, Inc. v. Urb. Dollz LLC*, No. CV 22-6148-GW-AFMX, 2022 WL 18278638, at *8 (C.D. Cal. Dec. 13, 2022).

1

2

**1.**     **Plaintiffs Have No Evidence of Unity of Ownership and Interest.**

3

4

5

6

7

8

9

10

11

12

13

Plaintiffs do not and cannot demonstrate a sufficient "unity of ownership and interest" between 2082 and Bolin China "such that the separate personalities of the two entities no longer exist." *Id.* at 1136.  Fatal to Plaintiffs' alter ego theory, there is no unity of ownership between 2082 and Bolin China.  2082's only two members are Mr. Lo and Ms. Lee, and neither they nor 2082 is a shareholder of Bolin China. Lo Decl. (Dkt. 33-1) ¶¶ 2, 4; Lee Decl. (Dkt. 33-3) ¶ 5; Magnuson Decl. (Dkt. 33-8) Ex. 2.  In the face of this evidence, and without evidence of their own to contradict it, Plaintiffs misrepresent to the Court that "Mr. Lo does not deny that he and Ms. Lee control the entity that he calls 'Bolin China.'"  Reply at 3, n.2.  In fact, Mr. Lo does deny this.  Lo Decl. (Dkt. 33-1) ¶¶ 2, 4.  Plaintiffs' arguments are unsupported by evidence and should be rejected.

14

15

16

17

18

19

20

21

22

23

24

The Ninth Circuit has held that common legal or equitable "[o]wnership is a prerequisite to alter ego liability, and not a mere 'factor' or 'guideline.'"  *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003); *In re Schwarzkopf*, 626 F.3d 1032, 1039 (9th Cir. 2010).  Here, it is undisputed that there is no common legal ownership between 2082 and Bolin China.  For the reasons set forth below, there is also no common equitable ownership, which requires an "[e]xercise of extreme dominion over the [alter ego] corporation . . . and thus merely showing that the corporation is 'influenced and governed by [the defendant]' is insufficient."  *Conde v. Sensa*, No. 14-CV-51 JLS WVG, 2016 WL 6082309, at *3 (S.D. Cal. Oct. 17, 2016), quoting *Firstmark Cap. Corp. v. Hempel Fin. Corp.*, 859 F.2d 92, 94 (9th Cir. 1988).

25

26

27

Nor do the remaining factors weigh in favor of imposing alter ego liability. Again, Plaintiffs have no evidence to support such a theory, and no amount of bolded and italicized terms in their Reply will change this.

28

Mr. Lo is the only individual who works for both 2082 and Bolin China. Overlap between two related companies' officers or directors "by itself, is merely indicative of a common form of corporate governance," but alone does not justify piercing the corporate veil. *See Gerritsen*, 116 F. Supp. 3d at 1139; *see also Maddock v. KB Homes, Inc.*, 631 F. Supp. 2d 1226, 1243 (C.D. Cal. 2007) ("Interlocking directorates . . . is not, in and of itself, sufficient without direct evidence of specific manipulative conduct to warrant the piercing of the corporate veil."); *Snyder v. Enterprise Rent-A-Car Co. of San Francisco*, 392 F. Supp. 2d 1116, 1122 n.7 (N.D. Cal. 2005), quoting *Instit. of Veterinary Pathology, Inc. v. Cal. Health Labs., Inc.*, 116 Cal. App. 3d 111, 120 (1981) (holding parent corporation liable for tort of subsidiary "only where the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former"). Similarly, "the fact that [two related corporations] share the same office location, or the same website and telephone number, does not necessarily reflect an abuse of the corporate form and existence of an alter ego relationship." *Gerritsen*, 116 F. Supp. 3d at 1139.

At most, Plaintiffs' purported "evidence" on Reply shows that 2082 – an authorized wholesaler and re-seller of Bolin China's products – was doing business as "Bolin Technology." This is hardly sufficient to show a unity of interest. Contrary to the self-serving declaration of Plaintiffs' CEO, Dan Miall, Mr. Lo never represented that he was acting as the CEO of a "unified Bolin Enterprise," and Plaintiffs did not order the cameras at issue here through 2082. Suppl. Lo Decl. ¶¶ 4-5. While it is undisputed that there is a business relationship between 2082 and Bolin China, the undisputed evidence demonstrates that their transactions are at arms-length, they functioned as separate entities, and 2082 observes its separate corporate formalities. *Id.* ¶ 2. For example, 2082 maintains its own bank accounts and does not share bank accounts with Bolin China or otherwise have access to Bolin China's bank accounts. Lee Decl. (Dkt. 33-3) ¶ 5. 2082 also does not share in any of the revenue or expenses, profits or losses, of Bolin China, or commingle

assets with Bolin China. *Id.* ¶ 6; Suppl. Lo Decl. ¶¶ 2-3. Rather, Bolin China invoices 2082 for the products that 2082 buys and resells, and 2082 pays Bolin China pursuant to these invoices, just as would be the case in any arms' length transaction. Lee Decl. (Dkt. 33-3) ¶ 4; Suppl. Lo Decl. ¶¶ 2-3. Moreover, 2082 is not undercapitalized as Plaintiffs allege (FAC ¶ 13), as 2082's profit derives from its distribution and resale business. Supp. Lo Decl. ¶ 3. Plaintiffs do not offer any evidence to the contrary – much less the significant evidence required for such an extreme remedy.

### 2. Plaintiffs Cannot Show an Inequitable Result if Bolin China is Treated as a Separate Entity.

Plaintiffs similarly fail to establish the second prong of alter ego, i.e., that there would be an inequitable result if Bolin China is treated as a separate entity. "The 'inequitable result' prong of alter ego liability exists to address circumstances in which 'adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice.'" *Gerritsen*, 116 F. Supp. 3d at 1143, quoting *First Western Bank & Trust Co. v. Bookasta*, 267 Cal. App. 2d 910, 914-15 (1968). Therefore, "it is not sufficient to merely show that a creditor will remain unsatisfied if the corporate veil is not pierced." *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1117 (C.D. Cal. 2003), quoting *Mid-Century Ins. Co. v. Gardner*, 9 Cal. App. 4th 1205, 1213 (1992). "California courts generally require some evidence of bad faith conduct on the part of defendants before concluding that an inequitable result justifies an alter ego finding." *Id. See also Gerritsen*, 116 F. Supp. 3d at 1143 ("Bad faith is a critical factor in the analysis.").

In the FAC, Plaintiffs allege that there will be an inequitable result if Bolin China is not treated as an alter ego because (1) both Bolin China and 2082 are "undercapitalized and are potentially incapable of satisfying a judgment," and (2) "it would be unjust if [the 2082 Defendants] were to escape liability" because they also

benefitted from Bolin China's alleged conduct.  FAC ¶ 13.  Plaintiffs offer no evidence, however, to satisfy this element.  Plaintiffs also "ha[ve] not identified any right that will be defeated" if 2082 is "allowed to maintain a separate identity" from Bolin China.  *Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1070 (C.D. Cal. 2002).  And, most importantly, Plaintiffs do not and cannot show that the 2082 Defendants used Bolin China for some improper purpose or that the 2082 Defendants benefitted from their relationship to Bolin China in this situation.  They did not.  Nor have Plaintiffs submitted any evidence to support that 2082 was trying to hide behind Bolin China; nor could they.  While Plaintiffs feign surprise in their Reply that 2082 and Bolin China are legally separate entities, their own evidence – including the purchase orders and wire transfer records – reflects that Plaintiffs knew that 2082 was and is a separate entity from the one they had contracted with for years to fulfill their purchase orders and receive their deposit payments.

### 3. Plaintiffs Cannot Show a Likelihood of Prevailing on Their Substantive Claims Against Bolin China in the First Instance.

In their Reply, Plaintiffs contend that they are entitled to writs of attachment against the 2082 Defendants "***even if*** there are grounds for an attachment" against newly named defendant Bolin China, and that Bolin China's liability "will be separately 'adjudicated in connection with Plaintiffs' First Amended Complaint.'" *See* Reply at 4:1-5; Pls.' Responses to Mot. To Strike Reply (Dkt. 44), at 3, n.2 (quoting Reply at 3:10-11).  But under their alter ego theory of liability, Plaintiffs must establish Bolin China's liability by a preponderance of the evidence *before* they can obtain writs of attachment against the 2082 Defendants.[9]

---

[9] Plaintiffs' reliance on *Iraq Telecom Ltd. v. IBL Bank S.A.L.*, 43 F. 4th 263 (2d Cir. 2022) is misplaced.  Reply at 4:5-9.  This case did not concern alter ego liability but, rather, joint tortfeasors, for which the court declined to reduce the attachment amount against one by apportioning more blame to the other.  *Id.* at 274.  Notably in that case, the request for an attachment came only *after* an arbitration panel had found that the joint tortfeasors had "acted in concert" to defraud the plaintiff of $97

As set forth in the 2082 Defendants' pending Motion to Dismiss (Dkt. 47-1), alter ego liability is merely a "procedural mechanism by which an individual [or another corporation] can be held jointly liable for the wrongdoing of his or her corporate alter ego." *Double Bogey, L.P. v. Enea*, 794 F.3d 1047, 1051-52 (9th Cir. 2015), citing *Mesler,* 39 Cal. 3d at 301.  A claim against a defendant based on an alter ego theory of liability is "'not itself a claim for substantive relief,'" such as for breach of contract, but rather is "derivative of the substantive cause of action against the [alter ego]." *Smith v. Simmons*, 638 F. Supp. 2d 1180, 1190 n.14 (E.D. Cal. 2009), *aff'd* 409 F. App'x 88 (9th Cir. 2010), quoting *Hennessey's Tavern, Inc. v. Am. Air Filter Co.*, 204 Cal. App. 3d 1351, 1359 (1988).

It follows that a party can only receive a writ of attachment under an alter ego theory of liability if the attachment is justified under its substantive causes of action. *See Hamilton Beach Brands*, 614 F. Supp. 2d at 1082-83 ("California law allows writs of attachment to issue against an entity or individual who is not a party to a contract *if that entity or individual is the alter ego of the party whose property is subject to attachment*.") (internal citations omitted; emphasis added).  Therefore, courts typically consider requests for attachment against a defendant under an alter ego theory concurrently with, or after the court has already granted, a request for writ of attachment against the corporation that is the alleged alter ego.  *See id.* (considering and denying request for writ of attachment against defendant under single enterprise theory after ordering writ of attachment against alleged alter ego); *see also Ming Glob. Ltd. v. Monarch Holdings, Inc.*, No. 8:20-cv-01852-JVS-KES, 2020 WL 7265411, at *1 (C.D. Cal. Oct. 13, 2020) (same).

Plaintiffs here ask the Court to consider the Applications out of order, before they have ever established the basis for a writ of attachment against Bolin China. Thus, at this juncture, even if Plaintiffs could satisfy their burden as to alter ego

---

million and, as the Second Circuit noted, "the district court correctly held [that] [the plaintiff] is likely to establish joint and several liability."  *Id*. at 276.

liability, which they have failed to do, their Applications nevertheless fail because Plaintiffs have not shown a likelihood of prevailing on their substantive claims against Bolin China.  Plaintiffs place the 2082 Defendants in the unusual position of opposing the Applications without having the benefit of Bolin China's response to Plaintiffs' substantive claims.  As demonstrated by the recent complaint filed by Bolin China against Plaintiffs in Australia, Bolin China not only disputes Plaintiffs' recitation of the facts, it claims damages in excess of $8 million based on Plaintiffs' repudiation and breach of contracts.  *See generally* Suppl. Magnuson Decl. Ex. 4. At a minimum, this demonstrates that Bolin China was the actual contracting party and that its direct liability (not to mention the 2082 Defendants' secondary liability) is very much in dispute.

Thus, even putting aside Plaintiffs' complete failure to satisfy their burden on alter ego liability, Plaintiffs have not established a probability of prevailing against Bolin China.

### C.   Plaintiffs' Own Arguments Demonstrate the Inadequacy of the Requested Undertaking.

Although the 2082 Defendants believe there is no merit to the Applications to begin with, if the Court is nonetheless inclined to consider them, the 2082 Defendants respectfully request the opportunity to separately address the amount of the undertaking given the $10,000 amount proposed by Plaintiffs would be woefully inadequate to compensate the 2082 Defendants if it is ultimately determined that the attachment was wrongful.  *See* Cal. Civ. Proc. Code § 489.220.

## III.   CONCLUSION

For the foregoing reasons, and for the reasons set forth in their initial Opposition, the 2082 Defendants respectfully request that the Court deny Plaintiffs' Applications.

Dated:  February 7, 2024                    UMBERG ZIPSER LLP


*s/ Molly J. Magnuson*
Molly J. Magnuson
Attorneys for Defendants
2082 Technology, LLC dba Bolin
Technology and Hoi "Kyle" Lo

SUPPLEMENTAL OPPOSITION TO APPLICATIONS FOR WRIT OF ATTACHMENT

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for the 2082 Defendants, certifies that this brief contains 5,797 words, which complies with the word limit of L.R. 11-6.1.

Dated:  February 7, 2024                    UMBERG ZIPSER LLP


                                            s/ Molly J. Magnuson
                                            Molly J. Magnuson
                                            Attorneys for Defendants
                                            2082 Technology, LLC dba Bolin
                                            Technology and Hoi "Kyle" Lo