UMBERG ZIPSER LLP
Dean J. Zipser (SBN 94680)
dzipser@umbergzipser.com
Molly J. Magnuson (SBN 229444)
mmagnuson@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone:  (949) 679-0052
Facsimile:  (949) 679-0461

Attorneys for Defendants
2082 Technology, LLC dba Bolin
Technology, Hoi "Kyle" Lo, and Jennifer Lee

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIRDDOG TECHNOLOGY LIMITED, an Australian company; and BIRDDOG AUSTRALIA PTY LTD, an Australian company,<br><br>            Plaintiffs,<br><br>      *v*.<br><br>2082 TECHNOLOGY, LLC DBA BOLIN TECHNOLOGY, a California limited liability company; BOLIN TECHNOLOGY CO., LTD., a Chinese limited company; HOI "KYLE" LO, an individual; JENNIFER LEE, an individual; and DOES 3 through 25, inclusive,<br><br>            Defendants. | Case No. 2:23-cv-09416 CAS (AGRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JENNIFER LEE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hearing Date:  March 11, 2024<br>Time:            10:00 a.m.<br>Judge:          Hon. Christina A. Snyder<br>Courtroom:    8D<br><br>*[Notice of Motion and Motion, Request for Judicial Notice, Declaration of Molly J. Magnuson, and [Proposed] Order Filed Concurrently Herewith]*<br><br>Complaint filed:  November 7, 2023<br>FAC filed:          January 12, 2024 |

{266653.3}

## TABLE OF CONTENTS

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ............................7

II.     RELEVANT ALLEGATIONS ........................................................9

III.    ARGUMENT .....................................................................10

      A.      Each Claim for Relief Alleged in the FAC Fails to State a Claim Against Ms. Lee. ....................................................11

          1.   The Third and Fourth Claims for Trade Secret Violations Fail to State a Plausible Claim Against Ms. Lee. ..........................11

          2.   The Sixth Claim for Conversion Fails to State a Plausible Claim Against Ms. Lee. ...............................144

          3.   The Seventh Claim for Violation of Penal Code Section 496 Fails to State a Plausible Claim Against Ms. Lee..........................17

          4.   The Eighth Claim for Money Had and Received Fails to State a Plausible Claim Against Ms. Lee. ......................................19

          5.   The Ninth Claim for Intentional Interference Fails to State a Plausible Claim Against Ms. Lee. ......................................19

          6.   The Tenth Claim for Violation of the UCL Fails to State a Plausible Claim Against Ms. Lee. ......................................21

      B.      Plaintiffs' Sixth Through Tenth Claims for Relief Against Ms. Lee Are Barred by the Economic Loss Rule. ..............................22

IV.     CONCLUSION .................................................................25

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JENNIFER LEE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aas v. Super. Ct.*,
   24 Cal. 4th 627 (2000) .................................................................................... 23

*Amuchie v. JPMorgan Chase Bank N.A.*, No. 2:22-CV-07621-AB-JPR,
   2023 WL 2559201 (C.D. Cal. Feb. 9, 2023) ................................................... 24

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................ 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................ 14

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) .................................................................................... 21

*Conder v. Home Sav. of Am.*,
   680 F. Supp. 2d 1168 (C.D. Cal. 2010) ......................................................... 21

*Darbeevision, Inc. v. C&A Mktg., Inc.*, No. SACV 18-00725 AG
   (SSx), 2018 WL 5880618 (C.D. Cal. Aug. 30, 2018) .................................... 23

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018) ......................................................................... 21

*Davis v. Metro Prods., Inc.*,
   885 F.2d 515 (9th Cir. 1989) ......................................................................... 17

*Grouse River Outfitters, Ltd. v. Oracle Corp.*,
   848 Fed. Appx. 238 (9th Cir. 2021) ............................................................... 17

*Hodges v. Cnty. of Placer*,
   41 Cal. App. 5th 537 (2019) ........................................................................... 15

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ....................................................................... 21

*Lashify, Inc. v. Urb. Dollz LLC*,
   No. CV 22-6148-GW-AFMX, 2022 WL 18278638
   (C.D. Cal. Dec. 13, 2022) ................................................................... 16, 18, 20

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{266653.3}                                3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JENNIFER LEE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Linear Tech. Corp. v. Applied Materials, Inc.*,
    152 Cal. App. 4th 115 (2007)...............................................................................22

*Maksoud v. Hopkins*,
    No. 17-CV-00362-H-WVG, 2018 WL 5920036
    (S.D. Cal. Nov. 13, 2018) ...................................................................................19

*Masimo Corp. v. Apple Inc.*,
    No. SACV 20-48 JVS (JDEx), 2020 WL 4037213
    (C.D. Cal. June 25, 2020 ..............................................................................12, 13

*McGowan v. Weinstein*,
    505 F. Supp. 3d 1000 (C.D. Cal. 2020).............................................................15

*McMillan v. Connected Corp.*,
    No. CV 10-03297 MMM, 2011 WL 13213945
     (C.D. Cal., May 18, 2011) .................................................................................21

*Motivo Engineering, LLC v. Black Gold Farms*,
    No. 222CV01447CASJCX, 2022 WL 3013227
    (C.D. Cal. June 27, 2022) ..................................................................................23

*Nnydens Int'l, Inc. v. Textron Aviation, Inc.*,
    No. CV 18-9455-DMG (SKX), 2020 WL 7414732
    (C.D. Cal. June 11, 2020) ..................................................................................22

*Open Text, Inc. v. Northwell Health, Inc.*,
    No. 2:19-cv-09216-SB-AS, 2021 WL 1235254
    (C.D. Cal. Feb. 19, 2021) ..................................................................................22

*Oracle USA, Inc. v. XL Glob. Servs., Inc.*,
    No. C 09-00537-MHP, 2009 WL 2084154
    (N.D. Cal., July 13, 2009) .................................................................................23

*People v. Ashley*,
    42 Cal. 2d 246 (1954) ........................................................................................18

*Pierry, Inc. v. Thirty-One Gifts, LLC,* No. 17-cv-03074-MEJ, 2017
    WL 4236934 (N.D. Cal. Sept. 25, 2017)..........................................................22

*Physician's Surrogacy, Inc. v. German*,
    No. 17CV718-MMA (WVG), 2018 WL 638229
    (S.D. Cal. Jan. 31, 2018) ...................................................................................12

*Race Winning Brands, Inc. v. Gearhart,*
   No. SACV 22-1446-FWS-DFM, 2023 WL 4681539
   (C.D. Cal. Apr. 21, 2023) ...................................................................... 11, 13

*River Supply, Inc. v. Oracle Am., Inc.,*
   No. 3:23-CV-02981-LB, 2023 WL 7346397
   (N.D. Cal. Nov. 6, 2023) ................................................................................ 18

*Robinson Helicopter Co. v. Dana Corp.,*
   34 Cal. 4th 979 (2004) ............................................................................ 23, 24

*Rosen v. State Farm Gen. Ins. Co.,*
   30 Cal. 4th 1070 (2003) ................................................................................. 23

*Siry Inv., L.P. v. Farkhondehpour,*
   13 Cal. 5th 333 (2022) ................................................................................... 18

*Space Data Corp. v. X*, No. 16-cv-03260-BLF, 2017
   WL 5013363 (N.D. Cal. Feb. 16, 2017)) ........................................................ 13

*Talece Inc. v. Zheng Zhang,*
   No. 20-CV-03579-BLF, 2020 WL 6205241
   (N.D. Cal. Oct. 22, 2020) .............................................................................. 15

*UMG Recs., Inc. v. Glob. Eagle Ent., Inc.,*
   117 F. Supp. 3d 1092 (C.D. Cal. 2015) ........................................................ 19

*U.S. v. Ritchie,*
   342 F.3d 903 (9th Cir. 2003) ......................................................................... 11

*United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.,*
   660 F. Supp. 2d 1163 (C.D. Cal. 2009) ........................................................ 24

*Veronica Foods Co. v. Ecklin,*
   No. 16-CV-07223-JCS, 2017 WL 2806706
   (N.D. Cal. June 29, 2017) .............................................................................. 14

*Vendavo, Inc. v. Price f(x) AG*, No. 17-cv-06930-RS, 2018 WL
   1456697 (N.D. Cal. Mar. 23, 2018) ............................................................... 13

*Williamson v. McAfee, Inc.,*
   No. 5:14-CV-00158-EJD, 2014 WL 4220824
   (N.D. Cal., Aug. 22, 2014) ............................................................................ 21

{266653.3}

5

*Wolf Designs, Inc. v. DHR Co.*,
  322 F. Supp. 2d 1065 (C.D. Cal. 2004)..............................................................17

**Statutes**

18 U.S.C. § 1839(5) ...............................................................................................11

Cal. Bus. & Prof. Code § 17200 ...........................................................................21

Cal. Civ. Code § 3426.1(b).....................................................................................11

California Penal Code Section 496......................................................17, 18, 21, 22

California Penal Code Section 496(a) .....................................................................17

Federal Rule of Civil Procedure Rule 8....................................................8, 16, 18, 21

Federal Rule of Civil Procedure Rule 9(b).......................................................*passim*

Federal Rule of Civil Procedure Rule 12(b)(6) ...........................................7, 11, 19

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JENNIFER LEE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

# I.  <u>INTRODUCTION AND SUMMARY OF ARGUMENT</u>

The crux of Plaintiffs' First Amended Complaint (the "FAC"), like Plaintiffs' original Complaint, is an alleged breach of contract to manufacture cameras for plaintiffs BirdDog Technology Limited ("BirdDog Technology") and/or BirdDog Australia Pty Ltd ("BirdDog Australia") (collectively, "Plaintiffs" or "BirdDog"). Plaintiffs' initial Complaint named as defendants 2082 Technology, LLC ("2082") and one of its members Hoi "Kyle" Lo.  Judicially noticeable documents and documents incorporated by reference in the FAC – including documents attested to by Plaintiffs – demonstrate that the alleged contracts were entered into with Bolin Technology Co., Ltd. ("Bolin China"), a legally separate Chinese company.

After 2082 and Mr. Lo filed a motion to dismiss under Rule 12(b)(6), Plaintiffs filed their FAC naming Bolin China, yet also retaining 2082 and Mr. Lo, and inexplicably adding Mr. Lo's wife, Jennifer Lee.  Although Ms. Lee is a member of 2082, she is neither an owner nor an employee of Bolin China and was not a party to any of the contracts at issue in the FAC.  There is no basis for Ms. Lee to be in this action.

Plaintiffs disingenuously attempt to justify the addition of Ms. Lee by alleging that, when the original Complaint was filed, they were "ignorant of the nature, extent and scope of Ms. Lee's involvement and complicity in the conduct alleged therein," and purportedly have just recently "discovered her involvement and complicity."  FAC ¶ 14.  Like much of what Plaintiffs claim in this action, this is pure fiction, and is belied by their own (albeit false) allegations of Ms. Lee's purported wrongful conduct dating back years.  The recent addition of Mr. Lo's wife is spiteful, pure and simple, and Defendants are skeptical that Plaintiffs could show that it was reasonable under the circumstances to include the factual contentions and claims they chose to assert against her.

Plaintiffs' motivations aside, no matter how hard they attempt, they cannot state a claim against Ms. Lee – just like they cannot state a claim against 2082 and

Mr. Lo – yet even more so given her attenuated connection to the allegations in the lawsuit.  Ms. Lee was not a party to any alleged contract with Plaintiffs, either the purchase orders at issue or the nondisclosure agreement (the "NDA").  Because Plaintiffs' claims in general are all premised on the existence of a contractual relationship with 2082 which simply did not exist, Plaintiffs cannot allege cognizable claims against Ms. Lee, one of 2082's owners and officers.  Moreover, although Plaintiffs include in the FAC alter ego allegations as to Mr. Lo and 2082, they do not do so regarding Ms. Lee, rendering their already insufficient claims against her individually all the more attenuated.

Plaintiffs also do not state cognizable claims against Ms. Lee for other independent reasons.  To begin with, Plaintiffs fail to allege their claims consistent with Federal Rule of Civil Procedure 8 and, where applicable, with the particularity required by Rule 9(b).  For example, Plaintiffs' claim for intentional interference against Ms. Lee fails to state which plaintiff had the alleged relationships with which customers, the identity of these customers, in what way Ms. Lee (as distinct from other Defendants) specifically interfered, how Ms. Lee (again, as distinct from other Defendants) specifically interfered, and how those relationships were harmed by Ms. Lee, among other deficiencies.  Plaintiffs' newly added trade secret claims, which are brought against Ms. Lee and all Defendants, similarly fail to allege the specific trade secrets at issue, which trade secrets were alleged misappropriated by Ms. Lee specifically, and how they were used by Ms. Lee specifically, among other deficiencies.

The FAC also fails because Plaintiffs improperly attempt to transform a contract case into a tort action by recasting the breach of contract allegations as conversion, intentional interference, and similar claims.  Even assuming the allegations are true, Plaintiffs' non-contract and non-trade secret claims are barred by the economic loss doctrine, which requires that Plaintiffs base their claims, if any, on a duty independent of the contracts at issue.

In the end, no matter how Plaintiffs try to plead and re-plead their claims, those claims are both insufficient and implausible as to Ms. Lee, and reveal the depths to which Plaintiffs will go to attack, not just a perceived corporate competitor in the market, but also individuals like Ms. Lee simply because she is a member of a named LLC defendant.  Accordingly, Ms. Lee requests that the Court dismiss all of Plaintiffs' claims for relief against her.

## II.  RELEVANT ALLEGATIONS[1]

BirdDog alleges in its FAC that it is "a leading Australian technology company" which, over the course of many years, "has established itself as one of the primary global leaders in [pan, tilt and zoom ("PTZ")] technology . . . ."  FAC ¶ 26.  Much of BirdDog's alleged success has apparently been the result of its relationship with its camera manufacturing partner, referred to in the FAC as the "Bolin Defendants," which relationship, according to the FAC, dates back to 2017.  According to the FAC, this manufacturing relationship was good for several years and resulted in the "Bolin Defendants" becoming BirdDog's principal camera manufacturer.  *Id.* ¶ 38.

Plaintiffs allege that the parties' business relationship deteriorated in 2023 resulting in the alleged breach by the "Bolin Defendants" – defined as 2082 and Bolin China, collectively – of six contracts for the manufacture of cameras, pursuant to which BirdDog claims to have paid over $3 million in deposit funds.  *Id.* ¶¶ 46-53.  Plaintiffs also allege that the "Bolin Defendants" are otherwise liable for conduct arising out of the alleged breaches.

The FAC is noteworthy for what it does *not* allege.  The FAC does not allege, for example, with which "Bolin Defendant" Plaintiffs contracted and paid.  Nor does the FAC allege which BirdDog entity – whether BirdDog Australia or BirdDog Technology – was a party to these alleged contracts and allegedly paid

---

[1] Ms. Lee disputes and denies the bulk of the FAC's allegations, but accepts them for purposes of this Motion.

Umberg Zipser llp
Attorneys At Law
Irvine

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JENNIFER LEE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

money pursuant to those contracts.  In fact, the FAC does not differentiate between the "Bolin Defendants" or even the two BirdDog plaintiffs in any material respect whatsoever, and omits a host of other essential terms of the contracts.

The FAC, like the original Complaint, also does not attach copies of the purchase orders or other written evidence of these contracts.  The purchase orders and wire transfer records reflecting payments made pursuant to the purchase orders, however, are incorporated by reference in the FAC and also are properly the subject of judicial notice.  *See* Magnuson Decl. Ex. D; *see also* Dkt. 22-1 and 22-2.  These documents demonstrate that the contracting party was Bolin China, a China-based manufacturer, and not 2082.  The purchase orders reflecting these contracts were addressed by BirdDog to Bolin China's business address in Shenzhen, China, and, in connection with these orders, BirdDog then wired money to a Chinese bank account belonging to Bolin China (not to 2082).  *See* Magnuson Decl. Ex. D.[2]

2082 is, as alleged in the FAC, a California limited liability company with its principal place of business in Brea, California.  FAC ¶ 10; *see also* Magnuson Decl. Ex. A.  Plaintiffs acknowledge that Bolin China is a separate legal entity organized under the laws of the People's Republic of China.  FAC ¶ 11.  Chinese corporate filings, of which the Court may also take judicial notice, reflect that Bolin China is a limited liability company in the business of manufacturing cameras and related equipment, organized under the laws of China, and operating in Shenzhen, China. *Id.* Exs. B, C.

Ms. Lee is an owner and officer of 2082.  FAC ¶ 14.  Although Plaintiffs falsely allege otherwise in the FAC, she is not an owner or an officer of Bolin China.  *See* Magnuson Decl. Exs. B, C.

## III.   ARGUMENT

As the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), has noted,

---

[2] Similarly, Plaintiffs allege the existence of an NDA between BirdDog and Bolin China, but fail to attach the purported NDA.

Umberg Zipser llp
Attorneys At Law
Irvine

{2606533.1}                                                    10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JENNIFER LEE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

"[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* at 678 (internal citations omitted).  Moreover, "[a]lthough for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, [the Court is] not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.*  While generally only the allegations in a complaint are considered when deciding a motion to dismiss, "[a] court may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment."  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**A.     Each Claim for Relief Alleged in the FAC Fails to State a Claim Against Ms. Lee.**

**1.     The Third and Fourth Claims for Trade Secret Violations Fail to State a Plausible Claim Against Ms. Lee.**

Under both the Defend Trade Secrets Act ("DTSA") and the California Uniform Trade Secrets Act ("CUTSA"), BirdDog must allege that (1) it possessed a trade secret, (2) Defendants misappropriated BirdDog's trade secret, and (3) Defendants' conduct damaged BirdDog. *Race Winning Brands, Inc. v. Gearhart*, No. SACV 22-1446-FWS-DFM, 2023 WL 4681539, *4 (C.D. Cal. Apr. 21, 2023); *see* Cal. Civ. Code § 3426.1(b); 18 U.S.C. § 1839(5).  The FAC fails on all accounts as to Ms. Lee.

As a preliminary matter, Plaintiffs' trade secret claims against Ms. Lee should be dismissed because the FAC fails to delineate between any of the

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE
{266653.3}
11
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JENNIFER LEE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendants whatsoever such that it is unclear which individual or entity committed which alleged act of misappropriation.  FAC ¶¶ 63, 92, 93, 101.  "To state a claim under the DTSA, Plaintiff[s] must . . . specifically connect allegations of misappropriation to specific Defendants' actions."  *Physician's Surrogacy, Inc. v. German*, No. 17CV718-MMA (WVG), 2018 WL 638229, at *8 (S.D. Cal. Jan. 31, 2018) (granting motion to dismiss DTSA claim which "did not allow the court to draw a reasonable inference about which individual Defendant is liable and for which act.").  *See also Vendavo, Inc. v. Price f(x) AG*, No. 17-cv-06930-RS, 2018 WL 1456697, at *4 (N.D. Cal. Mar. 23, 2018) (granting motion to dismiss DTSA claim because the complaint failed to distinguish between defendants, stating that "the lack of specificity is exacerbated by the fact that the complaint does not distinguish between Price f(x), Inc. (a Delaware corporation), and Price f(x) AG (a German corporation).").

The FAC also fails to sufficiently identify the specific trade secrets that Ms. Lee personally is alleged to have misappropriated.  A party asserting a trade secret cause of action must disclose the supposed trade secret with a degree of particularity.  *Masimo Corp. v. Apple Inc*., No. SACV 20-48 JVS (JDEx), 2020 WL 4037213, at *4 (C.D. Cal. June 25, 2020).  The pleadings "must have enough specificity to provide both the Court and defendants with notice of the boundaries of this case."  *Id.* (internal citation omitted).  A "laundry list of items . . . does not meaningfully define the trade secrets at issue."  *Id.* (internal citation omitted).

The FAC alleges that Ms. Lee and all Defendants (without differentiation between them) "induced [Plaintiffs] to provide them . . . with BirdDog's competitively sensitive confidential and proprietary information relating to BirdDog's product portfolio and product development, including some BirdDog Trade Secrets."  FAC ¶¶ 41-42.  The FAC goes on to allege that Ms. Lee and all Defendants (again without differentiation between them) created a "false sense of security" so that "they could extract, use and misappropriate confidential and

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{266653.3}                                      12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JENNIFER LEE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

proprietary information and the BirdDog Trade Secrets in the development of competing products." *Id.* ¶ 45.  The FAC also includes allegations about vague discussions regarding "BirdDog's product plans." *Id.* ¶¶ 48, 51.

What is importantly missing, however, is any specific trade secret allegedly misappropriated by Ms. Lee.  It is wholly insufficient for Plaintiffs to refer simply to "confidential and proprietary information" or "product plans," without more. *Masimo Corp.*, 2020 WL 4037213, at *4 (noting the Ninth Circuit has rejected use of "catchall language" for alleged trade secrets as insufficiently specific).

Plaintiffs' description of the alleged trade secrets at issue more generally, beyond the failure to tie them specifically to Ms. Lee, are also overbroad and vague. *See, e.g., Race Winning Brands*, 2023 WL 4681539, at *5 (dismissing DTSA and CUTSA claims where plaintiff's alleged trade secrets included product cost and pricing and its go-to-market strategy, finding plaintiff's list to be a "high-level overview" of purported trade secrets that was "insufficient to adequately identify a trade secret under the applicable pleading standards."); *Space Data Corp. v. X*, No. 16-cv-03260-BLF, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017) (dismissing DTSA claim where plaintiff similarly stated a "high-level overview of Space Data's purported trade secrets, such as 'data on the environment in the stratosphere' and 'data on the propagation of radio signals from stratospheric balloon-based receivers'"); *Vendavo*, WL 1456697, at *3-4 (dismissing DTSA claim where plaintiff claimed defendant misappropriated trade secrets including "source code, customer lists and customer related information, . . . strategic business development initiatives, … and other information related to the development of its price-optimization software, including ideas and plans for product enhancements.").

The FAC provides an overbroad list of items they claim constitute BirdDog's "Technical Trade Secrets" and "Economic Trade Secrets" (FAC ¶¶ 29-30), they are still non-specific and do not tie any specific item to any alleged misappropriation by Ms. Lee.  As noted above, it is insufficient to state a claim based on general

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{266653.3}                                        13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JENNIFER LEE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

categories of trade secrets.  It is similarly fatal to a claim if, as here, there is no effort to tie specific trade secrets to the alleged misappropriation by the specific defendant and the alleged use of the trade secret by the specific defendant.

The most specific of Plaintiffs' allegations are, in fact, hardly specific at all. The FAC vaguely alleges that Plaintiffs "identified a Bolin-branded converter product that appeared to incorporate similar technology" to BirdDog's technology and that the "Bolin Defendants" delivered to BirdDog "a Bolin-branded camera incorporating similar technology to BirdDog proprietary technology . . . ." *Id.* ¶¶ 64, 65.  These allegations are speculative, conclusory, and vague.  There are no facts explaining Plaintiffs' purported belief that its technology was misappropriated by anyone, let alone by Ms. Lee, or even what technology was allegedly misappropriated.  Merely alleging that a Bolin China product "appeared to incorporate similar technology" is not sufficient to state a claim at all and, even further still, a claim against Ms. Lee.  *See, e.g., Veronica Foods Co. v. Ecklin*, No. 16-CV-07223-JCS, 2017 WL 2806706, at *14 (N.D. Cal. June 29, 2017) (dismissing DTSA and CUTSA claims that were "an everything-but-the-kitchen-sink assertion" that defendants made unauthorized use of customer list, supplier list, and confidential business information, as these "naked assertions and conclusions are not the sort of factual allegations that the Court must accept as true at the pleading stage.").

Altogether, the FAC's conclusory allegations of misappropriation as to Ms. Lee fail to "raise a right to relief above the speculative level" and the claims are, therefore, properly dismissed.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### 2. The Sixth Claim for Conversion Fails to State a Plausible Claim Against Ms. Lee.

Plaintiffs' sixth claim for relief for conversion against Ms. Lee fails on multiple grounds.  Plaintiffs' claim arises from BirdDog's partial payment under

the contracts which, according to the FAC, Defendants, including Ms. Lee, have refused to refund.  The FAC alleges that all Defendants "wrongfully misappropriated and unlawfully diverted a specific sum of BirdDog's funds capable of identification in the amount of $3,060,883.10," *i.e.*, the amount paid to Bolin China pursuant to the purchase orders.  *See* FAC ¶ 109.

"Conversion is the wrongful exercise of dominion over the property of another.  The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *McGowan v. Weinstein*, 505 F. Supp. 3d 1000, 1021 (C.D. Cal. 2020), quoting *Hodges v. Cnty. of Placer*, 41 Cal. App. 5th 537, 551 (2019).  Where the alleged conversion is grounded in fraud, these elements must be pleaded with specificity under Rule 9(b).  *See Talece Inc. v. Zheng Zhang*, No. 20-CV-03579-BLF, 2020 WL 6205241, at *5 (N.D. Cal. Oct. 22, 2020) ("merely reciting the elements of what constitutes conversion is not a substitute for pleading with particularity when fraud has been averred.").

As a threshold matter, the FAC fails to state a claim for conversion against Ms. Lee, as the only alleged act of conversion is the purported retention of the initial payments made by Plaintiffs under the alleged contracts.  Plaintiffs' own documents show, however, that BirdDog contracted with and made these payments to Bolin China – not to 2082, Mr. Lo, and not to Ms. Lee – so these allegations may be disregarded.  *See* Magnuson Decl. Ex. D.  Plaintiffs do not allege any facts that Ms. Lee, as opposed to Bolin China, ever even received these funds.  It also cannot reasonably be disputed that Ms. Lee is not an owner of Bolin China.  Magnuson Decl. Exs. B-C.  Therefore, Plaintiffs do not allege any facts that suggest Ms. Lee has performed any "wrongful act or disposition of property rights" over money that she never received, a necessary element of conversion.  *See McGowan*, 505 F. Supp. 3d at 1021, quoting *Hodges*, 41 Cal. App. 5th at 551.

Additionally, although Plaintiffs' conversion claim is grounded in fraud and

subject to a higher pleading standard (*see* FAC ¶¶ 44-45, 109), this claim for relief fails even under Rule 8.  Indeed, not a single fact is alleged in the FAC as to purported actions Ms. Lee specifically and individually took to allegedly convert Plaintiffs' deposit payments, and there is a complete failure to differentiate between Ms. Lee and the other Defendants.  What Plaintiffs are essentially claiming is that they – the FAC does not specify whether BirdDog Australia or BirdDog Technology – paid money to Bolin China under the purchase orders and that money has not been returned.  This cannot state a claim against Ms. Lee without alleging more to tie her to the alleged conversion – *i.e.*, what wrongful act did Ms. Lee specifically take to deprive Plaintiffs of their property rights.  It is implausible that Ms. Lee, Mr. Lo, 2082, and Bolin China all converted the same funds and that all of these parties simultaneously possess those same funds and/or have jointly used them.

Under Plaintiffs' theory of liability, a representative of a company could be sued for conversion and similar claims any time that company allegedly breaches a contract after receiving payment – even if there are no allegations the individual personally took those contract payments or otherwise participated in the alleged theft.  This has no support in logic or under the law.  Corporate officers are generally not liable for the alleged wrongful acts of a company absent specific allegations regarding their individual commission of a tort.  The court in *Lashify, Inc. v. Urb. Dollz LLC*, No. CV 22-6148-GW-AFMX, 2022 WL 18278638, (C.D. Cal. Dec. 13, 2022), addressed allegations similar to those at issue here, in that the complaint alleging patent infringement, interference, and other claims generally referred to "defendants" together rather than specify the alleged wrongful acts of each individual defendant.  *Id.* at *8.  In dismissing the claims against the individually named officers, the court stated: "the FAC does not include facts related to either Mosbacher or Simonian's individual wrongful acts, as opposed to the acts of Urban Doll. . . . [N]owhere in the FAC does Plaintiff separately plead

with specificity that Mosbacher individually committed any of the wrongful acts alleged.  Rather, Plaintiff refers generally to 'Defendants' throughout the complaint but does not plead separate allegations for any claim with respect to any individual Defendant.  Plaintiff must set forth individual wrongful acts to support a claim of individual liability.  Plaintiff has not done so." *Id.*

Similarly, Plaintiffs here have failed to plead any facts to suggest why Ms. Lee should bear individual liability for 2082 or Bolin China's alleged failure to return funds to Plaintiffs.  Her actions are not in any way alleged to be separate and distinct from the allegations against 2082 and Bolin China.  Under the circumstances, there can be no individual liability.  *See also Wolf Designs, Inc. v. DHR Co.*, 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004) ("[c]ases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct, . . . or the 'central figure' in the challenged corporate activity."), quoting *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 524 (9th Cir. 1989).

Moreover, because this claim necessarily depends on a threshold breach of contract, which BirdDog fails to properly plead against 2082 (*see* Dkt. 47-1), the FAC fails to allege facts that show that the alleged retention of the payments by any party was wrongful.  This claim does not meet the necessary pleading requirements – much less the heightened requirements of Rule 9(b) – nor can it as to Ms. Lee.

### 3.     The Seventh Claim for Violation of Penal Code Section 496 Fails to State a Plausible Claim Against Ms. Lee.

A violation of California Penal Code Section 496(a) requires the moving party to demonstrate that "(i) the property was stolen or obtained in a manner constituting theft, (ii) the defendant knew the property was so stolen or obtained, and (iii) the defendant received or had possession of the stolen property." *Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 Fed. Appx. 238, 242 (9th Cir. 2021). Importantly, "[n]ot all commercial or consumer disputes alleging that a defendant

obtained money or property through fraud, misrepresentation, or breach of a contractual promise will amount to a theft.  To prove theft [under Section 496], a plaintiff must establish *criminal intent* on the part of the defendant beyond 'mere proof of nonperformance or actual falsity.'"  *Siry Inv., L.P. v. Farkhondehpour*, 13 Cal. 5th 333, 361-62 (2022) (emphasis added).  The alleged misrepresentations at issue must be "made knowingly and with intent to deceive." *People v. Ashley*, 42 Cal. 2d 246, 264 (1954).  Further, as Plaintiffs' claim necessarily relies on a claim of theft by false pretenses, this claim sounds in fraud and must be pleaded with specificity.  *See River Supply, Inc. v. Oracle Am., Inc.*, No. 3:23-CV-02981-LB, 2023 WL 7346397, at *17 (N.D. Cal. Nov. 6, 2023) (holding that a failure to plead fraud with specificity results in a failure to plead a Penal Code 496 claim).

As a preliminary matter, and as explained above, corporate officers are generally not liable for the alleged wrongful acts of a company absent specific allegations regarding their individual commission of a tort.  *See Lashify,* 2022 WL 18278638, *8.  Here, there are no such allegations as to Ms. Lee, and on this ground alone this claim should be dismissed.

For the same reasons outlined above (*see* Section III.A.2), the FAC also fails to allege the elements of this claim with sufficient detail.  The FAC merely alleges as a legal conclusion, without any factual support, that Ms. Lee stole the funds that Plaintiffs paid to Bolin China pursuant to the six contracts at issue.  The FAC contains no factual allegations to demonstrate that Ms. Lee made any representations to Plaintiffs knowingly or with an intent to deceive BirdDog to pay this money, nor that there was any intent to steal it.  Ms. Lee did not receive this money from Plaintiffs and the FAC fails to plead any facts suggesting otherwise.  Nor does the FAC distinguish between Ms. Lee's alleged conduct separate and apart from the other Defendants' alleged conduct, preferring to treat them as one and the same, which is of course impermissible pleading under either Rule 8 or Rule 9(b).

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{266653.3}

18

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JENNIFER LEE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Therefore, this claim fails to state a claim for relief against Ms. Lee and should be dismissed.

**4.      The Eighth Claim for Money Had and Received Fails to State a Plausible Claim Against Ms. Lee.**

"For a claim of money had and received, a plaintiff must show: '(1) defendant received money; (2) the money defendant received was for plaintiff's use; and (3) defendant is indebted to plaintiff.'" *Maksoud v. Hopkins*, No. 17-CV-00362-H-WVG, 2018 WL 5920036, at *8 (S.D. Cal. Nov. 13, 2018).  Plaintiffs' claim arises from and relies on a breach of contract, as BirdDog alleges that the "Bolin Defendants," 2082 and Bolin China, along with Mr. Lo and Ms. Lee, refused to refund the initial payments made to Bolin China on the six contracts.  *See* FAC ¶ 118.  Because Plaintiffs fail to state a claim for a breach of contract against 2082 in the first place (*see* Dkt. 47-1), it follows that this claim for relief fails to state a plausible claim against Ms. Lee as well and should be dismissed under Rule 12(b)(6).  Moreover, the FAC includes nothing but conclusory allegations as to all Defendants generally and makes absolutely no attempt to allege facts to show that Ms. Lee individually received Plaintiffs' money and that Ms. Lee individually has refused to return it, separate and apart from their allegations against other Defendants.  This is simply not sufficient to support a claim for relief.

**5.      The Ninth Claim for Intentional Interference Fails to State a Plausible Claim Against Ms. Lee.**

"To plead a claim for intentional interference with prospective business advantage, a plaintiff must allege '(1) a specific economic relationship between the plaintiff and some third person containing the probability of future economic benefit to the plaintiff; (2) knowledge by defendant of the existence of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages proximately caused by the defendant's acts.'" *UMG Recs.*, 117 F. Supp. 3d at 1116.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

Plaintiffs' claim for relief for intentional interference with prospective economic advantage fails as to Ms. Lee because the only alleged act of interference was the failure to perform under the six contracts. *See* FAC ¶ 124 (alleging interference based on the "intentional withholding and interference with performance under" the purchase orders). Ms. Lee was not a party to and had no obligation to do anything under these contracts. As a matter of law, therefore, Plaintiffs cannot state an interference claim against Ms. Lee based on the alleged withholding of performance under these contracts. Additionally, there are no specific facts alleged that would allow Plaintiffs to hold Ms. Lee liable for the acts of the corporations, whether 2082 or Bolin China. *See Lashify*, 2022 WL 18278638, at *8 (dismissing complaint as to individual officers that did not include separate facts related to individuals, as opposed to the acts of the corporation).

The FAC is, in fact, woefully devoid of any facts whatsoever as to Ms. Lee's alleged interference, improperly relying instead on legal conclusions. For one, Plaintiffs make no effort to plead facts separately as to each Defendant as required. Thus, it is unclear from the FAC what Ms. Lee individually did to allegedly interfere. The FAC similarly fails to allege other essential facts including, among other things, any specific economic relationships with third parties – as opposed to just vague "economic relationships with its customers" – the identity of these purported third parties, why the relationship with these parties contained a probability of future economic benefits, how Ms. Lee personally knew about these purported relationships, and how the alleged failure to deliver cameras disrupted these relationships. Importantly, the FAC contains no allegations as to how Ms. Lee specifically and separately interfered, and how Plaintiffs were allegedly damaged as a result of Ms. Lee's alleged interference.

Therefore, the FAC fails to plead a claim for interference with prospective economic advantage against Ms. Lee.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{266653.3}                                   20

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JENNIFER LEE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

**6.      The Tenth Claim for Violation of the UCL Fails to State a Plausible Claim Against Ms. Lee.**

The FAC alleges that Ms. Lee, along with Mr. Lo and the "Bolin Defendants," again all improperly treated collectively as one, violated the UCL by violating Penal Code Section 496 and by engaging in other allegedly fraudulent activity.  *See* FAC ¶ 128.  The UCL "defines 'unfair competition' to include 'any unlawful, unfair or fraudulent business act or practice.'"  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 20 Cal. 4th 163, 180 (1999), quoting Cal. Bus. & Prof. Code § 17200.  "A breach of contract may form the basis for UCL claims only if it also constitutes conduct that is unlawful, or unfair, or fraudulent."  *Conder v. Home Sav. of Am.*, 680 F. Supp. 2d 1168, 1176 (C.D. Cal. 2010).

As an initial matter, the FAC fails to state a claim against Ms. Lee for violation of the UCL because Plaintiffs' claim is based on the alleged violation of Penal Code Section 496 and alleged misrepresentations regarding the contracts, both of which necessarily depend on the existence of a contractual relationship between Ms. Lee and Plaintiffs, which Plaintiffs cannot properly allege.

The Ninth Circuit has held that "UCL claims premised on fraudulent conduct trigger the heightened pleading standard of [Rule] 9(b), which requires a plaintiff to state the circumstances constituting fraud (or the claim 'sound[ing] in fraud') 'with particularity.'"  *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009) (citations omitted); *see also Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (finding UCL and other claims were "grounded in fraud"); *Williamson v. McAfee, Inc.*, No. 5:14-CV-00158-EJD, 2014 WL 4220824, at *6 (N.D. Cal., Aug. 22, 2014) ("Rule 9(b)'s heightened pleading standard applies to all UCL and FAL claims that are grounded in fraud.").

Whether analyzed under Rule 9(b) or Rule 8, for the same reasons set forth above, the FAC fails to plead a UCL claim against Ms. Lee.  *See McMillan v. Connected Corp.*, No. CV 10-03297 MMM, 2011 WL 13213945, *10 (C.D. Cal.,

{266653.3}                                                21

1   May 18, 2011) ("Plaintiffs' allegations do not state an adequate claim under the

2   UCL because they rely on purportedly fraudulent conduct but do not satisfy the

3   heightened pleading requirements of Rule 9(b).").

4        Additionally, "[w]here a UCL action is based on contracts not involving

5   either the public in general or individual consumers who are parties to the contract,

6   a corporate plaintiff may not rely on the UCL for the relief it seeks." *Linear Tech.*

7   *Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 135 (2007). For instance,

8   in *Pierry, Inc. v. Thirty-One Gifts, LLC*, the court noted, "[t]he UCL may be used to

9   vindicate the rights of individual consumers who are parties to a contract, but it is

10   not generally appropriate for resolving sophisticated business finance issues." No.

11   17-cv-03074-MEJ, 2017 WL 4236934, at *7 (N.D. Cal. Sept. 25, 2017); *see also*

12   *Open Text, Inc. v. Northwell Health, Inc.*, No. 2:19-cv-09216-SB-AS, 2021 WL

13   1235254, at *4 (C.D. Cal. Feb. 19, 2021) (dismissing UCL counterclaim asserted

14   by "large, sophisticated corporate entity" that did not need to resort to the UCL "to

15   remedy its business-to-business contractual dispute"); *Nnydens Int'l, Inc. v. Textron*

16   *Aviation, Inc.,* No. CV 18-9455-DMG (SKX), 2020 WL 7414732, at *8 (C.D. Cal.

17   June 11, 2020) (granting summary judgment on UCL claim because action was a

18   "dispute between commercial parties over their economic relationship").

19        BirdDog is a publicly traded and self-proclaimed "leading Australian

20   technology company," and one of the "primary global leaders in PTZ technology."

21   FAC ¶ 26. A sophisticated corporate party like this is not the sort of entity that is

22   entitled to invoke the UCL to remedy a business-to-business contractual dispute.

23   The Court should therefore dismiss this claim for relief.

24       **B.**    **Plaintiffs' Sixth Through Tenth Claims for Relief Against Ms. Lee**

25            **Are Barred by the Economic Loss Rule.**

26        As detailed above, the FAC alleges claims against Ms. Lee for conversion,

27   violation of Penal Code Section 496, money had and received, intentional

28   interference, and UCL violations. Each of these claims is a mere extension –

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{266653.3}                                    22

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JENNIFER LEE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

indeed, duplicative – of Plaintiffs' breach of contract claim against 2082 and Bolin China.  As a result, these claims are barred by the economic loss rule.

It is well established that the economic loss rule under California law mandates that "no tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement." *Oracle USA, Inc. v. XL Glob. Servs., Inc*., No. C 09-00537-MHP, 2009 WL 2084154, at *4 (N.D. Cal., July 13, 2009).  Stated another way, "[a] person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations." *Aas v. Super. Ct*., 24 Cal. 4th 627, 643 (2000), *superseded by statute on other grounds as recognized in Rosen v. State Farm Gen. Ins. Co*., 30 Cal. 4th 1070 (2003).  Among other things, this doctrine "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp*., 34 Cal. 4th 979, 988 (2004).

As the California Supreme Court has noted, this distinction is important in that it prevents "the law of contract and the law of tort from dissolving one into the other." *Robinson Helicopter*, 34 Cal. 4th at 988.  This is precisely what BirdDog attempts to do through its FAC and is a strategy routinely rejected by courts.  *See, e.g., Darbeevision, Inc. v. C&A Mktg., Inc.*, No. SACV 18-00725 AG (SSx), 2018 WL 5880618, at * (C.D. Cal. Aug. 30, 2018) (rejecting claim that defendant made false promises to induce agreement as barred by economic loss rule).

In *Motivo Engineering, LLC v. Black Gold Farms*, No. 222CV01447CASJCX, 2022 WL 3013227, at *4 (C.D. Cal. June 27, 2022), this Court dismissed a conversion counterclaim where the defendant's ownership interest in the converted property arose solely from the agreement at issue in the case.  Despite allegations by the defendant that went beyond mere breach of contract, including that the plaintiff held the property "hostage" and damaged the

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{266653.3}                                          23

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JENNIFER LEE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

property, the Court held that the property rights nonetheless "flowed from contract" and the conversion claim was, therefore, barred. *Id.  See also Amuchie v. JPMorgan Chase Bank N.A.*, No. 2:22-CV-07621-AB-JPR, 2023 WL 2559201, at *4 (C.D. Cal. Feb. 9, 2023) (dismissing conversion claim on ground that the alleged conduct "is the same conduct that forms the basis of Plaintiff's, albeit poorly plead, breach of contract claim.  Therefore, the claim is barred.").

Here, the entire foundation for Plaintiffs' claims against Ms. Lee for conversion, Penal Code violations, and money had and received is that each of the Defendants, including Ms. Lee, allegedly received and retained the initial payments made by BirdDog under the contracts without delivering product – *i.e.*, an alleged breach of the contracts.  *See* FAC ¶¶ 109-110, 115, 118-119, 128-129.  The damages sought from Ms. Lee for these tort claims are the same damages sought in connection with Plaintiffs' breach of contract claim, the alleged $3,060,883.10 paid pursuant to the contracts.  *See id*.  Similarly, Plaintiffs' claim for intentional interference is based on each of the Defendants including Ms. Lee's alleged failure to deliver cameras under the contracts – *i.e.,* an alleged breach of the contracts.  *See id.* ¶ 124.  To allow these tort claims to proceed would improperly grant Plaintiffs a license to turn a commercial breach of contract case into a tort case, which is inconsistent with California law.  *See, e.g.*, *United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1180 (C.D. Cal. 2009) (noting economic loss rule "is particularly strong when a party alleges 'commercial activities that negligently or inadvertently [went] awry.'"), quoting *Robinson Helicopter Co.*, 34 Cal. 4th at 991, n.7.

To the extent Plaintiffs argue that their claims against Ms. Lee are not barred by the economic loss rule because they have not a brought breach of contract claim against her personally, that argument fails.  To begin with, any such contention is disingenuous given the FAC's allegations of supposed control of 2082 and Bolin China by Ms. Lee, including that Ms. Lee "manages" 2082 and Bolin China (FAC

¶ 3), and was "acting as an agent" of 2082 and Bolin China (*id.* ¶ 15), and is even allegedly "bound" by agreements entered into by Bolin China (*id.* ¶ 37).  Plaintiffs are trying to have it both ways.  On the one hand, they claim Ms. Lee has control and domination over the corporate parties and should somehow be individually liable for the corporate parties' alleged actions and, on the other hand, they argue their claims are not barred because she is separate from the corporate defendants.  This is illogical.  As the tort claims against Ms. Lee are duplicative of the claims against 2082 and Bolin China and are mere extensions of the contract claims against 2082 and Bolin China, they should be barred to the same extent they would be barred as against 2082 and Bolin China.

Any other result would undermine the purpose of the economic loss rule and invite tort claims against corporate officers for breaches of contract by the corporations they serve.  Accordingly, the economic loss rule bars Plaintiffs' sixth through tenth claims for relief against Ms. Lee.

## IV.   <u>CONCLUSION</u>

For all of the reasons set forth herein, Ms. Lee requests that the Court dismiss all of the claims for relief in the FAC for failure to state a claim against her.

Dated:  February 9, 2024                      UMBERG ZIPSER LLP

<u>*s/ Molly J. Magnuson*</u>
Molly J. Magnuson
Attorneys for Defendants 2082
Technology, LLC dba Bolin
Technology, Hoi "Kyle" Lo, and
Jennifer Lee

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{266653.3}                                        25

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JENNIFER LEE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

1

## <u>CERTIFICATE OF COMPLIANCE</u>

2    The undersigned, counsel of record for Moving Defendants, certifies that this

3 brief contains 5,479 words, which complies with the word limit of L.R. 11-6.1.

4

5 Dated:  February 9, 2024     UMBERG ZIPSER LLP

6

                _s/ Molly J. Magnuson_

7                Molly J. Magnuson

                Attorneys for Defendants 2082

8                Technology, LLC dba Bolin

                Technology, Hoi "Kyle" Lo, and

9                Jennifer Lee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JENNIFER LEE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT