UMBERG ZIPSER LLP
Dean J. Zipser (SBN 94680)
dzipser@umbergzipser.com
Molly J. Magnuson (SBN 229444)
mmagnuson@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone:  (949) 679-0052
Facsimile:  (949) 679-0461

Attorneys for Defendants
2082 Technology, LLC dba Bolin
Technology, Hoi "Kyle" Lo, and Jennifer Lee

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIRDDOG TECHNOLOGY LIMITED, an Australian company; and BIRDDOG AUSTRALIA PTY LTD, an Australian company,<br><br>           Plaintiffs,<br><br>    *v.*<br><br>2082 TECHNOLOGY, LLC DBA BOLIN TECHNOLOGY, a California limited liability company; BOLIN TECHNOLOGY CO., LTD., a Chinese limited company; HOI "KYLE" LO, an individual; JENNIFER LEE, an individual; and DOES 3 through 25, inclusive,<br><br>           Defendants. | Case No. 2:23-cv-09416 CAS (AGRx)<br><br>**REPLY IN SUPPORT OF DEFENDANTS KYLE LO AND 2082 TECHNOLOGY, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hearing Date:  February 26, 2024<br>Time:        10:00 a.m.<br>Judge:      Hon. Christina A. Snyder<br>Courtroom:  8D<br><br>Complaint filed:  November 7, 2023<br>FAC filed:     January 12, 2024 |

# **TABLE OF CONTENTS**

I.     INTRODUCTION.................................................................................7

II.    ARGUMENT .....................................................................................8

   A. Plaintiffs Cannot State a Claim Against 2082 Because 2082 Was Not a Party to Any Contract with Plaintiffs...............................8

   B. Plaintiffs' Alter Ego Allegations Cannot Salvage Their Claims........10

   C. BirdDog's Sixth Through Tenth Claims for Relief Against Moving Defendants Are Barred by the Economic Loss Rule. ...........12

   D. Even Putting the Overriding Infirmities Aside, Each Claim for Relief Alleged in the FAC Fails to State a Claim.................................14

     1.  Plaintiffs Fail to State a Plausible Breach of Contract Claim Against 2082. .........................................................14

     2.  The Third and Fourth Claims for Trade Secret Violations Fail to State a Plausible Claim Against 2082 and Mr. Lo. ...........15

     3.  The Fifth Claim for Breach of the Implied Covenant Fails to State a Plausible Claim and is Not Pleaded with Specificity. .......17

     4.  Plaintiffs Fail to Show That They Adequately Plead Conversion Against 2082 and Lo. ...................................................18

     5.  Plaintiffs Fail to Show That They Adequately Plead Any Violation of Penal Code Section 496 Against 2082 and Lo..........20

     6.  Plaintiffs Fail to Show That They Adequately Plead a Money Had and Received Claim Against 2082 and Lo. ..........................20

     7.  Plaintiffs Fail to Show That They Adequately Plead Intentional Interference with Prospective Economic Advantage Against 2082 and Lo. ...................................................21

     8.  Plaintiffs Cannot Plead a Violation of the UCL. ...........................22

III.    CONCLUSION .........................................................................23

Umberg Zipser llp
Attorneys At Law
Irvine

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abrego Abrego v. Dow Chem. Co.*,
   443 F.3d 676 (9th Cir. 2006) ................................................................... 9

*Amuchie v. JPMorgan Chase Bank N.A.*,
   No. 2:22-CV-07621-AB-JPR, 2023 WL 2559201
   (C.D. Cal. Feb. 9, 2023) ........................................................................ 12

*Arthur J. Gallagher & Co. v. Tarantino*,
   498 F. Supp. 3d 1155 (N.D. Cal. 2020) ................................................. 16

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................... 15

*Baggett v. Hewlett-Packard Co.*, No. SACV 07-0667 AG (RNBx),
   2009 WL 3178066 (C.D. Cal. Sept. 29, 2009) ...................................... 13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................... 17

*Branch v. Tunnell*,
   14 F.3d 449 (9th Cir. 1994) ..................................................................... 9

*Buchanan v. Neighbors Van Lines*,
   No. CV 10 6206 PSG, 2010 WL 4916644
   (C.D. Cal. Nov. 29, 2010) ...................................................................... 15

*Expedited Packages, LLC v. Beavex Inc.*,
   No. CV 15–00721 MMM, 2015 WL 13357436
   (C.D. Cal. Sept. 10, 2015) ..................................................................... 12

*Galbraith v. Cnty. of Santa Clara*,
   307 F.3d 1119 (9th Cir. 2002) .................................................................. 9

*Gerritsen v. Warner Bros. Ent. Inc.*,
   116 F. Supp. 3d 1104 (C.D. Cal. 2015) ............................................ 11, 12

*H.C. Duke & Son, LLC v. Prism Mktg. Corp.*,
   No. 4:11-CV-04006-SLD, 2012 WL 2792443
   (C.D. Ill. July 9, 2012) .................................................................................... 11

*Hougue v. City of Holtville*,
   No. 07CV2229 WQH (WMC), 2008 WL 1925249
   (S.D. Cal. Apr. 30, 2008) ............................................................................... 18

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ........................................................................... 9

*Kojeszewski v. Infinity Ins. Co.*,
   No. 3:06-CV-1261, 2006 WL 3143445 (M.D. Pa. Oct. 31, 2006) ................... 10

*Linear Technology Corp. v. Applied Materials, Inc.*,
   152 Cal. App. 4th 115 (2007) ......................................................................... 22

*Lloyd v. Facebook, Inc.*,
   No. 21-CV-10075-EMC, 2022 WL 4913347
   (N.D. Cal. Oct. 3, 2022) ................................................................................... 9

*Maksoud v. Hopkins*,
   No. 17-CV-00362-H-WVG, 2018 WL 5920036
   (S.D. Cal. Nov. 13, 2018) ............................................................................... 21

*Masimo Corp. v. Apple Inc.*,
   No. SACV 20-48 JVS (JDEx), 2020 WL 4037213
   (C.D. Cal. June 25, 2020) ............................................................................... 16

*Monaco v. Liberty Life Assur. Co.*,
   No. C06-07021 MJJ, 2007 WL 1140460 (N.D. Cal. Apr. 17, 2007) ............... 11

*Motivo Engineering, LLC v. Black Gold Farms*,
   No. 2:22-CV-01447-CAS-JCx, 2022 WL 3013227
   (C.D. Cal. June 27, 2022) ............................................................................... 12

*Neilson v. Union Bank of California, N.A.*,
   290 F. Supp. 2d 1101 (C.D. Cal. 2003) ..................................................... 10, 12

*NuCal Foods, Inc. v. Quality Egg LLC*,
   887 F. Supp. 2d 977 (E.D. Cal. 2012) ............................................................ 10

*Parrino v. FHP, Inc.*,
   146 F.3d 699 (9th Cir. 1998) ............................................................................ 9

*Parrish v. NFL Players Ass'n*,
   534 F. Supp. 2d 1081 (N.D. Cal. 2007)................................................................15

*Race Winning Brands, Inc. v. Gearhart*,
   No. SACV 22-1446-FWS-DFM, 2023 WL 4681539
   (C.D. Cal. April 21, 2023).................................................................................16, 17

*Robinson Helicopter Co. v. Dana Corp.*,
   34 Cal. 4th 979 (2004)..........................................................................................13

*S.E.C. v. Hickey*,
   322 F.3d 1123 (9th Cir. 2003)...............................................................................11

*Sandoval v. Ali*,
   34 F. Supp. 3d 1031 (N.D. Cal. 2014)..................................................................11

*Skilstaf, Inc. v. CVS Caremark Corp.*,
   669 F.3d 1005 (9th Cir. 2012).................................................................................8

*Smith v. Simmons*,
   638 F. Supp. 2d 1180 (E.D. Cal. 2009) 409 F. App'x 88
   (9th Cir. 2010) ......................................................................................................19

*Space Data Corp. v. X*, No. 16-cv-03260-BLF, 2017 WL 5013363,
   (N.D. Cal. Feb. 16, 2017) .....................................................................................17

*Stewart v. Screen Gems-EMI Music, Inc.*,
   81 F. Supp. 3d 938 (N.D. Cal. 2015).....................................................................11

*UMG Recs., Inc. v. Global Eagle Enter., Inc.*,
   117 F. Supp. 3d 1092 (C.D. Cal. 2015).................................................................21

*United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*,
   660 F. Supp. 2d 1163 (C.D. Cal. 2009)................................................................13

*Velazquez v. GMAC Mortg. Corp.*,
   605 F. Supp. 2d 1049 (C.D. Cal. 2008)................................................................18

*Vendavo, Inc. v. Price f(x) AG*, 2018 WL 1456697
   (N.D. Cal. Mar. 23, 2018) ...............................................................................16, 17

**Statutes**

18 U.S.C. § 1839(6) .................................................................................... 17

Cal. Civ. Code § 3426.1(b) ......................................................................... 17

Penal Code Section 496 ..................................................................... 13, 20, 22

Federal Rule of Civil Procedure 8 ................................................................ 7

Federal Rule of Civil Procedure 9(b) ...................................................... 7, 19

Federal Rule of Civil Procedure 12(b)(6) ................................................. 8, 9

I. **INTRODUCTION.**

Plaintiffs' Opposition (the "Opposition" or "Opp.") to Kyle Lo and 2082 Technology, LLC's (collectively, the "Moving Defendants") Motion to Dismiss (the "Motion"), together with their First Amended Complaint ("FAC"), is most telling for what it does not say rather than what does.  In particular, Plaintiffs repeatedly urge the Court not to consider the actual contracts at issue.  They repeatedly dispute that the terms of these contracts should be considered – despite incorporating them by reference in the FAC – suggesting these are "factual" issues not appropriate for resolution on the pleadings.

Relevant law and logic suggest otherwise.  The documents incorporated by reference in the FAC – including documents attested to by Plaintiffs – demonstrate that the alleged contracts at issue were entered into with Bolin Technology Co., Ltd. ("Bolin China"), a legally separate Chinese company, not with 2082 Technology, LLC ("2082").  This is certainly a fact the Court can and should consider at this juncture.  Similarly, the FAC's newly added vague and unsupported alter ego allegations do not save their claims as against Moving Defendants.  2082 and Bolin China are separate legal entities with separate ownership, and the claims against Bolin China cannot simply be transferred to 2082 and/or Mr. Lo.  Nothing in the Opposition counsels otherwise.

Even putting these fundamental failings aside, and as further discussed below, Plaintiffs do not state cognizable claims against Moving Defendants for various other reasons.  First, Plaintiffs fail to allege their claims consistent with Federal Rule of Civil Procedure 8 and, where applicable, with the particularity required by Rule 9(b).  The FAC also fails because Plaintiffs improperly attempt to transform a contract case into a tort action by recasting the breach of contract allegations as conversion, intentional interference, and similar claims.  Plaintiffs' attempt to dispute this in their Opposition ignores relevant authority and ignores their allegations, in which the same facts supporting Plaintiffs' breach of contract

1   claims also support their tort and related claims against Bolin China, 2082, and

2   their alleged alter ego Mr. Lo.

3        As stated in the Motion, no matter how Plaintiffs attempt to plead and re-

4   plead their claims, those claims are both insufficient and implausible as a matter of

5   law.

6   **II.   ARGUMENT**

7        **A.   Plaintiffs Cannot State a Claim Against 2082 Because 2082 Was**

8             **Not a Party to Any Contract with Plaintiffs.**

9        As demonstrated in the Moving Defendants' Motion, 2082 was not a party to

10  any contract with Plaintiffs and, therefore, cannot be liable for any breach thereof.

11  The purchase orders and wire transfer records reflect that the contracts at issue were

12  solely between BirdDog Australia and Bolin China.  *See* Motion at 11:14-13:25;

13  Magnuson Decl. Ex. D.  Plaintiffs attempt to counter this by claiming, first, that the

14  Court should not consider this evidence, and, second, that the contracts at issue

15  were supposedly "written and oral" and one of the (newly) alleged oral terms and

16  conditions was that 2082 would be a party to the contracts.  Opp. at 12:21-14:11.

17  Neither argument is availing.

18       With respect to Plaintiffs' argument that the Court should not consider

19  "facts" on a motion to dismiss – facts which undermine the allegations in the FAC

20  – this argument has no support and is quite telling.  "A party's assertion of

21  ambiguity [as to the terms of the contract] does not require the district court to

22  allow additional opportunities to find or present extrinsic evidence if the court

23  considers the contract language and the evidence the parties have presented and

24  concludes that the language is reasonably susceptible to only one interpretation."

25  *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1017 (9th Cir. 2012).  "That

26  conclusion can be reached . . . on a motion to dismiss if the evidence can properly

27  be considered under Rule 12(b)(6)."  *Id.*

28       Plaintiffs have alleged in the FAC some of the purported terms of the

contracts, but they apparently do not want the Court to look at the documents themselves reflecting these contracts.  Under the doctrine of incorporation by reference, however, the Court may consider documents, like the purchase orders and wire transfer records, "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading . . . ."  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  As the Ninth Circuit has explained, "[u]nlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself.  The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018).  The incorporation by reference doctrine extends to documents "crucial to the plaintiff's claims," even if not "explicitly incorporated in [the] complaint," which supports "the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based."  *Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as recognized in *Abrego Abrego v. Dow Chem. Co*., 443 F.3d 676, 681-82 (9th Cir. 2006).  *See also Lloyd v. Facebook, Inc*., No. 21-CV-10075-EMC, 2022 WL 4913347, at *4 (N.D. Cal. Oct. 3, 2022) (on motion to dismiss, granting request to take judicial notice of two contracts necessarily relied on as part of the plaintiff's breach of contract claim).  "The contents of such documents may be assumed to be true for purposes of deciding as Rule 12(b)(6) motion."  *Id*.

This is precisely what Plaintiffs attempt to do here – survive a motion to dismiss by not allowing the Court to see the contracts at issue.  This is improper and can be rejected out of hand.

With respect to Plaintiffs' second argument that 2082 was a party to the alleged contracts, Plaintiffs do not allege anywhere in the FAC that this is a purported "term" of their alleged contracts with Bolin China or that it is a term that was purportedly breached.  *See* FAC ¶¶ 69-83.  The only specific terms alleged in the FAC are those reflected in the six purchase orders of which the Court may consider – purchase orders between BirdDog Australia and Bolin China – and in the wire transfer records reflecting the transaction and transfer of money between BirdDog Australia and Bolin China.  *See id*.  These documents reflect no such terms and, as such, Plaintiffs' argument can be rejected.  There is no alleged basis for 2082 to be a party to this case, and none of the cases cited by Plaintiffs found the enumerated parties to the contract to be an ambiguous term reasonably susceptible to differing interpretations.  *See* Opp. at 13:22-14:11.[1]

## B.  Plaintiffs' Alter Ego Allegations Cannot Salvage Their Claims.

In an effort to kick the proverbial can down the road, Plaintiffs contend that alter ego liability is an "inherently fact-specific" inquiry that should not be resolved on a motion to dismiss.  Opp. at 14:19-22.  It is well established, however, that "[c]onclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must specifically allege both of the elements of alter ego liability, as well as facts supporting each."  *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003).  "This stringent pleading requirement reflects the principle that disregarding the corporate entity is recognized as an extreme remedy, and courts will pierce the corporate veil only in exceptional circumstances."  *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 993

---

[1] Plaintiffs blatantly misrepresent *Kojeszewski v. Infinity Ins. Co.*, No. 3:06-CV-1261, 2006 WL 3143445 (M.D. Pa. Oct. 31, 2006).  In this case, the Pennsylvania district court did not, as Plaintiffs imply, deny a motion to dismiss a breach of contract claim because the "question of parties to [the] contract was a factual question."  Opp. at 14:9-11.  The defendant insurer did not even move on the breach of contract claims but, rather, sought to dismiss its parent company and the insured's wife as improper parties, which the court denied based on seemingly undisputed factual allegations that the two were parties to the insurance contract. *Id.* at *4.

(E.D. Cal. 2012) (internal quotations omitted).

Plaintiffs' checklist of conclusory factors in the Opposition fails to plausibly allege a unity of interest and ownership such that "the separate personalities" of Bolin China and 2082 "do not in reality exist." *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015); *see also* FAC ¶ 13. Even if Plaintiffs could allege common ownership, which they cannot plausibly do,[2] their allegations that Bolin China and 2082 share the same offices, have overlapping officers and employees, and do business under the same name are still insufficient to state a claim for alter ego liability. *See, e.g., Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 956 (N.D. Cal. 2015) ("[E]quitable ownership, use of the same offices and employees . . . and identical officers and directors . . . even when considered together, are not sufficient to support a finding of unity of interest among these entities."); *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014) (allegations "corporate Defendants are underfunded, are not stand alone corporations, have common management and pay practices, share labor and materials, . . . and operate a common marketing system . . . are too conclusory to survive a motion to dismiss"). Similarly, merely stating that Bolin China is undercapitalized while failing to "plead facts plausibly suggesting this is so" is the "type of conclusory allegation, unsupported by facts," that "does not demonstrate that there was a 'unity of interest.'" *Gerritsen*, 116 F. Supp. 3d at 1142.[3]

---

[2] Plaintiffs do not deny – indeed, the FAC specifically alleges – that 2082 is a California LLC and Bolin China is a separate Chinese company (FAC ¶¶ 10-11) and, as reflected in 2082's Articles of Incorporation and Bolin China's Company Registration, there are no overlapping members or shareholders. Magnuson Decl. Exs. A-C (Dkt. 47-4, 47-5, 47-6). On these facts alone, Plaintiffs' alter ego allegations fail. *See S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003).

[3] Tellingly, Plaintiffs can only identify a single unreported, out-of-circuit case where a court imposed alter ego liability based on the same type of conclusory allegations at issue here. *See* Opp. at 15:8-11, citing *H.C. Duke & Son, LLC v. Prism Mktg. Corp.*, No. 4:11-CV-04006-SLD, 2012 WL 2792443, at *5 (C.D. Ill. July 9, 2012). *Compare* Opp. at 14:27-15:2, citing *Monaco v. Liberty Life Assur. Co.*, No. C06-07021 MJJ, 2007 WL 1140460, at *5 (N.D. Cal. Apr. 17, 2007) (alleging, *inter alia*, parent company owned 90% of subsidiary, fully guaranteed its policy obligations, shared five of the subsidiary's seven directors and "several other officers," and fully integrated the subsidiary's administrative functions).

Plaintiffs do not even try to argue that the FAC sufficiently pleads the second prong of alter ego liability – *i.e.,* that an inequitable result will follow if Bolin China is treated as a separate corporation. *See* Opp. at 14:12-15:20. Unsupported allegations that both entities are undercapitalized (FAC ¶ 13) "do not give rise to a plausible inference that either entity was undercapitalized" (*Gerritsen*, 116 F. Supp. 3d at 1142), and, even if plausibly alleged, would still fall short of demonstrating an inequitable result. *See Neilson*, 290 F. Supp. 2d at 1117 ("California courts have rejected the view that the potential difficulty a plaintiff faces collecting a judgment is an inequitable result that warrants application of the alter ego doctrine.").

## C.   BirdDog's Sixth Through Tenth Claims for Relief Against Moving Defendants Are Barred by the Economic Loss Rule.

In their Motion, the Moving Defendants demonstrated that Plaintiffs' numerous extra-contractual claims should be dismissed from this commercial contract dispute. In response, Plaintiffs first argue that an exception to the economic loss rule applies to their conversion claim. Opp. at 16:11-17. Plaintiffs are wrong and the caselaw on which they rely does not support this assertion. Notably, Plaintiffs do not even address the on point caselaw cited in the Motion. For example, in *Motivo Engineering, LLC v. Black Gold Farms,* No. 2:22-CV-01447-CAS-JCx, 2022 WL 3013227 (C.D. Cal. June 27, 2022), this Court dismissed a conversion counterclaim under the economic loss rule where the defendant's ownership interest in the converted property arose solely from the agreement at issue in the case. *Id*. at *4. Many other courts have similarly barred conversion claims under the economic loss rule. *See. e.g., Amuchie v. JPMorgan Chase Bank N.A.,* No. 2:22-CV-07621-AB-JPR, 2023 WL 2559201, at *4 (C.D. Cal. Feb. 9, 2023); *Expedited Packages, LLC v. Beavex Inc*., No. CV 15–00721 MMM (AGRx), 2015 WL 13357436, at *4 (C.D. Cal. Sept. 10, 2015) ("[A] conversion claim seeking the $800,000 plaintiffs are allegedly owed under the contract would arise entirely from the contract itself, and be barred by the economic

loss rule."); *Baggett v. Hewlett-Packard Co.*, No. SACV 07-0667 AG (RNBx), 2009 WL 3178066, at *3 (C.D. Cal. Sept. 29, 2009) (holding that because plaintiff's relationship with defendant "arises solely out of their contract and commercial transaction," "the economic loss rule applies to bar Plaintiff's tort claims for conversion and trespass to chattels."). Plaintiffs do not and cannot dispute that the factual allegations underlying their breach of contract and conversion claims are identical. Therefore, Plaintiffs' conversion claim is barred by the economic loss rule.

Plaintiffs also argue that the economic loss rule does not apply to their Penal Code and money had and received claims because these are not tort claims. Opp. at 16:18-24. Once again, Plaintiffs are wrong, and their argument has no basis in law. To begin with, the cases BirdDog cites in support of this argument say nothing about the application of the economic loss rule to Section 496 or money had and received claims. Plaintiffs do not cite to any authority for any exception to the economic loss rule for claims based on purported statutory violations or actions based on an implied contract. Plaintiffs' Penal Code and money had and received claims are simply a recasting of their claim for conversion and, as such, they are subject to the economic loss rule. *See* FAC ¶¶ 109-110, 115, 118-119, 128-129. The damages sought for these tort claims are the same damages sought in connection with BirdDog's breach of contract claim, the alleged $3,060,883.10 paid pursuant to the contracts. *See id.* To allow these claims to proceed would improperly grant Plaintiffs a license to turn a commercial breach of contract case into a tort case, which is inconsistent with California law. *See, e.g., United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1180 (C.D. Cal. 2009) (noting economic loss rule "is particularly strong when a party alleges 'commercial activities that negligently or inadvertently [went] awry'"), quoting *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 991, n.7 (2004).

Finally, Plaintiffs contend that their claims against Mr. Lo individually are

not barred by the economic loss rule because they have not brought a breach of contract claim against him personally.  Opp. at 16:25-17:2.  Any such contention is disingenuous given the FAC's allegations of supposed control of 2082 and Bolin China by Mr. Lo, including that Mr. Lo is the alleged alter ego of 2082 and Bolin China.  *See* FAC ¶ 13.  Plaintiffs are trying to have it both ways.  On the one hand, they claim Mr. Lo has control and domination over the corporate parties and should somehow be individually liable for the corporate parties' alleged actions and, on the other hand, they argue their claims are not barred because he is separate from the corporate defendants.  As the tort claims against Mr. Lo are duplicative of the claims against 2082 and Bolin China, and are mere extensions of the contract claims against 2082 and Bolin China, they should be barred to the same extent they would be barred as against 2082 and Bolin China.  Any other result would undermine the purpose of the economic loss rule and invite tort claims against corporate officers for breaches of contract by the corporations they serve.

Accordingly, the economic loss rule bars Plaintiffs' sixth through tenth claims for relief against Mr. Lo, as well as against 2082.

**D.  Even Putting the Overriding Infirmities Aside, Each Claim for Relief Alleged in the FAC Fails to State a Claim.**

**1.  Plaintiffs Fail to State a Plausible Breach of Contract Claim Against 2082.**

Plaintiffs notably did not attach the alleged purchase orders to the FAC.  And Plaintiffs now ask the Court to disregard these documents which contradict their claim that there was a breach of contract by the "Bolin Defendants," including, collectively, 2082 and Bolin China.  Even assuming 2082 was a proper party to this claim – which it is not – Plaintiffs still have not sufficiently pleaded this claim for relief against 2082.

As discussed in the Motion, the FAC does not allege the specific identity of the parties to the contracts at issue, instead grouping multiple Plaintiffs and

Defendants together.  The FAC also fails to allege the contracts' terms, including what provisions of the relevant contracts were breached and how.  Instead, the FAC alleges as a mere legal conclusion that the "Bolin Defendants" failed "to timely produce" units and failed "to meet promised delivery dates" (FAC ¶¶ 76-81), but does not specify what production and delivery dates were ever agreed to be met.  The FAC also conclusorily alleges that 2082 or Bolin China, or somehow both, "fail[ed] to provide units of acceptable and/or merchantable quality" (*id.*), but does not allege in what way the goods were supposedly not acceptable and not of merchantable quality, or even what the alleged contracts provided for in that regard.  These allegations do not reach the level of plausibility required to survive a motion to dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiffs have no answer in their Opposition to these deficiencies.

Similarly, with respect to their second claim for relief, Plaintiffs tellingly also do not attach the NDA.  Instead, Plaintiffs allege a legal conclusion as to the identity of parties to the agreement and who is bound thereby.  *See* FAC ¶ 85.  In alleging the existence of the contract, a "plaintiff may set forth the contract verbatim in the complaint or plead it, as indicated, by exhibit, or plead it according to its legal effect."  *Buchanan v. Neighbors Van Lines*, No. CV 10 6206 PSG (RCx), 2010 WL 4916644, *5 (C.D. Cal. Nov. 29, 2010).  To plead a contract's legal effect, a plaintiff must "allege the substance of its relevant terms," which is more difficult than pleading the contract's precise language because it "requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions."  *See Parrish v. NFL Players Ass'n*, 534 F. Supp. 2d 1081, 1094 (N.D. Cal. 2007).  The FAC fails to meet these pleading standards and, as such, fails to state a claim against 2082.

### 2.   The Third and Fourth Claims for Trade Secret Violations Fail to State a Plausible Claim Against 2082 and Mr. Lo.

Plaintiffs contend that the allegations in their FAC adequately delineate

between the four defendants with respect to Plaintiffs' trade secret claims and that the Moving Defendants' reliance on *Vendavo, Inc. v. Price f(x) AG*, 2018 WL 1456697 (N.D. Cal. Mar. 23, 2018) is misplaced. Opp. at 17:21-18:7. Not so. As noted in the Motion, and as Plaintiffs themselves acknowledge in their Opposition, Plaintiffs' FAC alleges in only conclusory fashion that the "Bolin Defendants" (which they define to include 2082 and Bolin China) as well as Mr. Lo and Ms. Lee all acquired Plaintiffs' "Trade Secrets" by improper means and used and disclosed these allegedly misappropriated trade secrets. *See, e.g.*, FAC ¶¶ 63, 92, 93, 101. Plaintiffs also now point to additional allegations, but these allegations similarly and ambiguously group the defendants together. *See* Opp. at 18:6, citing FAC ¶¶ 42, 48, 51. Plaintiffs need to support their claims against 2082 and Mr. Lo with allegations that these particular defendants misappropriated their trade secrets. *Vendavo*, 2018 WL 1456697, at *4. They fail to do so.

The Moving Defendants also established that Plaintiffs failed to sufficiently identify their trade secrets. Motion at 20:10-21:21. In response, Plaintiffs argue that they do not need to "spell out the details" of their trade secrets and contend that their allegations have put the Moving Defendants "on notice of what the theft is about." Opp. at 18:11-15, citing *Arthur J. Gallagher & Co. v. Tarantino*, 498 F. Supp. 3d 1155, 1171 (N.D. Cal. 2020). They have not. It is "Plaintiff's burden to describe the subject matter of [its] trade secret(s) with sufficient particularity to separate [them] from matters of general knowledge in the trade or of special persons who are skilled in the trade." *Race Winning Brands, Inc. v. Gearhart*, No. SACV 22-1446-FWS-DFM, 2023 WL 4681539, at *4 (C.D. Cal. April 21, 2023) (internal citation omitted). As Moving Defendants previously noted, Plaintiffs "may not simply rely upon 'catchall' phrases or identify categories of trade secrets Plaintiffs intend to pursue at trial." *Vendavo*, WL 1456697, at *4 (internal citations omitted); *see also Masimo Corp. v. Apple Inc.*, No. SACV 20-48 JVS (JDEx), 2020 WL 4037213, at *4 (C.D. Cal. June 25, 2020).

Plaintiffs' alleged "Technical Trade Secrets" allegations consist of broad categories that fail to meaningfully define the trade secrets at issue and fail to separate the various items from matters of general knowledge in the trade. Plaintiffs' alleged "Economic Trade Secrets," which Plaintiffs do not even address in their Opposition, are even less specific.  As the listed categories provide no indication of what constitutes Plaintiffs' trade secrets, they cannot support a claim. *See Race Winning Brands*, 2023 WL 4681539, at *5; *see also Space Data Corp. v. X*, No. 16-cv-03260-BLF, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017); *Vendavo*, WL 1456697, at *3-4.

Finally, and contrary to Plaintiffs' attempt to argue otherwise, the FAC fails to allege that 2082 or Mr. Lo misappropriated any of BirdDog's alleged trade secrets, as they must.  *See* 18 U.S.C. § 1839(6); Cal. Civ. Code § 3426.1(b).  As discussed in the Motion, the FAC fails to satisfy this element because it does not tie any specific "trade secret" to a specific misappropriation by either 2082 or Mr. Lo, and there are no factual allegations regarding how the alleged trade secrets were disclosed or used.  Motion at 21:22-22:2.  Moving Defendants specifically noted in their Motion certain allegations in the FAC, demonstrated that the allegations were entirely speculative, and that Plaintiffs had failed to allege any facts explaining Plaintiffs' belief that its trade secrets were misappropriated or even what trade secrets were misappropriated.  *Id.* at 22:2-10, discussing FAC ¶¶ 64, 65.  Moving Defendants understand that their Motion is not to dispute the facts at this juncture. Rather, Moving Defendants have demonstrated a pleading failure.  The FAC's conclusory allegations of misappropriation fail to "raise a right to relief above the speculative level" and the claims are, therefore, properly dismissed.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> **3.    The Fifth Claim for Breach of the Implied Covenant Fails to State a Plausible Claim and is Not Pleaded with Specificity.**

The FAC alleges that the "Bolin Defendants" – again, improperly treating

Bolin China and 2082 as if they were one and the same – breached the implied covenant of the contracts.  FAC ¶ 106.  As discussed above, the FAC does not allege facts as to the identity of the contracting parties, the promised production and delivery dates, the alleged breach and by which party, or the specific alleged issues with the quality of the products, among other facts.  Therefore, as this claim for relief arises from these allegations, it should likewise be dismissed.  Plaintiffs' counter to this is to acknowledge that perhaps the Moving Defendants "did not breach an express covenant of the agreement."  Opp. at 21:2-4.  Again, Plaintiffs cannot have it both ways.  If they are claiming a breach of contract, they need to specify the breach.  Alternatively, if they are claiming a breach of an implied covenant, they must so specify.  As currently pleaded, this claim is duplicative and, therefore, improper.  *See Hougue v. City of Holtville*, No. 07CV2229 WQH (WMC), 2008 WL 1925249, at *4 (S.D. Cal. Apr. 30, 2008); *see also Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1072 (C.D. Cal. 2008) ("*tort* recovery for breach of the covenant . . . is available only in limited circumstances . . . where there are unique fiduciary-like relationships between the [contracting] parties") (italics in original) (internal quotations and citations omitted).

### 4.     Plaintiffs Fail to Show That They Adequately Plead Conversion Against 2082 and Lo.

BirdDog's claim of conversion arises solely from a partial payment for six contracts which the "Bolin Defendants" allegedly refused to refund following a contract dispute.  Plaintiffs do not dispute that they failed to allege who owned the funds at issue (BirdDog Australia or BirdDog Technology).  Nor do Plaintiffs dispute that it was Bolin China who received the funds.[4]  Instead, Plaintiffs argue

---

[4] Plaintiffs continue to obfuscate their failure to identify the actions attributable to specific entities by asserting that they adequately plead a claim for conversion because "Defendants concede that Plaintiffs' funds were received."  Opp. at 22:24-26.  Notably, BirdDog does not state who received the funds.  Of course, as evidenced by the very contracts and payment information on which BirdDog's claims rely, it was Bolin China that received the funds, not 2082 or Mr. Lo.  This only further demonstrates BirdDog's failure to adequately state a claim against the

that there is a factual question of whether 2082 or Mr. Lo "owns or controls the bank account where the funds were transmitted and whether and to what extent Bolin LLC and Mr. Lo exercise joint dominion and control over those funds or aided the entities that did." Opp. at 22:11-13 (emphasis omitted). However, to the extent BirdDog has a good faith basis for believing that 2082 or Mr. Lo owned the bank account in question or has control over the funds (which BirdDog does not), BirdDog must plead the relevant facts to support such an allegation, instead of mere legal conclusions. BirdDog fails to do so.

Plaintiffs also argue that they made "joint tortfeasor and alter ego allegations." Opp. at 22:8-9. Again, Plaintiffs fail to identify any alleged facts that show which entity performed the acts that would constitute primary liability and which entity has vicarious or derivative liability. *Smith v. Simmons*, 638 F. Supp. 2d 1180, 1190 n.14 (E.D. Cal. 2009), *aff'd,* 409 F. App'x 88 (9th Cir. 2010). Failing to do so results in a failure to plead claims with plausibility.

Further, as the allegations of conversion sounds in fraud, BirdDog also fails to meet the stricter requirement of specificity under Rule 9(b). Plaintiffs argue they do not need to plead this claim or their other claims with specificity under Rule 9(b) because their claims do not rely "entirely on a unified fraudulent course of conduct." Opp. at 26:18-19. Yet, BirdDog offers no argument or explanation how its allegations are not founded on "a unified fraudulent course of conduct." The FAC expressly alleges that "the Bolin Defendants devised a plan to convince BirdDog to entrust them with its funds and highly confidential information, hold and brazenly misuse and misappropriate those funds and highly sensitive information to apply pressure on BirdDog, create competing cameras and steal BirdDog's clients and economic relationships for themselves," and that "the Bolin Defendants employed "a deliberate and unlawful strategy . . . all the while concealing their real and true intent." FAC ¶ 5. *See also id.* ¶ 54 ("they never had

Moving Defendants.

any intent of complying with their obligations under these related transactions"), *id.*
¶ 106 ("knowingly, intentionally and in bad faith inducing BirdDog to agree to pay
millions of dollars to Bolin when Bolin never intended to provide what BirdDog
was entitled to receive in exchange.").  BirdDog even argues in its Opposition that
the conduct complained of constitutes theft by "false pretenses."  Opp. at 8:11,
21:24-25.  Thus, there can be no dispute that BirdDog's allegations sound in fraud.

The FAC fails to plead key facts within BirdDog's knowledge, such as which
BirdDog entity was involved, which individual or entity made the allegedly
fraudulent representations to induce BirdDog to enter into contracts, which
individual or entity was a party to the contracts, which individual or entity received
the BirdDog's partial payment under the contracts, or which individual or entity is
obligated to perform under the contract.  Accordingly, Plaintiffs' allegations are
insufficient.

> **5.    Plaintiffs Fail to Show That They Adequately Plead Any
> Violation of Penal Code Section 496 Against 2082 and Lo.**

Like their conversion claim, Plaintiffs fail to allege facts sufficient to state a
claim for violation of Penal Code Section 496.  For example, BirdDog fails to
allege which entity induced BirdDog to enter into the six contracts by false
pretenses (though the contracts themselves make clear that it could only be Bolin
China), or which entity received or had possession of the funds (though the
purchase orders make clear that it could only be Bolin China).  To the extent
BirdDog believes that 2082 or Mr. Lo "aid[ed] in concealing . . . or withholding
any property from the owner, knowing the property to be so stolen or obtained,"
BirdDog must allege facts that plausibly support this legal conclusion, instead of
alleging the bare legal conclusion itself.

> **6.    Plaintiffs Fail to Show That They Adequately Plead a Money
> Had and Received Claim Against 2082 and Lo.**

BirdDog does not and cannot dispute that a necessary element for a money

had and received claim is that the "defendant received money." *Maksoud v. Hopkins*, No. 17-CV-00362-H-WVG, 2018 WL 5920036, at *8 (S.D. Cal. Nov. 13, 2018).  In its Opposition, BirdDog fails to identify any alleged facts that specifically show that 2082 and Mr. Lo received Plaintiffs' money.  Therefore, BirdDog fails to state a claim of money had and received with facial plausibility, much less with specificity.

### 7. Plaintiffs Fail to Show That They Adequately Plead Intentional Interference with Prospective Economic Advantage Against 2082 and Lo.

Plaintiffs' Opposition fails to identify any factual allegations that show "'(1) a specific economic relationship between the plaintiff and some third person containing the probability of future economic benefit to the plaintiff; (2) knowledge by defendant of the existence of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages proximately caused by the defendant's acts." *UMG Recs., Inc. v. Global Eagle Enter., Inc*., 117 F. Supp. 3d 1092, 1116 (C.D. Cal. 2015).  The allegations identified by Plaintiffs merely show that BirdDog generally has customers and generally conducts business (FAC ¶¶ 24-26, 28, 122), but do not identify any specific economic relationship with any specific customers involving the cameras involved in the six alleged contracts, much less how BirdDog had a probability of future economic benefit from those relationships.  Similarly, they show that BirdDog may have had general discussions about its customer with Mr. Lo (*id*. ¶¶ 36, 40, 123)[5], but not whether 2082 or Mr. Lo had knowledge of the specific relationships that were allegedly disrupted.  They allege Bolin China entered into contracts with BirdDog (*id.* ¶¶ 40-67, 124), but not how 2082 or Mr. Lo disrupted any specific economic relationships.  In sum, BirdDog cannot dispute

---

[5] BirdDog also identifies paragraphs 55, and 64-67 of the FAC as allegations that supposedly show 2082 and Mr. Lo had knowledge of specific economic relationships, but these paragraphs contain no relevant facts.

that its FAC suffers from the defect 2082 and Mr. Lo identified in their opening brief.

Therefore, BirdDog fails to state a claim for intentional interference with prospective economic advantage.

### 8.    Plaintiffs Cannot Plead a Violation of the UCL.

In their Opposition, Plaintiffs make no effort to distinguish *Linear Technology Corp. v. Applied Materials, Inc*., 152 Cal. App. 4th 115 (2007), which held that "a corporate plaintiff may not rely on the UCL" to bring an action "based on contracts not involving either the public in general or individual consumers who are parties to the contract." *Id.* at 135.  Instead, Plaintiffs merely assert that "BirdDog is a customer of Defendants."  Opp. at 25:21.  This is a non sequitur. *Linear Technology* does not permit corporate plaintiffs to bring a UCL action based on a contract merely by styling themselves as a "customer."  Instead, *Linear Technology* explained that the UCL was enacted to protect "powerless, unwary consumers," as opposed to "sophisticated corporate customers." *Linear Tech*., 152 Cal. App. 4th at 135.  Indeed, the *Linear Technology* court affirmed the dismissal of a UCL claim by "corporate customers" alleging misrepresentation in purchase orders.  *Id*.  *Linear Technology* is directly analogous, and to the extent BirdDog is basing its UCL claim on the six purchase orders, this claim should be dismissed under the reasoning of that court.

Plaintiffs also argue that their UCL claim should survive dismissal because it is based on an alleged violation of Penal Code Section 496.  But, as explained above, Plaintiffs' Penal Code Section 496 claim is nothing more than an improper repackaging of their breach of contract claim.  BirdDog cannot evade the rule established in *Linear Technology* through improper pleading.  Further, as explained above, Plaintiffs fail to state a claim for violation of Penal Code Section 496 and, therefore, this derivative UCL claim should be dismissed for the same reasons.

1

### III.  <u>CONCLUSION</u>

2         For all of the foregoing reasons, and as set forth more fully in their Motion,

3  the Moving Defendants request that the Court dismiss all of the claims for relief in

4  the FAC for failure to state a claim against either 2082 or Mr. Lo.

5

6  Dated:  February 12, 2024                UMBERG ZIPSER LLP

7
                                           <u>*s/ Molly J. Magnuson*</u>
8                                          Molly J. Magnuson
                                           Attorneys for Defendants 2082
9                                          Technology, LLC dba Bolin
                                           Technology, Hoi "Kyle" Lo, and
10                                         Jennifer Lee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF COMPLIANCE**

2        The undersigned, counsel of record for Moving Defendants, certifies that this

3  brief contains 5,630 words, which complies with the word limit of L.R. 11-6.1.

4

5  Dated:  February 12, 2024        UMBERG ZIPSER LLP

6

7                          *s/ Molly J. Magnuson*

                             Molly J. Magnuson

8                           Attorneys for Defendants 2082

                           Technology, LLC dba Bolin

9                           Technology, Hoi "Kyle" Lo, and

                           Jennifer Lee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28