UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-09416-CAS (AGRx) | Date | February 13, 2024 |
|---|---|---|---|
| Title | BirdDog Technology Limited, et. al. v. 2082 Technology, LLC. et. al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge |
|---|---|

| C. Delgado for K. Lozada | CS 02/13/2024 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Ryan Keech<br>Gabriel Huey<br>Kevin Sullivan | Dean Zipser<br>Molly Magnuson |

**Proceedings:** **ORDER DENYING: (1) APPLICATION FOR WRIT OF ATTACHMENT AS TO DEFENDANT LO (Dkt. No. 24); AND (2) APPLICATION FOR WRIT OF ATTACHMENT AS TO DEFENDANT 2082 TECHNOLOGY, LLC (Dkt. No. 25)**

Case called. Counsel state appearances.

## I.  PROCEDURAL HISTORY

On December 15, 2023, Plaintiffs BirdDog Technology Ltd. and BirdDog Australia Pty., Ltd. (hereinafter collectively "BirdDog") filed applications for writs of attachment against Defendant Hoi "Kyle" Lo and Defendant 2082 Technology Ltd. dba Bolin Technology. (Dkt. Nos. 24-25.) Both applications seek a writ of attachment in the amount of $3,480,883.10, which includes estimated attorneys fees of $400,000 and estimated costs of $20,000. Upon stipulation of the parties, the court granted a continuance of the hearing date and set a briefing schedule. (Dkt. No. 31.) Defendants filed an opposition and evidentiary objections. (Dkt. No. 33.) Plaintiffs filed a reply, evidentiary objections and a response to Defendants' evidentiary objections. (Dkt. Nos. 37-39.)

On January 24, 2024, Defendants filed an objection and request to strike new evidence and argument improperly submitted in support of Plaintiffs' reply brief. (Dkt. No. 42.) On January 25, 2024, Plaintiffs filed a request to strike Defendants' objection and request to strike. (Dkt. No. 44.)

In the meantime, Plaintiffs filed a First Amended Complaint (Dkt. No. 34). Defendants have filed motions to dismiss that complaint. (Dkt. Nos. 47, 55.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-09416-CAS (AGRx) | Date | February 13, 2024 |
|---|---|---|---|
| Title | BirdDog Technology Limited, et. al. v. 2082 Technology, LLC. et. al. | | |

By order dated January 29, 2024, the court denied Defendants' request to strike Plaintiffs' reply brief and Plaintiffs' request to strike Defendants' request. The court permitted Defendants to file a supplemental opposition brief. (Dkt. No. 48.) Defendants filed a supplemental opposition brief with a request for judicial notice, evidentiary objections and a response to Plaintiff's evidentiary objections. (Dkt. No. 54.) The matter came on for hearing on February 13, 2024.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 64(a) provides, in relevant part, that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Rule 64 "permits state seizure provisions to be used in federal courts." *Reebok Int'l v. Marnatech Enters.*, 970 F.2d 552, 558 (9th Cir. 1992); *see Grupo Mexicano de Desarrollo v. Alliance Bond Fund*, 527 U.S. 308, 330 (1999). "But a federal statute governs to the extent it applies." Fed. R. Civ. P. 64(a).

To obtain a writ of attachment, the plaintiff must show: "(1) The claim upon which the attachment is based is one upon which an attachment may be issued. (2) The plaintiff has established the probable validity of the claim upon which the attachment is based. (3) The attachment is not sought for a purpose other than the recovery upon the claim upon which the attachment is based. (4) The amount to be secured by the attachment is greater than zero." Cal. Civ. Proc. Code § 484.090(a).

When an attachment is sought against a defendant who is a natural person, "an attachment may be issued only on a claim which arises out of the conduct by the defendant of a trade, business, or profession." *Id.* § 483.010(c).

Under California law, a writ of attachment may issue against an entity or person who is not a party to a contract if that entity or party is the alter ego of the party whose property is subject to attachment. *Hamilton Beach Brands Inc. v. Metric & Inch Tools, Inc.*, 614 F. Supp. 2d 1080, 1082 (C.D. Cal. 2009). The party seeking to have the corporate entity disregarded bears the burden of proof. *Matter of Christian & Porter Aluminum Co.*, 584 F.2d 326, 338 (9th Cir. 1978).

Before a court issues a writ of attachment, "the plaintiff shall file an undertaking to pay the defendant any amount the defendant may recover for any wrongful attachment by the plaintiff in the action." Cal. Civ. Proc. Code § 489.210. Although the presumptive amount is $10,000, the amount may be increased upon a showing that probable recovery for a wrongful attachment would be greater. *Id.* § 489.220.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-09416-CAS (AGRx) | Date | February 13, 2024 |
|---|---|---|---|
| Title | BirdDog Technology Limited, et. al. v. 2082 Technology, LLC. et. al. | | |

### III. DISCUSSION

#### A. Factual Background

Plaintiff BirdDog Technology Ltd. ("BirdDog") is based in Australia and is a leader in pan, tilt and zoom ("PTZ") robotic remotely controlled video cameras. (Calnon Decl. ¶ 2.)

BirdDog issued purchase orders to "Bolin Technology" in Shenzhen, China to purchase PTZ cameras in a series of six transactions. BirdDog paid deposits of 30% or 50% of the total amount owed. For the six transactions, the parties agree that BirdDog paid the aggregate amount of $3,060,883.10 to Bolin Technology Co., Ltd. in Shenzhen, China (hereinafter "Bolin China"). (*See* Exh. H to Calnon Decl., Dkt. No. 23-2 at 53-54.)[1]

The declaration of Mr. Calnon, BirdDog's Chief Financial Officer ("CFO"), states that Bolin Technology is holding Plaintiffs' deposits, has put a "hard sharp stop" on production, and has repudiated the six transactions. (Calnon Decl. ¶¶ 10-11.)

To support BirdDog's assertions, Mr. Calnon attaches an email string in Exhibit H that

---

[1] The court assumes that the prepayment amount of $3,060.883.10 is correct. The court could not reconcile the amounts in paragraphs 4-6 of Mr. Calnon's declaration with Exhibits B-D to his declaration. At the hearing, counsel explained that the payment receipts include amounts for other contracts. The six transactions at issue in this case are as follows:
1. On June 30, 2021, BirdDog issued purchase orders and paid an aggregate deposit to Bolin Technology Co., Ltd. (Exh. B to Calnon Decl.)
2. On September 23, 2021, BirdDog issued purchase orders and paid an aggregate deposit to Bolin Technology Co., Ltd. (Exh. C to Calnon Decl.)
3. On August 5, 2022, BirdDog issued purchase orders and paid an aggregate deposit to Bolin Technology Co., Ltd. (Exh. D to Calnon Decl.)
4. On October 21, 2022, BirdDog issued purchase orders and paid an aggregate deposit to Bolin Technology Co., Ltd. (Exh. E to Calnon Decl.)
5. On March 31, 2023, BirdDog issued purchase orders and paid an aggregate deposit to Bolin Technology Co., Ltd. (Exh. F to Calnon Decl.)
6. On May 17, 2023, BirdDog issues purchase orders and paid an aggregate deposit to Bolin Technology Co., Ltd. (Exh. G to Calnon Decl.)

Defendants' evidentiary objections to paragraphs 4-9 to Mr. Calnon's declaration are overruled to the extent they object to the existence of these six transactions. It appears these same six transactions form the basis of Bolin China's claims for repudiation or breach of contract in Australia as explained below. Defendants' evidentiary objections are otherwise moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-09416-CAS (AGRx) | Date | February 13, 2024 |
|---|---|---|---|
| Title | BirdDog Technology Limited, et. al. v. 2082 Technology, LLC. et. al. | | |

appears incomplete in that the email string does not appear to include all of the emails and the attachments to various emails. More significantly, the content of the email string is not explained. (Exh. H to Calnon Decl., Dkt. No. 23-2.)

As best the court could discern from Exhibit H, on August 30, 2023 Mr. Calnon requested from Defendant Lo a "quantification of loss/damage assessment." (*Id.* at 57-58.) Lo responded from an email address with the domain name bolintechnology.com. According to the email, "Bolin Technology is a 2082 Technology LLC company." (*Id.* at 57.) Lo attaches a previous email dated August 29, 2023 and describes estimated loss "on the assumption of cancelling all the existing POs (Up to 29th August 2023) to reallocate to the PO that you provided last week." (*Id.* at 56-57.) It appears the parties agreed that the "prepayment value" was $3,060,883.10. (*Id.* at 53-54.) In an email dated September 6, 2023, Lo stated: "Bolin DOES NOT accept any PO Cancellation/ Reallocation at all." (*Id.* at 52 (bold omitted).) Further, "Bolin is not interested in taking any new POs or PO changes from BirdDog . . . ." (*Id.*) Mr. Calnon requested delivery of certain products on certain dates. (*Id.* at 51-52.) BirdDog will "work with Bolin on the existing POs, as they stand." (*Id.* at 50.) In response, Lo explained that Bolin refuses to deliver a few SKUs when other SKUs are under cancellation requests and when prices have not been determined. Bolin suspended all production and would not make any portion of the orders "until the entire situation is clearly sorted." Bolin insisted on a pickup schedule with the items fully paid. (*Id.* at 49.) BirdDog agreed to "work with Bolin (Helen) on pickup schedule for remaining balance or orders." (*Id.* at 48.)[2]

Defendant Lo explains that he is an employee of Bolin China, which is a limited liability company under Chinese law and based in Shenzhen, China. Lo is not a shareholder of, and does not have an ownership in, Bolin China. (Lo Decl. ¶ 4.)[3] Lo states that his communications with BirdDog relevant to the purchase orders (presumably including the emails in Exhibit H) were made within the scope, scope and authority of his employment with Bolin China. (*Id.* ¶ 13.) Lo is apparently the Chief Executive Officer of Bolin Technology in Shenzhen, China. (Letter, Dkt.

---

[2] BirdDog gives other context. Mr. Miall, the CEO of BirdDog, states that he met with Lo on July 12, 2023 in Australia. Lo suggested that BirdDog was failing, in trouble, and in financial distress. Lo presented options that included a merger, a takeover of BirdDog's camera business, a stop to manufacture of BirdDog's cameras, and a threat of competing with BirdDog. At a meeting a few days later on July 15, 2023, Lo repeated the options, added that Lo would be CEO of BirdDog, and gave BirdDog 24 hours to agree. BirdDog declined. (Miall Decl. ¶¶ 3-5.) The court overrules Defendants' evidentiary objections because this information is simply background.

[3] Plaintiffs' evidentiary objections to paragraph 4 of Mr. Lo's declaration are overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-09416-CAS (AGRx) | Date | February 13, 2024 |
|---|---|---|---|
| Title | BirdDog Technology Limited, et. al. v. 2082 Technology, LLC. et. al. | | |

No. 37-2 at 2.) Lo "conducted the key business negotiations" with BirdDog's Chief Executive Officer, Mr. Miall. (Lo Decl. ¶ 6.) Lo states that he did not receive BirdDog's payments under the purchase orders, which were made directly to Bolin China. Lo did not receive these funds from BirdDog or indirectly through Bolin China. ((*Id.* ¶¶ 6-9.)

Lo and his wife, Defendant Lee, are the only members of Defendant 2082 Technology, which is a California limited liability company. Mr. Lo is the CEO and Ms. Lee is the Chief Operating Officer ("COO") of 2082 Technology, which has five full time employees. 2082 Technology is a wholesale distribution, sales and marketing company for products that it purchases from Bolin China and resells. (*Id.* ¶¶ 2-3.) 2082 Technology has its own bank accounts and does not share, or have access to, any bank accounts of Bolin China. 2082 Technology and Bolin China do not share revenue, losses, expenses, or profits. (*Id.* ¶ 8.) Of 2082 Technology's five employees, only Lo also works for Bolin China. (Supp. Lo Decl. ¶ 2.)

According to Defendants, 2082 Technology was not a party to the purchase orders at issue in this case. (Lo Decl. ¶ 6.) The products at issue in the purchase orders are not in the possession, custody or control of 2082 Technology. (*Id.* ¶ 12.)

### B. *Plaintiffs Have Not Established the First and Second Elements Required for a Writ of Attachment*

With respect to the first element, "an attachment may be issued only in an action on a claim or claims for money, each of which is based upon a contract, express or implied, where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five hundred dollars ($500) exclusive of costs, interest, and attorney's fees." Cal. Civ. Proc. Code § 483.010(a). In addition, the claim must be unsecured. *Id.* § 483.010(b).

It is not necessary that the amount owed appear on the face of the contract. "'But the contract sued on must furnish a standard by which the amount due may be clearly ascertained and there must exist a basis upon which the damages can be determined by proof.'" *CIT Group/ Equipment Financing, Inc. v. Super DVD, Inc.*, 115 Cal. App. 4th 537, 540 (2004) (citation omitted). The amount to be secured by attachment is the amount of the defendant's indebtedness claimed by the plaintiff plus other statutory allowable amounts and minus the amount of plaintiff's indebtedness claimed by defendant based on a money judgment or a cross-claim if it is one upon which an attachment could be issued. Cal. Civ. Proc. Code § 483.015(a), (b).

As for the second element, "[a] claim has 'probable validity' where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim." *Id.* § 481.190; *Pos-A-Traction, Inc. v. Kelly-Springfield Tire Co.*, 112 F. Supp. 2d 1178, 1182 (C.D. Cal. 1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-09416-CAS (AGRx) | Date | February 13, 2024 |
|---|---|---|---|
| Title | BirdDog Technology Limited, et. al. v. 2082 Technology, LLC. et. al. | | |

"In determining the probable validity of a claim where the defendant makes an appearance, the court must consider the relative merits of the positions of the respective parties and make a determination of the probable outcome of the litigation." *Loeb & Loeb v. Beverly Glen Music*, 166 Cal. App. 3d 1110, 1120 (1985).

The probable validity element must be shown by a preponderance of the evidence. *Blastrac, N.A. v. Concrete Solutions & Supply*, 678 F. Supp. 2d 1001, 1005 (C.D. Cal. 2010). The application for writ of attachment must be supported by declaration(s) "showing that the plaintiff on the facts presented would be entitled to a judgment on the claim upon which the attachment is based." Cal. Civ. Proc. Code § 484.030. Except when matters are specifically permitted to be shown by information and belief, "[t]he declarations in the moving papers must contain evidentiary facts, stated 'with particularity,' and based on actual personal knowledge with all documentary evidence properly identified and authenticated." *Hobbs v. Weiss*, 73 Cal. App. 4th 76, 79-80 (1999) (citing Cal Civ. Proc. Code § 482.040). The opposing party must give notice of its objection, stating "the grounds on which the defendant opposes the issuance of the order" and "accompanied by an affidavit supporting any factual issues raised and points and authorities supporting any legal issues raised." Cal. Civ. Proc. Code § 484.060(a); *Goldstein v. Barak Construction*, 164 Cal. App. 4th 845, 852 (2008). A defendant may also submit a timely claim of exemption supported by declaration. Cal. Civ. Proc. Code §§ 484.060, 484.070.

The parties do not specifically address which law applies to the contracts at issue and rely on California law. The purchase orders issued by BirdDog, an Australian company, and Bolin China, a Chinese company, do not contain a choice of law provision. Defendants request that the court take judicial notice of the Statement of Claim filed by Bolin Technology Co., Ltd. ("Bolin China") against BirdDog in the Federal Court of Australia, District of Victoria, on January 24, 2024 alleging, among other things, BirdDog's repudiation and breach of the six transactions at issue in this case. (Dkt. No. 54-3.) BirdDog did not oppose the request for judicial notice at the hearing. Defendants' request is granted. Fed. R. Evid. 201; *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1982). According to the Statement of Claim, the parties "made no agreement about what law would govern their contractual relations." (Dkt. No. 54-6 at 8 ¶ 12.) Bolin China asserts that the United Nations Convention on Contracts for the International Sale of Goods ("Vienna Convention") governs the contracts between BirdDog and Bolin China, and alleges that both Australia and China are Contracting States. (*Id.* ¶¶ 13-18.) Bolin China is not a party to this action, and the parties to this action do not address the Vienna Convention or how it would apply to the facts. Therefore, for purposes of adjudicating the applications for writ of attachment, the court, like the parties before it, applies California law to assess the first and second elements.

Assuming, as the parties before the court do, that California law governs the contracts,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-09416-CAS (AGRx) | Date | February 13, 2024 |
|---|---|---|---|
| Title | BirdDog Technology Limited, et. al. v. 2082 Technology, LLC. et. al. | | |

Plaintiff must show by a preponderance of the evidence "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and damages." *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).

BirdDog asserts that it asked "for delivery of the products that it had ordered in accordance with the terms of the six transactions or for a refund of the outstanding prepayments." (Calnon Decl. ¶ 10.) BirdDog claims that "Bolin refused, with Mr. Lo communicating that there would be a 'hard sharp stop' on all BirdDog production." (*Id.*) BirdDog cites and attaches Exhibit H to support its allegation of breach of contract. (*Id.* & Exh. H.) BirdDog claims that Bolin is holding its 30% prepayment while repudiating any obligation to deliver the products ordered in the six transactions. (*Id.* ¶ 11.) Defendants object that these paragraphs are without foundation and offer improper legal opinion. As discussed above, Exhibit H is incomplete. BirdDog offered, at the hearing, to provide the court a complete copy of Exhibit H including all emails in the string and all attachments. The court finds that a complete copy, alone, would not aid in adjudication of the applications for writ of attachment.

The essential problem is that BirdDog does not explain how it tendered performance under the six transactions or how its nonperformance is excused, and how Bolin breached. Although Mr. Calnon's declaration cites Exhibit H, that exhibit paints a different picture of the six transactions. Based on the answers to the court's inquiries at the hearing, it appears BirdDog initially attempted to cancel the six transactions or enter into a novation of the six transactions under which the prepayment amounts would be applied to a new purchase order(s). Bolin appears to have refused the cancellation or novation. BirdDog then requested delivery of certain products. After some back and forth, it appears Bolin would not accept a situation in which BirdDog could essentially take delivery only of some products (presumably sufficient to cover the amount of its prepayments) and thus effectively cancel the rest. Bolin then makes the following statements:

> "BOLIN is now suspending all existing productions. Within all the existing POs, Bolin will not start making any po[r]tion of the orders until entire situation is clearly sorted, and until BirdDog provides specific pickup plan and have the pickup plan item fully paid."

(Exh. H, Dkt. No. 23-2 at 49.) In response, BirdDog said it will "work with Bolin (Helen) on pickup schedule for remaining balance or orders." (*Id.* at 48.)

BirdDog has not sufficiently explained its position. Nowhere in Exhibit H or in the declarations does BirdDog either offer a schedule for pickup and full payment for all of the products covered by the six purchase orders at issue or explain why the contracts did not permit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-09416-CAS (AGRx) | Date | February 13, 2024 |
|---|---|---|---|
| Title | BirdDog Technology Limited, et. al. v. 2082 Technology, LLC. et. al. | | |

Bolin to require a schedule of pickup and full payment for those products.[4] BirdDog does not appear to contend that it was entitled to delivery in exchange for payment of 30% or 50% of the contract price, as applicable. The record is simply incomplete or silent. Absent further explanation from BirdDog, it is not apparent that the amount of its claim is a "fixed or readily ascertainable amount" under the six transactions. Because BirdDog does not show the probable validity of its claims under any theory of liability or that its claims constitute a fixed or readily ascertainable amount under the six transactions, the court need not address the alter ego theories at this stage.[5]

### IV. ORDER

For the reasons set forth above, the Applications for Writ of Attachment are DENIED.


cc: District Judge Christina A. Snyder

Initials of Preparer    cd for kl

\_\_\_:\_\_32\_\_

---

[4] Lo states that Bolin China has worked on BirdDog's purchase orders at issue. "Many of BirdDog Australia's orders, in fact, are complete and just awaiting payment by BirdDog. Other models are very close to completion and are simply awaiting BirdDog's cooperation in order to complete (for example, to deal with a BirdDog software issue)." (Lo Decl. ¶ 12.) Lo asserts that Bolin China "spent millions of dollars more than was paid to it by BirdDog Australia in order to fulfill these purchase orders." (*Id.* ¶ 10.)

[5] The court found it unnecessary to consider the declarations of Mr. Cogan, Mr. Keech, Mr. Zipser, and Ms. Magnuson, and the evidentiary objections are moot. The court does not cite Ms. Lee's declaration, and the evidentiary objections are moot. To the extent the court has not cited objected portions of Mr. Lo's declaration, Plaintiff's evidentiary objections are moot. Plaintiff's objections to the cited portions of Lo's declarations are overruled.