1  RYAN Q. KEECH (SBN 280306)
   Ryan.Keech@klgates.com
2  GABRIEL M. HUEY (SBN 291608)
   Gabriel.Huey@klgates.com
3  CASSIDY T. YOUNG (SBN 342891)
   Cassidy.Young@klgates.com
4  K&L GATES LLP
   10100 Santa Monica Boulevard, 8th Floor
5  Los Angeles, CA  90067
   Telephone: 310.552.5000
6  Fax No.:    310.552.5001

7  Attorneys for Plaintiffs,
   BIRDDOG TECHNOLOGY LIMITED
8  BIRDDOG AUSTRALIA PTY LTD

9

10                    **UNITED STATES DISTRICT COURT**

11                   **CENTRAL DISTRICT OF CALIFORNIA**

12

13

14  BIRDDOG TECHNOLOGY LIMITED,       Case No.:  2:23-cv-09416-CAS-AGRx
    an Australian company; and BIRDDOG
15  AUSTRALIA PTY LTD, an Australian   [Assigned to the Honorable Christina
    company,                           A. Snyder]
16
                  Plaintiffs,          **PLAINTIFFS BIRDDOG**
17                                     **TECHNOLOGY LIMITED'S AND**
         v.                            **BIRDDOG AUSTRALIA PTY**
18                                     **LTD'S APPLICATION TO FILE**
    2082 TECHNOLOGY, LLC DBA           **DOCUMENTS UNDER SEAL**
19  BOLIN TECHNOLOGY a California      **REGARDING SECOND**
    limited liability company; BOLIN   **AMENDED COMPLAINT;**
20  TECHNOLOGY CO., LTD., a Chinese    **DECLARATION OF RYAN**
    limited company; HOI "KYLE" LO, an **KEECH IN SUPPORT THEREOF;**
21  individual; JENNIFER LEE, an       **[PROPOSED] ORDER**
    individual; and DOES 3 through 25,
22  inclusive,

23                Defendants.

24

25

26

27

28

**APPLICATION TO FILE DOCUMENTS UNDER SEAL**

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Central District of California Local Rule 79-5.2.2(a), Plaintiffs Birddog Technology Limited and Birddog Australia Pty Ltd ("BirdDog") hereby apply for an order sealing limited portions of documents and information referenced in and attached to BirdDog's Second Amended Complaint ("SAC") on the grounds that the information consists of BirdDog's confidential and proprietary business information, which is not subject to a public right of access. The documents and information at issue here are the same documents and information that were the subject of the Application to Seal BirdDog previously filed in connection with its Writ of Attachment, which the Court granted. (Dkt 56.)

## I. INTRODUCTION

BirdDog's SAC describes and includes as exhibits purchase orders that identify wholesale purchase prices for camera equipment between BirdDog and Defendants. The pricing information is commercially sensitive because it reveals BirdDog's cost to acquire camera equipment which they then resell to their customers. Should this information become public, BirdDog would be substantially prejudiced and irreparably harmed. BirdDog's existing suppliers may demand more favorable terms in light of BirdDog's contracts with Defendants. BirdDog's competitors could use BirdDog's pricing information as a benchmark for negotiations with their own suppliers, and they may solicit BirdDog's suppliers by offering higher prices than BirdDog offers and demanding an exclusive contract that precludes them from supplying BirdDog. The weight of authority shows that the public right of access to information on the docket does not outweigh any of these concerns. As such, the Court should seal BirdDog's pricing information.

## II. LEGAL STANDARD

"Courts have historically recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Aya Healthcare*

*Servs., Inc. v. AMN Healthcare*, Inc., 2020 WL 1911502, at *1 (S.D. Cal. Apr. 20, 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). "Generally, a party seeking to seal a judicial record can overcome the presumption in favor of access by 'articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process.'" *Aya*, 2020 WL 1911502 at *1. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon*, 435 U.S. at 599).

Under Local Rule 79-5.2.2(a), a party may seek leave to file a document under seal so long as the Application describes the nature of the information that should be closed to public inspection and is accompanied by: (1) a declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome and informing the Court whether anyone opposes the Application; (2) a proposed order; (3) a redacted version of the relevant documents; and (4) an unredacted version of the relevant documents.

### III. ARGUMENTS AND AUTHORITIES

#### a. BirdDog Has Established Good Cause And Demonstrated Compelling Reasons Why The Presumption Of Public Access Should Be Overtime.

Courts routinely seal filings containing confidential business information that include "profit, cost, and margin data." *See, e.g.*, *Stewart v. Quest Diagnostics Clinical Lab'ys, Inc.*, 2022 WL 3719969, at *1 (S.D. Cal. Aug. 29, 2022) (sealing documents "that, if publicly disclosed, could potentially put Defendant at a competitive disadvantage"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (holding petitioner would suffer irreparable harm should pricing terms, royalty rates, and other payment information be released to the public); *Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1224–25 (Fed. Cir. 2013) (holding parties

could suffer competitive harm if the parties suppliers have access to their profit, cost, and margin data since suppliers would have an unfair advantage in contract negotiations); *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2017 WL 1035730, at *3 (S.D. Cal. Mar. 17, 2017) (granting motion to seal documents containing defendant's "pricing and shipping information" where court found such information "could be improperly used" by competitors); *Lucas v. Breg, Inc.*, 2016 WL 5464549, at *2 (S.D. Cal. Sept. 28, 2016) (applying compelling reasons standard to seal party's confidential "sales and marketing data" where "public disclosure of this business information could result in improper use by Breg's competitors seeking to undercut Breg's market position").

"Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened." *Algarin v. Maybelline, LLC*, No. 2014 WL 690410, at *3–4 (S.D. Cal. Feb. 21, 2014) (quoting *Nixon*, 435 U.S. at 598).

Here, BirdDog requests that the Court seal product pricing information contained in its SAC and the purchase orders attached thereto. Should BirdDog's current or future product suppliers obtain this confidential purchasing price information, such information would likely lead to these suppliers obtaining more favorable terms for themselves during contract negotiations. (Declaration of Ryan Q. Keech, ("Keech Dec.") ¶ 4.) Such a scenario would put BirdDog at a competitive disadvantage compared to their current position. (Keech Dec. ¶ 4.)

Therefore, compelling reasons exist to seal the highlighted portions of the above-described documents.

### b. BirdDog Has Complied With The Procedural Requirements under Local Rule 79-5.2.2(a).

BirdDog has complied with all procedural requirements for filing documents under seal.

First, the Declaration of Ryan Q. Keech establishes good cause and demonstrates compelling reasons why the strong presumption of public access in civil cases should be overcome and Defendants have stated they do not oppose the Application. Second, a proposed order has been filed concurrently. Third, a redacted version of the relevant documents has been filed concurrently. Fourth, an unredacted version of the relevant documents has been filed concurrently.

## IV.  CONCLUSION

For the foregoing reasons, BirdDog respectfully requests that this Court grant their application to file portions of the below-identified confidential documents under seal.

| Item to be Sealed Pursuant to L.R. 79-5.2.2(a) | Description of Information |
|---|---|
| BirdDog's Second Amended Complaint ("SAC") ¶¶ 46-47, 49-50, 52-53, 73-78. | Confidential pricing information related to the wholesale price BirdDog pays for certain cameras. |
| SAC, Ex. B. | Confidential pricing information related to the wholesale price BirdDog pays for certain cameras. |
| SAC, Ex. C. | Confidential pricing information related to the wholesale price BirdDog pays for certain cameras. |
| SAC, Ex. D. | Confidential pricing information related to the wholesale price BirdDog pays for certain cameras. |
| SAC, Ex. E. | Confidential pricing information related to the wholesale price BirdDog pays for certain cameras. |

| SAC, Ex. F. | Confidential pricing information related to the wholesale price BirdDog pays for certain cameras. |
|---|---|
| SAC, Ex. G. | Confidential pricing information related to the wholesale price BirdDog pays for certain cameras. |

Dated: April 3, 2024

K&L GATES LLP

By: /s/ Ryan Q. Keech

Ryan Q. Keech
Gabriel M. Huey
Cassidy T. Young

Attorneys for Plaintiffs,
Birddog Technology Limited and Birddog Australia Pty Ltd

5
**APPLICATION TO FILE DOCUMENTS UNDER SEAL**