RYAN Q. KEECH (SBN 280306)
Ryan.Keech@klgates.com
GABRIEL M. HUEY (SBN 291608)
Gabriel.Huey@klgates.com
CASSIDY T. YOUNG (SBN 342891)
Cassidy.Young@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.553.5000
Fax No.: 310.553.5001

Attorneys for Plaintiffs
BIRDDOG TECHNOLOGY LIMITED
and BIRDDOG AUSTRALIA PTY, LTD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BIRDDOG TECHNOLOGY LIMITED, an Australian company; and BIRDDOG AUSTRALIA PTY, LTD, an Australian company,

Plaintiffs,

v.

2082 TECHNOLOGY, LLC DBA BOLIN TECHNOLOGY, a California limited liability company; BOLIN TECHNOLOGY CO., LTD., a Chinese limited company; HOI "KYLE" LO, an individual; JENNIFER LEE, an individual; and DOES 3 through 25, inclusive,

Defendants.

Case No. 2:23-cv-09416 CAS (AGRx)

**PLAINTIFFS BIRDDOG TECHNOLOGY LIMITED'S AND BIRDDOG AUSTRALIA PTY LTD'S *EX PARTE* APPLICATION TO COMPEL RULE 26(f) CONFERENCE; DECLARATION OF GABRIEL M. HUEY; [PROPOSED] ORDER**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Plaintiffs BirdDog Technology Limited ("BirdDog Technology") and BirdDog Australia Pty Ltd ("BirdDog Australia") (collectively, "BirdDog") will, and hereby do, respectfully submit this *Ex Parte* Application for an Order compelling Defendants 2082 Technology, LLC dba Bolin Technology ("Bolin LLC"), Hoi "Kyle" Lo, and Jennifer Lee ("Appearing Defendants") to participate in a Rule 26(f) conference of counsel. This Application is made on the ground that Appearing Defendants have failed to comply with their obligations to timely participate in a Rule 26(f) conference as required by Rules 26 and 16 of the Federal Rules of Civil Procedure.

BirdDog has provided oral notice of this Application to counsel for Appearing Defendants, whose contact information is as follows:

**Umberg Zipser LLP**
Dean J. Zipser
Dzipser@umbergzipser.com
Molly J. Magnuson
Mmagnuson@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA 92614
Phone: 949-679-0052
Fax: 949-679-0461

Counsel for Appearing Defendants indicated that they would oppose this Application.

BirdDog seeks relief based on this *Ex Parte Application*, the Declaration of Gabriel M. Huey in support, the complete Court files and records in this action, and all matters that may be properly considered by the Court at the hearing on this Application.

**K&L GATES LLP**

Dated: April 22, 2024

By: */s/ Cassidy T. Young*

Ryan Q. Keech
Gabriel M. Huey
Cassidy T. Young

*Attorneys for Plaintiffs*
BirdDog Technology Limited and
BirdDog Australia Pty Ltd

## TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 2

A. BirdDog initiates this First-Filed Action. ........ 2

B. Bolin Limited files a vexatious and duplicative lawsuit against BirdDog in Australia. ........ 3

C. BirdDog attempts to conduct a discovery conference as required by Rule 26. ........ 4

III. JUDICIAL STANDARD ........ 5

IV. ARGUMENT ........ 6

A. *Ex Parte* relief is warranted here. ........ 6

B. Appearing Defendants have not established any basis for avoiding their discovery obligations under the Federal Rules. ........ 7

1. The filing of a motion to dismiss does not stay discovery. ........ 8

2. Bolin Limited's failure to appear does not stay discovery. ........ 10

C. BirdDog will be prejudiced if discovery does not proceed as intended by the Federal Rules. ........ 12

V. CONCLUSION ........ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Escareno ex rel. A.E. v. Lundbeck, LLC*, 2014 WL 1976867 (N.D. Tex. May 15, 2014) ........ 9, 10

*Barrett v. Apple Inc.*, 2020 WL 13815568 (N.D. Cal. Oct. 22, 2020) ........ 9

*Blankenship v. Hearst Corp.*, 519 F.2d 418 (9th Cir. 1975) ........ 8

*Gold v. Kaplan*, 2021 WL 6618643 (C.D. Cal. Dec. 2, 2021) ........ 5, 6

*Harmoni Int'l Spice, Inc. v. Bai*, No. 2:16-cv-00614-AB-AS, Dkt. 132 (C.D. Cal. Aug. 19, 2016) ........ 10

*Harmoni Int'l Spice, Inc. v. Wenxuan Bai*, 2016 WL 11783827 (C.D. Cal. Sept. 30, 2016) ........ 12

*Mairena-Rivera v. Langston Constr., LLC*, 2016 WL 11824232 (E.D. La. Aug. 3, 2016) ........ 10

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995) ........ 6

*NMS 1539, LLC v. City of Santa Monica*, 2022 WL 3575311 (C.D. Cal. July 26, 2022) ........ 8

*In re Outlaw Lab'ys, LP Litig.*, 2020 WL 1674552 (S.D. Cal. Apr. 6, 2020) ........ 11

*In re Pandora Media, LLC Copyright Litig.*, 2023 WL 2661192 (C.D. Cal. Jan. 31, 2023) ........ 12

*Rheumatology Diagnostics Lab'y, Inc. v. Aetna, Inc.*, 2013 WL 5694452 (N.D. Cal. Oct. 18, 2013) ........ 8

*Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League*, 652 F.2d 852 (9th Cir. 1981) ........ 3

*Skellerup Indus. Ltd. v. City of L.A.*,
163 F.R.D. 598 (C.D. Cal. 1995) .................................................... 8

*Third Pentacle, LLC v. Interactive Life Forms, LLC*,
2012 WL 27473 (S.D. Ohio Jan. 5, 2012)........................................... 10

*Wenger v. Monroe*,
282 F.3d 1068 (9th Cir. 2002)........................................................ 8

**Statutes**

Business and Professions Code § 17200 .............................................. 8

California Penal Code § 496.............................................................. 8

**Court Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................... 8

Fed. R. Civ. P. 13(a) ........................................................................ 3

Fed. R. Civ. P. 16(b) ............................................................... 5, 7, 10

Fed. R. Civ. P. 26.................................................................... *passim*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The Federal Rules of Civil Procedure required the parties in this action to engage in a Rule 26(f) conference by January 22, 2024. Despite multiple efforts to comply with this deadline by Plaintiffs BirdDog Technology Limited ("BirdDog Technology") and BirdDog Australia Pty Ltd ("BirdDog Australia") (collectively, "BirdDog"), Defendants 2082 Technology, LLC dba Bolin Technology ("Bolin LLC"), Hoi "Kyle" Lo, and Jennifer Lee (collectively, "Appearing Defendants") have evaded this obligation at every turn. Appearing Defendants' blatant disregard of their discovery obligations, while disappointing, is unsurprising. Indeed, it is in line with the other antics they have engaged in to prevent BirdDog from proceeding in this action on its well-pled claims.

In an effort to avoid liability for breaching its contract with BirdDog, Bolin LLC has taken the position that Bolin Limited, the manufacturing arm of Bolin LLC that is managed and controlled by the same individuals as Bolin LLC, is an entirely distinct entity that acts independently of Bolin Limited. Counsel for Bolin LLC, Mr. Lo, and Ms. Lee deny that they represent Bolin Limited and have refused to accept service on Bolin Limited's behalf. BirdDog thereafter personally served Bolin Limited on February 12, 2024, and Bolin Limited failed to timely respond to BirdDog's First Amended Complaint ("FAC"). Now, Appearing Defendants have taken the position that they should not have to engage in a Rule 26(f) conference because the pleadings are not settled, and a party to the action has not yet appeared.

Appearing Defendants are wrong. The Federal Rules are clear as to when the Rule 26(f) conference is to take place, and the parties are ***required*** to timely conduct that conference absent an order from the Court staying discovery. Appearing Defendants have not sought a stay of discovery, nor would they be entitled to one if they did seek such relief. Moreover, Bolin Limited's failure to appear in this action does not provide grounds to halt discovery as to the other defendants. Even if Bolin

Limited and Bolin LLC were truly distinct entities, which they are clearly not, case law is clear that a Rule 26(f) conference may proceed without all parties present, and a new Rule 26(f) conference need not take place when new parties are later added. Thus, timely conducting the Rule 26(f) conference would be neither impracticable nor inconvenient here.

This case has been pending for nearly five months, and all the while Appearing Defendants have been exploiting the trade secrets they wrongfully acquired from BirdDog. Not only have Appearing Defendants refused to fulfill their contractual obligations, but they are actively creating products that unlawfully utilize BirdDog's valuable and proprietary trade secrets. BirdDog will be substantially prejudiced if it were unable to proceed with discovery and the case were effectively stayed until the pleadings were settled, which could take several months.

Given Appearing Defendants' bad faith, their failure to request a stay of discovery, and the lack of any basis for requesting such a stay, the Court should order Appearing Defendants to participate in a Rule 26(f) conference so that this case may proceed efficiently and expeditiously as the Federal Rules of Civil Procedure intended.

## II. FACTUAL BACKGROUND

### A. BirdDog initiates this First-Filed Action.

BirdDog filed the instant action on November 7, 2023 against Bolin LLC and Mr. Lo. (Dkt. 1.) Plaintiff served Bolin LLC with the Complaint on November 13, 2023. (Dkt. 14.) Mr. Lo was served shortly thereafter, on November 27, 2024. (Dkt. 18.) On November 28, 2024, counsel for Appearing Defendants—Dean Zipser and Molly Magnuson of Umberg Zipser LLP ("Defense Counsel")—filed a notice of appearance on behalf of Bolin LLC and Mr. Lo, as well as a stipulation seeking additional time to respond to the Complaint. (Dkt. 15–17.) Appearing Defendants moved to dismiss BirdDog's Complaint, and Plaintiff thereafter filed a FAC that asserted additional claims and named two new defendants—Bolin Limited (the

manufacturing arm of Bolin LLC) and Ms. Lee (Bolin LLC's Chief Operating Officer and wife of Mr. Lo). (Dkt. 34.)

Although Defense Counsel represents and accepted service on behalf of Bolin LLC, Mr. Lo, and Ms. Lee, they claimed not to represent and refused to accept service on behalf of Bolin Limited. (Huey Decl. ¶ 2, Exh. A.) Despite multiple attempts, Bolin Limited evaded personal service of the First Amended Complaint through Mr. Lo and Ms. Lee, who are also Bolin Limited's CEO and COO, at the time by fleeing to China. (Huey Decl. ¶ 5, Exh. D.)[1]

**B. Bolin Limited files a vexatious and duplicative lawsuit against BirdDog in Australia.**

Less than two (2) weeks after BirdDog named Bolin Limited as Doe 1 and served the FAC on each Appearing Defendant and at the Bolin Limited and Bolin LLC international headquarters[2] in Brea, California, Bolin Limited and Appearing Defendants filed a lawsuit against BirdDog in Australia (Dkt. 54-5: Australian Statement of Claim) based on the "same six transactions" (Dkt. 60) that are at issue in this First-Filed Action.

As the Court is aware, Bolin Limited's claims in the Australian Action are Rule 13(a) compulsory counterclaims arising out of the same transactions that are the subject matter of this First-Filed Action. *Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League*, 652 F.2d 852, 854-55 (9th Cir. 1981) ("[Rule 13(a)] bars a party who failed to assert a compulsory counterclaim in one action from instituting a second action in which that counterclaim is the basis of the complaint.").

---

[1] Appearing Defendants subsequently filed motions to dismiss the FAC, which were granted in part and denied in part. (Dkt. 72.) BirdDog subsequently filed its Second Amended Complaint ("SAC") on April 3, 2024. (Dkt. 76, 77.)

[2] Huey Decl. ¶ 6, Exh. E; Dkt. 37 at 5–6.

### C. BirdDog attempts to conduct a discovery conference as required by Rule 26.

On January 18, 2024, Ms. Magnuson contacted BirdDog's counsel to request a two-week extension to respond to BirdDog's FAC. (Huey Decl. ¶ 2, Exh. A.) In order to fully understand the scope of the request, BirdDog's counsel asked whether Umberg Zipser would also be representing Ms. Lee and Bolin Limited. (*Id.*) Ms. Magnuson responded that Umberg Zipser would be representing Ms. Lee but, curiously, not Bolin Limited. (*Id.*) BirdDog's counsel responded asking for more information about who would be representing Bolin Limited. (*Id.*) BirdDog explained that, as the CEO of Bolin Limited, Mr. Lee should have been readily able to provide this information. (*Id.*) Rather than answering this question and in lieu of further pursuing an extension of time to respond to the FAC, however, Ms. Magnuson demanded a meet and confer the following day regarding her clients' intended motions to dismiss. (*Id.*)

BirdDog's counsel responded that it would be more than willing to participate in a meet and confer and, since the deadline to hold a Rule 26(f) conference was the following Monday, it would make sense to conduct that conference at the same time. (*Id.*) Ms. Magnuson rejected that idea, claiming that the Rule 26(f) conference "would be premature and inefficient given that a scheduling order has not yet been issued in the case, [BirdDog] just filed an amended complaint, a motion to dismiss that amended complaint will be forthcoming, and two parties have yet to appear." (*Id.*) BirdDog's counsel again requested a Rule 26(f) conference on January 19 and January 22, explaining that January 22 was the deadline to hold the conference under Rule 26(f)(1). (*Id.*; Huey Decl. ¶ 3, Exh. B.) BirdDog's attempts to comply with this deadline were unsuccessful, as Appearing Defendants did not agree to hold this conference. (*Id.*)

The parties eventually agreed to an extension of Appearing Defendants' deadline to respond to the FAC. (Huey Decl. ¶ 4.) On January 30, 2024, Defense

Counsel contacted counsel for BirdDog to schedule a meet and confer related to Appearing Defendants' intended motions to dismiss the FAC. (Huey Decl. ¶ 4, Exh. C.) BirdDog's counsel responded stating that BirdDog would be happy to meet and confer, but that the parties should also schedule their Rule 26(f) conference, which was now overdue. (*Id.*) Ms. Magnuson reiterated her position that the conference was premature and impracticable. (*Id.*) BirdDog's counsel responded that Rules 26(f)(1) and 16(b)(2) set forth mandatory timing procedures that the parties were obligated to abide by absent an order from the Court holding otherwise. (*Id.*) Because Appearing Defendants had not sought relief from those timing provisions from the Court, the parties were obligated to hold this discovery conference. (*Id.*) Appearing Defendants' counsel responded: "We seem to be talking past each other so I do not see any utility in responding further. We can 'agree to disagree' as to each parties' obligations." (*Id.*)

On April 9, 2024, counsel for BirdDog and Defense Counsel met and conferred via telephone to discuss the substance of this motion, but Defense Counsel again refused to participate in a Rule 26(f) conference, and the parties remained unable to reach an agreement. (Huey Decl. ¶ 7, Exh. F.)

## III. <u>JUDICIAL STANDARD</u>

Rule 26(f) of the Federal Rules of the Civil Procedure requires parties to meet and confer on discovery "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held ***or*** a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1) (emphasis added). Under Rule 16(b), a scheduling order is due "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2).

The filing of a motion to dismiss does not stay or otherwise alter the timing as to when parties must meet and confer under Rule 26(f). "The Federal Rules of Civil Procedure do not provide for an automatic stay of discovery when a motion to dismiss is pending." *Gold v. Kaplan*, 2021 WL 6618643, at *4 (C.D. Cal. Dec. 2, 2021)

(quoting *Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 286 (S.D. Cal. 2018)). Accordingly, a party who wishes to postpone its discovery obligations pending a ruling on a motion to dismiss must seek a stay of discovery from the district court—it may not "impose a unilateral 'self-help' stay by simply objecting and refusing to provide substantive discovery responses while the Motions to Dismiss are pending." *Id.*

## IV. ARGUMENT

### A. *Ex Parte* relief is warranted here.

BirdDog has no choice but to seek relief on an expedited basis here. A party seeking *ex parte* relief must: (1) show it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures;" and (2) it "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). BirdDog satisfies both requirements.

First, BirdDog would be prejudiced if it had to bring this request under regular noticed motion procedures because BirdDog would have to wait several more months before beginning discovery due to Appearing Defendants' intentional delay tactics, while discovery should have been initiated months ago. The rules require that the parties confer to, among other things, discuss the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case, make or arrange for initial disclosures, discuss any issues about preserving discoverable information, and develop a proposed discovery plan. Fed. R. Civ. P. 26.

Five months after this case has been filed, BirdDog remains unaware of whether Appearing Defendants are complying with their preservation duties. BirdDog continues to be harmed by Appearing Defendants' conduct, as it continues to suffer mounting and significant harm to its business reputation, and will lose market share, because of Defendants' scheme to continue making false representations about Plaintiffs. Even worse, Appearing Defendants continue to

misappropriate BirdDog's trade secrets, costing BirdDog countless past and future customers. Appearing Defendants must comply with their discovery obligations so that the case can proceed accordingly.

Second, BirdDog is without fault in creating the crisis that requires *ex parte* relief. Indeed, BirdDog has made every attempt to confer with Defense Counsel on this issue, and Defense Counsel have only dug their heels deeper with each attempt. Appearing Defendants have not only intentionally delayed discovery in this action, but they have attempted to thwart this Court's jurisdiction altogether. Appearing Defendants—namely Mr. Lo and Ms. Lee—evaded service of the complaint on Bolin Limited by fleeing to China once they learned that Bolin Limited was named as a defendant. They have also obstructed this Court's adjudication of this case by asking a foreign court to restrain BirdDog's ability to litigate in this forum, on an emergency basis.

### B. Appearing Defendants have not established any basis for avoiding their discovery obligations under the Federal Rules.

Bolin LLC was served with the Complaint on November 13, 2023. (Dkt. 14.) Per Rule 16(b), a scheduling order was therefore due by February 12, 2024, meaning the parties were required to meet and confer 21 days before that date on January 22, 2024. *See* Fed. R. Civ. P. 26(f)(1) (requiring parties to meet and confer at least 21 days before a scheduling order is due under Rule 16(b)). Appearing Defendants have not requested relief from this discovery deadline, nor have they shown why they would be entitled to one.

Appearing Defendants seem to believe that they are not required to participate in a Rule 26(f) conference because: (1) they intend to file motions to dismiss the SAC; and (2) one party has failed to appear in the action. (Huey Decl. Exhs. A–C.) Neither of these circumstances relieves Appearing Defendants of their obligation to timely participate in a Rule 26(f) conference.

**1. The filing of a motion to dismiss does not stay discovery.**

The filing of motions to dismiss by Appearing Defendants does not automatically relieve them of their discovery obligations. Indeed, "district courts look unfavorably upon such blanket stays of discovery." *NMS 1539, LLC v. City of Santa Monica*, 2022 WL 3575311, at *1 (C.D. Cal. July 26, 2022). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995).

"It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *NMS 1539, LLC*, 2022 WL 3575311, at *1; *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (under the liberal discovery principles reflected in the Federal Rules, those opposing discovery carry a heavy burden of showing why discovery should be denied) *Rheumatology Diagnostics Lab'y, Inc. v. Aetna, Inc.*, 2013 WL 5694452, at *8 n.3 (N.D. Cal. Oct. 18, 2013) (noting that court denied request to stay discovery based solely on filing of motion to dismiss and ordered discovery to continue in case). As for a stay of discovery based on a pending motion to dismiss, a court may stay discovery pending a decision on the motion only "when it is convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002).

Here, Plaintiff has sufficiently alleged several claims for relief. Indeed, this Court has explicitly held as much, concluding that BirdDog has sufficiently stated claims for breach of the implied covenant of good faith and fair dealing, violations of the DTSA and the CUTSA, conversion, violations of California Penal Code section 496, money had and received, and violations of Business and Professions Code section 17200. (Dkt. 72.) Given that the SAC contains these same claims, those claims remain well-pled and at issue in this action. BirdDog should be able to

begin discovery on at least these claims, which have survived the motion to dismiss stage.

Moreover, Appearing Defendants cannot meet their burden by simply pointing to the additional expense that may arise from conducting discovery on claims that may ultimately be resolved prior to trial. That is not the kind of harm that constitutes good cause to ignore well-settled discovery deadlines. As one court has stated:

> Apple argues that without a stay, 'it is likely that Apple will need to devote significant time, money, and resources to responding to discovery in a case that will likely not survive the pleading stage.' The resources required to respond to discovery are part of the 'the traditional burdens of litigation.' Apple does not explain why discovery in this case would be any more burdensome than it is on parties to other civil lawsuits. As this Court noted in [another case], 'any interest Defendants may have in resisting discovery is outweighed by the interests of Plaintiff, the public, and the court in maintaining an orderly and expeditious schedule.

*Barrett v. Apple Inc.*, 2020 WL 13815568, at *2 (N.D. Cal. Oct. 22, 2020) (citation omitted).

Appearing Defendants' position that they need not participate in a Rule 26(f) conference until after the Court sets a scheduling conference or issues a scheduling order is similarly flawed. The Rules require parties to meet and confer within 21 days of when a discovery order ***should*** issue, which is the earlier of 90 days after any defendant has been served or 60 days after any defendant has been served. Here, that means that the parties should have met and conferred pursuant to Rule 26(f) on or before January 22, 2024. Whether the Court has in fact set a scheduling conference or issued a scheduling order is irrelevant. *See Escareno ex rel. A.E. v. Lundbeck, LLC*, 2014 WL 1976867, at *3 (N.D. Tex. May 15, 2014) ("Defendants' argument that nothing requires a Rule 26(f) conference before the Court issues a scheduling

order or requires a scheduling conference under Federal Rule of Civil Procedure 16(b) misconstrues Rule 26(f)(1)'s requirements. Rule 26(f)(1) provides that 'the parties must confer as soon as practicable' but no later than—that is, 'in any event at least'—'21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).'").

Given Appearing Defendants' outright refusal to participate in a Rule 26(f) conference that is explicitly provided for in the Federal Rules, an order compelling their participation is necessary. Courts have granted near-identical motions to compel where defendants took the position that they should not be required to participate in a Rule 26(f) conference until after a ruling on their pending or intended motion to dismiss. *See, e.g.*, *Harmoni Int'l Spice, Inc. v. Bai*, No. 2:16-cv-00614-AB-AS, Dkt. 132 (C.D. Cal. Aug. 19, 2016) (granting *ex parte* application to compel defendant to participate in Rule 26(f) conference despite pending motion to dismiss). *Mairena-Rivera v. Langston Constr., LLC*, 2016 WL 11824232, at *2 (E.D. La. Aug. 3, 2016) (granting motion to compel Rule 26(f) conference where "[e]ven if the court grants the motion to dismiss, dismissal would be without prejudice"); *Escareno*, 2014 WL 1976867, at *1 ("[I]n the face of Plaintiffs' request for the conference for which Rule 26(f) provides, Appearing Defendants have not shown a need to stall the Rule 26(f) process and any and all discovery at this stage of the case."); *see also Third Pentacle, LLC v. Interactive Life Forms, LLC*, 2012 WL 27473, at *3 (S.D. Ohio Jan. 5, 2012) (even if a party "presently holds a strong belief in the merits of [the party's] litigation positions, [the party's] strong belief—whether ultimately justified or not—provides no basis for avoiding [the party's] discovery obligations created by the Federal Rules of Civil Procedure").

**2. Bolin Limited's failure to appear does not stay discovery.**

Appearing Defendants further assert that a Rule 26(f) conference would be "impracticable" because Bolin Limited has not appeared in this action. This argument only highlights the inconsistent positions that Appearing Defendants have

taken throughout this litigation. On the one hand, Bolin LLC has vehemently rejected the notion that Bolin LLC and Bolin Limited are alter egos of one another. On the other hand, Bolin LLC asserts that it should not have to participate in discovery until Bolin Limited—a supposedly "distinct" entity who apparently will have entirely different counsel in this action—has appeared. Bolin cannot have it both ways. But regardless of which position Bolin ultimately chooses, neither relieves Bolin LLC of its obligation to participate in a Rule 26(f) conference.

If Bolin LLC and Bolin Limited truly are distinct entities with separate counsel, then Bolin Limited's failure to appear is of no moment as far as the discovery to be taken of and conducted by Bolin LLC. Bolin LLC should not be able to delay discovery based on the actions of an entirely unrelated entity, whose interests it has no standing to assert. Moreover, conducting a Rule 26(f) conference without Bolin Limited would not be impracticable because case law is clear that "successive Rule 26(f) conferences are not required every time a new party is added to a case." *In re Outlaw Lab'ys, LP Litig.*, 2020 WL 1674552, at *6 (S.D. Cal. Apr. 6, 2020) (collecting cases reaching the same conclusion).

If, on the other hand, Bolin LLC and Bolin Limited ultimately abandon the guise of separateness between them, then Bolin Limited will not be prejudiced by the occurrence of the Rule 26(f) conference at this stage. Because the interests of Bolin LLC and Bolin Limited are aligned, Bolin Limited's interests will be adequately protected during the Rule 26(f) conference by counsel for Bolin LLC. Should any later discovery disputes arise that affect only Bolin Limited's interests, the parties can address that concern at that time.

In sum, Appearing Defendants lack any basis for deviating from the discovery deadlines and procedures set forth in the Federal Rules. Accordingly, the Court should order that Appearing Defendants participate in the required Rule 26(f) conference.

### C. BirdDog will be prejudiced if discovery does not proceed as intended by the Federal Rules.

Not only have Appearing Defendants failed to provide any basis for their refusal to participate in a discovery conference, but BirdDog will be severely prejudiced if it is unable to move forward with discovery until the pleadings are settled. If Appearing Defendants move to dismiss any portion of the SAC, then by their logic, discovery will be further delayed until that briefing is completed, the motion is heard, and the motion is ruled upon. Appearing Defendants should not be able to delay their discovery obligations until some unknown date in the future that could prevent Plaintiffs from beginning discovery for months. *In re Pandora Media, LLC Copyright Litig.*, 2023 WL 2661192, at *1 (C.D. Cal. Jan. 31, 2023) (denying request to stay discovery pending a ruling on a motion to dismiss where hearing on motion was over a month away and the court could not "predict with any certainty when it may be able to issue an order resolving the motion").

It would be unjust to allow Appearing Defendants to avoid proceeding in this action until all claims are settled once and for all. This is particularly true here, where many of BirdDog's claims—including its trade secret misappropriation and tort claims—have already survived the pleadings stage and will require significant discovery of information that is almost entirely within Appearing Defendants' possession. *See Harmoni Int'l Spice, Inc. v. Wenxuan Bai*, 2016 WL 11783827, at *5 (C.D. Cal. Sept. 30, 2016) (declining to stay discovery where certain claims will require significant discovery "in order to avoid undue delay of the proceedings"). BirdDog should not be subjected to such a delay while Appearing Defendants continue to profit from their wrongful use of BirdDog's trade secrets.

## V. <u>CONCLUSION</u>

For the foregoing reasons, BirdDog respectfully requests that the Court issue an Order compelling Bolin LLC, Mr. Lo, and Ms. Lee to participate in a Rule 26(f) conference as required by the Federal Rules of Civil Procedure.

**K&L GATES LLP**

Dated: April 22, 2024

By: */s/ Cassidy T. Young*

Ryan Q. Keech
Gabriel M. Huey
Cassidy T. Young

*Attorneys for Plaintiffs*
BirdDog Technology Limited and BirdDog Australia Pty Ltd

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 3,952 words, which complies with the word limit of L.R. 11-6.1.

**K&L GATES LLP**

Dated: April 22, 2024

By: */s/ Cassidy T. Young*
Ryan Q. Keech
Gabriel M. Huey
Cassidy T. Young

*Attorneys for Plaintiffs*
BirdDog Technology Limited and
BirdDog Australia Pty Ltd