UMBERG ZIPSER LLP
Dean J. Zipser (SBN 94680)
dzipser@umbergzipser.com
Molly J. Magnuson (SBN 229444)
mmagnuson@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052
Facsimile: (949) 679-0461

Attorneys for Defendants
2082 Technology, LLC dba Bolin Technology, Hoi "Kyle" Lo, and Jennifer Lee

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BIRDDOG TECHNOLOGY LIMITED, an Australian company; and BIRDDOG AUSTRALIA PTY LTD, an Australian company,

Plaintiffs,

*v.*

2082 TECHNOLOGY, LLC DBA BOLIN TECHNOLOGY, a California limited liability company; BOLIN TECHNOLOGY CO., LTD., a Chinese limited company; HOI "KYLE" LO, an individual; JENNIFER LEE, an individual; and DOES 3 through 25, inclusive,

Defendants.

Case No. 2:23-cv-09416 CAS (AGRx)
Assigned to Hon. Christina A. Snyder

**DEFENDANTS 2082 TECHNOLOGY, LLC, KYLE LO, AND JENNIFER LEE'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO COMPEL RULE 26(f) CONFERENCE**

Complaint filed: November 7, 2023
FAC filed: January 12, 2024
SAC filed: April 9, 2024

# I. SUMMARY

Plaintiffs BirdDog Technology Limited and BirdDog Australia Pty Ltd's (collectively, "Plaintiffs") improper *ex parte* application to compel a Rule 26(f) conference (the "Application") is procedurally and substantively defective and should be summarily denied. The fundamental flaws in the Application include the following, among others:

- Plaintiffs fail in the Application to establish that they are entitled to the extraordinary relief – on an *ex parte* basis – of an order compelling a Rule 26(f) conference. Plaintiffs do not even attempt to demonstrate why they would be prejudiced if the requested relief were sought instead by a noticed motion. Nor do Plaintiffs demonstrate that they are without fault in any purported delay in seeking this relief. To the contrary, Plaintiffs argue in the Application that the Rule 26(f) conference was required to take place in January 2024, but do not explain why, were that the case, they then waited an additional three months to file the Application. If Plaintiffs truly believed a Rule 26 conference was required as of January, and if Plaintiffs truly believed they would be harmed by a delay in holding the conference – which, notably, is not supported by any evidence – they could have and certainly would have brought this to the Court's attention months ago.
- Plaintiffs' Application is based on a fundamental misunderstanding of Federal Rules 16(b) and 26(f)(1), which nowhere require the parties to participate in a Rule 26(f) conference before the Court has yet to issue a scheduling order. To the contrary, as courts in this District have repeatedly determined, where, as here, "[t]he Court has not yet set a scheduling order or conference pursuant to Federal Rule of Civil Procedure 16(b), [ ] there is no deadline for the Rule 26(f) conference to occur." *Albert v. Williams*, No. SACV 18-00448-CJC(JDEx), 2018 WL 6092578, at *12 (C.D. Cal. Nov. 21, 2018). *See also Yagman v. Garcetti*, No. CV 20-02722 DMG (JEMx), 2020

WL 8125658, at *1 (C.D. Cal. Sept. 3, 2020) ("Plaintiff may not force a Rule 26(f) conference unilaterally. Rule 26(d)(1) requires a . . . court order demonstrating good cause.").

- In urging the Court to compel a Rule 26(f) conference, Plaintiffs rely on inapposite out-of-circuit authority that is contrary to Ninth Circuit law. As explained below, courts in the Ninth Circuit generally wait to issue a scheduling order or set a conference until all motions to dismiss have been resolved and the pleadings are settled. Here, Plaintiffs just recently filed their SAC on April 9, 2024. Defendants 2082 Technology, LLC ("2082"), Kyle Lo, and Jennifer Lee (collectively, the "2082 Defendants" herein, and referred to in the Application as "Bolin LLC") intend to file a motion to dismiss Plaintiffs' claims for breach of purchase orders, breach of a non-disclosure agreement, breach of the implied covenant, and intentional interference with prospective economic advantage, as the 2082 Defendants believe that they do not state cognizable claims against them. Moreover, Defendant Bolin Technology Co. Ltd ("Bolin China" herein, and referred to in the Application as "Bolin Limited") has not yet appeared in this action.[1]

- The Application mischaracterizes the relevant inquiry. It is not, as Plaintiffs suggest, that the 2082 Defendants are seeking a "stay of discovery" and have the burden to demonstrate a stay is appropriate. *See* App. at 7-11. The 2082 Defendants merely contend the Rule 26(f) conference is impracticable at this time and should take place in the ordinary course once a scheduling order is issued. It is Plaintiffs that want to deviate from standard litigation timelines and expedite discovery without good cause.

---

[1] It is also not clear at this early stage of the litigation that this District will be the ultimate forum to hear this dispute. As Plaintiffs acknowledge in their Application, there is a separate proceeding currently pending in Australia between Plaintiffs and Bolin China over the same purchase orders at issue in this case. *See* App. at 3.

Left without any legitimate legal or factual support for the Application, Plaintiffs resort to making unsubstantiated accusations and outright false statements, much of which have no arguable relevance to the Application, such as the following:

- The Application attempts to paint a false picture that Plaintiffs have been cooperative in this litigation while the 2082 Defendants purportedly have not, based on irrelevant and false statements of fact. For example, Plaintiffs' counsel states under oath that the parties agreed to an extension of time for the 2082 Defendants to file their response to the FAC. Huey Decl. ¶ 4. In fact, Plaintiffs would not give Mr. Lo and 2082 the courtesy of a one-week extension without conditioning it on unreasonable and improper demands, thus requiring them to file their response to the FAC within 14 days. *See* Dkt. 34 (FAC filed Jan. 12, 2024); Dkt. 47-1 (motion to dismiss filed Jan. 26, 2024). Ms. Lee's motion to dismiss also was filed within the required time for her response, the 2082 Defendants having not sought any extension on her behalf. *See* Dkt. 55-1.
- Plaintiffs repeatedly argue that Bolin China is "managed and controlled by the same individuals" as 2082, with Plaintiffs' counsel going so far as to state under oath in his Declaration that Ms. Lee is Bolin China's COO. App. at 1; Huey Decl. ¶ 5. Putting aside that this supposed "fact" does not have any relevance to the relief sought in the Application, Mr. Huey does not provide any foundation for this statement, and it is false. Ms. Lee is not an officer or employee of Bolin China.
- Plaintiffs accuse Bolin China – again, without a shred of evidence – of evading service, citing Mr. Lo's purported presence in China when Plaintiffs were allegedly attempting to serve Bolin China through service on him. App. at 3. Not only does this statement lack foundation and rely on inadmissible hearsay about Mr. Lo's whereabouts on specific dates, it also is

argumentative and untrue. Additionally, as Mr. Lo stated in a prior Declaration in this case, he travels to China and other countries regularly in connection with his work, as well as to China regularly for personal reasons. Dkt. 33-1 (Lo Decl.) ¶ 14. His unavailability on specific dates means absolutely nothing, nor is it relevant to the Application in any event.[2]

- Plaintiffs mischaracterize the Australia action. For example, they state that case was filed by Bolin China and "Appearing Defendants" (App. at 3) – 2082, Mr. Lo, and Ms. Lee – when, in fact, the 2082 Defendants did not file that action. *See* Dkt. 54-6. In addition, they state that Bolin China commenced the Australia action after it was served with process in this action. *Id.* That also is false. That action was commenced weeks before Plaintiffs' purported service on Bolin China. *See* Dkt. 58 and Dkt. 54-6 (reflecting filing of Bolin China's Statement of Claim in Australia on January 24, 2024).

As discussed further below, and as evident from the face of the Application, Plaintiffs have brought the Application without any legitimate basis or support. Given that Plaintiffs have not demonstrated a basis for an order compelling a Rule 26(f) conference – whether on an *ex parte* basis or otherwise – Defendants respectfully request that Plaintiffs' Application be denied.

## II. ARGUMENT

### A. Plaintiffs' *Ex Parte* Application is Procedurally Improper and Not Justified.

Plaintiffs wholly fail to establish they are entitled to the extraordinary relief of an order compelling a Rule 26(f) conference on an *ex parte* basis. "*Ex parte* applications are 'nearly always improper,' and 'the opportunities for legitimate

[2] While arguing that Bolin China "evaded personal service . . . through Mr. Lo and Ms. Lee," Plaintiffs conveniently ignore the fact they filed with the Court a Proof of Service in direct conflict with this representation, in which they purported to effect personal service of the Summons and First Amended Complaint on Bolin China on February 12, 2024 by leaving the FAC with 2082. *See* Dkt. 58.

[ones] are extremely limited.'" *Williams v. City of Beverly Hills*, No. CV 21-8698 FMO (RAOx), 2023 WL 4681555, at *1 (C.D. Cal. Feb. 23, 2023), quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192-93 (C.D. Cal. 1989). Such relief is appropriate only in the face of "real urgency." *Plong v. Countrywide Home Loans, Inc.*, No. 220CV06983VAPJPRX, 2020 WL 5440362, at *1 (C.D. Cal. Aug. 5, 2020, citing *In re Intermagnetics,* 101 B.R. at 194. Both the Federal Rules of Civil Procedure and the Local Rules "contemplate that noticed motions should be the rule," because noticed motions "provide a framework for the fair, orderly, and efficient resolution of disputes." *Id*. at 193. As aptly explained by the court in *In re Intermagnetics*, *ex parte* applications throw this system "out of whack." *Id*. Accordingly, absent a showing that "bypassing the regular noticed motion procedure is necessary," an *ex parte* filing is procedurally improper. *Mission Power Eng'g Co. v. Cont'l Cas. Co*., 883 F. Supp. 488, 492-93 (C.D. Cal. Mar. 14, 1995).

In order to justify *ex parte* relief, the moving party must show (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) it is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred [due to] excusable neglect." *Guilfoyle v. Beutner*, No. 2:21-cv-05009-VAP-MRWx, 2021 WL 6102512, at *2 (C.D. Cal. Aug. 16, 2021), quoting *Mission Power Eng'g Co.*, 883 F. Supp. at 492-93.

Plaintiffs do not and cannot establish either of these criteria. To the contrary, Plaintiffs attempt to articulate a theory as to how they will be prejudiced if they must wait "several more months before beginning discovery." App. at 6. This is unsupported and, importantly, goes only to the substantive relief sought. It fails to establish why *the Application* should be granted on an *ex parte* basis. Plaintiffs, in fact, make absolutely no effort in the Application to explain why they could not simply seek to compel a Rule 26(f) conference by a noticed motion which could be

heard in approximately one month.

Moreover, even if some legitimate irreparable injury could be articulated, Plaintiffs cannot demonstrate they are without fault in any purported delay. Indeed, Plaintiffs contend a Rule 26 conference should have taken place by January 22, 2024, but do not explain why, in that case, they inexplicably waited an additional three months to file the Application. If Plaintiffs truly believed a Rule 26 conference was required as of January, and if Plaintiffs believed they would be harmed by a delay, they could have promptly filed a noticed motion at that time. They did not.

An *ex parte* application must show why the moving party should be allowed to "go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co.*, 883 F. Supp. at 492. Plaintiffs fail to make this showing and, on this basis alone, the Application should be denied.

**B. <u>A Rule 26(f) Conference Is Premature At This Time.</u>**

Plaintiffs' Application misconstrues the requirements imposed on parties under Rule 26(f). Rule 26(f) requires that "the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). Rule 16(b) requires that the Court issue the scheduling order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared," unless "the judge finds good cause for delay." Fed. R. Civ. P. 16(b)(2). But where, as here, "[t]he Court has not yet set a scheduling order or conference pursuant to Federal Rule of Civil Procedure 16(b), [ ] there is no deadline for the Rule 26(f) conference to occur." *Albert v. Williams*, 2018 WL 6092578, at *12.

Particularly as the pleadings are not at issue and all parties have not appeared, this Court has understandably, and with good cause, not yet issued a scheduling order. Courts in the Ninth Circuit generally delay setting a scheduling

order or conference until motions to dismiss have been resolved and the pleadings are settled. *See In re Morning Song Bird Food Litig.*, No. 12CV1592-JAH(RBB), 2013 WL 12143947, at *3 (S.D. Cal. Jan. 25, 2013) (describing plaintiffs' request to compel a Rule 26(f) conference before an answer has been filed as "out of step with local practices" and "not supported by any authority from this district"). As one court explained, "even if the general subject matter of the cases is known, the pleadings and scope of the specific claims are not settled, making it premature to make disclosures and discuss a discovery plan." *Jones v. Micron Tech. Inc.*, No. 18-CV-3805-JSW (KAW), 2019 WL 5406824, at *2 (N.D. Cal. Oct. 23, 2019) (denying plaintiff's request to set a Rule 26(f) conference despite case being pending for more than one year). "[D]elaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources." *In re Morning Song Bird Food Litig.*, 2013 WL 12143947, at *3. *See also Azco Biotech Inc. v. Qiagen, N.V.*, No. 12-CV-2599-BEN DHB, 2013 WL 3283841, at *2 (S.D. Cal. June 26, 2013) (refusing to issue scheduling order or compel Rule 26(f) conference where "even though IBS would remain in the case, the scope of its initial disclosure obligations is dependent on the Court's resolution of the motion to dismiss").

Because a Rule 26(f) conference opens the door for discovery under Rule 26(d)(1), even where a plaintiff does not explicitly seek an order for expedited discovery, he or she must nevertheless demonstrate good cause to compel an early Rule 26(f) conference. *See Yagman v. Garcetti*, 2020 WL 8125658, at *1 ("Plaintiff may not force a Rule 26(f) conference unilaterally. Rule 26(d)(1) requires a . . . court order demonstrating good cause."); *Zavala v. Kruse-W., Inc.*, No. 1:19-cv-00239-DAD-SKO, 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019) (by compelling Rule 26(f) conference, "Plaintiff presumably would be able to obtain discovery in advance of the pleadings being settled without showing 'good cause' under Rule 26(d).").

For the same reasons courts delay setting a scheduling conference, courts in the Ninth Circuit have generally found no good cause to compel a Rule 26(f) conference while the operative pleading is still being challenged. *See Contentguard Holdings, Inc. v. ZTE Corp.*, No. 12CV1226-CAB (MDD), 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013) ("[T]here is no good cause to have the Rule 26(f) conference in this case precede the filing of the answer."); *Vineyard Investigations v. E. & J. Gallo Winery*, No. 1:19-CV-01482-NONE-SKO, 2020 WL 7342632, at *3 (E.D. Cal. Dec. 14, 2020) ("Plaintiff has not shown good cause to hold the Rule 26(f) conference prior to the Court's ruling on Defendant's motion to dismiss."); *Albert v. Williams*, 2018 WL 6092578, at *12 ("Given the deficiencies in Albert's FAC, a Rule 26(f) conference at this stage would be pointless.").

Plaintiffs fail to meet their burden of establishing good cause to compel a Rule 26(f) conference before the pleadings are settled. Plaintiffs' breach of contract claims and other related claims against the 2082 Defendants are still being challenged – the 2082 Defendants will be filing a motion to dismiss on April 30 – and Bolin China, the defendant that was named as a party on the underlying non-disclosure agreement and purchase orders, and named in each of Plaintiffs' claims in the SAC, has not yet appeared. Tellingly, Plaintiffs ignore well-established law and the only cases they cite where the court granted a motion to compel a Rule 26(f) conference notwithstanding a pending or forthcoming motion to dismiss are non-binding, out-of-circuit cases and a two-sentence order from a California district court that does not even appear on Westlaw. App. at 10:8-24.

With the weight of authority against compelling a Rule 26(f) conference at this juncture, Plaintiffs attempt to shift their burden to the 2082 Defendants by reframing the 2082 Defendants' refusal to participate in a premature scheduling conference as a request to stay discovery. But that is not the request for relief that is before the Court on Plaintiffs' Application, and Plaintiffs' authority regarding stays of discovery is entirely inapposite to the issues presently before the Court.

*See id*. at 8-12.

## III. CONCLUSION

For the foregoing reasons, the 2082 Defendants respectfully request that the Court deny Plaintiffs' Application.

Dated: April 24, 2024

UMBERG ZIPSER LLP

*s/ Molly J. Magnuson*
Molly J. Magnuson
Attorneys for Defendants 2082 Technology, LLC dba Bolin Technology, Hoi "Kyle" Lo, and Jennifer Lee