RYAN Q. KEECH (SBN 280306)
Ryan.Keech@klgates.com
GABRIEL M. HUEY (SBN 291608)
Gabriel.Huey@klgates.com
CASSIDY T. YOUNG (SBN 342891)
Cassidy.Young@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.553.5000
Fax No.: 310.553.5001

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BIRDDOG TECHNOLOGY LIMITED, an Australian company; and BIRDDOG AUSTRALIA PTY, LTD, an Australian company,

Plaintiffs,

v.

2082 TECHNOLOGY, LLC DBA BOLIN TECHNOLOGY, a California limited liability company; BOLIN TECHNOLOGY CO., LTD., a Chinese limited company; HOI "KYLE" LO, an individual; JENNIFER LEE, an individual; and DOES 3 through 25, inclusive,

Defendants.

Case No. 2:23-cv-09416 CAS (AGRx)

[Assigned to the Honorable Christina A. Snyder]

**PLAINTIFFS BIRDDOG TECHNOLOGY LIMITED'S AND BIRDDOG AUSTRALIA PTY LTD'S OPPOSITION TO BOLIN LIMITED'S MOTION TO DISMISS ON THE GROUND OF *FORUM NON CONVENIENS***

*[Filed concurrently with Declaration of Ryan Q. Keech and Declaration of Jonathan Chan]*

Date: July 8, 2024
Time: 10:00 a.m.
Courtroom: 8D

Complaint Filed: November 7, 2023
FAC Filed: January 12, 2024
SAC Filed: April 3, 2024

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. RELEVANT FACTUAL BACKGROUND ..... 3

A. Bolin LLC, Kyle Lo, and Jennifer Lee are California Residents. ..... 3

B. Bolin Limited Is a Chinese-Registered Corporation Headquartered in California. ..... 3

C. The Meetings During Which Defendants Misappropriated BirdDog's Trade Secrets Took Place in California. ..... 4

D. Purchase Agreements Underlying this Lawsuit Were Negotiated in California. ..... 4

E. BirdDog Files Suit, and the Bolin Defendants Take the Absurd Position that They Are Distinct Entities. ..... 5

F. Bolin Limited (Through Kyle Lo) Evades Service in this Action and Instead Files a Frivolous and Duplicative Lawsuit Against BirdDog in Australia Based on the Same Contracts. ..... 7

III. JUDICIAL STANDARD ..... 8

IV. ARGUMENT ..... 9

A. This Motion Is Lo and Lee's Thinly Veiled Attempt to Raise an Argument They Have Already Waived. ..... 9

B. The Central District of California Is Defendants' *Home Jurisdiction*—It Is Plainly Not "Oppressive and Vexatious." ..... 11

1. The Private Interest Factors Do Not Meet Defendants' Burden to Show That The Central District of California Is "Oppressive and Vexatious." ..... 11

a. All of the key evidence and witnesses are located in California. ..... 11

b. All relevant witnesses can appear in this forum. ..... 12

c. Bolin Limited has produced no evidence that an Australian judgment could be enforced on Defendants' California assets. ..... 13

d. Bolin Limited cannot complain about the inconvenience of its own decision to create two parallel proceedings. ..... 14

2. The Public Interest Factors Do Not Meet Defendants' Burden to Show That the Central District of California Is "Oppressive and Vexatious." ..... 14

**C. There Is No Showing That Australia Is an Adequate Substitute Forum.** ... 16

**D. Bolin Limited Should Not Be Rewarded for Its Conduct.** ... 18

**E. The Court Should Issue an Order to Show Cause Regarding the Imposition of Sanctions Under 28 U.S.C. § 1927 or the Court's Inherent Powers.** ... 19

**V. CONCLUSION** ... 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinion Benefits Grp., LLC v. Econ-O-Check Corp.*,
2009 WL 1060397 (M.D. Tenn. Apr. 20, 2009) .......... 9

*In re Air Crash at Madrid, Spain, on Aug. 20, 2008*,
893 F. Supp. 2d 1020 (C.D. Cal. 2011) .......... 16

*Bos. Telecommunications Grp., Inc. v. Wood*,
588 F.3d 1201 (9th Cir. 2009) .......... 15

*Carijano v. Occidental Petroleum Corp.*,
643 F.3d 1216 (9th Cir. 2011) .......... 12, 13

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) .......... 20

*Chateau Des Charmes Wines Ltd. v. Sabate USA, Inc.*,
2003 WL 22682483 (N.D. Cal. Nov. 10, 2003) .......... 10

*DiRienzo v. Philip Services Corp.*,
294 F.3d 21 (2d Cir. 2002) .......... 9

*Flack v. Nutribullet, L.L.C.*,
2018 WL 6330421 (C.D. Cal. Dec. 4, 2018) .......... 16

*Ganpat v. E. Pac. Shipping PTE, Ltd.*,
66 F.4th 578 (5th Cir. 2023) .......... 18

*Glob. Med. Sols., Ltd v. Simon*,
2013 WL 12371339 (C.D. Cal. Jan. 10, 2013) .......... 16, 17

*Intelligent SCM, LLC v. Qannu PTY LTD.*,
2015 WL 13916822 (C.D. Cal. Mar. 2, 2015) .......... 18

*Iragorri v. United Technologies Corp.*,
274 F.3d 65 (2d Cir. 2001) .......... 9

*Laker Airways Ltd. v. Pan Am. World Airways*,
568 F. Supp. 811 (D.D.C. 1983) .......... 9

*Lampkin v. Cnty. of Sacramento*,
2022 WL 3327469 (E.D. Cal. Aug. 11, 2022) .......... 20

*Lumascape USA, Inc. v. Vertex Lighting, Inc.*,
2006 WL 825411 (N.D. Cal. Mar. 29, 2006) .......... 17

*Miller v. Superior Court*,
22 Cal.3d 923 (1978) .......... 13

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
883 F. Supp. 488 (C.D. Cal. 1995) .......... 14

*Primus Auto. Fin. Servs., Inc. v. Batarse*,
115 F.3d 644 (9th Cir. 1997) .......... 20

*Progressive W. Ins. Co. v. Tran*,
2008 WL 11508656 (S.D. Cal. Nov. 20, 2008) .......... 20

*Ravelo Monegro v. Rosa*,
211 F.3d 509 (9th Cir. 2000) .......... 8, 12, 14

*In re Rejuvi Laboratory, Inc.*,
26 F.4th 1129 (9th Cir. 2022) .......... 13

*Ridgway v. Phillips*,
383 F. Supp. 3d 938 (N.D. Cal. 2019) .......... 9, 15

*Sarei v. Rio Tinto PLC.*,
221 F. Supp. 2d 1116 (C.D. Cal. 2002) .......... 16

*Silvertip Partners, LLC v. Proactive Preparedness, Inc.*,
2018 WL 5099747 (C.D. Cal. Feb. 28, 2018) .......... 17

*Singh v. Bank of New York Mellon*,
2017 WL 11663681 (C.D. Cal. July 19, 2017) .......... 14

*SkyBus Jet Cargo, Inc. v. Aergo Int'l, Pty Ltd*,
2017 WL 11635475 (C.D. Cal. 2017) .......... 13

*Tuazon v. R.J. Reynolds Tobacco Co.*,
433 F.3d 1163 (9th Cir. 2006) .......... 8, 11

**Statutes**

28 U.S.C. § 1927 .......... 19, 20, 21

Australian Consumer Law § 18 .......... 17

Cal. Bus. & Prof. Code § 17200 .......... 17

**Court Rules**

Fed. R. Civ. P. 12(b)(3), 12(g)(2) .......... 10

# I. INTRODUCTION

Defendant Bolin Technology Co., Ltd. ("Bolin Limited")'s *forum non conveniens* motion (Dkt. 99) should be seen for what it is: the latest in a string of frivolous, transparent efforts by its CEO—Defendant Ho "Kyle" Lo ("Lo")—his company, Defendant 2082 Technology LLC dba Bolin Technology ("Bolin LLC"), and his wife, Jennifer Lee ("Lee"), to undermine this Court's jurisdiction and avoid the need to face accountability for their misconduct in ***their own home jurisdiction***, the United States. The Court will recall that when Lo first learned that BirdDog would attempt to serve Bolin Limited through him as CEO, he fled the country so that Bolin Limited could not be personally served, then attempted to use the absence of Bolin Limited to delay proceedings and obtain a dismissal of the claims against him by pointing the finger at Bolin Limited. While he was gone, Bolin Limited filed a duplicative action in Australia (the "Australian Action") baselessly asserting breach of some of the exact same contracts at issue here at the very moment Lo and Lee were telling this Court that no such contracts existed. Dkts. 54-5 (Bolin Limited's duplicative action) ¶ 2, 54-6 (Statement of Claim). Then, again acting at Lo's behest, Bolin Limited ***convinced the Australian court to interfere with proceedings in this action and temporarily enjoin BirdDog from complying with this Court's order to timely file its SAC.*** Chan Decl. ¶ 3, Ex. 1; Dkt. 73-2. And now, Lo attempts to use his conduct to convince this Court to decline jurisdiction.

Even if a *forum non conveniens* challenge were not waived by the conduct of Lo (it has been), it would still be frivolous. The Central District of California is not "oppressive" or "vexatious" for Defendants, which is required for a *forum non conveniens* motion to succeed: to the contrary, ***it is Lo's, Lee's, and Bolin's home jurisdiction***. The Court's jurisdiction does not arise from happenstance and was not chosen for strategic advantage. Lo and Lee reside together in Arcadia. Dkt. 33-1 ¶¶ 2, 14; Dkt 33-3 ¶ 3. Their companies—Bolin Limited and Bolin LLC—claim to have their international headquarters in California. SAC ¶¶ 10–11; Dkt. 88-6. Bolin

LLC is registered to do business in California and in Los Angeles and Orange counties. Dkt. 37-4, Exs. B, C. Defendants engaged BirdDog and then unlawfully misappropriated its trade secrets and misappropriated confidential information in Arcadia, Brea, and Los Angeles. SAC ¶¶ 34–43, 54–66. None of the defendants in this action have any connection to Australia, and none of the relevant contract negotiations, misrepresentations, wrongful conversion of funds, or misappropriation of trade secrets took place in Australia. It is sheer nonsense for Bolin Limited to use Lo's misconduct to attempt to paint this Court as an unreasonable forum. Its motion flagrantly ignores the facts and falls far short of the heavy burden for a *forum non conveniens* dismissal.

While Bolin Limited's entire motion is meritless, certain of Bolin Limited's arguments stand out as particularly outrageous. Take, for example, Bolin Limited's accusation that BirdDog is "forum shopping." Mot. at 13:12–24. BirdDog filed its complaint in the forum where it knew Lo and Lee to live and where it knew Bolin Limited and Bolin LLC (collectively, the "Bolin Defendants") to be headquartered. It was ***Bolin Limited*** who needlessly filed a subsequent, duplicative action in a foreign jurisdiction. Bolin Limited is the forum shopping party, not BirdDog.

Bolin Limited also affords great weight to the fact that, in its telling of the story, the Australian Action is progressing more quickly than the instant action. Mot. at 16:5–17. But that is both misleading and irrelevant to a *forum non conveniens* analysis. The Australian Action is ***currently stayed*** because Bolin Limited has not yet posted security for costs of the proceeding. Chan Decl. ¶¶ 9–10, Exs. 2–3. Moreover, the Australian Action does not include all parties or issues from this dispute. There is ***no evidence*** that the Australian courts have or would entertain jurisdiction over the claims in this action. The only reason that the Australian Action exists and that this Court's proceedings have been delayed is that Lo and Lee (through Bolin Limited) have filed and then repeatedly used the Australian Action as an excuse for delay, including by seeking an order from the Australian Court to enjoin these

proceedings. For Bolin Limited to now argue that Lo's and Lee's sanctionable antics are a reason to transfer this first-filed proceeding to Australia is—to put it mildly—ridiculous. Moreover, if this action were to be transferred to an Australian forum, the addition of new parties, claims, and the introduction of foreign law would no doubt slow the proceedings in the Australian Action significantly.

In sum, Bolin Limited's Motion is a baseless attempt to multiply proceedings and waste this Court's and BirdDog's time and resources. Bolin Limited's Motion must be denied, with an order to show cause regarding sanctions to follow promptly thereafter.

## II. RELEVANT FACTUAL BACKGROUND[1]

### A. Bolin LLC, Kyle Lo, and Jennifer Lee are California Residents.

Bolin LLC "is a California limited liability company" owned and operated by Lo and Lee. *See* Dkt. 33-1 (Lo Decl.) ¶ 2; Dkt 33-3 (Lee Decl.) ¶ 2, Ex. 1. Lo is Bolin Limited's Chief Executive Officer, and Lee is Bolin Limited's Chief Operating Officer. Dkt. 33-1 ¶ 1; Dkt 33-3 ¶ 2. Lo is "a United States citizen," and his "only place of residence is in Arcadia, California." Dkt. 33-1 ¶ 14. Lee is his wife. *Id.* at ¶ 2; *see also* Dkt 33-3 ¶ 3.

Bolin LLC's address as listed on the Articles of Organization filed with the California Secretary of State is a California address (Dkt. 47-4), and Bolin LLC and Bolin Limited have identified their "international headquarters" as 556 Vanguard Way, Ste. A in Brea, California (Dkt. 88-6).

### B. Bolin Limited Is a Chinese-Registered Corporation Headquartered in California.

In addition to serving as Bolin LLC's CEO, Lo is also the ***CEO of Bolin Limited***, which he claims is "a limited liability company formed under Chinese law."

[1] This section summarizes the factual allegations relevant to Bolin Limited's *forum non conveniens* arguments only and does not address the remaining allegations in the SAC or other aspects of the Bolin Defendants' unlawful scheme.

*See* Dkt. 33-1 ¶ 4 (admitting that he is "an employee of [Bolin Limited]"); Dkts. 54-6: (Bolin Limited "is incorporated under the laws of the People's Republic of China"). Bolin Limited shares Bolin LLC's "international headquarters" in Brea, California. *See* SAC ¶ 11; Dkt. 88-6.

### C. The Meetings During Which Defendants Misappropriated BirdDog's Trade Secrets Took Place in California.

Around April 2017, Lo approached BirdDog executives at a trade show in Las Vegas. SAC ¶ 35. Over the next several months, Lo and Lee communicated with BirdDog from their home in Arcadia, California to secure BirdDog's business. SAC ¶ 36. The parties entered into a comprehensive Non-Disclosure Agreement ("NDA") on September 4, 2017, which was signed by Bolin Limited on behalf of both Bolin Defendants. SAC ¶ 37. Then, between 2019 and 2022, the Bolin Defendants, Lo, and Lee ***repeatedly induced BirdDog executives to travel to Southern California*** in furtherance of their unlawful scheme to learn BirdDog's confidential and proprietary information. SAC ¶ 40.

### D. Purchase Agreements Underlying this Lawsuit Were Negotiated in California.

The six purchase agreements at issue here were negotiated at various locations in Southern California. SAC ¶¶ 41–42. The parties continued to meet in Southern California, ***at Bolin Limited's request***, during and after each of these contract negotiations to discuss BirdDog product plans, the Bolin Defendants' manufacturing capabilities, and potential future purchase agreements. SAC ¶¶ 48, 51.

Lo concedes that he "conducted key business negotiations directly" with BirdDog, "developed the relationship" with BirdDog, and negotiated "the purchase orders" that "reflect agreements between" Bolin and BirdDog that are at issue here. Dkt. 33-1 ¶¶ 6, 13. Lo conducted those communications somewhere in California, either at the Bolin Defendants' Brea headquarters or at Lo's Arcadia residence. Dkt. 33-1 ¶ 14 ("I am a United States citizen, and my only place of residence is in Arcadia,

California."); *see also* Dkt. 37-1 (Miall Decl.) ¶ 7 ("BirdDog did business with Bolin Technology . . . from [Lo's] home and offices in California.").

**E. BirdDog Files Suit, and the Bolin Defendants Take the Absurd Position that They Are Distinct Entities.**

BirdDog filed its Complaint on November 7, 2023 asserting its contract claims against Bolin LLC and Lo. Dkt. 1. Bolin LLC and Lo thereafter moved to dismiss BirdDog's claims, contending that the true contracting party was not Bolin LLC at all, but was in fact a Chinese company that is the manufacturing arm of Bolin LLC. Dkt. 27-1 at 8:12-18. Accordingly, BirdDog filed a First Amended Complaint ("FAC"), adding Bolin Limited and Lee as defendants and asserting new claims against Bolin LLC and Lo. *See generally* Dkt. 34. Even though the Bolin Defendants had acted as a single entity during their negotiations with BirdDog, counsel for Bolin LLC, Lo, and Lee ("Opposing Counsel") claimed not to represent and refused to accept service on behalf of Bolin Limited. Dkts. 88-1 ¶ 2, 88-2.

This feigned distinction between Bolin Limited and Bolin LLC was absurd not only because of the Bolin Defendants' prior representations, but also because the Bolin Defendants have repeatedly held themselves out to the public as a single unified entity:

- Since August 24, 2015, "Bolin Technology" has been registered in the County of Los Angeles as Bolin LLC's fictitious business name (Dkt. 37-4, Ex. B);
- As early as 2016, public articles quoting Lo and identifying him as a co-founder of Bolin make no such distinction between Bolin LLC and Bolin Limited, truthfully portraying Bolin LLC and Bolin Limited as a single unified Bolin enterprise:
    - "If you haven't heard of BOLIN Technology, you soon will";
    - Bolin was "[f]ounded in China by Kyle Lo . . . more than 15 years ago";
    - "BOLIN opened its U.S. Office in City of Industry, Calif., to bring its manufacturing to global market";

  - "With its manufacturing plant in Shenzhen, China, BOLIN's California location is the only office outside of China";
  - "***Operating globally from California***, BOLIN is working with clients in Egypt, India and government-owned railway in Israel" (Dkts. 37-1 ¶ 6, 37-2 at 16–20);

- As of May 31, 2018, "Bolin Technology" has also been registered in the County of Orange as Bolin LLC's fictitious business name (*id.*);
- The Bolin Technology logo is registered as a trademark with the U.S. Patent and Trademark Office and owned by Bolin LLC. (Dkt. 37-4 at 19);
- Bolin Technology's LinkedIn page shows its "[h]eadquarters" is located in "Brea, California"—the same city as Bolin LLC's principal place of business (Dkt. 37-4 at 22);
- The January 1, 2021 Manufacturing Agreement and Warranty Statement that Lo sent to Miall acknowledging the then-existing Bolin-BirdDog relationship prominently features the Bolin Technology logo registered to Bolin LLC and was signed by Lo as "Chief Executive Officer" of "Bolin Technology" (Dkt. 34-2 at 2)
- On September 1, 2023, Lo sent BirdDog Chief Financial Officer Barry Calnon and Chief Executive Officer Dan Miall an email confirming receipt of BirdDog's $3,060,883.10 prepayment on the contracts. He sent the email from his lohoi@***bolintechnology***.com email address, copying Lee, his wife, at her jennifer@***bolintechnology***.com email address, listing his ***(626) area code numbers*** in the San Gabriel Valley, using the ***Bolin Technology*** trademarks. Lo's signature block reads: "Bolin Technology is a 2082 Technology LLC company" (Dkt. 34-1 ¶ 5, 34-2 at 4); and
- When Lo repudiated the contracts on September 6, 2023, his signature block indicated he did so as "CEO, Bolin Technology," and he stated that "BOLIN is now suspending all existing productions (sic)" (Dkt. 34-2 at 4).

### F. Bolin Limited (Through Kyle Lo) Evades Service in this Action and Instead Files a Frivolous and Duplicative Lawsuit Against BirdDog in Australia Based on the Same Contracts.

After learning that Bolin Limited could not be served through Opposing Counsel, BirdDog attempted to serve Bolin Limited through its CEO, Lo, at the Brea headquarters on January 22 and January 23, 2024. Dkt. 88-5. Bolin Limited's office staff, however, indicated that Lo had fled to China. *Id.* at 3. When the process server returned two more times later in February, the office staff indicated that Lo's return date was unknown, but that he could be in China through the end of the month. *Id.*

Lo's travels were strategic. Knowing that BirdDog had (1) named Bolin Limited as a defendant in this Action in response to Bolin LLC and Lo's motion to dismiss, and (2) attempted to serve Bolin Limited multiple times over the past two weeks, Bolin Limited deliberately filed a separate lawsuit against BirdDog in Australia asserting claims for breach of contract and misleading or deceptive conduct. Chan Decl. ¶ 2; Dkts. 54-5 (Bolin Limited's duplicative action) ¶ 2, 54-6 (Statement of Claim). In Magistrate Judge Rosenberg's own words, the Australian Action involves the "**same six transactions**" that are at issue in this Action. Dkt. 60 at 3 (emphasis added).

Thereafter, BirdDog's counsel contacted Opposing Counsel to confer in good faith over BirdDog's intended motion for an anti-suit injunction in light of what was obvious: the duplicative and vexatious nature of Defendants' Australian Action. Keech Decl. ¶ 2, Ex. A. But instead of conferring, Opposing Counsel immediately caused the meet and confer correspondence to be forwarded to their Australian counsel. *Id.* The very next day,[2] Bolin Limited filed an *ex parte* application in the Australian Action requesting that the Australian Court restrain BirdDog "from taking any further step" in the First-Filed Action, including by filing a motion for anti-suit

[2] The Application for Anti-Anti Suit Injunction and Order are dated February 22, 2024 and not February 21, 2024 because Victoria, Australia is 19 hours ahead of Los Angeles, California.

injunction against Bolin Limited. Chan Decl. ¶ 3, Ex. 1; Dkt. 73-2. In support of its application, Bolin Limited deliberately misrepresented counsel for BirdDog's meet and confer email as a "threat[ ] to obtain an anti-suit injunction." Chan Decl. ¶ 3, Ex. 1.

The Australian Court granted Bolin Limited's application, ultimately preventing BirdDog from complying with two of this Court's Orders. *Id.* ¶¶ 4–6; Dkts. 73-2 (Bolin Limited's request for anti-suit injunction enjoining BirdDog from filing a motion for anti-suit injunction in this Court), 73-3 (Order granting Bolin Limited's request), 73-8 (Australian Court order restraining BirdDog from filing the SAC before 5:00 p.m. on April 9, 2024). Despite Bolin Limited's sanctionable conduct and attempt to thwart BirdDog, BirdDog filed its SAC with the Court's permission on April 3, 2024. Dkts. 76, 77.

The Australian Action is not a genuine attempt at recovery but an unlawful attempt at preventing BirdDog from pursuing its claims in this Court—indeed, Bolin Limited ***has not posted security for costs in Australia*.** Chan Decl. ¶¶ 9–10. On June 14, 2024, the Australian Court granted BirdDog's application for Bolin Limited to provide security for BirdDog's costs in the proceeding and stayed the proceeding until Bolin Limited provides such security. *Id.*, Exs. 2–3.

## III. <u>JUDICIAL STANDARD</u>

Even in the normal course, courts treat "*forum non conveniens* as an ***exceptional tool*** to be employed ***sparingly***." *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000) (emphasis added). "[A] plaintiff need not select the optimal forum for his claim, but only a forum that is not so ***oppressive and vexatious to the defendant 'as to be out of proportion to plaintiff's convenience***.'" *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1180 (9th Cir. 2006) (emphasis added) (quoting *Ravelo*, 211 F.3d at 514). In other words, the central focus of the *forum non conveniens* inquiry is whether the plaintiff chose a forum that is highly inconvenient for the defendant.

"The mere fact that a case involves conduct or plaintiffs from overseas is not enough for dismissal." *Ridgway v. Phillips*, 383 F. Supp. 3d 938, 944 (N.D. Cal. 2019). Indeed, it is incorrect to "assume[] that deference is given to the plaintiff's choice of forum only when the plaintiff sues in the plaintiff's home district," particularly given the "need to sue in a place where the defendant is amenable to suit." *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 72 (2d Cir. 2001). "A plaintiff should not be compelled to mount a suit in a district where she cannot be sure of perfecting jurisdiction over the defendant, if by moving to another district, she can be confident of bringing the defendant before the court." *Id.* at 73.

"[B]ecause *forum non conveniens* is an 'exceptional tool,' the burden on Defendant is heavy." *Ridgway*, 383 F. Supp. 3d at 946; *DiRienzo v. Philip Services Corp.*, 294 F.3d 21, 30–31 (2d Cir. 2002) (*forum non conveniens* motions inappropriate where legitimate reason existed to maintain suit in district). Where a motion to dismiss based on *forum non conveniens* is frivolous and undeserving of lengthy discussion, courts have declined to address each private and public interest factor. *See, e.g.*, *Laker Airways Ltd. v. Pan Am. World Airways*, 568 F. Supp. 811, 817–18 (D.D.C. 1983) (declining to discuss each *forum non conveniens* factor where argument was frivolous); *Affinion Benefits Grp., LLC v. Econ-O-Check Corp.*, 2009 WL 1060397, at *1 (M.D. Tenn. Apr. 20, 2009) (same).

## IV. <u>ARGUMENT</u>

### A. This Motion Is Lo and Lee's Thinly Veiled Attempt to Raise an Argument They Have Already Waived.

For Lo, Lee and Bolin LLC—who are behind Bolin Limited's charade—the time to make a *forum non conveniens* argument passed long ago. Lo is the CEO of Bolin Limited and has already made clear in this litigation that he has authority to make decisions for and act on behalf of Bolin Limited. Dkt. 33-1 (Lo Decl.) ¶ 6 (stating that Lo "developed the relationship with BirdDog on behalf of Bolin

[Limited], conducted the key business negotiations . . . on behalf of Bolin [Limited]").

As if their agenda were not already transparent given Lo and Lee's total control of Bolin Limited, they now draw the Court's attention to Bolin Limited's Motion in their reply in support of their own motion to dismiss and improperly assert ***for the first time*** that Australia is the proper forum for this action. Dkt. 100 at 8:14–19 ("As this Court is aware, there is a separate related action pending between Plaintiffs and Bolin [Limited] in Australia—the appropriate forum for this dispute involving Australian plaintiffs and Bolin [Limited], a Chinese company. (Bolin [Limited], in fact, recently filed a motion to dismiss this case on the ground of *forum non conveniens*, and that motion is scheduled to be heard by this Court on July 8, 2024.)").

The law bars such transparent gamesmanship. Lo would like this Court to treat Lo and Bolin Limited as one and the same when it suits Lo's interests, and to treat Lo and Bolin Limited as two distinct parties when it does not. Even though Lo, Lee, and Bolin LLC failed to raise a *forum non conveniens* argument in their two motions to dismiss, Lo and Lee now use Bolin Limited to assert that very argument, seeking to benefit from Bolin Limited's status as a corporation organized under foreign law. Lo, Lee, and Bolin LLC did not assert a *forum non conveniens* argument in their motion to dismiss and have therefore waived this argument. *See* Fed. R. Civ. P. 12(b)(3), 12(g)(2). Their vexatious Australian Action was initiated well before these defendants filed their motion to dismiss, yet they chose not to raise a *forum non conveniens* argument. They are precluded from now arguing—through Bolin Limited or otherwise—that the United States is an "oppressive" or "vexatious" forum for these claims. *Chateau Des Charmes Wines Ltd. v. Sabate USA, Inc.*, 2003 WL 22682483, at *3 (N.D. Cal. Nov. 10, 2003) ("[A] defendant must assert a motion to dismiss for *forum non conveniens* within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known or reasonably knowable to the defendant.").

At bottom, the motion is nothing more than a disguised, last-ditch effort by Lo, Lee and Bolin LLC to avoid the import of the Court's orders denying their motions to dismiss. It is sanctionable gamesmanship at its worst. For that reason alone, the Motion should be summarily denied.

**B. The Central District of California Is Defendants' *Home Jurisdiction*—It Is Plainly Not "Oppressive and Vexatious."**

Even if it were possible to analyze Bolin Limited's motion apart from its misconduct, none of the factors considered in a *forum non conveniens* analysis show that the Central District of California is an "oppressive and vexatious" forum for this dispute so as to permit dismissal.

**1. The Private Interest Factors Do Not Meet Defendants' Burden to Show That The Central District of California Is "Oppressive and Vexatious."**

**a. All of the key evidence and witnesses are located in California.**

"In considering the location and availability of evidence and witnesses, the crucial focus is not on the number of witnesses or quantity of evidence in each locale, but rather the materiality and importance of the anticipated evidence and witnesses' testimony." *Tuazon*, 433 F.3d at 1181. Here, the key evidence and witnesses are in California. Lo and Lee, who conducted ***all*** of the conversations underlying BirdDog's claims on behalf of the Bolin Defendants, reside in California. Dkt. 33-1 ¶¶ 2, 14; Dkt 33-3 ¶ 3. Moreover, nearly all of the relevant meetings between Lo and Lee and BirdDog executives took place in Southern California. *See* SAC ¶ 36 (describing Lo and Lee's communications to BirdDog about the Bolin Defendants' business capabilities, which were made from their home in Arcadia, California); SAC ¶ 40 (alleging that Lo and Lee induced BirdDog executives to travel to Southern California to obtain BirdDog's confidential information and trade secrets); SAC ¶¶ 41–42 (alleging that the six purchase agreements at issue in this action were

negotiated at various Southern California locations); SAC ¶¶ 48, 51 (alleging that the parties continued to meet in Southern California at Defendants' request to discuss future purchase agreements).

Even more importantly, the fact that all relevant events took place in California is ***Bolin Limited's own doing***. As alleged in the aforementioned paragraphs, Defendants repeatedly insisted that BirdDog executives travel to Southern California—where Defendants' ***home*** and ***headquarters*** are located—to negotiate the contracts underlying this dispute. For Bolin Limited to now argue that Australia would serve as a more convenient or appropriate forum for these claims simply because one meeting out of several dozen took place in Australia is disingenuous to say the least.

To the extent any evidence exists outside of the United States, that evidence would be in China in Bolin Limited's manufacturing facilities, not in Australia. However, given the fact that CEO Lo and COO Lee reside in California, it will likely be easier for Defendants to bring that evidence into the United States than into Australia, a country in which none of the defendants have any connection whatsoever.

**b. All relevant witnesses can appear in this forum.**

The second and third private interest factors are: "(2) the availability of compulsory process for unwilling witnesses" and "(3) the comparative cost of obtaining willing witnesses." *Ravelo*, 211 F.3d at 512. Here, Bolin Limited fails to identify a single BirdDog witness who would be unwilling to testify in this forum and even ***admits*** that it is "presently unaware of any witnesses unwilling to appear for trial." Mot. 19:3–4. Thus, the second private interest factor weighs heavily against dismissal of this action. *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1231 (9th Cir. 2011) (holding this factor did not favor dismissal where defendant failed to adduce evidence that any witness was unwilling to testify).

Bolin Limited has also failed to show that proceeding in Australia would be less costly. The key defense witnesses in this case—Lo and Lee—already reside in California.[3] Dkt. 33-1 ¶¶ 2, 14; Dkt 33-3 ¶ 3. To the extent any additional witnesses who work for Bolin Limited are needed to testify, those witnesses are in China, not Australia. It will be just as difficult for those witnesses to travel to Australia as it would be for them to travel to the United States.

**c. Bolin Limited has produced no evidence that an Australian judgment could be enforced on Defendants' California assets.**

Bolin Limited does not dispute that any judgment obtained on BirdDog's claims would need to be enforced in California because Bolin LLC, Lo, and Lee (and likely all of their assets) are located here. Mot. at 19:20–20:2. While Bolin Limited points to cases holding Australian judgments to be enforceable in California, proceeding with this action in the current forum would avoid any potential difficulty associated with enforcing a foreign judgment in this Court. None of the cases cited by Bolin Limited involved claims for conversion, violation of the California Uniform Trade Secrets Act, violation of the UCL, or the other California-based claims asserted in this action. *See In re Rejuvi Laboratory, Inc.*, 26 F.4th 1129, 1133-1134 (9th Cir. 2022); *Miller v. Superior Court*, 22 Cal.3d 923 (1978); *SkyBus Jet Cargo, Inc. v. Aergo Int'l, Pty Ltd*, 2017 WL 11635475, at *9 (C.D. Cal. 2017). Because Bolin Limited has failed to show that an Australian judgment on the claims asserted by BirdDog would be enforceable in California, this factor weighs against dismissal. *Carijano*, 643 F.3d at 1232 (holding this factor weighed against dismissal where

---

[3] Bolin Limited conveniently omits this fact, stating only that "it would be more expensive for both BirdDog witnesses and Bolin [Limited] witnesses to fly to California than for Bolin [Limited] witnesses alone to fly to Australia." Mot. at 19:14–16. BirdDog is perplexed as to which Chinese witnesses is referring to when Lo and Lee conducted all of the communications with BirdDog on behalf of the Bolin Defendants.

defendant failed to supply evidence that foreign judgment could be feasibly enforced in California within a reasonable time).[4]

**d. Bolin Limited cannot complain about the inconvenience of its own decision to create two parallel proceedings.**

The final private interest factor encompasses "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Rosa*, 211 F.3d at 512. Bolin Limited argues that it would be inconvenient to proceed in parallel cases in two separate forums, but that inconvenience is of Bolin Limited's own making. It is a well-established principle in this Court that parties may not obtain extraordinary relief if they created the need for such relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *Singh v. Bank of New York Mellon*, 2017 WL 11663681, at *2 (C.D. Cal. July 19, 2017) (denying *ex parte* relief where plaintiff "created the crisis and exigency that requires emergency relief and hasn't shown that the exigency was created due to excusable neglect"). As explained above, Bolin Limited made a tactical decision to file a frivolous lawsuit on the exact same transactions that are at issue here. Any inconvenience brought on by that decision should be borne by Bolin Defendants alone. In other words, Bolin Defendants made their bed, and they must lie in it.

**2. The Public Interest Factors Do Not Meet Defendants' Burden to Show That the Central District of California Is "Oppressive and Vexatious."**

The public interest factors similarly weigh firmly against dismissal of this action. *Rosa*, 211 F.3d at 512 (listing public interest factors as: "court congestion, the unfairness of burdening citizens in an unrelated forum with jury duty, the interest

[4] Bolin Limited's statement that enforcement of California judgments in Australia is questionable (*see* Mot. at 19:27–20:2) is irrelevant because Bolin Limited has not represented that any of Defendants' assets are in Australia.

in having localized controversies decided at home, the interest in trying the case in a forum familiar with the applicable law, and the interest in avoiding unnecessary conflicts of laws").

***First***, it cannot be reasonably disputed that California has a stronger interest in hearing BirdDog's claims than Australia. As explained above, nearly all the events underlying Defendants' fraudulent and unlawful scheme to deceive BirdDog and misappropriate its trade secrets occurred in California. SAC ¶¶ 35–36, 40–42, 48, 51. Thus, BirdDog's claims should be heard in California because California "has an interest in resolving disputes regarding California residents and transactions allegedly made in California and likely to be governed by California law." *Ridgway*, 383 F. Supp. 3d at 948. Even more importantly, "California has an interest in preventing fraud from taking place within its borders." *Bos. Telecommunications Grp., Inc. v. Wood*, 588 F.3d 1201, 1212 (9th Cir. 2009). The second and third public interest factors therefore weigh against dismissal.

***Second***, nearly all of BirdDog's claims are based on California law and will be governed by California law. While Bolin Limited focuses on BirdDog's contract claims and states (without citing any authority) that interpretation of the purchase agreements will be governed by Australian law,[5] Bolin Limited does not even attempt to dispute that BirdDog's statutory claims for relief under the UCL, CUTSA, and DTSA will be governed by California or U.S. federal law. Nor does it attempt to present any evidence of the existence of jurisdiction in Australia for the adjudication of these claims, let alone acknowledge the reality that the Australian Action will no doubt be slowed significantly by the Australian Court's efforts to understand and interpret foreign law. Therefore, the first, fourth, and fifth public interest factors also weigh against dismissal of this action.

---

[5] Further showing the frivolousness of this position, this is *directly contrary* to what Bolin Limited has told the Australian Court. Dkt. 54-6 (Statement of Claim) ¶¶ 15–16 (stating that the "contracts between Bolin and BirdDog are governed by the provisions of the Vienna Conventions," i.e. the United Nations Convention on Contracts for the International Sale of Goods).

### C. There Is No Showing That Australia Is an Adequate Substitute Forum.

Bolin Limited does not even come close to meeting its burden to show that Australia is a substitute forum because—despite Lo's, Lee's and Bolin LLC's apparently finding religion and claiming that they will be amenable to process if only they obtain the dismissal that the Court has thus far denied them—BirdDog cannot be sure that it will be able to serve Bolin LLC, Lo, and Lee in the Australian Action. "Where there are multiple defendants, an adequate forum will only exist if all defendants are shown to be amenable to process." *Flack v. Nutribullet, L.L.C.*, 2018 WL 6330421, at *2 (C.D. Cal. Dec. 4, 2018). Based on Lo's prior evasive tactics to avoid service of process alone, Lo's word, frankly, cannot be trusted. Indeed, once he learned that Bolin Limited had been named as a defendant in this action, Lo fled the country for months knowing that he was the proper person to be served on behalf of Bolin Limited. Dkt. 88-5 (stating that Lo had left the country and would not return for several months).

Even if the Court were inclined to take those sham declarations as accurate, Bolin Limited has failed to meet its burden to show that "the subject matter of the lawsuit is cognizable [in Australia] so as to provide plaintiff appropriate redress." *Glob. Med. Sols., Ltd v. Simon*, 2013 WL 12371339, at *4 (C.D. Cal. Jan. 10, 2013). Where "the remedy offered by the other forum is clearly unsatisfactory, such as where the forum does not permit litigation of the subject matter of the dispute, then the other forum may not be an adequate alternative." *In re Air Crash at Madrid, Spain, on Aug. 20, 2008*, 893 F. Supp. 2d 1020, 1027 (C.D. Cal. 2011) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).

Bolin Limited states in conclusory fashion that Australia is a proper forum because other courts have found Australia to be a proper forum for other types of claims, but "[t]he fact that Australia has been deemed adequate in some types of cases is not sufficient to demonstrate adequacy here." *Sarei v. Rio Tinto PLC.*, 221 F.

Supp. 2d 1116, 1176 (C.D. Cal. 2002). At least four of BirdDog's claims for relief are not cognizable in Australia, making Australia an inadequate forum.

***DTSA***. Australia is not an adequate forum for BirdDog's trade secret claims. *See Lumascape USA, Inc. v. Vertex Lighting, Inc.*, 2006 WL 825411, at *6 (N.D. Cal. Mar. 29, 2006) (declining to hold that Australia was adequate forum for trade secret claim where defendant "might well seek to frustrate resolution of claims based on American law, as the Court has seen occur in other cases in this posture" and where defense counsel "was evasive in how the American claims would be handled in the Australia court").

***Intentional Interference***. Australia does not recognize an intentional interference with prospective economic advantage claim. *Glob. Med. Sols., Ltd*, 2013 WL 12371339, at *6.

***California Business & Professions Code § 17200***. Australia's equivalent to an unfair competition claim under section 17200 is a claim for misleading or deceptive conduct under section 18 of the Australian Consumer Law ("ACL"). While similar, the UCL affords broader protections than section 18 of the ACL, so the UCL permits litigation of subject matter that the ACL does not. For example, the UCL includes conduct that is merely "unfair," while the ACL requires conduct that is "misleading or deceptive or likely to mislead or deceive." *Compare* Cal. Bus. & Prof. Code § 17200 *with* Australian Consumer Law § 18 (Schedule 2, Competition and Consumer Act 2010 (Cth)).

***Penal Code 396 and CUTSA***. These are California-specific claims that do not have Australian equivalents. *Silvertip Partners, LLC v. Proactive Preparedness, Inc.*, 2018 WL 5099747 (C.D. Cal. Feb. 28, 2018) (assertion of California-based claims weighed against dismissing complaint on *forum non conveniens* grounds).

Bolin Limited does not even attempt to conduct a claim-by-claim analysis, as is required for dismissal under *forum non conveniens*. The fact that BirdDog has asserted counterclaims in the Australian Action "that overlap factually and legally

with its claims before this Court" is irrelevant because those claims do not afford the same relief for the same array of misconduct as the claims BirdDog is pursuing here. *Intelligent SCM, LLC v. Qannu PTY LTD.*, 2015 WL 13916822, at *26 (C.D. Cal. Mar. 2, 2015) (refusing to dismiss claims for claims of fraud, breach of contract, quantum meruit, and money had and received on *forum non conveniens* grounds unwarranted where defendant failed to show provide any evidence as to whether: "(1) Australia permits litigation of the subject matter in dispute; (2) Australia provides adequate procedural safeguards; or (3) the remedy provided by Australia is not so inadequate as to amount to no remedy at all").

### D. Bolin Limited Should Not Be Rewarded for Its Conduct.

Lo and Lee, both in their individual capacities and through Bolin Limited, have devoted themselves to interfering with this Court's jurisdiction over BirdDog's legitimate, first-filed action. This Motion is no different. Indeed, one of Bolin Limited's primary arguments is that "the existence of parallel proceedings in the alternate forum weighs strongly in favor of dismissal." Mot. at 15:11–12. But this rule does not apply where the parallel proceeding is improper, duplicative, vexatious, and should never have been filed in the first place.

Bolin Limited intends to use the Australian Action to obstruct this Court from adjudicating BirdDog's claims and "prevent [BirdDog] from litigating in the United States, even though [the U.S. Action] was filed first." *Ganpat v. E. Pac. Shipping PTE, Ltd.*, 66 F.4th 578, 582-83 (5th Cir. 2023). Indeed, Bolin Limited ***has not even posted security for costs*** in the Australian Action, and the Australian Action is currently stayed until Bolin Limited posts security in the amount of $505,952. Chan Decl. ¶ 9. Bolin Limited has not yet done so. *Id.* ¶ 10. This is further proof that the Australian Action is disingenuous and is nothing more than a delay tactic to prevent BirdDog's recovery in this forum.

Moreover, Bolin Limited is a citizen of China, not Australia. Bolin Limited is not seeking the protection of its own laws and is not bringing this Motion for the sake

of its own or any other defendant's convenience. An Australian forum would not be more convenient for ***any*** of the other defendants, ***all of whom reside in California***.[6] In sum, Bolin Limited's request to have this action transferred to a forum where Bolin Limited is maintaining a frivolous and vexatious lawsuit would be contrary to the goals of *forum non conveniens* and would reward Bolin Limited for its bad behavior.

### E. The Court Should Issue an Order to Show Cause Regarding the Imposition of Sanctions Under 28 U.S.C. § 1927 or the Court's Inherent Powers.

Bolin Limited's, Lo's, Lee's, and Bolin LLC's shameless and baseless campaign to prevent this action from proceeding must be stopped now. Bolin Limited has engaged in extraordinary misconduct: evading service of the Complaint, initiating a frivolous and duplicative action in a foreign jurisdiction, conscripting that foreign court to halt this Court's proceedings, and now seeking to have this action transferred to that foreign court even though three of the four defendants are California residents and are not parties to the Australian Action. Moreover, Bolin Limited, together with Lo and Lee, have manipulated the procedural rules of this Court to assert claims that have already been waived. Finally, Bolin Limited now accuses BirdDog of forum shopping, when BirdDog simply chose the most appropriate forum for this action—Defendants' residence and the location where most of the facts underlying BirdDog's complaint took place. This Motion is a waste of the Court's and BirdDog's time and resources, and Bolin Limited's antics should

---

[6] Moreover, the other defendants have made clear that severing Bolin Limited from this action is not a feasible solution. *See, e.g.*, Dkt. 47-1 at 10:7–12 (identifying Bolin Limited as a party to the contracts at issue and therefore a necessary party to BirdDog's breach of contract claim), 12:5–7 (same), 12:24–28 (noting Bolin Limited's trade secret misappropriation claims are "dependent on the same manufacturing relationship between BirdDog and Bolin [Limited]"); Dkt. 91-1 at 5:16–18 (noting Bolin Limited was a party to the contracts at issue), 7:24–25 (same). For this reason, the Court should decline to grant in part Bolin Limited's motion by dismissing the SAC only as to Bolin Limited.

not be permitted to proceed further. Sanctions are warranted under both 28 U.S.C. § 1927 and the Court's inherent powers.

Pursuant to 28 U.S.C. § 1927, any attorney "who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Section 1927 sanctions must be based on a finding of subjective bad faith." *Lampkin v. Cnty. of Sacramento*, 2022 WL 3327469, at *2 (E.D. Cal. Aug. 11, 2022) (citing *Pratt v. California*, 11 F. App'x 833, 835 (9th Cir. 2001). "Bad faith can be found when an attorney knowingly or recklessly raises a frivolous argument or raises an argument only to harass an opponent." *Id.*

Federal courts also have inherent powers that allow them to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991) (cleaned up). Such fee awards are appropriate "when a party shows bad faith by delaying or disrupting the litigation or by ***hampering enforcement of a court order***." *Id.* at 46 (emphasis added). Sanctions in these situations "serv[e] the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy." *Id.* (cleaned up). Before awarding sanctions under its inherent powers, the Ninth Circuit requires only that the Court make a "specific finding of bad faith" before issuing sanctions, not a showing of clear and convincing evidence. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997); *Progressive W. Ins. Co. v. Tran*, 2008 WL 11508656, at *3 (S.D. Cal. Nov. 20, 2008).

It is beyond dispute that Bolin Limited has intentionally interfered with this Court's Orders. After learning from counsel for Bolin LLC, Lo, and Lee that BirdDog intended to file a motion for anti-suit injunction, Bolin Limited filed an emergency application with the Australian Court to enjoin BirdDog from doing so. And what was Bolin Limited's emergency? Bolin Limited simply did not want to be

compelled to defend this lawsuit in this forum. The Australian Court granted Bolin Limited's request, which prevented BirdDog from complying with this Court's Order to file its SAC by March 25, 2024. Dkts. 72, 73. Bolin Limited's accusation that BirdDog is forum shopping is, therefore, ironic to say the least, as it seems Bolin Limited's entire strategy has been to delay this action so that it can file this Motion and use that self-induced delay to its advantage and have its choice of forum.

Bolin Limited has needlessly and repeatedly delayed the proceedings in this action. This Motion is simply the latest effort in this campaign, as evidenced by the frivolous arguments and misrepresentations contained in the Motion. For these reasons, Bolin Limited should be sanctioned under 28 U.S.C. § 1927 and required to pay the costs incurred by BirdDog in having to oppose this Motion.

## V. CONCLUSION

For the foregoing reasons, BirdDog respectfully requests that the Court deny Defendants' Motion in its entirety. BirdDog additionally requests that the Court issue sanctions against Bolin Limited due to the frivolous nature of this Motion.

Respectfully submitted,

**K&L GATES LLP**

Dated: June 17, 2024

By: *<u>/s/ Cassidy T. Young</u>*
Ryan Q. Keech
Gabriel M. Huey
Cassidy T. Young

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 6,949 words, which complies with the word limit of L.R. 11-6.1.

**K&L GATES LLP**

Dated: June 17, 2024

By: */s/ Cassidy T. Young*
Ryan Q. Keech
Gabriel M. Huey
Cassidy T. Young

*Attorneys for Plaintiffs*